1  Scott H. Jacobs (SBN 81980)
2  Christopher O. Rivas (SBN 238765)
   REED SMITH LLP
3  355 S. Grand Avenue, Suite 2900
   Los Angeles, CA 90071
4  Telephone: 213.457.8000
   Facsimile: 213.457.8080
5
6  Attorneys for Defendants
   WMC Mortgage, LLC and
7  GE Consumer Finance, Inc.



E-filing **FILED**

MAY 2 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8

9             UNITED STATES DISTRICT COURT

10   NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11  PATRICIA C. BARBERA,                    Case No.: _____

12                Plaintiff              [Removal from Superior Court of
                                          California, County of Marin,
13        vs.                             Case No. CV 081763]

14  WMC MORTGAGE CORPORATION, a         **DEFENDANTS WMC MORTGAGE**
    California corporation; aka WMC Direct, a  **LLC AND GE CONSUMER**
15  California Business Entity; GE Consumer   **FINANCE, INC.'S NOTICE OF**
    Finance, a unit of General Electric       **REMOVAL OF ACTION PURSUANT**
16  Company; Select Portfolio Servicing       **TO 28 U.S.C. §§ 1331 AND 1441**
    Corp., a Utah Corporation; Fairbanks
17  Holding Corporation, a Delaware           **[FEDERAL QUESTION]**
    Corporation; and Land Title Company of
18  Marin, a California Business Entity;
    Does 1 thru 100, inclusive.
19
20                Defendants.
21

22

23

24

25

26

27                                        

28

DOCSLA-15641583.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 | TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2 | NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION:

3

4 |     PLEASE TAKE NOTICE THAT defendants WMC Mortgage, LLC ("WMC

5 | Mortgage") (successor in interest to "WMC Mortgage Corporation") and GE

6 | Consumer Finance, Inc. ("GECF") hereby remove this action from the Superior Court

7 | of California, County of Marin, to the United States District Court for the Northern

8 | District of California, pursuant to 28 United States Code Sections 1331 and 1441

9 | (Federal Question). The removal of this action is based on the following:

10

11 | **I.**   **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT**

12 |       **MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331 AND § 1441**

13 |     1.   On April 11, 2008, plaintiff Patricia C. Barbera ("Plaintiff") filed

14 | an action in the Superior Court of the State of California for the County of Marin,

15 | entitled *Patricia C. Barbera v. WMC Mortgage Corporation, et al.*, as Case

16 | Number CV 081763. A true and correct copy of the Complaint is attached hereto

17 | as Exhibit "A."

18

19 |     2.   Plaintiff's lawsuit arises from a loan she obtained from WMC

20 | Mortgage on June 11, 1997. Plaintiff alleges, *inter alia*, that WMC Mortgage failed

21 | to provide her with certain disclosures required by the federal Truth in Lending Act

22 | ("TILA") and the federal Home Owners Equity Protection Act (HOEPA) when she

23 | obtained her loan. Specifically, she alleges WMC Mortgage failed to provide her

24 | with a "right to rescind" disclosure required by the TILA. She also alleges that

25 | when she attempted to rescind her loan with WMC Mortgage, WMC Mortgage

26 | refused to execute the rescission. Additionally, she alleges that WMC Mortgage

27 | billed her for improper charges, and subsequently failed to respond to her written

28 | request disputing those charges, thus violating the federal Real Estate Settlement

1  Procedures Act ("RESPA"). Plaintiff further alleges that WMC Mortgage violated
2  the federal Fair Debt Collection Practices Act by providing inaccurate credit
3  reports. Plaintiff alleges a total of 15 causes of action: (1) Request for Specific
4  Performance; (2) Action to Quiet Title; (3) Slander of Title; (4) Violation of the
5  federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*., and the federal
6  Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; (5)
7  Violation of the federal Real Estate Settlement Procedures Act ("RESPA"), 12
8  U.S.C. § 2605 *et seq*.; (6) Unlawful predatory lending practices; (7)
9  Misrepresentation and Inducement; (8) Harassment; (9) Violation of the federal
10  Fair Debt Collections Practices Act, 15 U.S.C. § 1692, and RESPA, 12 U.S.C. §
11  2605; (10) Breach of Contract in violation of the TILA, 15 U.S.C. § 1601 *et seq*.,
12  the RESPA, 12 U.S.C. § 2605 *et seq*., and the HOEPA, 15 U.S.C. § 1639; (11)
13  Unjust Enrichment; (12) Fraudulent Accounting; (13) Breach of Fiduciary Duty;
14  (14) Negligence; and (15) Unclean Hands, against WMC Mortgage and GECF.

15     3.    This action is a civil action over which this Court has original
16  jurisdiction under 28 U.S.C. Section 1331, and is one which may be removed to this
17  Court pursuant to the provisions of 28 U.S.C. Section 1441 in that it is a civil action
18  arising under the laws of the United States, namely the TILA, the RESPA, the
19  FDCPA, and the HOEPA.
20

21  **II.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE**
22  **SATISFIED**
23
24     4.    On or about April 29, 2007, WMC Mortgage received a copy of
   the Complaint and a Summons. A true and correct copy of the Summons is
25  attached hereto as Exhibit "B." This Notice of Removal is therefore timely filed
26  under 28 U.S.C. § 1446(b).
27
28

DOCSLA-15641583.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    5.    The Superior Court of California for the County of Marin is

2  located within the Northern District of California, San Francisco Division. *See* 28

3  U.S.C. § 84(c)(2). Thus, venue is proper in this Court because it is the "district and

4  division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5
6    6.    A search of the Marin County Superior Court files and docket

7  sheet in this action on May 28, 2008 showed no proof of service or other record

8  indicating that defendants Select Portfolio Servicing Corporation, Fairbanks

9  Holding Corporation, and Land Title Company of Marin have been served in this

10  action. Declaration of Scott H. Jacobs at ¶ 3. Accordingly, the joinder of these

11  unserved defendants in this Notice of Removal is not required. *Salveson v. Western*

12  *States Bankcard Assn.*, 731 F.2d 1423, 1429 (9th Cir. 1984).

13    7.    No previous request has been made for the relief requested herein.

14
15    8.    In compliance with 28 U.S.C. 1446(d), WMC Mortgage and

16  GECF will serve on Plaintiff a Notice to Plaintiff of Filing Notice of Removal,

17  attaching a copy of this Notice of Removal, and will file the same with the Clerk of

18  the Superior Court of California, County of Marin.

19  ///

20

21  ///

22

23  ///

24

25  ///

26

27  ///

28

DOCSLA-15641583.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1      WHEREFORE, WMC Mortgage and GECF respectfully remove this action

2    from the California Superior Court for the County of Marin to this Court pursuant

3    to 28 United States Code Sections 1331 and 1441.

4    DATED:  May 28, 2008            REED SMITH LLP

5

6

7                                By _____

                                  Scott H. Jacobs

8                                  Christopher O. Rivas

                                  Attorneys for Defendants

9                                  WMC Mortgage, LLC and

                                  GE Consumer Finance, Inc.

10

11    DOCSLA-15641583.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

                                          – 5 –                          DOCSLA-15641583.1

# EXHIBIT A



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| PATRICIA C. BARBERA<br>24 Caribe Isle<br>Novato CA 94949<br>TELEPHONE NO: (415) 382-9617    FAX NO: (415) 382-0756<br>ATTORNEY FOR (Name): In Pro Per | MARIN COUNTY<br>SUPERIOR COURT<br><br>2008 APR 11   A 10: 31 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  MARIN
STREET ADDRESS: 3501 CIVIC CENTER DRIVE
MAILING ADDRESS: P.O. BOX 4988
CITY AND ZIP CODE: SAN RAFAEL DRIVE, CA 94939
BRANCH NAME:

CASE NAME:
BARBERA v. WMC MORTGAGE

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CV 081763 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Duryee<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☑ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 15
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: April 8, 2008

PATRICIA C. BARBERA
_____(TYPE OR PRINT NAME)_____                     _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**PLD-C-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BARBERA v. WMC MORTGAGE CORPORATION | |

**4.** *(Continued)*

    b. The true names of defendants sued as Does are unknown to plaintiff.

        (1) ☑ Doe defendants *(specify Doe numbers):* 100 INCLUSIVE _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

        (2) ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

    c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

**5.** ☐ Plaintiff is required to comply with a claims statute, and

    a. ☐ has complied with applicable claims statutes, *or*

    b. ☐ is excused from complying because *(specify):*

**6.** ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

**7.** This court is the proper court because

    a. ☐ a defendant entered into the contract here.

    b. ☐ a defendant lived here when the contract was entered into.

    c. ☐ a defendant lives here now.

    d. ☐ the contract was to be performed here.

    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.

    f. ☑ real property that is the subject of this action is located here.

    g. ☐ other *(specify):*

**8.** The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    ☑ Breach of Contract

    ☐ Common Counts

    ☐ Other *(specify):*

**9.** ☐ Other allegations:

**10.** Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. ☑ damages of: $

    b. ☑ interest on the damages

        (1) ☐ according to proof

        (2) ☑ at the rate of *(specify):* 10 percent per year from *(date):* JUNE 7, 1979

    c. ☑ attorney's fees

        (1) ☐ of: $

        (2) ☑ according to proof.

    d. ☐ other *(specify):*

**11.** ☑ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: April 8, 2008

PATRICIA C. BARBERA

        (TYPE OR PRINT NAME)

▶ *Patricia C. Barbera*

        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001



ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
PATRICIA C. BARBERA
24 Caribe Isle
Novato CA 94949

TELEPHONE NO: (415) 382-9617    FAX NO. (Optional): (4415) 382-0756
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): In Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: P.O. BOX 4988
CITY AND ZIP CODE: San Rafael CA 94939
BRANCH NAME:

PLAINTIFF: PATRICIA C. BARBERA

DEFENDANT: WMC MORTGAGE CORPORATION * ~~ATTACHMENT 1~~
A California Corporation, See Attachment 1
[✓] DOES 1 TO 100,

FOR COURT USE ONLY

FILED
APR 11 2008
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: C. Larson, Deputy

**CONTRACT**
[✓] COMPLAINT    [ ] AMENDED COMPLAINT (Number):
[ ] CROSS-COMPLAINT    [ ] AMENDED CROSS-COMPLAINT (Number):

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded    [ ] does not exceed $10,000
                     [ ] exceeds $10,000 but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:
CV 081763

1. Plaintiff (name or names):
   PATRICIA C. BARBERA
   alleges causes of action against defendant* (name or names):
   WMC MORTGAGE CORPORATION * ATTACHMENT 1
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
      [ ] except plaintiff (name):
          (1) [ ] a corporation qualified to do business in California
          (2) [ ] an unincorporated entity (describe):
          (3) [ ] other (specify):

   b. [ ] Plaintiff (name):
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

      b. [ ] has complied with all licensing requirements as a licensed (specify):
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      [✓] except defendant (name):                      [✓] except defendant (name):
          (1) [ ] a business organization, form unknown    (1) [✓] a business organization, form unknown
          (2) [✓] a corporation                            (2) [ ] a corporation
          (3) [ ] an unincorporated entity (describe):     (3) [ ] an unincorporated entity (describe):

          (4) [ ] a public entity (describe):              (4) [ ] a public entity (describe):

          (5) [ ] other (specify):                         (5) [ ] other (specify):

Form Approved for Optional Use          * If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.          Page 1 of 2
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]                    **COMPLAINT—Contract**                    Code of Civil Procedure, § 425.12
American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BARBERA v. WMC MORTGAGE CORPORATION | |

4.  *(Continued)*

b. The true names of defendants sued as Does are unknown to plaintiff.

(1) ☑ Doe defendants *(specify Doe numbers):* 100 INCLUSIVE _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

(2) ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, and

a. ☐ has complied with applicable claims statutes, *or*

b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because

a. ☐ a defendant entered into the contract here.

b. ☐ a defendant lived here when the contract was entered into.

c. ☐ a defendant lives here now.

d. ☐ the contract was to be performed here.

e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.

f. ☑ real property that is the subject of this action is located here.

g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

☑ Breach of Contract

☐ Common Counts

☐ Other *(specify):*

9. ☐ Other allegations:

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. ☑ damages of: $

b. ☑ interest on the damages

(1) ☐ according to proof

(2) ☑ at the rate of *(specify):* 10 percent per year from *(date):* JUNE 7, 1979

c. ☑ attorney's fees

(1) ☐ of: $

(2) ☑ according to proof.

d. ☐ other *(specify):*

11. ☑ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: April 8, 2008

PATRICIA C. BARBERA

(TYPE OR PRINT NAME)

▶ *Patricia C Barbera*

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]     **COMPLAINT—Contract**     Page 2 of 2

MC–025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BARBERA vs. WMC MORTGAGE CORPORATION | |

**ATTACHMENT** (Number): _____    Page _____ of _____

*(This Attachment may be used with any Judicial Council form.)*    *(Add pages as required)*

### PLD-C-001 BARBERA STATEMENT

This action evolved as the result of Defiant Predatory Lenders WMC Mortgage Corporation, a California Corporation; Wmc Direct, a California Business Entity; GE Consumer Finance, a Unit of General Electric Company; Fairbanks Capital Corp., a Utah Corporation; Fairbanks Capital Holding Corp., a Delaware Corporation; Aka Select Portfolio Servicing, Inc; and California Land Title Company of Marin, a California Business Entity, During Which They Have Persecuted Barbera for over a Decade, with the Intent of Unlawfully Appropriating BARBERA's property. She brings this Quiet Title action to clear her property from the Continuing Slander Tort Wrongs of the predatory lender, WMC.

WMC and their cohort FAIRBANKS engaged in a scheme of pervasive and fraudulent accounting practices, which, combined with its failure to respond to "qualified written requests," enabled WMC to act with impunity on a scale heretofore not recognized in California home loan lending practices.

Dated: April 10, 2008

PATRICIA C. BARBERA

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
to Judicial Council Form

Page 1 of 1
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001(3)

| SHORT TITLE: BARBERA v, WMC MORTGAGE CORPORATION | CASE NUMBER: |
|---|---|

## CAUSE OF ACTION—Fraud

_____
(number)

FR-4. ☐ **Promise Without Intent to Perform**

    a. Defendant made a promise about a material matter without any intention of performing it ☑ as stated in Attachment FR-4.a ☐ as follows:

    b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act ☑ as stated in Attachment FR-5 ☐ as follows:

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged ☑ as stated in Attachment FR- 6 ☐ as follows:

FIR - 7. Other:

Page _____

MC–025

| SHORT TITLE:<br>BARBERA vs, WMC MORTGAGE CORPORATION | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number):* _____    Page ____ of ____

*(This Attachment may be used with any Judicial Council form.)*    *(Add pages as required)*

1

2

3    WMC Mortgage Corporation, a California Corporation; Aka WMC Direct, a California Business Entity,
     GE Consumer Finance, a Unit of General Electric Company; Select Portfolio Servicing, Inc; Aka
4    Fairbanks Capital Corp., a Utah Corporation, Fairbanks Capital Holding Corp., a Delaware Corporation;
5    and California Land Title Company of Marin, a California Business Entity. Does 1-100

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    *(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under
      penalty of perjury.)*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

1

Patricia C. Barbera
2  24 Caribe Isle,
Novato, Ca. 94949
3  Tele: (415) 382-9617
Fax: (415) 382-0756
4  In Pro Per

5            IN THE SUPERIOR COURT OF CALIFORNIA

6               FOR THE COUNTY OF MARIN

7               UNLIMITED JURISDICTION

8  PATRICIA C. BARBERA,           CASE NO.

9

10    vs.

| | |
|---|---|
| | VERIFIED COMPLAINT TO QUIET TITLE AND FOR DECLARATORY RELIEF |

11

12  Plaintiff,

13  WMC MORTGAGE CORPORATION
a California Corporation; aka WMC Direct,
14  a California Business Entity, GE
Consumer Finance, a unit of General
15  Electric Company; Select Portfolio
Servicing  Corp, a Utah Corporation,
16  Fairbanks Holding Corporation, a
Delaware Corporation; and
17  Land Title Company Of Marin, a
California Business entity;

18  Does 1 thru 100, inclusive.

19

20        Defendants.

21

1. REQUEST FOR SPECIFIC PERFORMANCE,
2. QUIET TITLE ACTION
3. SLANDER OF TITLE ACTION
4. FAILURE TO PROVIDE MANDATORY THREE-DAY NOTICE OF RESCISSION, AND UNDERSTATED DISCLOSURES
6. UNLAWFUL PREDATORY PRACTICES ,
7. MISREPRESENTATION AND INDUCEMENT,
8. HARASSMENT/MALICIOUS JUDICIAL PROCESS
9. DEBT COLLECTION VIOLATIONS
10. BREACH OF CONTRACT
11. USURY AND UNJUST ENRICHMENT
12. FRAUDULENT ACCOUNTING
13. BREACH OF FIDUCIARY DUTY
14. NEGLIGENCE/EMOTIONAL DISTRESS
15. UNCLEAN HANDS

24  _____/

25

26                 1

# PLD-C-001   ATTACHMENT II.

## BARBERA STATEMENT

**This action evolved as the result of a DEFIANT PREDATORY LENDER**
Defendants, WMC MORTGAGE etal who for over a decade persecuted BARBERA, by
harassing BARBERA with fraudulent accountings to which She had no recourse.  She was
hounded by the 50+ pages, in which the figures are intentionally bogus and misrepresented.
Examples:

1)   **The most recent month mortgage statement cites in part:**
   A) **This Month's Payment:  $228,617.94**
            **Payment Due Date:  03/01/08**

| | New This Period | Balance |
|---|---|---|
| Tax/ins Pd by Servicer | $188.00 | $9,348.92 |
| Late Charges | | $600.00 |
| Other Fees | | $694.94 |
| **B) Total Additional Amounts Owed** | | **$10,643.86** |
| **C) Unapplied Balance** | | **$1,889.03** |
| **D) Total Amount Due** | | **$237,372.77** |

2).   **In 2007, Plaintiff  received a Pay-Off Statement which it claims that the loan**
of $322,500., now has  amount due of $1,214,316.51., which precludes her from selling or
encumbering her property.

She also was denied Her Due Process RIGHTS, when WMC etal refused to comply
with the RESCISSION RIGHTS, Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"),
Regulation Z. She has endured these hardships for 7 years, as a result of this flagrant
conduct. It is time for justice to prevail. She brings this Quiet Title action to clear her
property from the Continuing Slander Tort Wrongs of the DEFIANT PREDATORY
LENDER, WMC.

BARBERA respectfully requests that this court declare that this loan is void; that

2

1  WMC be enjoined from any further fraudulent accountings; that they must rectify the

2  rescission violation by compiling with TILA and executing the Full Deed of Reconveyance

3  and recording it at the Marin County Recorder's office within 24 hours; execute accurate

4  accountings and refund the accurate amount due within one month.

## RESCISSION RIGHTS (TILA)

### (BORROWER HAS ABSOLUTE RIGHT TO RESCISSION)

The regulations implementing the Truth in Lending Act, generally known as Regulation Z, states that within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest. 12 C.F.R. § 226.23.(Citing Velazquez v. Homeamerican Credit, 2003254 F.Supp.2d 1043),

This section does not permit the creditor to retain its security interest, or to withhold money or property, pending the consumer's return of what they received under the agreement. In fact, the statute and the regulations are explicit that the consumer need not return money or property to the creditor until after the creditor has fulfilled its obligations under the statute. 15 U.S.C.S. § 1635(b); 12 C.F.R. § 226.23(d)(3).(Citing Velazquez v. Homeamerican Credit, 2003254 F.Supp.2d 1043),

Neither the Truth in Lending Act nor the regulations permit a creditor unilaterally to impose its will upon the rescission process. This is particularly true where the consumer has given the creditor no indication that she cannot or will not tender the money after the creditor performs.(Citing Velazquez v. Homeamerican Credit, 2003254 F.Supp.2d 1043).

Creditors are also liable for actual damages, statutory damages in the amount of twice the finance charge, up to $2,000, and attorney's fees and costs. Failure to respond to the rescission notice as spelled out above results in additional award of statutory damages

## INTRODUCTION

Plaintiff, PATRICIA C. BARBERA, is the owner of a fee simple interest in the real property located in the Bel Marin Keys Subdivision, County Of Marin, State of California,

3

1    commonly known as 24 Caribe Isle, Novato, California, and more particularly described as

2    Marin Assessor's Parcel 157-530-25. BARBERA has resided there since 1987.

3                                    **PARTIES**

4         Plaintiff PATRICIA BARBERA ("BARBERA") is a 76-year old individual, residing

5    at all relevant times in the County of Marin, California.

6         1.    At all material times, defendant WMC Mortgage Corp. ("WMC"), formerly

7    known as WMC Finance Co., was and is an entity formed by Apollo Management L.P. and

8    an individual named Leon Black and others who acquired Weyerhaeuser Mortgage

9    Company and Weyerhaeuser Insurance Services. WMC is a notorious PREDATORY

10   LENDER. WMC is a California corporation with its corporate headquarters in Woodland

11   Hills, California. It operates throughout California making subprime loans on residential

12   property and it also acts as the administrator for those loans. WMC also owns and operates

13   defendant WMCDirect, WMC's online nationwide business services website for mortgage

14   brokers.  WMC is a defendant in the NAACP vs Ameriquest Mortgage Company, Class

     Action Suit, filed July  2007.

15        2.    On June 14, 2004, GE Consumer Finance Co., the consumer lending unit of

16   the General Electric Company (NYSE: GE) purchased WMC Finance Co., including

17   defendants WMC and WMCDirect, from affiliates of Apollo Management L.P.

18        3.    November 16, 2007, Leon Black, the original "junkman" who built a 47-

19   billion-plus empire aka Apollo Management LP on predatory lending, disclosed that last

20   year He had bought back the WMC Mortgage Corp's business for a premium-in cash-

21   price. for which He paid $192 million.

22        4.    At all material times, Defendant Select Portfolio Servicing, Inc. ("SPS"),

23   formerly known as Fairbanks Capital Corp., was and is a Utah corporation that acts on

24   behalf of WMC as the servicer of WMC's loans, including WMC's loan to plaintiff.

25        5.    At all material times, Fairbanks Capital Holding Corp. was and is a

26   Delaware corporation which fully owns and controls as a subsidiary defendant SPS.

                                       4

6.      At all material times, defendant Trans Western Title Company, a Corporation doing business as California Land Company of Marin ("Cal Land") was and is a title company with its principal business office in Marin County, California.

7.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 100, and therefore plaintiff sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants, including any such defendants that may be the agents, representatives, or parent or subsidiary corporations of the named defendants, is responsible in some manner for the occurrences, events, transactions, and damages alleged herein, and that plaintiff's damages as hereinafter set forth were proximately caused by the Doe defendants. Plaintiff will amend her complaint to state the true names and capacities of the Doe defendants when they have been ascertained.

Plaintiff is informed and believes and thereon alleges that each of the defendants, including the Doe defendants, acted in  concert with each and every other defendant, and intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and each was a proximate cause of the damages and statutory violations alleged herein.  At all times herein mentioned, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.

8.      Each of the following causes of action arises from a home loan that WMC made to plaintiff that was intended primarily for personal, family or household use. This loan was a "federally related mortgage loan" within the meaning of the Real Estate Settlement Procedures Act ("RESPA").

9.      Plaintiff is informed and believes, and based thereon alleges, that WMC is a major "high cost" residential subprime mortgage lender which has 6 billion dollars in residential mortgage loans secured primarily by first mortgage liens on personal residences in the State of California. Plaintiff is further informed and believes, and based thereon alleges, that WMC has been in the business of making residential subprime mortgage loans

5

1 | and home equity loans as a "high-cost" predatory lender for many years, primarily in the
2 | State of California.

3 | ### FIRST CAUSE OF ACTION
4 | (REQUEST FOR SPECIFIC PERFORMANCE)
| Civil Code § 3384 et seq

5 |
6 |       10.      BARBERA alleges and incorporates herein by reference the allegations set
7 | forth in Paragraphs 1 through 9 above as if fully alleged herein.

8 |       11.      BARBERA is informed and believes, and thereon alleges, that the acts and
9 | conduct of defendants as alleged in this complaint violate various provisions of the Truth in
10 | Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), Regulation Z, and the Home Ownership
| and Equity Protection Act,15 U.S.C §1639 ("HOEPA").

11 |
12 |       12.      These violations include, without limitation, the failure and refusal to
13 | execute the rescission. (the creditor shall return any money or property that has been given
14 | to anyone in connection with the transaction and shall take any action necessary to reflect
| the termination of the security interest).

15 |       13.      The authorized action referred to above is a Deed of Reconveyance,
16 | followed by it's Recording.

17 |       14.      As a proximate result of said TILA, Regulation Z, and HOEPA violations,
18 | BARBERA has suffered substantial economic damages and other general and special
19 | damages in an amount to be proven at time of trial, and She is entitled to rescission of his
20 | loan transaction with WMC, which She executed and to which WMC wrongfully refused to
21 | complete.

22 |       15.      Wherefore, BARBERA  seeks actual damages, sanctions and whatever other
23 | remedies are available under TILA, Regulation Z, and HOEPA, including without
| limitation rescission of her loan transaction with WMC.

24 |
25 | ### SECOND CAUSE OF ACTION
| *QUIET TITLE ACTION*
26 |

6

1                (California Code of Civil Procedure),

2       Section 760. et seq, 761. et seq, 764. Et seq, 770. et seq.

                  (All defendants)

3      C.C.P. 760.020. (a) An action may be brought under this chapter to

4  establish title against adverse claims to real or personal or any

interest therein.

5         C.C.P. 760.040. (a) The superior court has jurisdiction of

6  actions under this chapter. (b) The court has complete jurisdiction

over the parties to the action and the property described in the

7  complaint and is deemed to have obtained possession and control of

the property for the purposes of the action with jurisdiction to

8  render the judgment provided for in this chapter. (C) Nothing in

9  this chapter limits any authority the court may have to grant such

equitable relief as may be proper under the circumstances of the

10  case.

11                 **THIRD CAUSE OF ACTION**

12                 *SLANDER OF TITLE ACTION*

Civil Code § 48a; C.C.P.§ 460 et seq;

13             Civil Code § 2924 (TILA)

14  Slander of Title.  A false and malicious statement, oral or written,

made in disparagement of a person's title to real or personal

15  property, or of some right of his causing him special damage. Black's

16  Law Dictionary.

17     WMC and SPS produced fraudulent accountings, which prevented her from selling

18  her home or otherwise encumbering her property with a Reverse Mortgage to relieve her

19  financial obligations. The Loan Payoff Statement claimed a payoff in the amount of

$1,214,316.51.

20                 **FOURTH CAUSE OF ACTION**

21      *FAILURE TO PROVIDE MANDATORY THREE-DAY NOTICE OF*
    *RESCISSION AND UNDERSTATED DISCLOSURES*

22     (Truth in Lending Act), 15 U.S.C. §1601 et seq. ("TILA"); Regulation Z,

23          15 U.S.C § 1639 et seq.("HOEPA").

24         (Defendants WMC and Cal Land Only)

   16.      BARBERA realleges and incorporates herein by reference the allegations

25  set forth in Paragraphs 1 through 17 above as if fully alleged herein.

26

               7

17.     BARBERA is informed and believes, and thereon alleges, that the acts and conduct of defendants as alleged in this complaint violate various provisions of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), Regulation Z, and what is called the Home Ownership and Equity Protection Act, 15 U.S.C §1639 ("HOEPA").

18.     These violations include, without limitation, the failure to provide to plaintiff the mandated written three-day right to cancel notice at the loan closing date of June 11, 1997. In addition, defendants failed to provide accurate disclosures, as mandated by these statutes. Any statute of limitations applicable to these violations has been tolled under the doctrine of what is called equitable tolling.

19.     As a proximate result of said TILA, Regulation Z, and HOEPA violations, BARBERA has suffered substantial economic damages and other general and special damages in an amount to be proven at time of trial, and she is entitled to rescission of her loan transaction with WMC, which She correctly filed and to which WMC wrongfully DEFIED.

20.     Wherefore, BARBERA seeks damages and whatever other remedies are available under TILA, Regulation Z, and HOEPA, including without limitation rescission of her loan transaction with WMC.

## SUMMARY OF FACTS

21.     On June 11, 1997 BARBERA obtained a loan from WMC in the amount of $322,500 at an annual percentage rate of 12.2573%, and executed loan documents at CAL LAND. On that date, She signed the documents, where and how instructed by the title officer at CAL LAND, escrow no: 213663-bb. She was given no documents to take with Her at that time, due their failure and refusal to give Her the mandated documents, which included the 3-day Notice of Rescission, and was told to return later when She could obtain Her proceeds. She was denied the mandatory right to rescind, and defendants failed to prepare and deliver accurate disclosures that were mandated under TILA (the Truth in Lending Act, 15 U.S.C. sec. 1601. et seq.) for the close of escrow in a home mortgage transaction.

8

22.     Approximately June 19, 1997, BARBERA returned to Cal Land to receive her proceeds and was given a folder of documents titled MORTGAGE LOAN DISCLOSURE STATEMENT/GOOD FAITH ESTIMATE, and printed at the top in red ink, "CLIENT'S COPY- FINAL". She put it away without inspecting it, and it was years before She had cause to review the folder's contents. And when She did so, She found that the 3-day notice was a blank form. See Exhibit 2.

## UNDER STATED DISCLOSURES

A. Federal Truth-in-Lending disclosure statements must not exceed a tolerance of $100.00 normally, or $35.00 in dispute and any deviation constitutes usury.

B. WMC MORTGAGE'S disclosed that BARBERA had been overcharged for two days interest. Over a 30 year loan it amounts to $66,797.00.

C. WMC MORTGAGE'S loan documents contain "REBATE" which is illegal and it cost BARBERA one-half of one percent over the life of the loan, which amounts to $174,150.

D. WMC MORTGAGE'S loan documents understated the APR in the amount of $1,529,295.

E. WMC MORTGAGE under states the finance charge in the amounts of $744,660.

Including usury, the violations total $103,556,702.00

23.     BARBERA further alleges in this respect that defendants' failure to provide these right to rescind notices and to prepare and deliver properly drafted close of escrow documents as required by TILA was and continues to be a pattern of practice routinely carried out by defendants to defraud or to harm home loan borrowers.

### FIFTH CAUSE OF ACTION
*CONSPIRACY*
RESPA (Real Estate Settlement Procedures Act)
12 U.S.C. §2605 et seq
(Defendants WMC and SPS Only)

24.     On May 19, 1998, WMC notified BARBERA that it had not received proof of her renewal of the hazard insurance policy on Her home. Despite Her numerous telephone calls to WMC and despite verification provided to WMC by Her insurance company that a copy of Her insurance policy had been mailed to WMC, they proceeded to

9

1    force-place a substitute policy from another hazard insurance company at plaintiff's

2    expense.

3         25.     On October 13, 1998, BARBERA received a copy of the force-placed policy,

4    which reflected a premium of $2,242, nearly three times the annual premium for

5    BARBERA's own policy of $820, which She had been regularly paying.

6         26.     In January, 1999, after numerous telephone calls to WMC, plaintiff received

7    a letter dated January 19, 1999, advising her that WMC had received recent confirmation

8    of hazard insurance coverage for plaintiff's property and that WMC had canceled both the

     force-placed and its charge to plaintiff for that policy.

9         27.     Unbeknownst to plaintiff and contrary to WMC's representation, WMC

10   failed to cancel the $2,242 charge to plaintiff's escrow account for hazard insurance, and in

11   fact WMC continued to impose a monthly charge on this bogus account and which

12   continues to this date, in which they claim the account has a balance of $10,455.86, and

13   $1,889.03 in Unapplied Balance, totaling $11,344.99., as of 01/16/08. See Exhibit 3.

14        28.     On August 19, 1999, WMC served on BARBERA a ten-day default notice

15   listing amounts alleged due on Her mortgage. The amounts set forth in the default notice

16   were false. They exceeded the amounts due under the note by a substantial sum. Using

17   these excessive amounts as a pretext, on November 5, 1999, WMC and its foreclosure agent,

     Millennium Foreclosure Services, LLC ("Millennium"), served Her with a notice of default

18   in the amount of $42,114.79.

19        29.     On December 4, 1999, She sent a detailed letter to both WMC and

20   Millennium by facsimile. In her letter, which is a "qualified written request" within the

21   meaning of RESPA at subsection (e) of 12 U.S.C. §2605, plaintiff denied that she owed

22   WMC the amount shown in Millennium's notice of default and she renewed her previous

23   oral requests to WMC, starting in June, 1999, for an accurate accounting, as WMC's

24   monthly payment coupons sent to plaintiff contained erroneous accounting debits and

25   credits. Subsection (e) of 12 U.S.C. §2605 of RESPA requires a loan servicer to

26

1  acknowledge receipt of a "qualified written request" within 20 days and to respond to such
2  a request within 60 days, excluding legal public holidays, Saturdays, and Sundays.

3      30.    Beginning June, 1999, WMC violated RESPA by failing to respond to
4  plaintiff's oral requests and also by failing to acknowledge or to respond within the
5  statutory time limits to plaintiff's "qualified written requests." Not only did WMC fail to
6  respond to plaintiff's oral and written requests, it continued to bill plaintiff for improper
   charges, and it also attempted to carry out a foreclosure sale of plaintiff's home, based
7  upon these improper charges. BARBERA further alleges that WMC's failure to deliver the
8  required right to rescind notices and to prepare and process properly drafted close of
9  escrow documents as required by TILA was and continues to be a pattern of practice
10 routinely carried out by WMC to defraud or to harm home loan borrowers.

11     From the inception of this loan in JUNE 1997, WMC failed to notify BARBERA
12 that Fairbanks, now called SPS,  became the servicer for plaintiff's loan, which is a
13 RESPA violation in that both servicers were mandated to notify Plaintiff. Both conspired to
14 withhold that crucial and mandated information from BARBERA.

15     31.    On February 11, 2000 BARBERA received a Notice of Trustee's Sale
16 recorded on February 7, 2000, citing a sale date of March 2, 2000. The sale amount listed in
   the Notice was $372,316.39.
17
       32.    On February 27, 2000, BARBERA sent via facsimile to WMC a copy of a
18 telegram advising WMC that it had failed to respond to plaintiff's previous letters, had
19 failed to provide an accurate accounting, and had violated various laws and regulations.
20
       33.    On March 1, 2000, WMC supplied BARBERA with a statement purportedly
21 showing the history of payments on the loan, but this statement was incomprehensible, as
22 were WMC's monthly loan statements.

23     34.    On March 2, 2000, plaintiff notified WMC that she had filed a Chapter 13
24 bankruptcy petition, and she verified that the foreclosure had been canceled. On April 11,
25 2000, in violation of the automatic bankruptcy stay, WMC filed a Notice of Trustee's Sale
   scheduled for May 10, 2000.
26

11

1    35.    This mortgage loan transaction with WMC was a consumer credit

2    transaction entered into by plaintiff for personal, household or family purposes.

3    ### SIXTH CAUSE OF ACTION
    *UNLAWFUL PREDATORY LENDING PRACTICES (SCHEME)*
4    (California Business & Professions Code) §17200 et seq
5    (Defendants WMC and SPS Only)

6    36.    Defendant WMC has consistently engaged in what is called predatory

7    lending practices, that is, it prays upon borrowers who have poor credit history or who

8    have limited financial resources or who are elderly. In doing so, WMC takes advantage of

9    these vulnerable borrowers by demanding that such borrowers, including, for example,

10   plaintiff, pay excessively high interest rates and other excessive or unnecessary lending

11   charges which are not warranted by the creditworthiness of such borrowers. In addition,

12   defendant WMC engaged in a scheme of pervasive and fraudulent accounting practices,

     which, combined with its failure to respond to "qualified written requests," enabled WMC

13   to act with impunity on a scale heretofore not recognized in California home loan lending

14   practices. They also routinely violated the rescission laws and denied the procedure.

15   37.    These predatory lending practices are consistently followed by WMC and

16   constitute an unfair business practice under §17200 of the California Business &

17   Professions Code.

18   38.    Wherefore, BARBERA, on behalf of herself seeks whatever appropriate

19   remedies would be available under §17200, including without limitation statutory penalties,

20   rescission, restitution, disgorgement of profits, injunctive relief, actual damages, punitive

21   damages and attorney's fees. This mortgage loan transaction with WMC was a consumer

     credit transaction entered into by plaintiff for personal, household or family purposes.

22   ### SEVENTH CAUSE OF ACTION
23   *MISREPRESENTATION AND INDUCEMENT*
     (Consumers Legal Remedies Act) ("CLRA")
24   Civil Code § 1770 et seq; Civil Code § 3294 et seq.
25

26   39.    Plaintiff is informed and believes, and based thereon alleges that the acts and

1  the conduct of the defendants alleged herein above are a violation of Civil Code § 1770, the

2  Consumers Legal Remedies Act ("CLRA"), including subsections (a)(8), (9), (13), (14), (16)

3  and (19), respectively.

4       40.    Plaintiff has suffered substantial economic damage, and other general and

5  special damages, as a result of the herein-mentioned violations of the Consumers Legal

6  Remedies Act, in an amount to be proven at time of trial.

7       41.    Plaintiff has suffered substantial economic damage, and other general and

8  special damages, as a result of the herein-mentioned violations of the Consumers Legal

9  Remedies Act, in an amount to be proven at time of trial. Plaintiff is informed and believes,

10 and based thereon alleges, that defendants continue to engage in the above-described

11 deceptive practices, and that unless they be enjoined from doing so by this court they will

12 continue to do so, all to the damage of its customers who will enter into home loan

   mortgage transactions with the defendants.

13

14      42.    The aforementioned violations of the Civil Code by defendants were willful,

15 despicable, cruel unjust, malicious, fraudulent or oppressive, and committed Fraudulent

16 Concealment, and Continuing Tort Wrongs, in conscious disregard of the consequences to

17 plaintiff thereby entitling BARBERA to punitive damages pursuant to Civil Code §3294

   and other California and Federal Statutes.

18      Furthermore, those violations effect the Statute of Limitations as they apply only at

19 the last wrong.

20                      **EIGHTH CAUSE OF ACTION**
                                *HARASSMENT*
21                  *MALICIOUS ABUSE OF JUDICIAL PROCESS*
                       Code of Civil Procedure § 527 et seq
22                         (TILA) Truth-in-Lending Act
                          (Defendant WMC and SPS Only)
23

24      43.    During July 2000, at the time BARBERA commenced to scrutinize the loan

25 documents, She became aware of the 36 month statute of limitations for rescission and

26

                                        13

1  subsequently learned of the Bankruptcy provisions for an extension of time.(11 USC 108.

2  EXTENSION OF TIME).  The date of the loan contract was 6/11/97. The date of the filing

3  of the Bankruptcy was 5/09/00.

4      44.    September 2000, BARBERA commenced to analyze the Truth in Lending

5  Disclosures and questioned the accuracy of the payment schedule which contains only three

6  payment amounts computed, for this discounted variable rate mortgage which includes;

7  first adjustment cap, semi-annual rate adjustments, and life of loan cap.

8      45.    On 12/15/00 BARBERA sent WMC a one line notice of rescission taken

   verbatim from the unexecuted form which She had received,  "I wish to cancel." See

9  Exhibit 4.

10     46.    On 1/05/01 She received a letter dated 1/02/01 from WMC Senior Vice

11  President & General Counsel, Michael L. Mayer, which included the executed Notice of

12  Right to Cancel which She had not seen since executing it on June 12, 1997.  It contained

13  the violation when they say, "Your cancellation notice is invalid and of no legal effect."See

14  exhibit 5.

15     47.    BARBERA realleges and incorporates herein by reference the allegations set

16  forth in Paragraphs 1 through 50 above as if fully alleged herein.

17     48.    On June 11, 2001, BARBERA filed a complaint in the San Francisco

   Superior Court, which was litigated until June 4, 2006, at which time she voluntarily

18  dismissed it without prejudice.  In March 2004, as the result of the stays for Defendant

19  Millennium's bankruptcy, A subsequent case was filed in the San Francisco Superior

20  Court which was then removed by WMC to the Federal Court in Oakland. It was

21  dismissed in 2005.

                        **NINTH CAUSE OF ACTION**
22              *(RESPA) DEBT COLLECTION VIOLATIONS* 12 U.S.C. §2605;
23              Federal Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq
                           (Defendants WMC and SPS Only)
24
25     49.    Plaintiff realleges and incorporates herein by reference the allegations set

   forth in Paragraphs 1 through 52 above as if fully alleged herein.
26

                                    14

1    50.    Plaintiff is informed and believes, and thereon alleges: that the acts and

2    conduct of defendants as alleged in this complaint violate various provisions of what is

3    called the Federal Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq., including,

4    for example, improper or inaccurate reports to credit borrowers. In addition, it is a

5    violation of RESPA, 12 U.S.C. §2605(3)(d), which protects a borrower's credit rating. The

6    loan servicer may not provide information regarding any overdue payment to any

7    consumer reporting agency. These violations began when plaintiff's loan was placed in

8    June 1997 and when they continued through the present time. (When they produced the

9    Loan Payoff Statement claiming payoff in the amount of $1,214,316.51, and other

     Fraudulent accountings.) (Continuing Tort Wrongs) See Exhibit 7.

10    51.    As a proximate result of said violations, plaintiff has suffered substantial

11    economic damages and emotional distress and other general and special damages in an

     amount to be proven at time of trial.

12    52.    Wherefore, plaintiff seeks whatever remedies may be available under this

13    federal debt collections statute and under RESPA, including, without limitation, actual

14    damages, compensatory damages, statutory damages, statutory penalties and attorney's

15    fees.

### TENTH CAUSE OF ACTION
#### BREACH OF CONTRACT
#### Civil Code § 1709 et seq
#### (Defendant WMC Only)
t

19    53.    Plaintiff realleges and incorporates herein by reference the allegations set

20    forth in Paragraphs 1 through 57 above as if fully alleged herein.

21    54.    On or about June 1997, plaintiff entered into a written contract with

22    defendant WMC whereby WMC agreed to loan plaintiff the sum of $322,500 secured by a

23    mortgage recorded against plaintiff's home in Marin County, California. In that home loan

24    agreement, WMC promised, inter alia, that they would comply with Civil Code § 1709 et

     seq and Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), Regulation Z, and what

25    is called the Home Ownership and Equity Protection Act, 15 U.S.C §1639 ("HOEPA") and

26

15

1   RESPA (Real Estate Settlement Procedures Act) 12 U.S.C. §2605 et seq. From the in launch

2   of the loan WMC has defied all of these laws with impunity. Plaintiff has performed all of

3   the obligations under this home loan agreement she was required to perform.

4         **55.**     WMC breached this home loan agreement by declaring the loan in default,

5   by demanding that plaintiff pay charges that were not due under the loan, and by

6   attempting to exercise foreclosure rights given to WMC in the mortgage securing loan, even

7   though WMC did not have the right to exercise such foreclosure rights, and defying the

   notice of rescission.

8         **56.**     As a proximate result of WMC's breach of this home loan agreement as

9   alleged above, plaintiff has sustained compensatory damages in an amount to be

10  determined at time of trial, including, without limitation, damages she sustained when she

11  was forced to seek bankruptcy court protection.

12        **57.**     Wherefore, plaintiff seeks compensatory damages in such amounts as may

13  be allowed by the court at time of trial.

14  **ELEVENTH CAUSE OF ACTION**<br>*USURY AND UNJUST ENRICHMENT*

15  (Defendant WMC and SPS Only)

16        **58.**     Plaintiff realleges and incorporates herein by reference the allegations set

17  forth in Paragraphs 1 through 61 above as if fully alleged herein.

18        **59.**     The interest rate charged by defendants for the WMC loan which is the

19  subject of this complaint was usurious as that term is defined and applied by the California

20  Constitution. At the time this usury occurred, WMC was not a commercial lender as that

21  term is used in the California Constitution, and WMC did not "arrange" for this loan as a

22  licensed real estate broker.

23        **60.**     Wherefore, plaintiff is entitled to such damages as the usury laws of

24  California may allow.

**TWELFTH CAUSE OF ACTION**<br>*FRAUDULENT ACCOUNTING*

25  (RESPA) Real Estate Settlement Procedures Act)

26

16

(Defendants WMC and SPS Only)

61.     Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 64 above as if fully alleged herein.

62.     Defendants WMC and/or SPS  devised a Machiavellian scheme to never respond to inquiries, and with when combined with fraudulent accountings, resulted in an unprecedented financial slaughter of the borrowers.

63.     Their payment histories are unintelligible and contain obtuse charges titled : Corporate Advance Activity, Escrow Advance Activity, Unapplied Funds, Broker Price Opinion, and Mis-application Reversal. See Exhibit 8.

64.     Plaintiff received a Pay-Off Notice which claims that the loan in the amount of $322,500., now has a claim due of $1,214,316.51., which precludes her from selling her property.

Wherefore, plaintiff seeks whatever remedies may be available under RESPA, including, without limitation, actual damages, compensatory damages, statutory damages, statutory penalties and attorney's fees.

### THIRTEENTH CAUSE OF ACTION
### *BREACH OF FIDUCIARY DUTY*
(Defendant WMC and Cal Land Only)

65.     Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 68 above as if fully alleged herein.

66.     At the time the home loan in question was placed in June 1997, defendant Cal Land acted as the escrow, and as such defendant Cal Land owed a fiduciary duty to both plaintiff and defendant WMC.

67.     Defendant Cal Land Title breached its fiduciary duty when they committed Fraudulent Concealment, and Continuing Tort Wrongs, concealing and failing to disclose to plaintiff the mandated written three-day right to cancel notice, and it also failed to provide accurate disclosures, as mandated by TILA, Regulation Z, and HOEPA.

17

1    Furthermore, those violations effect the Statute of Limitations as they apply only at

2 the last wrong.

3    68.    As a proximate result of said breach of fiduciary duty, plaintiff has suffered

4 substantial economic damages and other general and special damages in an amount to be

5 proven at time of trial, and she is entitled to rescission for her loan transaction with WMC.

6                    FOURTEENTH CAUSE OF ACTION
7                    *NEGLIGENCE-EMOTIONAL DISTRESS*
                    Civil Code § 2338; Civil Code ¶ 1714 et seq
8                    (Defendants WMC and SPS only)

9    69.    Plaintiff realleges and incorporates herein by reference the allegations set

10 forth in paragraphs 1 through 72 above as if fully alleged herein.

11    70.    At the time the home loan in question was placed in June 1997, defendant Cal

12 Land acted as the escrow.

13    71.    While acting as the escrow, defendant Cal Land Title committed negligence by

14 failing to providing to plaintiff the mandated written three-day right to cancel notice, and it

15 also failed to provide accurate disclosures, as mandated by TILA, Regulation Z, and

16 HOEPA.

17    72.    As a proximate result of said negligence, plaintiff has suffered substantial

18 economic damages and other general and special damages in an amount to be proven at

   time of trial.
19
20    73.    Wherefore, plaintiff seeks compensatory damages in an amount according to

   plaintiff's proof at time of trial.
21
                    FIFTEENTH CAUSE OF ACTION
22
                    *(UNCLEAN HANDS DOCTRINE)*
23
24    74.    Unclean hands doctrine. Doctrine simply means that in equity, as in law,

25 plaintiff's fault, like defendant's, may be relevant to the question of what, if any,

   remedy plaintiff is entitled to.  Shondel v. McDermott, C.A.Ind., 775 F.2d 859, 8668.
26
                                18

1  Principle that one who has unclean hands is not entitled to relief in equity. Doctrine '

2  means no more than that one who has defrauded his adversary in the subject matter of

3  the action will not be heard to assert right in equity. Under this doctrine, a court of

4  equity may deny relief to a party whose conduct has been inequitable, unfair, and

5  deceitful, but doctrine applies only when the reprehensible conduct complained of

6  pertains to the controversy at issue.  Goben v. Barry, 234 Kan. 721, 676 P.2d 90, 97.

### PUNITIVE DAMAGES

7   75.    Plaintiff realleges and incorporates herein by reference the allegations set

8  forth in paragraphs 1 through 74 above as if fully alleged herein.

9   76.    As a proximate result of the statutory violations and the concealment and the

10  usury violations and the breach of fiduciary duty alleged in this complaint, plaintiff is

11  entitled to an award of punitive damages pursuant to the provisions of Civil Code §3294.

12

13  ### PRAYER FOR RELIEF

14  WHEREFORE, Plaintiff prays for relief and judgment, as follows:

15  a. That this court find and declare the defendant's acts and practices as described herein to
be unlawful, unfair, and fraudulent;

16  b. That this court find and declare the defendant's acts and practices as described herein to

17  be Failure to Provide Mandatory Three-day Notice of Rescission and Understated
Disclosures;

18  c. That this court find and declare the defendant's acts and practices as described herein to
be an Abuse of Judicial Process;

19  d. That this court find and declare the defendant's acts and practices as described herein to

20  be Debt Collection Violations;

21  e. That this court find and declare the defendant's acts and practices as described herein to
be a Breach of Contract;

22  f. That this court find and declare the defendant's acts and practices as described herein to
be Usury and Unjust Enrichment

23  g. That this court find and declare the defendant's acts and practices as described herein to
be Fraudulent Accounting;

24  h. That this court find and declare the defendant's acts and practices as described herein to

25  be a Breach of Fiduciary Duty; Plaintiff seeks statutory penalties to the extent allowed by
any of the causes of action alleged in this complaint.

26

1  c. Plaintiff seeks rescission and restitution and disgorgement to the extent allowed by any of
   the causes of action alleged in this complaint.
2  d. Plaintiff seeks usury damages to the extent allowed by any of the causes of action alleged
3  in this complaint.
   e. Plaintiff seeks punitive damages to the extent allowed by any of the causes of action
4  alleged in this complaint.
5  f. Plaintiff seeks attorney's fees to the extent allowed by any of the causes of action alleged
   in this complaint.
6  g. Plaintiff seeks costs of suit to the extent allowed by any of the causes of action alleged in
7  this complaint.
   h. Plaintiff seeks such other and further relief that the court may allow.
8
   Patricia C. Barbera,
9  In Pro Per
10
   Date: April 8, 2008
11                                                  _____
                                                    Patricia C. Barbera
12 BARBERA V. WMC MORTGAGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26



**EXHIBITS**



## SPS | SELECT Portfolio SERVICING, inc.

Page 1 of 1

P.O. Box 65250, Salt Lake City, UT 84165-0250

**Customer Service**       **1-800-258-8602**
Monday - Friday          7:00AM - 8:00PM ET
Saturday                 8:00AM - 12:00PM ET
For other important contact information see the reverse side

#BWNJXZF
Patricia C Barbera
24 Caribe Isle
Novato CA  94949-5342

||ılı.lı.ll.ıllı.ıllı.ll.ı.lıılı.lı.lı.lı.lılı.ll.lıl|

### LOAN INFORMATION

Property Address:   24  CARIBE  ISLE
                    NOVATO CA  94949

Loan Number: 1100508215   Current Interest Rate: 11.625%

| YTD Interest Paid | YTD Taxes Paid | YTD Principal Paid |
|---|---|---|
| $.00 | $.00 | $.00 |

| Current Principal Balance[1] | Tax/Ins Pd by Servicer[4] | Current Unapplied Balance[3] |
|---|---|---|
| $315,481.40 | $9,348.92 | $1,889.03 |

If you have any questions regarding your loan or this statement, please call 1-800-258-8602.

You can access your automated loan information 24 hours a day or make a payment online by visiting our web site at www.spservicing.com or by calling the Customer Service number shown above.

### MONTHLY MORTGAGE STATEMENT

| | |
|---|---|
| Statement Date: | 02/14/08 |
| Loan Due Date: [2] | 02/01/02 |
| Principal & Interest: | $3,209.10 |
| Taxes & Insurance: | $.00 |
| Regular Monthly Payment: | $3,209.10 |
| Past Due Payments: | $225,408.84 |

| | |
|---|---|
| A) This Month's Payment: | $228,617.94 |
| Payment Due Date: | 03/01/08 |

| | New This Period | Balance |
|---|---|---|
| Tax/Ins Pd by Servicer[4] | $188.00 | $9,348.92 |
| Late Charges | $.00 | $600.00 |
| Other Fees | $.00 | $694.94 |
| B) Total Additional Amounts Owed | | $10,643.86 |
| C) Unapplied Balance [3] | | $1,889.03 |
| D) Total Amount Due | | $237,372.77 |

(A plus B minus C = D)

### ACTIVITY FROM 01/17/08 thru 02/14/08

| Date | Description | Prin Bal | Interest | Taxes & Ins Pd by Srvcr | Late Charges | Unappl Bal | Other Fees | Total |
|---|---|---|---|---|---|---|---|---|
| 01/17 | BEG BALANCE | $315,481.40 | $206,146.28 | $9,160.92 | $600.00 | ($1,889.03) | $694.94 | $530,194.51 |
| 02/07 | HAZARD INS | 0.00 | 0.00 | 188.00 | 0.00 | 0.00 | 0.00 | 188.00 |
| 02/14 | ENDING BALANCE | $315,481.40 | $206,146.28 | $9,348.92 | $600.00 | ($1,889.03) | $694.94 | $530,382.51 |

### IMPORTANT MESSAGES

[1]This amount is not a payoff quote. If you want a payoff quote, please see instructions on reverse side.

Any payments received after the Statement Date noted above will be reflected on your next statement.

[2]Loan Due Date: If this date is different from your Payment Due Date, it means that you are past due and owe payments from previous months.

You are hereby notified that this statement is an attempt to collect a debt. All information obtained will be used for that purpose.

[3]Partial payments or overpayments are treated as unapplied funds until we receive enough for a full Principal & Interest payment, at which time we will credit your account for the Principal and Interest payment.

Your account is now past due. There are a number of options available to assist customers who are experiencing difficulty with their payments. Please contact us immediately to discuss these options, arrange a reinstatement or address any questions regarding this statement at 1-888-818-6092.

[4]We have paid Taxes and/or Insurance on your behalf and you are responsible to reimburse us for these amounts plus interest, which may be billed at the note rate.

Per IRS regulations all 2007 year end statements will be mailed no later than January 31, 2008. Requests for copies will be accepted after February 12, 2008. Year End information will be available via our automated voice system on January 3, 2008 or via our website spservicing.com as of January 31, 2008.

PLEASE DETACH AT PERFORATION AND RETURN THIS COUPON WITH PAYMENT

Page 1 of 1

WMC Mortgage Corp.
P.O. Box 551170
Jacksonville, FL 32255-1170

PATRICIA C BARBERA
PO BOX 5295
NOVATO CA 94948

RE: Loan No. 1100508215

---- ACCOUNT ACTIVITY STATEMENT ----

| TRANSACTION DESCRIPTION | PROCESS DATE | DUE DATE | TOTAL AMOUNT | PRINCIPAL AMOUNT | INTEREST AMOUNT | ESCROW AMOUNT | FEES | OPTIONAL INSURANCE | MISC |
|---|---|---|---|---|---|---|---|---|---|
| HOMEOWNERS INS | 01/12 | 02/06 | $610.64- | $0.00 | $0.00 | $610.64- | $0.00 | $0.00 | $0.00 |
| ESCROW ADVANCE | 01/12 | 05/01 | $585.96 | $0.00 | $0.00 | $585.96 | $0.00 | $0.00 | $0.00 |
| HOMEOWNERS INS | 02/09 | 03/04 | $193.00- | $0.00 | $0.00 | $193.00- | $0.00 | $0.00 | $0.00 |
| ESCROW ADVANCE | 02/09 | 05/01 | $193.00 | $0.00 | $0.00 | $193.00 | $0.00 | $0.00 | $0.00 |
| HOMEOWNERS INS | 03/09 | 04/06 | $205.00- | $0.00 | $0.00 | $205.00- | $0.00 | $0.00 | $0.00 |
| ESCROW ADVANCE | 03/09 | 05/01 | $205.00 | $0.00 | $0.00 | $205.00 | $0.00 | $0.00 | $0.00 |
| PAYMENT | 03/10 | 05/01 | $3,280.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,280.50 |
| HOMEOWNERS INS | 04/07 | 05/04 | $200.00- | $0.00 | $0.00 | $200.00- | $0.00 | $0.00 | $0.00 |
| ESCROW ADVANCE | 04/07 | 05/01 | $200.00 | $0.00 | $0.00 | $200.00 | $0.00 | $0.00 | $0.00 |
| HOMEOWNERS INS | 05/07 | 06/04 | $205.00- | $0.00 | $0.00 | $205.00- | $0.00 | $0.00 | $0.00 |
| ESCROW ADVANCE | 05/07 | 05/01 | $205.00 | $0.00 | $0.00 | $205.00 | $0.00 | $0.00 | $0.00 |
| PAYMENT | 06/07 | 05/01 | $3,280.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,280.50 |
| HOMEOWNERS INS | 06/08 | 07/04 | $199.00- | $0.00 | $0.00 | $199.00- | $0.00 | $0.00 | $0.00 |
| ESCROW ADVANCE | 06/08 | 05/01 | $199.00 | $0.00 | $0.00 | $199.00 | $0.00 | $0.00 | $0.00 |
| HOMEOWNERS INS | 07/07 | 08/04 | $206.00- | $0.00 | $0.00 | $206.00- | $0.00 | $0.00 | $0.00 |
| ESCROW ADVANCE | 07/07 | 05/01 | $206.00 | $0.00 | $0.00 | $205.00 | $0.00 | $0.00 | $0.00 |
| PAYMENT | 08/09 | 05/01 | $2,240.46 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,240.46 |
| HOMEOWNERS INS | 08/09 | 09/04 | $206.00- | $0.00 | $0.00 | $206.00- | $0.00 | $0.00 | $0.00 |
| ESCROW ADVANCE | 08/09 | 05/01 | $206.00 | $0.00 | $0.00 | $205.00 | $0.00 | $0.00 | $0.00 |
| HOMEOWNERS INS | 09/08 | 10/04 | $199.00- | $0.00 | $0.00 | $199.00- | $0.00 | $0.00 | $0.00 |
| ESCROW ADVANCE | 09/08 | 05/01 | $199.00 | $0.00 | $0.00 | $199.00 | $0.00 | $0.00 | $0.00 |
| HOMEOWNERS INS | 10/07 | 11/06 | $206.00- | $0.00 | $0.00 | $206.00- | $0.00 | $0.00 | $0.00 |
| ESCROW ADVANCE | 10/07 | 05/01 | $206.00 | $0.00 | $0.00 | $206.00 | $0.00 | $0.00 | $0.00 |
| PAYMENT | 11/10 | 05/01 | $2,187.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,187.00 |
| HOMEOWNERS INS | 11/15 | 12/04 | $196.00- | $0.00 | $0.00 | $196.00- | $0.00 | $0.00 | $0.00 |
| ESCROW ADVANCE | 11/15 | 05/01 | $196.00 | $0.00 | $0.00 | $196.00 | $0.00 | $0.00 | $0.00 |
| PAYMENT | 12/07 | 05/01 | $2,187.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,187.00 |
| HOMEOWNERS INS | 12/07 | 01/05 | $202.00- | $0.00 | $0.00 | $202.00- | $0.00 | $0.00 | $0.00 |
| ESCROW ADVANCE | 12/07 | 05/01 | $202.00 | $0.00 | $0.00 | $202.00 | $0.00 | $0.00 | $0.00 |
| PAYMENT | 12/16 | 05/02 | $0.00 | $110.87 | $3,529.55 | $0.00 | $0.00 | $0.00 | $25,482.94- |
| PAYMENT | 12/16 | 06/01 | $0.00 | $112.10 | $3,528.32 | $0.00 | $0.00 | $0.00 | $0.00 |
| PAYMENT | 12/16 | 07/01 | $0.00 | $113.35 | $3,527.07 | $0.00 | $0.00 | $0.00 | $0.00 |
| ARM LOAN ADJUSTMENT | 12/16 | 08/01 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PAYMENT | 12/16 | 08/01 | $0.00 | $238.48 | $3,262.19 | $0.00 | $0.00 | $0.00 | $0.00 |
| PAYMENT | 12/16 | 09/01 | $0.00 | $139.90 | $3,260.77 | $0.00 | $0.00 | $0.00 | $0.00 |
| PAYMENT | 12/16 | 10/01 | $0.00 | $141.35 | $3,259.32 | $0.00 | $0.00 | $0.00 | $0.00 |
| PAYMENT | 12/16 | 11/01 | $0.00 | $142.80 | $3,257.87 | $959.00 | $0.00 | $0.00 | $0.00 |
| REPAY OF ESCROW ADVANCE | 12/16 | 11/01 | $0.00 | $0.00 | $0.00 | $959.00- | $0.00 | $0.00 | $0.00 |
| INTEREST ON ESCROW DEPOS | 12/31 | 12/01 | $0.04 | $0.00 | $0.00 | $0.04 | $0.00 | $0.00 | $0.00 |

Sep 17 01 10:45a  P.6

## NOTICE OF RIGHT TO CANCEL

LENDER: **WMC MORTGAGE CORP.**
Equity Services
6320 Canoga Avenue, Suite 720
Woodland Hills, CA 91367

DATE 06/11/97
LOAN NO. 10050821
TYPE CONVENTIONAL

BORROWERS PATRICIA C. BARBERA

ADDRESS    24 CARIBE ISLE
CITY/STATE/ZIP   NOVATO, CA 94949

PROPERTY   24 CARIBE ISLE, NOVATO, CA 94949

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a le
right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the follow
events occurs last:

(1) The date of the transaction, which is
(2) The date you received your Truth in Lending disclosures; or   6/13/97 ; or
(3) The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS at
we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on y
home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connect
with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but y
must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer
reasonable value. You may offer to return the property at your home or at the location of the property. Money must be return
to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you m
keep it without further obligation.

### HOW TO CANCEL
If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Equity Services
6320 Canoga Avenue, Suite 720, Woodland Hills, CA 91367

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may u
this notice by dating and signing below. Keep one copy of this notice because it contains important information about your righ
If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of   6/16/97
(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you se
or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

| CONSUMER'S SIGNATURE | DATE |
|---|---|

Each of the borrowers in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective
to all borrowers.

I/We acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL.

*Patricia C. Barbera* 6/12/97
BORROWER                                    DATE       BORROWER                                    DA
    PATRICIA C. BARBERA

BORROWER                                    DATE       BORROWER                                    DA

BORROWER                                    DATE       BORROWER                                    DA

MFCD9018-11/96                                                                                  10050821



MORTGAGE CORP.

Michael L. Mayer
Senior Vice President
and General Counsel

January 2, 2001

6320 Canoga Avenue
Woodland Hills, California 91367
Telephone (818) 592-2438
Facsimile: (818) 592-2605
E-Mail: mmayer@homelender.com

Ms. Patricia C. Barbera.
24 Caribe Isle
Novato, California 94949

Re:    Loan #1050821

Dear Ms. Barbera:

Your letter of December 14, 2000 was received by WMC Mortgage Corp. on December 20, 2000.    Your cancellation notice is invalid and of no legal effect. Under the Federal Truth-in-Lending Act, a borrower has a three day right to rescind a refinance loan, which period ended on June 16, 1997 for your loan. Please find enclosed a copy of the Notice of Right to Cancel provide to you on June 12, 1997. In addition, even if WMC had failed to properly follow the legal requirements of the Federal Truth-in-Lending Act with regard to disclosure to you of the loan terms, you would have had the right to cancel for a period of three years, or June 12, 2000.

Based upon the foregoing, WMC declines to cancel this loan.

Sincerely,

WMC MORTGAGE CORP.

Michael L. Mayer
Senior Vice President
& General Counsel

H:\SHARE\LEGAL\Compliance\Complaints\Barbera.doc

## VERIFICATION

I, PATRICIA C. BARBERA, declare:

I am the Plaintiff in the above-entitled action.  I have read the foregoing COMPLAINT TO QUIET TITLE, FOR SPECIFIC PERFORMANCE AND FOR DECLARATORY RELIEF and know the contents thereof. The same is true of my own knowledge, except for those matters that are therein alleged on information and belief; and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 7, 2008 at Novato, California.

*Patricia C. Barbera*

PATRICIA C. BARBERA

# EXHIBIT B




# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WMC Mortgage Corporation, a California Corporation; See
ATTACHMENT I.

**FILED**

APR 1 1 2008

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: C. Larson, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PATRICIA C. BARBERA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Marin County Superior Court 3501 Civic Center Drive, Room 113 P.O. Box 4988 San Rafael, CA 94913-4988 | CV081763 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Patricia C. Barbera, 24 Caribe Isle, Novato CA 94949
Tel: (415) 382-9617    Fax: (415) 382-0756

| DATE: *(Fecha)* | APR 1 1 2008 | KIM TURNER | Clerk, by *(Secretario)* | C. LARSON | , Deputy *(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BARBERA vs. WMC MORTGAGE CORPERATION | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

WMC Mortgage Corporation, a California Corporation; Aka WMC Direct, a California Business Entity, GE Consumer Finance, a Unit of General Electric Company; Select Portfolio Servicing, Inc; Aka Fairbanks Capital Corp., a Utah Corporation, Fairbanks Capital Holding Corp., a Delaware Corporation; and California Land Title Company of Marin, a California Business Entity. Does 1-100

Page _____ of _____

Page 1 of 1

### ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

1

2

## PROOF OF SERVICE

3

4        I am a resident of the State of California, over the age of eighteen years, and not

5    a party to the within action. I am employed in the office of a member of the bar of

6    this court at whose direction the service was made. My business address is REED

     SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071. On

     May 28, 2008, I served the following document(s) by the method indicated below:

7    **DEFENDANT WMC MORTGAGE, LLC AND GE CONSUMER FINANCE,
     INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§
8    1331 AND 1441**

9    ☐   by transmitting via facsimile on this date from fax number 213.457.8080 the document(s) listed
         above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m.
10       and was reported complete and without error. The transmission report, which is attached to this
         proof of service, was properly issued by the transmitting fax machine. Service by fax was made
11       by agreement of the parties, confirmed in writing.

12   ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
         in the United States mail at Los Angeles, California addressed as set forth below. I am readily
13       familiar with the firm's practice of collection and processing of correspondence for mailing.
         Under that practice, it would be deposited with the U.S. Postal Service on that same day with
14       postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the
         party served, service is presumed invalid if the postal cancellation date or postage meter date is
15       more than one day after the date of deposit for mailing in this Declaration.

16   ☐   by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery
         of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by
17       the process server or delivery service will be filed shortly.

18   ☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth
         below.

19   ☐   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express
         mail service for guaranteed delivery on the next business day following the date of consignment
20       to the address(es) set forth below. A copy of the consignment slip is attached to this proof of
         service.

21   **Patricia C. Barbera**
22   **24 Caribe Isle**
     **Novato, CA 94949**
23   **Telephone: (415) 382-9617**
     **Facsimile: (415) 382-0756**
24   **In Pro Per**

25        I declare under penalty of perjury under the laws of the United States that the

26   above is true and correct. Executed on May 28, 2008, at Los Angeles, California.

27                          _Patty Koon_

28                          Patty Keen

PJH

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I. (a) PLAINTIFFS

PATRICIA C. BARBERA

E-filing

**DEFENDANTS**

WMC MORTGAGE CORPORATION, a California corporation; aka WMC Direct, a California Business Entity; GE Consumer Finance, a unit of General Electric Company; Select Portfolio Servicing Corp, a Utah Corporation, (See Attachment A)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Marin
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Patricia C. Barbera, In Pro Per

ATTORNEYS (IF KNOWN)
Scott H. Jacobs (SBN 81980)
Christopher O. Rivas (SBN 238765)
REED SMITH LLP

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med Malpractice | ☐ 625 Drug Related Seizure of | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & | ☐ 365 Personal Injury Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 830 Patent | ☒ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 490 Cable/Satellite TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 OtherPersonalInjury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 443 Housing | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/ disab - Empl | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/ disab - Other | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiff's lawsuit arises from a loan she obtained from WMC Mortgage on June 11, 1997.  Plaintiff alleges *inter alia* that WMC Mortgage violated the following federal statutes: (See Attachment B)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION    DEMAND $
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AN "X" IN ONE BOX ONLY)     ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE  5-28-08         SIGNATURE OF ATTORNEY OF RECORD

NDC-JS44

Attachment A to Civil Cover Sheet

Fairbanks Holding Corporation, a Delaware Corporation; and Land Title Company Of Marin, a California Business entity;

Does 1 thru 100, inclusive.

Attachment B to Civil Cover Sheet VI. Cause of Action

Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, Truth in Lending Act, 15 U.S.C. § 1601 et seq., Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, Fair Debt Collection Properties Act, 15 U.S.C. § 1692

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071. On May 28, 2008, I served the following document(s) by the method indicated below:

## CIVIL COVER SHEET

☐ by transmitting via facsimile on this date from fax number 213.457.8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

**Patricia C. Barbera**
**24 Caribe Isle**
**Novato, CA 94949**
**Telephone: (415) 382-9617**
**Facsimile: (415) 382-0756**
**In Pro Per**

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on May 28, 2008, at Los Angeles, California.

Patty Keen

DOCSLA-15641809

```
Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611019620
Cashier ID: bucklew
Transaction Date: 05/28/2008
Payer Name: san francisco legal support
------------------------------------
CIVIL FILING FEE
 For: wmc mortgage
 Case/Party: D-CAN-3-08-CV-002677-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 37666
 Amt Tendered: $350.00
------------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:       $0.00

pjh


Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it  was drawn.
```