Scott H. Jacobs (SBN 81980)
Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone:  213.457.8000
Facsimile:   213.457.8080

Attorneys for Defendants
WMC Mortgage, LLC and
GE Consumer Finance, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICIA C. BARBERA,<br><br>Plaintiff<br><br>vs.<br><br>WMC MORTGAGE CORPORATION, a California corporation; aka WMC Direct, a California Business Entity; GE Consumer Finance, a unit of General Electric Company; Select Portfolio Servicing Corp, a Utah Corporation; Fairbanks Holding Corporation, a Delaware Corporation; and Land Title Company of Marin, a California Business Entity;<br>Does 1 thru 100, inclusive.<br><br>Defendants. | Case No.: 3:08-cv-2677-PJH<br><br>**DEFENDANTS WMC MORTGAGE, LLC AND GE CONSUMER FINANCE, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15642411.2

Pursuant to Federal Evidence Code Section 201,WMC Mortgage, LLC ("WMC Mortgage") (successor in interest to "WMC Mortgage Corporation") and GE Consumer Finance ("GECF") (collectively referred to as "Defendants") hereby request that this Court take judicial notice of the following documents in support of their Administrative Motion to Consider Whether Cases Should Be Related, copies of which are attached hereto as exhibits:

| Exhibit | Description |
| --- | --- |
| A | On July 23, 2004, Plaintiff filed a complaint against Defendants WMC Mortgage and GECF in Superior Court of California, San Francisco County.  A true and correct copy of Plaintiff's 2004 Complaint is attached hereto as Exhibit "A." |
| B | On September 3, 2004, Defendants removed the action to the Northern District of California, San Francisco Division. A true and correct copy of Defendants' 2004 Notice of Removal is attached hereto as Exhibit "B." |
| C | On December 13, 2004, Plaintiff voluntarily dismissed GECF without prejudice.  A true and correct copy of Plaintiff's Notice of Voluntary Dismissal is attached hereto as Exhibit "C." |
| D | On January 19, 2006, the Honorable Judge Saundra Brown Armstrong of the Northern District Court of California, San Francisco Division, dismissed, *with prejudice*, all of Plaintiff's federal causes of action against WMC Mortgage and remanded Plaintiff's state claims to the Superior Court of California for the County of San Francisco.  A true and correct copy of this Court's Order Granting WMC |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15642411.2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| **Exhibit** | **Description** |
|---|---|
| | Mortgage's Motion to Dismiss with Prejudice is attached hereto as Exhibit "D." |
| E | On 2006, the San Francisco Superior Court dismissed, *with prejudice*, all of Plaintiff's state causes of action against WMC Mortgage.  A true and correct copy of the San Francisco Superior Court's Judgment Dismissing With Prejudice Plaintiff's State Claims is attached hereto as Exhibit "E." |
| F | On May 28, 2008, Defendants filed a Notice of Removal with the Northern District of California, San Francisco Division, to remove the present action to federal court.  A true and correct copy of Defendant's 2008 Notice of Removal is attached hereto as Exhibit "F." |

DATED:  June 2, 2008                REED SMITH LLP


By   /s/ Christopher O. Rivas
     Scott H. Jacobs
     Christopher O. Rivas
     Attorneys for Defendants
     WMC Mortgage, LLC and
     GE Consumer Finance, Inc.

REQUEST FOR JUDICIAL NOTICE                                DOCSLA-15642411.2

# EXHIBIT A

1  JOHN G. WARNER (CA State Bar No. 046123)
   Law Office of John G. Warner
2  21 Tamal Vista Blvd., Suite 196
   Corte Madera, CA 94925
3  Telephone: (415) 924-2640
   Facsimile: (415) 927-0608
4  Email: warnerwest@aol.com

5  Attorney for Plaintiff
   Patricia C. Barbera

6

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 2 3 2004

GORDON PARK-LI, Clerk
BY: _____ JUN P. PANELO _____
                           Deputy Clerk

7             SUPERIOR COURT OF CALIFORNIA

8          COUNTY OF SAN FRANCISCO    CASE MANAGEMENT CONFERENCE

9          UNLIMITED CIVIL DIVISION   PLAN | DEC 2 3 2004  9:00,

10                CLASS ACTION        DEPARTMENT 212

11 Patricia C. Barbera,            Case No.  CGC 0 4 4 3 3 2 6 9

12

13      Plaintiff,                 COMPLAINT TO BAR PREDATORY
                                   LENDING AND OTHER UNFAIR BUSINESS
14      vs.                        PRACTICES; FOR REMEDIES UNDER
                                   CALIFORNIA CONSUMERS LEGAL
15 WMC Mortgage Corp., a           REMEDIES ACT AND VARIOUS FEDERAL
   California Corporation; WMC      HOME LOAN PROTECTION STATUTES;
16 Finance Co.; Apollo Management   MONETARY DAMAGES FOR FRAUD, FOR
   L.P.; WMCDirect; GE Consumer    BREACH OF CONTRACT, ELDER ABUSE,
17 Finance, a unit of General      AND USURY; AND FOR RESCISSION OF
   Electric Company; Fairbanks     HOME LOAN MORTGAGE
18 Capital Corp., a Utah
   Corporation; Fairbanks Capital  CLASS ACTION
19 Holding Corp., a Delaware
   Corporation; California Land    Demand for Jury Trial
20 Title Company of Marin, a
   California business entity;     Type of Case:
21 Does 1 through 100, inclusive,         Unfair Business Practice

22      Defendants.

23

24                  INTRODUCTION

25      1. Plaintiff Patricia Barbera brings this action on behalf

26 of herself, and separately on behalf of affected members of the

27 general public, to challenge the unjust, unlawful, unfair and

28 fraudulent business practices of defendants in the manner in

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 1

1  which they handle mortgage loans on residential property in

2  California, as is more fully alleged herein.  Plaintiff seeks

3  compensatory damages, punitive damages, statutory penalties,

4  rescission, restitution, disgorgement of profits, attorney's

5  fees, and costs.  In support thereof, plaintiff hereby complains

6  and alleges as follows:

7

8                          **PARTIES**

9      2. Plaintiff Patricia C. Barbera ("plaintiff") is a 73-year

10  old individual residing at all material times in the County of

11  Marin, California.

12      3. At all material times, defendant WMC Mortgage Corp.

13  ("WMC"), formerly known as WMC Finance Co., was and is an entity

14  formed by Apollo Management L.P. and an individual named Leon

15  Black and others who acquired Weyerhaeuser Mortgage Company and

16  Weyerhaeuser Insurance Services.  WMC is a California corporation

17  with its corporate headquarters in Woodland Hills, California.

18  It operates throughout California making loans on residential

19  property and also acting as the administrator for those loans.

20  WMC also operates defendant WMCDirect, WMC's online nationwide

21  business services website for mortgage brokers.  WMC claims that

22  "since its launch, in June 1999, online loan submissions have

23  totaled more than $31 billion."

24      4. On June 14, 2004, defendant GE Consumer Finance Co., the

25  consumer lending unit of the General Electric Company (NYSE: GE)

26  purchased defendant WMC Finance Co., including defendants WMC and

27  WMCDirect, from affiliates of defendant Apollo Management L.P.

28      5. At all material times, defendant Fairbanks Capital Corp.

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 2

EXHIBIT A   PAGE 5

1  was and is a Utah corporation that acted on behalf of WMC as the

2  servicer of WMC's loans including WMC's loan to plaintiff.

3      6. At all material times, defendant Fairbanks Capital

4  Holding Corp. was and is a Delaware corporation which fully owns

5  and controls as a subsidiary defendant Fairbanks Capital Corp.

6      7. At all material times, defendant California Land Company

7  of Marin was and is a title company with its principal business

8  office in Marin County, California.

9      8. Plaintiff is ignorant of the true names and capacities of

10  defendants sued herein as Does 1 through 100, and therefore

11  plaintiff sues these defendants by such fictitious names.

12  Plaintiff is informed and believes and thereon alleges that each

13  of the fictitiously named defendants, including any such

14  defendants that may be the agents, representatives, or parent or

15  subsidiary corporations of the named defendants, is responsible

16  in some manner for the occurrences, events, transactions, and

17  damages alleged herein, and that plaintiff's damages as

18  hereinafter set forth were proximately caused by the Doe

19  defendants.   Plaintiff will amend her complaint to state the true

20  names and capacities of the Doe defendants when they have been

21  ascertained.

22      9. Plaintiff is informed and believes and thereon alleges

23  that each of the defendants, including the Doe defendants, acted

24  in concert with each and every other defendant, and intended to

25  and did participate in the events, acts, practices and courses of

26  conduct alleged herein, and each was a proximate cause of the

27  damages and statutory violations alleged herein.   At all times

28  herein mentioned, each defendant was the agent or employee of

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 3

1   each of the other defendants and was acting within the course and

2   scope of such agency or employment.

3       10. Plaintiff did not discover her causes of action against

4   defendants Fairbanks Capital Corp., Fairbanks Capital Holding

5   Corp., and California Land Title Company until approximately ten

6   months ago when defendant WMC produced documents that plaintiff

7   had been requesting for nearly a year pursuant to written

8   discovery.  These documents show that the Fairbanks defendants

9   subsequently became the servicer for plaintiff's loan and that

10  California Land Title Company of Marin had improperly processed

11  escrow documents required for a loan that plaintiff had obtained

12  from WMC.

13      11. Each of the following causes of action arises from a

14  home loan that WMC made to plaintiff that was intended primarily

15  for personal, family or household use.  This loan was a

16  "federally related mortgage loan" within the meaning of the Real

17  Estate Settlement Procedures Act ("RESPA").

18      12. Plaintiff is informed and believes, and based thereon

19  alleges, that WMC is a major "high cost" residential mortgage

20  lender which has made more than ten billion dollars in

21  residential mortgage loans secured primarily by first mortgage

22  liens on personal residences in the State of California.

23  Plaintiff is further informed and believes, and based thereon

24  alleges, that WMC has been in the business of making residential

25  mortgage loans and home equity loans as a "high-cost" predatory

26  lender for many years, primarily in the State of California.

27

28

1

2                              **SUMMARY OF FACTS**

3          13. In June, 1997, plaintiff was in a desperate financial

4    situation.  She had pending against her a foreclosure action

5    initiated by another lender with respect to her personal

6    residence at 24 Caribe Isle, Novato, California.  To avoid that

7    foreclosure, plaintiff obtained a loan from WMC in the amount of

8    $322,500 at an annual percentage rate of 12.2573%.

9          14. On June 12, 1997, plaintiff executed loan documents at

10   California Land Title Company of Marin.  During the close of

11   escrow, defendants failed to provide to plaintiff two written

12   notices of plaintiff's right to rescind within three days of

13   closing, and defendants failed to prepare and deliver accurate

14   disclosures that were mandated under what is called TILA (the

15   Truth in Lending Act, 15 U.S.C. sec. 1601. et. seq.) for the

16   close of escrow in a home mortgage transaction.  Plaintiff

17   further alleges in this respect that defendants' failure to

18   provide these right to rescind notices and to prepare and deliver

19   properly required close of escrow documents as required by TILA

20   was and continues to be a pattern of practice routinely carried

21   out by defendants to defraud or to harm home loan borrowers.

22   These practices caused WMC's loan agreement with plaintiff to be

23   void.

24         15. On May 19, 1998, WMC notified plaintiff that it had not

25   received proof of her renewal of the fire insurance policy on

26   plaintiff's home.  Despite plaintiff's numerous telephone calls

27   to WMC and despite verification provided to WMC by plaintiff's

28   insurance company that a copy of the insurance policy had been

---

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 5

1    mailed to WMC, WMC proceeded to force-place a substitute policy

2    from another fire insurance company at plaintiff's expense.  On

3    October 13, 1998, plaintiff received a copy of the force-placed

4    policy, which reflected a premium of $2,242, nearly three times

5    the annual premium for plaintiff's own policy of $820, which

6    plaintiff had been regularly paying.

7        16. In January, 1999, after numerous telephone calls to WMC,

8    plaintiff received a letter dated January 19, 1999, advising her

9    that WMC had received recent confirmation of insurance coverage

10   for plaintiff's property and that WMC had canceled both the

11   force-placed insurance and its charge to plaintiff for that

12   policy.

13       17. Unbeknownst to plaintiff and contrary to its

14   representation, WMC failed to cancel the $2,242 charge to

15   plaintiff's account and in fact continued to impose an annual

16   charge on plaintiff's account for this insurance without

17   notifying plaintiff.

18       18. On August 19, 1999, WMC served on plaintiff a ten-day

19   default notice listing amounts alleged due on the mortgage.  The

20   amounts set forth in the default notice were false.  They

21   exceeded the amounts due under the note by a substantial sum.

22   Using these excessive amounts as a pretext, on November 5, 1999,

23   WMC and its agent Millennium Foreclosure Services, LLC

24   ("Millennium"), served plaintiff with a notice of default, in the

25   amount of $42,114.79.

26       19. On December 4, 1999, plaintiff sent a detailed letter to

27   both WMC and Millennium by facsimile.  In her letter, which is

28   "qualified written request" within the meaning of RESPA at

---

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 6

EXHIBIT A   PAGE 9

1    subsection (e) of 12 U.S.C. §2605, plaintiff denied that she owed

2    WMC the amount shown in Millennium's notice of default and she

3    renewed her previous oral requests to WMC, starting in June,

4    1999, for an accurate accounting, as WMC's monthly payment coupon

5    sent to plaintiff contained erroneous accounting debits and

6    credits.

7        20. Subsection (e) of 12 U.S.C. §2605 of RESPA requires a

8    loan servicer to acknowledge receipt of a "qualified written

9    request" within 20 days and to respond to such a request within

10   60 days, excluding legal public holidays, Saturdays, and Sundays.

11       21. From June, 1999, until March 1, 2002, WMC violated RESPA

12   by failing to respond to plaintiff's oral requests and also by

13   failing to acknowledge or to respond within the statutory limits

14   to plaintiff's "qualified written requests."  Not only did

15   defendants fail to respond to plaintiff's oral and written

16   requests, they continued to bill plaintiff for improper charges,

17   and they also attempted to carry out a foreclosure sale of

18   plaintiff's home based upon these improper charges.  Plaintiff

19   further alleges that defendants' failure to deliver required

20   right to rescind notices and to prepare and process properly

21   other required close of escrow documents as required by TILA was

22   and continues to be a pattern of practice routinely carried out

23   by defendants to defraud or to harm home loan borrowers.

24       22. From the inception of this loan in June 1997 until

25   December 2003, WMC failed to produce documents that plaintiff had

26   been requesting for nearly a year pursuant to written discovery.

27   When they were finally produced, these documents showed that the

28   Fairbanks defendants subsequently became the servicer for

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 7

1    plaintiff's loan.  Unbeknownst to plaintiff, WMC failed to

2    disclose that this loan servicing had been transferred to the

3    Fairbanks defendants.

4        23.  On February 11, 2000 plaintiff received from Millennium

5    a Notice of Trustee's Sale recorded on February 7, 2000, citing a

6    sale date of March 2, 2000.  The sale amount listed in the Notice

7    was $372,316.39.

8        24. On February 27, 2000, plaintiff sent via facsimile to

9    WMC a copy of a telegram advising WMC that it had failed to

10   respond to plaintiff's previous letters, had failed to provide an

11   accurate accounting, and had violated various laws and

12   regulations.

13       25. On March 1, 2000, WMC supplied plaintiff with a

14   statement purportedly showing the history of payments on the

15   loan, but this statement was incomprehensible, as were WMC's

16   monthly loan statements.

17       26.  On March 2, 2000, plaintiff notified WMC that she had

18   filed a Chapter 13 bankruptcy petition, and she verified that the

19   foreclosure had been canceled.  On April 11, 2000, in violation

20   of the automatic bankruptcy stay, WMC filed a Notice of Trustee's

21   Sale scheduled for May 10, 2000.

22       27. This mortgage loan transaction with WMC was a consumer

23   credit transaction entered into by plaintiff for personal,

24   household or family purposes.

25       28. Plaintiff is informed and believes, and based thereon

26   alleges that the acts and the conduct of the defendants alleged

27   herein above are a violation of Civil Code § 1770, the Consumers

28   Legal Remedies Act ("CLRA"), including subsections (a)(8), (9),

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 8

1  (13), (14), (16) and (19), respectively.

2      29. Plaintiff has suffered substantial economic damage, and

3  other general and special damages, as a result of the herein-

4  mentioned violations of the Consumers Legal Remedies Act, in an

5  amount to be proven at time of trial.

6      30. Plaintiff is informed and believes, and based thereon

7  alleges, that defendants continue to engage in the above-

8  described deceptive practices, and that unless they be enjoined

9  from doing so by this court they will continue to do so, all to

10  the damage of its customers who will enter into home loan

11  mortgage transactions with the defendants.

12      31. The aforementioned violations of the Civil Code by

13  defendants were willful, despicable, cruel unjust, malicious,

14  fraudulent or oppressive, or were committed in conscious

15  disregard of the consequences to the plaintiff and other

16  consumers, thereby entitling plaintiff to punitive damages

17  pursuant to Civil Code §3294 and other California and federal

18  statutes.

19

20              **FIRST CAUSE OF ACTION**

21          (Unlawful predatory lending practices)

22      32. Plaintiff realleges and incorporates herein by reference

23  the allegations set forth in Paragraphs 1 through 31 above as if

24  fully alleged herein.

25      33. Defendant WMC has consistently engaged in what is called

26  predatory lending practices, that is, it prays upon borrowers who

27  have poor credit history or who have limited financial resources

28  or who are elderly.  In doing so, WMC takes advantage of these

EXHIBIT A  PAGE 12

1   vulnerable borrowers by demanding that such borrowers, including,

2   for example, plaintiff, pay excessively high interest rates and

3   other excessive or unnecessary lending charges which are not

4   warranted by the particular circumstances of such borrowers.  In

5   addition, defendant WMC engaged in pervasive and egregious

6   account practices, which, combined with its failure to respond to

7   "qualified written requests," enabled WMC to act within impunity

8   on a scale heretofore not recognized in California lending

9   practices.

10       34. These predatory lending practices are consistently

11   followed by WMC and constitute an unfair business practice under

12   what is called §17200 of the California Business & Professions

13   Code.

14       35. Wherefore, plaintiff, on behalf of herself and also on

15   behalf of the people of the State of California, seeks whatever

16   appropriate remedies would be available under §17200, including

17   without limitation statutory penalties, restitution, disgorgement

18   of profits, injunctive relief, and attorney's fees, and to bar

19   WMC from conducting business in the California home loan market.

20

21                  __SECOND CAUSE OF ACTION__

22              (Consumer Legal Remedies Act)

23       36. Plaintiff realleges and incorporates herein by reference

24   the allegations set forth in Paragraphs 1 through 35 above as if

25   fully alleged herein.

26       37. Plaintiff is informed and believes, and thereon alleges,

27   that the acts and conduct of WMC as alleged in this complaint

28   violate various provisions of what is called the California

EXHIBIT A   PAGE 13

1  Consumers Legal Remedies Act, which is set forth in Civil Code

2  §1750, et. seq.

3      38. As a proximate result of said violations, plaintiff has

4  suffered substantial economic damages and other general and

5  special damages in an amount to be proven at time of trial.

6      39. Wherefore, plaintiff seeks whatever appropriate remedies

7  would be available under §1750, including without limitation

8  damages, statutory penalties, restitution, injunctive relief, and

9  attorney's fees.

10

11                      THIRD CAUSE OF ACTION

12                     (Truth in Lending Act)

13      40. Plaintiff realleges and incorporates herein by reference

14  the allegations set forth in Paragraphs 1 through 39 above as if

15  fully alleged herein.

16      41. Plaintiff is informed and believes, and thereon alleges,

17  that the acts and conduct of defendants as alleged in this

18  complaint violate various provisions of what is called the Truth

19  in Lending Act, 15 U.S.C. §1601 et. seq. ("TILA"); Regulation Z,

20  and what is called the Home Ownership and Equity Protection Act,

21  15 U.S.C §1639 ("HOEPA").

22      42. These violations include, without limitation, the

23  failure to provide to plaintiff the mandated written three-day

24  right to cancel notice prior to the presumed consummation date of

25  June 11, 1997. In addition, they failed to provide accurate

26  disclosures, as mandated by these statutes.

27      43. As a proximate result of said TILA, Regulation Z, and

28  HOEPA violations, plaintiff has suffered substantial economic

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 11

EXHIBIT A PAGE 14

1  damages and other general and special damages in an amount to be

2  proven at time of trial, and she is entitled to rescission of her

3  loan transaction with WMC.

4      44. Wherefore, plaintiff seeks damages and whatever other

5  remedies are available under TILA, Regulation Z, and HOEPA,

6  including without limitation rescission of her loan transaction

7  with WMC.

8

9                    **FOURTH CAUSE OF ACTION**

10              (Real Estate Settlement Procedures Act)

11      45. Plaintiff realleges and incorporates herein by reference

12  the allegations set forth in Paragraphs 1 through 44 above as if

13  fully alleged herein.

14      46. Plaintiff is informed and believes, and thereon alleges,

15  that the acts and conduct of defendants as alleged in this

16  complaint violate various provisions of what is called the Real

17  Estate Settlement Procedures Act, 12 U.S.C. §2601, et. seq.

18  ("RESPA").

19      47. These violations include without limitation kickbacks,

20  referral fees, unnecessary escrow accounts for taxes and

21  insurance, improper or inaccurate reporting to credit borrowers,

22  failure to disclose the transfer of the servicing, failure to

23  respond to a "qualified written request", failure to "receive

24  payments from a borrower" and "making the payments of principal

25  and interest as may be required pursuant to the terms of the

26  loan" and other home mortgage lending practices that tend to

27  cause excessive borrowing costs for home loans.

28      48.  As a proximate result of said RESPA violations,

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 12

EXHIBIT A PAGE 15

1   plaintiff has suffered substantial economic damages and other

2   general and special damages in an amount to be proven at time of

3   trial, and she is entitled to rescission of her loan transaction

4   with WMC.

5       49. Wherefore, plaintiff seeks damages and whatever other

6   remedies are available under RESPA.

7

8               FIFTH CAUSE OF ACTION

9               (Debt Collection Violations)

10      50.   Plaintiff realleges and incorporates herein by

11  reference the allegations set forth in Paragraphs 1 through 49

12  above as if fully alleged herein.

13      51. Plaintiff is informed and believes, and thereon alleges,

14  that the acts and conduct of defendants as alleged in this

15  complaint violate various provisions of what is called the

16  Federal Fair Debt Collections Practices Act, 15 U.S.C. §1692 et.

17  seq., including, for example, improper or inaccurate reports to

18  credit borrowers.  In addition, it is a violation of Real Estate

19  Settlement Procedures Act, 12 U.S.C. §2605(3)(d), i.e.,

20  protection of credit rating. Servicer may not provide information

21  regarding any overdue payment to any consumer reporting agency.

22      52. As a proximate result of said violations, plaintiff has

23  suffered substantial economic damages and emotional distress and

24  other general and special damages in an amount to be proven at

25  time of trial.

26      53. Wherefore, plaintiff seeks whatever remedies may be

27  available under this federal debt collections statute, including

28  without limitation compensatory damages, statutory damages,

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 13

1  statutory penalties and attorney's fees.

2

3                    SIXTH CAUSE OF ACTION

4                      (Lending Fraud)

5      54. Plaintiff realleges and incorporates herein by reference

6  the allegations set forth in Paragraphs 1 through 53 above as if

7  fully alleged herein.

8      55. At the time WMC made to plaintiff the home loan which is

9  the subject of this complaint, WMC made various representations

10  to plaintiff, including without limitation that WMC would service

11  plaintiff's loan honestly and fairly and accurately, using

12  accurate accounting procedures, and would send to plaintiff

13  accurate statements regarding loan payments, loan balances,

14  escrow charges, and other loan charges stated in connection with

15  WMC's loan to plaintiff.

16      56. Said representations were false.  In truth, as part of

17  its predatory lending practices WMC intended to misstate the

18  amounts due under its loan to plaintiff in order to obtain

19  greater compensation under the loan than was permitted either by

20  the loan contract or by the various statutory consumer

21  protections that have been enacted to prevent predatory lending

22  practices.

23      57. Plaintiff relied upon the representations of WMC, as

24  alleged above, and plaintiff's reliance was reasonable in view of

25  the fact that at the time of this loan she was led to believe by

26  WMC that WMC was a highly ethical and honest home loan lender.

27      58. As a proximate result of said lending fraud, plaintiff

28  has suffered substantial economic damages and other general and

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 14

EXHIBIT A   PAGE 17

1   special damages in an amount to be proven at time of trial, and

2   she is entitled to rescission of her loan transaction with WMC.

3        59.  Wherefore, plaintiff seeks both economic and non-

4   economic damages in such amounts as may be allowed at time of

5   trial.

6

7                    SEVENTH CAUSE OF ACTION

8                      (Breach of Contract)

9        60. Plaintiff realleges and incorporates herein by reference

10  the allegations set forth in Paragraphs 1 through 59 above as if

11  fully alleged herein.

12       61. On or about June 1997, plaintiff entered into a written

13  contract with defendant WMC whereby WMC agreed to loan plaintiff

14  the sum of $322,500 secured by a mortgage recorded against

15  plaintiff's home in Marin County, California.  In that home loan

16  agreement, WMC promised, inter alia, that so long as plaintiff

17  timely made monthly payments, plaintiff would have thirty years

18  in which to repay all sums due under the loan.

19       62. WMC breached this home loan agreement by declaring the

20  loan in default, by demanding that plaintiff pay charges that

21  were not due under the loan, and by attempting to exercise

22  foreclosure rights given to WMC in the mortgage securing loan,

23  even though WMC did not have the right to exercise such

24  foreclosure rights.

25       63. As a proximate result of WMC's breach of this home loan

26  agreement as alleged above, plaintiff has sustained compensatory

27  damages in an amount to be determined at time of trial,

28  including, without limitation, damages she sustained when she was

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 15

1   forced to seek bankruptcy court protection.

2       64. Wherefore, plaintiff seeks compensatory damages in such

3   amounts as may be allowed by the court at time of trial.

4

5                        EIGHTH CAUSE OF ACTION

6                            (Elder Abuse)

7       65. Plaintiff realleges and incorporates herein by reference

8   the allegations set forth in Paragraphs 1 through 59 above as if

9   fully alleged herein.

10      66. The acts and practices of defendants as alleged in this

11  complaint constitutes what is called under California law elder

12  abuse as that term is used in Welfare & Institutions Code §15600

13  et. seq.

14      67. Elder abuse occurred in the present case because

15  plaintiff is a person 65 years of age or older residing in

16  California; defendants engaged in conduct which resulted in

17  plaintiff being subjected to financial abuse; and as a proximate

18  result of the conduct of defendants, plaintiff sustained injury,

19  damage, loss or harm to plaintiff's home in Marin County,

20  California.

21      68. Wherefore, as a proximate result of said elder abuse,

22  plaintiff seeks economic and non-economic damages in such amounts

23  as such may be allowed at time of trial.

24

25                        NINTH CAUSE OF ACTION

26                          (Usury Damages)

27      69. Plaintiff realleges and incorporates herein by reference

28  the allegations set forth in Paragraphs 1 through 68 above as if

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 16

1    fully alleged herein.

2        70. The interest rate charged by defendants for the WMC loan

3    which is the subject of this complaint was usurious as that term

4    is defined and applied by the California Constitution.

5        71. Wherefore, plaintiff is entitled to such damages as the

6    usury laws of California may allow.

7

8                        **TENTH CAUSE OF ACTION**

9                             (Rescission)

10       72. Plaintiff realleges and incorporates herein by reference

11   the allegations set forth in Paragraphs 1 through 71 above as if

12   fully alleged herein.

13       73. At the time defendant WMC made to plaintiff the home

14   loan which is the subject of this complaint, defendant WMC made

15   various representations to plaintiff, including without

16   limitation that defendant WMC would service plaintiff's loan

17   honestly and fairly and accurately, using accurate accounting

18   procedures, and would send to plaintiff accurate statements

19   regarding loan payments, loan balances, escrow charges, and other

20   loan charges stated in connection with defendant WMC's loan to

21   plaintiff.

22       74. Said representations were false.  In truth, as part of

23   its predatory lending practices defendant WMC intended to

24   misstate the amounts due under its loan to plaintiff in order to

25   obtain greater compensation under the loan than was permitted

26   either by the loan contract or by the various statutory consumer

27   protections that have been enacted to prevent predatory lending

28   practices.

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 17

1     75. Plaintiff relied upon the representations of defendant

2    WMC, as alleged above, and plaintiff's reliance was reasonable in

3    view of the fact that at the time of this loan she was led to

4    believe by defendant WMC that WMC was a highly ethical and honest

5    home loan lender.

6     76. As a proximate result of said misrepresentations,

7    plaintiff has suffered substantial economic damages and emotional

8    distress and other general and special damages in an amount to be

9    proven at time of trial.

10     77. Wherefore, plaintiff seeks rescission of her loan

11    transaction with WMC Mortgage, including without limitation

12    cancellation of the loan and the rescission of the loan contract

13    and rescission of any other documents related to or made a part

14    of the loan contract, and she also seeks restitution of all

15    monies she has paid to WMC which under California or federal law

16    WMC was not entitled to receive.

17

18                    <u>PUNITIVE DAMAGES</u>

19    78. Plaintiff realleges and incorporates herein by reference

20    the allegations set forth in paragraphs 1 through 70 above as if

21    fully alleged herein.

22     79. As a proximate result of the statutory violations and

23    the fraud and the usury violations and the elder abuse alleged in

24    this complaint, plaintiff is entitled to an award of punitive

25    damages pursuant to the provisions of Civil Code §3294.

26

27                      <u>PRAYER</u>

28    a. Plaintiff seeks both economic and non-economic

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 18

1    compensatory damages to the extent allowed by any of the causes

2    of action alleged in this complaint.

3        b. Plaintiff seeks statutory penalties to the extent allowed

4    by any of the causes of action alleged in this complaint.

5        c. Plaintiff seeks rescission and restitution and

6    disgorgement to the extent allowed by any of the causes of action

7    alleged in this complaint.

8        d. Plaintiff seeks elder abuse and usury damages to the

9    extent allowed by any of the causes of action alleged in this

10   complaint.

11       e. Plaintiff seeks punitive damages to the extent allowed by

12   any of the causes of action alleged in this complaint.

13       f. Plaintiff seeks attorney's fees to the extent allowed by

14   any of the causes of action alleged in this complaint.

15       g. Plaintiff seeks costs of suit to the extent allowed by

16   any of the causes of action alleged in this complaint.

17       h. Plaintiff seeks such other and further relief that the

18   court may allow.

19

20

21

22   July 22, 2004
                                    John G. Warner
23                                  Attorney for Plaintiff
                                    Patricia C. Barbera
24

25

26

27

28

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 19

# EXHIBIT B

COPY

1    MICHAEL J. AGOGLIA (CA SBN 154810)
     STEPHEN E. PAFFRATH (CA SBN 195932)
2    MORRISON & FOERSTER LLP
     425 Market Street
3    San Francisco, California  94105-2482
     Telephone: (415) 268-7000
4    Facsimile: (415) 268-7522

5    Attorneys for Defendant
     WMC MORTGAGE CORP.; WMC FINANCE CO.; APOLLO
6    MANAGEMENT L.P.; WMCDIRECT; AND GE CONSUMER
     FINANCE

ORIGINAL
FILED

SEP - 3 2004

NORTHERN DISTRICT OF CALIFORNIA

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11

12    Patricia C. Barbera,                     Case No.

13             Plaintiff,

14        v.                        **C 04    3738**

15    WMC Mortgage Corp., a California Corporation;     **NOTICE OF REMOVAL OF**
     WMC Finance Co.; Apollo Management L.P.;        **ACTION PURSUANT TO**
16    WMCDirect; GE Consumer Finance, a unit of      **28 U.S.C. § 1441 (B) AND (C)**
     General Electric Company; Fairbanks Capital
17    Corp., a Utah Corporation; Fairbanks Capital      **(FEDERAL QUESTION**
     Holding Corp., a Delaware Corporation;          **JURISDICTION)**
18    California Land Title Company of Marin, a
     California business entity; Does 1 through 100,
19    inclusive.,

20            Defendants.

21

22       TO THE CLERK OF THE UNITED STATES DISTRICT COURT AND PLAINTIFF:

23       PLEASE TAKE NOTICE that defendants WMC Mortgage Corp., WMC Finance Co.,

24    Apollo Management L.P., WMCDirect, and GE Consumer Finance (collectively the "Removing

25    Defendants") hereby remove to this Court the state court action described below.

26       1.      On July 23, 2004, an action was commenced in the Superior Court of the State of

27    California in and for the County of San Francisco, entitled *Barbera v. WMC Mortgage Corp., et*

28

NOTICE OF REMOVAL                  1

1    *al.*, Case No. CGC-04-433269. A copy of the complaint in that action (the "Complaint") is

2    attached hereto as Exhibit A.

3          2.          Defendant WMC Finance Co. received a copy of the Summons and Complaint by

4    mail on August 6, 2004. A copy of the Notice of Service of Process is attached hereto as

5    Exhibit B. None of the other Removing Defendants received a copy of the Complaint prior to

6    August 4, 2004.

7          3.          This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b) since it

8    is filed within thirty days after service on the defendants of a copy of the Summons and the

9    Complaint commencing the action.

10         4.          Plaintiff served defendant California Land Title Company of Marin ("California

11   Land Title") with the Complaint and Summons on August 12, 2004. California Land Title has

12   informed the Removing Defendants that it consents to the removal of the action to this Court. A

13   copy of California Land Title's consent to removal is attached hereto as Exhibit C.

14         5.          The official docket in the state court proceeding does not reflect as of this date that

15   either defendant Fairbanks Capital Corp. or defendant Fairbanks Capital Holding Corp were

16   served with the Summons and Complaint. A copy of the state court docket is attached hereto as

17   Exhibit D.

18         6.          The Complaint purports to state claims against defendants, *inter alia*, for alleged

19   violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), the Home Ownership

20   and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"), and the Real Estate Settlement

21   Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA").

22         7.          Removal is therefore proper pursuant to 28 U.S.C. § 1441(b) and (c).

23         8.          Defendants have taken no action in the state court proceeding, and no further

24   proceedings have occurred in this matter in the state court.

25         9.          Promptly after the filing of this Notice of Removal, the Removing Defendants

26   shall give written notice to Plaintiff of the filing of this Notice and shall, pursuant to 28 U.S.C. §

27   446(d), file a copy of this Notice with the Clerk of the Superior Court of the State of California

28   for the County of San Francisco.

NOTICE OF REMOVAL                                  2

1       10.    Pursuant to 28 U.S.C. § 1446(a), the Removing Defendants file this Notice of

2 Removal in this district and division in which the Action was filed.  Under this Court's Local

3 Rules, the Action should be assigned to the San Francisco or the Oakland Division of the

4 Northern District of California because the cause of action allegedly arose in Marin County,

5 California.  Local Rule 3-2(d).

6       11.    The Removing Defendants are represented by the undersigned attorney who

7 certifies, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true

8 and correct.

9 Dated:  September 3, 2004

MICHAEL J. AGOGLIA
MORRISON & FOERSTER LLP

By: _____
      Michael J. Agoglia

Attorneys for Defendant
WMC MORTGAGE CORP., WMC
FINANCE CO., APOLLO
MANAGEMENT L.P., WMCDIRECT,
AND GE CONSUMER FINANCE

sf-1772165

NOTICE OF REMOVAL              3

# EXHIBIT C

1  JOHN G. WARNER (CA SBN 046123)
   Law Office of John G. Warner
2  21 Tamal Vista Blvd., Suite 196
   Corte Madera, CA 94925
3  Telephone: (415) 924-2640
   Facsimile: (415) 927-0608
4
   Attorneys for Plaintiff
5  PATRICIA C. BARBERA

6

7

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                      OAKLAND DIVISION

11

12  Patricia C. Barbera,                    Case No.   C 04-03738 SBA

13              Plaintiff,

14       v.

15  WMC Mortgage Corp., a California Corporation;   **NOTICE OF VOLUNTARY**
    WMC Finance Co.; Apollo Management L.P.;        **DISMISSAL AS TO CERTAIN**
16  WMCDirect; GE Consumer Finance, a unit of       **DEFENDANTS [Fed. R. Civ. Proc.**
    General Electric Company; Fairbanks Capital     **41(a)(1)]**
17  Corp., a Utah Corporation; Fairbanks Capital
    Holding Corp., a Delaware Corporation;
18  California Land Title Company of Marin, a
    California business entity; Does 1 through 100,
19  inclusive.,

20              Defendants.

21

22

23

24

25

26

27

28

NOTICE OF VOLUNTARY DISMISSAL AS TO CERTAIN DEFENDANTS
CASE NO. C-04-3738-SBA
sf-1833409

EXHIBIT C  PAGE 26

1      PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 41(a)(1),

2   plaintiff Patricia C. Barbera voluntarily dismisses all claims brought against Apollo Management

3   L.P. and GE Consumer Finance, a unit of General Electric Company, without prejudice.

4   Dated: December ___, 2004              JOHN G. WARNER
                                          LAW OFFICES OF JOHN G. WARNER
5

6
                                          By:        s/s
7                                            _____
                                                    John G. Warner
8
                                          Attorneys for Plaintiff
9                                         PATRICIA C. BARBERA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF VOLUNTARY DISMISSAL AS TO CERTAIN DEFENDANTS
CASE NO. C-04-3738-SBA
sf-1833409

EXHIBIT C PAGE 27

# EXHIBIT D

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8    PATRICIA BARBERA,                    No. C 04-3738 SBA

9            Plaintiff,

                                          **ORDER**
10   v.
                                          [Docket No. 111]
11   WMC MORTGAGE CORP., et al.,

12           Defendants.

13   ────────────────────────────

14       This matter is before the Court on Defendants' WMC Mortgage Corp., WMC Finance Co.,

15   and WMCDirect (collectively "Defendants") motion to dismiss Plaintiff Patricia Barbera's

16   ("Plaintiff") Second Amended Complaint ("SAC") for failure to state a claim upon which relief can

17   be granted.  Having read and considered the arguments presented by the parties in the papers

18   submitted to the Court, the Court finds this matter appropriate for resolution without a hearing.  The

19   Court hereby GRANTS Defendants' motion to dismiss.  Plaintiff's third, fourth and fifth claims are

20   DISMISSED WITH PREJUDICE.  The case is REMANDED to the Superior Court of the State of

21   California in and for the County of San Francisco.

22                                **BACKGROUND**

23       A.    **Factual Background**[1]

24       1.    **The Parties**

25       Plaintiff is a 73-year old woman residing at all material times in the County of Marin,

26   California.

27   ────────────────────

28       [1]  The following facts are taken from Plaintiff's SAC.

_United States District Court_
_For the Northern District of California_

1    Defendant WMC Mortgage Corp. ("WMC") is an entity formed in part by Defendant Apollo

2    Management L.P.  WMC is in the business of making subprime loans on residential property and

3    also acts as the administrator for those loans.  Defendant WMCDirect, owned and operated by

4    WMC, is an online nationwide business services website for mortgage brokers.  SAC ¶ 3.  On June

5    14, 2004, Defendant GE Consumer Finance Co., the consumer lending unit of the General Electric

6    Company, purchased Defendant WMC Finance Co., including Defendants WMC and WMCDirect,

7    from affiliates of Apollo Management L.P.  SAC ¶ 4.

8        **2.    Allegations**

9        In June of 1997, Plaintiff was in a "desperate financial situation" and obtained a loan from

10   WMC for $322,500.  SAC ¶ 13.  On June 12, 1997, Plaintiff executed the loan documents, at which

11   time "defendants failed to provide to Plaintiff two written notices of Plaintiff's right to rescind within

12   three days of closing, and defendants failed to prepare and deliver accurate disclosures that were

13   mandated" under the Truth in Lending Act, 15 U.S.C. section 1601 *et seq.*  SAC ¶ 14.

14       On May 19, 1998, WMC notified Plaintiff that it had not received proof of her renewal of the

15   hazard insurance policy on Plaintiff's home.  SAC ¶ 15.  Despite numerous telephone calls from

16   Plaintiff to WMC, and verification provided to WMC by Plaintiff's insurance company that a copy

17   of Plaintiff's insurance policy had been mailed to WMC, WMC "force-place[d] a substitute policy

18   from another hazard insurance company at Plaintiff's expense."  *Id.*  This new policy had a premium

19   of $2,242, nearly three times the annual premium of Plaintiff's policy.  *Id.*

20       In January of 1999, Plaintiff received a letter from WMC stating that WMC had received

21   confirmation of Plaintiff's hazard insurance coverage and that WMC had cancelled both the force-

22   placed insurance and its charge to Plaintiff for that policy.  *Id.* ¶ 16.  However, WMC in fact did not

23   cancel the $2,242 charge to Plaintiff's account and continued to impose an annual charge on

24   Plaintiff's account for this hazard insurance.  *Id.* ¶ 17.

25       On August 19, 1999, WMC served on Plaintiff a ten-day default notice, listing the amount

26   alleged due on Plaintiff's mortgage, but, according to Plaintiff, the listed amounts due were false.  *Id.*

27   ¶ 18.  On November 5, 1999, using these excessive amounts as a pretext, WMC and its foreclosure

28

United States District Court

For the Northern District of California

2

1    agent, Millennium Foreclosure Services, LLC ("Millennium")[2], served Plaintiff with a notice of

2    default in the amount of $42,114.79.  *Id.*  On December 4, 1999, Plaintiff sent a detailed letter to

3    WMC and Millennium, which constituted a "qualified written request" within the meaning of Real

4    Estate Settlement Procedures Act ("RESPA") 12 U.S.C. section 2605(e), whereby she denied owing

5    the amount shown in the default notice and renewed her previous oral requests to WMC for an

6    accurate accounting.  *Id.* ¶ 19.  Plaintiff alleges WMC violated RESPA beginning in June of 1999

7    through March 1, 2002 by failing to respond to Plaintiff's oral requests for an accounting, and failing

8    to acknowledge or to respond within the statutory time limits to Plaintiff's "qualified written

9    request."[3]  *Id.* ¶ 21.  Furthermore, WMC continued to bill Plaintiff for improper charges and began to

10   carry out a foreclosure sale of Plaintiff's home based upon these improper charges.  *Id.*

11            On February 11, 2000, Plaintiff received from Millennium a Notice of Trustee's sale,

12   recorded on February 7, 2000 citing a sale date of March 2, 2000 in the amount of $372,316.39.  *Id.*

13   ¶ 23.

14            On February 27, 2000, Plaintiff sent via facsimile to WMC a copy of a telegram informing

15   WMC that it had failed to respond to Plaintiff's previous letters, had failed to provide an accurate

16   accounting, and had violated various laws and regulations.  *Id.* ¶ 24.  On March 1, 2000, WMC

17   supplied Plaintiff with a statement of history of payments on the loan, but Plaintiff contends the

18   statement was incomprehensible.  *Id.* ¶ 25.

19            On March 2, 2000, Plaintiff notified WMC that she had filed a Chapter 13 bankruptcy

20   petition and verified that the foreclosure had been cancelled.  *Id.* ¶ 26.  On April 11, 2000, Plaintiff

21   asserts that, in violation of the automatic bankruptcy stay, WMC filed a Notice of Trustee's Sale

22

23

24

25
      ─────────────────────────────
26            [2] Millennium is not a party in this action.

27            [3] 12 U.S.C. section 2605(e) of RESPA states a loan servicer shall provide a written response
      acknowledging receipt of the "qualified written request" within 20 days, and shall respond to such a
      request within 60 days, excluding legal public holidays, Saturdays, and Sundays.  *See* 12 U.S.C. §
28    2605(e); SAC ¶ 20.

                                                      3

                                        EXHIBIT D  PAGE 30

1  scheduled for May 10, 2000. *Id.*[4]

2  **B.    Procedural History**

3      Plaintiff filed the initial complaint in this case on July 23, 2004 in San Francisco Superior

4  Court against WMC, WMC Finance Co., Apollo Management L.P., WMCDirect, GE Consumer

5  Finance, Fairbanks Capital Corp., Fairbanks Capital Holding Corp., and California Land Title

6  Company of Marin ("Cal Land").  On September 3, 2004, the action was removed to this Court.  On

7  January 7, 2005, after several stipulated extensions of time to respond to the complaint, Cal Land

8  filed an Answer to the Complaint.

9      On January 10, 2005, then defendants Fairbanks Capital Corporation and Fairbanks Capital

10 Holding Corporation (collectively "Fairbanks") filed a motion for summary judgment, in which they

11 claimed Plaintiff's suit was barred under the principles of res judicata and release because Plaintiff

12 was a member of a nationwide class action, which challenged the same conduct, and which was

13 subsequently settled.  Because Plaintiff did not dispute that she was a member of the prior class

14

15      [4] Plaintiff alleges additional facts raised for the first time in her opposition to Defendants'
16 motion. Specifically, Plaintiff alleges: (1) Defendants "postdated receipt of payments, to make it appear
    that they were delinquent and late charges are applied in addition to other obtuse designations" (Pl. Opp.
17 filed Oct. 11, 2005, ¶ 5); (2) Defendants "misapplied the extra which I included with my payments" (*Id.*
    ¶ 7); (3) Defendants "had [Plaintiff's] bankruptcy stay lifted by use of false figures" (*Id.* ¶ 8); (4) "on
18 adjustable interest rate notices, [Defendants] failed to include: index used, index rate, interest rate,
    (current and projected), and margin applied" (*Id.* ¶ 10); (5) Defendants harassed Plaintiff with automatic
19 message telephone calls (*Id.* ¶ 11); (6) Defendants refused to provide Plaintiff with information
    concerning the amount due under her loan (*Id.* ¶ 12); (7) on February 24, 2000, Plaintiff's attorney
20 "faxed a factual protest and 'let's talk' letter" to Defendants regarding the February 11, 2000 Notice of
    Trustee's Sale, to which there was no response (*Id.* ¶ 19); (8) on March 2, 2000 Plaintiff was informed
21 by her attorney that her attorney had spoken with a representative of Defendants who stated "the total
    arrears is $68,811.61, which includes an advance for homeowners insurance in the amount of $7,411.04
22 and foreclosures fees of $3,403.29" (*Id.* ¶ 21); (9) in May 2000 WMC "reported to the Credit Bureaus
    that [Plaintiff] was delinquent in the amount of $72,050" (*Id.* ¶ 26); (10) on December 15, 2000, Plaintiff
23 sent WMC "a one line notice of rescission taken verbatim from the unexecuted form which [she] had
    received, 'I wish to cancel'" (*Id.* ¶ 29); (11) On January 5, 2001, Plaintiff received a letter dated January
24 2, 2001, from WMC Senior Vice President & General Counsel, Michael L. Mayer, which included an
    executed Notice of Right to Cancel and informed Plaintiff that her cancellation notice was "invalid and
25 of no legal effect." (*Id.* ¶ 30).
        None of the above facts are alleged in Plaintiff's SAC but are raised for the first time in her
26 opposition. "It is axiomatic that the complaint may not be amended by briefs in opposition to a motion
    to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). That Plaintiff
27 is proceeding *in pro per* does not render the rules of the Court inapplicable. *See King v. Atiyeh*, 814
    F.2d 565, 567 (9th Cir. 1987) (Pro per litigants must follow the same procedural rules as represented
28 parties.) Consequently, the Court shall limit its review to those facts properly alleged in the SAC, and
    not those newly raised in Plaintiff's opposition.

United States District Court
For the Northern District of California

EXHIBIT D PAGE 31

1    action against Fairbanks, which involved identical claims and ended in a final judgment on the

2    merits, by Order dated March 7, 2005, the Court granted Fairbanks' motion for summary judgment,

3    finding that Plaintiff's claims against Fairbanks were barred by the doctrines of res judicata and

4    release [docket no. 71.]

5         On March 15, 2005, Plaintiff filed a First Amended Complaint ("FAC"). The FAC included

6    additional allegations against Defendant WMC, an additional cause of action for an accounting

7    against WMC and Fairbanks, named Cal Land in the third cause of action for violations of, *inter*

8    *alia,* the Truth in Lending Act, and added two additional causes of action against Cal Land for

9    breach of fiduciary duty and negligence. On March 21, 2005, Fairbanks filed a motion for entry of

10   final judgment pursuant to Federal Rule of Civil Procedure 54. On April 12, 2005, Plaintiff filed an

11   opposition to Fairbanks' motion, and also filed a motion for leave to amend the FAC. In her request

12   for leave to amend the FAC, Plaintiff sought to add new allegations against Fairbanks and the other

13   defendants. On May 26, 2005, the Court denied Plaintiff's Motion for Leave to Amend the FAC,

14   struck those portions of the FAC that added allegations against Fairbanks and Cal Land, and granted

15   Fairbanks' motion for entry of final judgment [docket no. 96.] Plaintiff was ordered to file a Second

16   Amended Complaint that removed the stricken allegations.

17        On June 1, 2005, Plaintiff substituted herself as counsel in place of her previously retained

18   counsel [docket no. 97.]

19        Plaintiff filed the SAC on August 10, 2005 [docket no. 108.] On August 25, 2005,

20   Defendants filed the instant motion to dismiss. Defendants also filed a Request for Judicial Notice.[5]

21   _____

22        [5] In Defendants' Request for Judicial Notice, Defendants request that the Court take judicial
     notice of exhibits:  (A) Plaintiff's complaint on file in state court, *Barbera v. WMC Mortgage. Corp.,*
23   San Francisco Superior Court Civil Action No. 322066, filed June 11, 2001; (B) this Court's Order dated
     March 1, 2005, Granting Fairbanks' Motion for Summary Judgment; (C) this Court's Order dated May
24   26, 2005, Granting Fairbanks' Motion for Entry of Final Judgment; (D-E) Copies of Assembly Bill No.
     292 (1970 Reg. Sess. (Jan. 21, 1970)) and Assembly Bill No. 292 (1970)) (as amended Aug. 7, 1970);
25   (F) Notice of Entry of Order Granting Defendant WMC's Motions *In Limine* Nos. 1, 2 & 4, Denying
     WMC's Motion *In Limine* 3, and Denying Plaintiff's Motion for Leave to Amend, entered by Judge
26   Busch in Plaintiff's action in San Francisco Superior Court; (G) text of Proposition 2; and (H) California
     Department of Real Estate website printout.
27        Federal Rule of Evidence 201 authorizes the court to judicially notice only those "adjudicative
     facts" that are either "(1) generally known within the territorial jurisdiction of the trial court or (2)
28   capable of accurate and ready determination by sources whose accuracy cannot reasonably be

5

1   Plaintiff filed an opposition with this Court on October 11, 2005.[6]

2                                    **LEGAL STANDARD**

3   **A.    Rule 12(b)(6)**

4           Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss may be granted

5   if it appears beyond a doubt that the plaintiff "can prove no set of facts in support of his

6   claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  For

7

8   questioned."  Fed. R. Evid. 201(b).  "Adjudicative facts are usually those facts that are in issue in a
    particular case."  *Korematsu v. United States*, 584 F. Supp. 1406, 1414 (N.D. Cal. 1984) (Patel, J.).

9           With regard to Exhibit A, Defendants do not make clear to this Court for what purpose they are
    requesting this Court take judicial notice of Plaintiff's state court complaint.  Defendants simply state

10  Plaintiff has filed, with and without counsel, several civil actions against WMC and the parties have
    conducted considerable discovery since the first action was filed in June of 2001.  Defs. Mot. 2:14-20.

11  The existence of Plaintiff's state court complaint does not concern any "facts in issue" in this case, nor
    is it relevant to the instant motion to dismiss.  Consequently, the request is DENIED as to Exhibit A.

12          As the March 1, 2005 and May 26, 2005 Orders are part of the Court's own docket in this matter,
    a formal request for judicial notice is unnecessary.

13          Defendants cite to Exhibits D, E and F in support of their argument that Plaintiff's Consumer
    Legal Remedies Act ("CLRA") claim must fail because credit transactions do not fall within CLRA's

14  purview.  Defs. Mot 13:5-24.  The CLRA is a California statute which was irrelevant to the Court's
    analysis and disposition of Plaintiff's federal claims.  Therefore, the request for judicial notice is

15  DENIED as to Exhibits D, E & F.

16          Finally, Defendant cites to Exhibits G &H in support of their argument that Plaintiff's claim of
    usury must fail as California has exempted from the usury laws licensed real estate brokers by the State

17  of California, and, Defendants argue, WMC was a licensed real estate broker at the time the loan was
    made.  The usury cause of action is based on state law.  Again, given the Court's focus upon Plaintiff's

18  federal claims, these exhibits are irrelevant.  For these reasons, the request for judicial notice is DENIED
    as to Exhibits G & H.

19          [6] Defendants contend Plaintiff served upon them a different version of her opposition brief than

20  the one she filed with this Court.  Defendants attached the version of the opposition they received as
    Exhibit A to the Declaration of Seta Arabian in Support of Defendants' Reply ("Arabian Decl.").  In the

21  version filed with the Court on October 11, 2005, in the "Foreclosure-bankruptcy issues" section,
    Plaintiff includes two new paragraphs that are not present in the copy faxed to the Defendants and

22  attached to the Arabian Decl.  These new sections concern Plaintiff's research into WMC's past and
    current litigation, and what Plaintiff believes to be the relevant California laws that have been violated

23  by the conduct of Defendants alleged in the SAC.  Additionally, in the opposition filed with the Court
    but not in the version faxed to Defendants, Plaintiff attached copies of: 1) an article entitled "Loans Cost

24  Minorities More" by David Olinger and Jeffrey A. Roberts, Denver Post Staff Writers, Feb. 27, 2001;
    2) a transcript of the testimony of Professor Cathy Lesser Mansfield before the Committee on Banking

25  and Financial Services, United States House of Representatives, May 24, 2000, at the Rayburn House
    Office Building; and 3) copies of statements received by Plaintiff from WMC and Select Portfolio

26  Servicing. Inc.
            These additional paragraphs and material were the only differences between the briefs received

27  by Defendants and filed with the Court and were not germane to the Court's analysis of Defendants'
    motion to dismiss as they did not address the substantive issues raised by Defendants' in their motion.

28  Consequently, for purposes of deciding this motion, the Court restricted its review to the opposition
    served upon Defendants.

                                              6

EXHIBIT D  PAGE 33

**United States District Court**
For the Northern District of California

1  purposes of such a motion, the complaint is construed in a light most favorable to the

2  plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v.*

3  *McKeithen*, 395 U.S. 411, 421 (1969); *Everest and Jennings, Inc. v. American Motorists Ins.*

4  *Co.*, 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of

5  the plaintiff. *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

6       When a complaint is dismissed for failure to state a claim, "leave to amend should be

7  granted unless the court determines that the allegation of other facts consistent with the

8  challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v.*

9  *Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The court should consider

10  factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated

11  failure to cure deficiencies by previous amendments, undue prejudice to the opposing party

12  and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d

13  531, 538 (9th Cir. 1989). Of these factors, prejudice to the opposing party is the most

14  important. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing

15  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)). Leave to

16  amend is properly denied "where the amendment would be futile." *DeSoto Yellow Freight*

17  *Sys.*, 957 F.2d 655, 658 (9th Cir. 1992).

18                                  **ANALYSIS**

19       The SAC asserts the following federal claims against WMC: (1) violation of the

20  Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*,; (2) violation of the Real Estate

21  Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.*; and (3) violation of the Fair Debt

22  Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCA").

23  A.    **Plaintiff's First Federal Claim - Violation of the Truth In Lending Act**

24       1.    The Statutes

25  In her third cause of action Plaintiff alleges violation of the Truth in Lending Act

26

27

28

                                        7

United States District Court
For the Northern District of California

1    ("TILA"), HOEPA, and Regulation Z.[7]  SAC, ¶¶ 41-43.  15 U.S.C. § 1635(a), the provision

2    of TILA upon which Plaintiff relies, states in full:

3            Disclosure of obligor's right to rescind. Except as otherwise provided in this
             section, in the case of any consumer credit transaction (including opening or
4            increasing the credit limit for an open end credit plan) in which a security
             interest, including any such interest arising by operation of law, is or will be
5            retained or acquired in any property which is used as the principal dwelling
             of the person to whom credit is extended, *the obligor shall have the right to*
6            *rescind the transaction until midnight of the third business day following*
             *the consummation of the transaction or the delivery of the information and*
7            *rescission forms required under this section together with a statement*
             *containing the material disclosures required under this subchapter*, [15
8            U.S.C. §§ 1601 et seq.] whichever is later, by notifying the creditor, in
             accordance with regulations of the Board, of his intention to do so. The
9            creditor shall clearly and conspicuously disclose, in accordance with
             regulations of the Board, to any obligor in a transaction subject to this section
10           the rights of the obligor under this section. The creditor shall also provide, in
             accordance with regulations of the Board, appropriate forms for the obligor
11           to exercise his right to rescind any transaction subject to this section.

12
     15 U.S.C. § 1635(a) (emphasis added).  15 U.S.C. § 1639(a)(1), the provision of HOEPA
13
     upon which Plaintiff relies, states in relevant part:
14
             Specific disclosures. In addition to other disclosures required under this
15           subchapter [15 U.S.C. §§ 1601 et seq.], for each mortgage referred to in
             section 1602(aa) of this title, the creditor shall provide . . . disclosures in
16           conspicuous type size . . .

17   15 U.S.C. § 1639(a)(1).  Finally, Regulation Z requires a "business which offers or extends

18   credit" to make certain disclosures:

19           Purpose. The purpose of this regulation is to promote the informed use of
             consumer credit by requiring disclosures about its terms and cost. The
20           regulation also gives consumers the right to cancel certain credit transactions
             that involve a lien on a consumer's principal dwelling, regulates certain credit
21           card practices, and provides a means for fair and timely resolution of credit
             billing disputes.
22
     12 C.F.R. § 226.1(b) & (c).
23
             2.    Analysis
24
             Plaintiff seeks both rescission of her loan and damages.  15 U.S.C. § 1640(e).
25

26        ⁷ The acronym "HOEPA" stands for "Home Ownership and Equity Protection Act" of 1994.
     HOEPA, which took effect on October 1, 1995, provides special protections for consumers who obtain
27   high-rate or high-fee loans secured by their principal dwellings by requiring creditors to provide certain
     material information at least three days before the loan is consummated, prohibiting the use of certain
28   loan terms, and barring specified practices.

                                            8

1  Plaintiff's right of rescission is governed by 15 U.S.C. § 1635(f). This section provides, in

2  relevant part:

3           An obligor's right of rescission shall expire three years after the date
            of consummation of the transaction or upon the sale of the property,
4           whichever occurs first, notwithstanding the fact that the information
            and forms required under this section or any other disclosures
5           required under this part have not been delivered to the obligor.

6  15 U.S.C. § 1635(f). Civil penalties under TILA and HOEPA are subject to a one-year

7  statute of limitations. Plaintiff's loan closed in June of 1997. Plaintiff filed suit in state

8  court on July 23, 2004, which was removed to this Court in September of 2004, over seven

9  years later. Consequently, both Plaintiff's claim for damages, as well as her right to rescind,

10  are time-barred by these sections.

11          Plaintiff's SAC conclusorily asserts "[a]ny statute of limitations applicable to these

12  violations has been tolled under the doctrine of what is called equitable tolling." SAC ¶ 42.[8]

13  Plaintiff's defense to the statute of limitations is unpersuasive. "The equitable tolling

14  doctrine has been applied by the Supreme Court in certain circumstances, [ ] but it has been

15  applied sparingly." *Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir.1992) (citing *Irwin v.*

16  *Veterans Admin.*, 498 U.S. 89, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435 (1990)). "Courts

17  have been generally unforgiving, however, when a late filing is due to claimant's failure 'to

18  exercise due diligence in preserving his legal rights.' " *Id.* (citing *Irwin*, 111 S.Ct. at 458).

19  "Equitable tolling focuses primarily on the plaintiff's excusable ignorance of the limitations

20  period." *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998).

21

22  ─────────────────

23          [8] In her opposition she states 11 U.S.C. § 108 extends the statute of limitations for commencing or continuing an action by the debtor. However, as Plaintiff concedes, that statute is available for trustees suing to protect a bankruptcy estate. Plaintiff does not assert she is a trustee.

24          Additionally, Plaintiff argues that the force-placed insurance charge "could constitute a new transaction which would require new disclosures and a new consummation date." Pl. Opp. Sec. IV ¶ 6. Plaintiff does not indicate when that consummation date would have occurred, either the date of the charge or the date Plaintiff discovered the charge on her account. Construing the facts in the most favorable light to Plaintiff, the latest date for which she could allege the force-placed insurance charge constituted a new transaction would be the date she learned of it, March 2, 2000. That was over four years prior to the filing of the instant complaint in state court. Therefore, even if Plaintiff were able to argue that imposition of the force-placed insurance charge constitutes a new transaction requiring new disclosures and a new consummation date, she is nevertheless barred by the statute of limitations.

9

United States District Court
For the Northern District of California

1    Here, Plaintiff's SAC fails to plead such facts. As a preliminary matter, the factual

2    predicate for her claim that WMC failed to provide her with certain documents should have

3    been known to her in 1997, well before July 2004. In her opposition, Plaintiff states that she

4    signed the "Notice of Right to Cancel" on June 12, 1997 and acknowledged, by her

5    signature, receipt of two copies of the this notice. Pl. Opp. ¶ 1. This acknowledgment is

6    evidence that Plaintiff received two copies of this notice, or, at a minimum, was aware that

7    she was entitled to two copies of this notice at the time of the loan closing. Plaintiff alleges

8    that she was not given any documents on June 12, 1997, contrary to her signed

9    acknowledgment, but concedes that when she did receive her copy of her loan documents on

10   June 19, 1997, she "put it away without inspecting it," and years passed before she inspected

11   what those documents contained. *Id.* Plaintiff's failure to inspect the documents, especially

12   in light of her signed acknowledgment, does not constitute "excusable ignorance of the

13   limitations period" justifying imposition of equitable tolling. Thus, this claim is barred by

14   the statute of limitations and is DISMISSED with prejudice.

15   **B.    Plaintiff's Second Federal Claim - Violation of the Real Estate Settlement**
         **Procedures Act**
16
         In her fourth cause of action, Plaintiff alleges the following acts by WMC violated
17
     the Real Estate Settlement Procedures Act ("RESPA"): "kickbacks, referral fees,
18
     unnecessary escrow accounts for taxes and hazard insurance, improper or inaccurate
19
     reporting to credit bureaus, failure to disclose the transfer of the servicing of Plaintiff's loan
20
     account, failure to respond to acknowledge 'payments from a borrower' and to acknowledge
21
     'making the payments of principal and interest as may be required pursuant to the terms of
22
     the loan,' and other home mortgage lending practices that tend to cause excessive borrowing
23
     costs for home loan borrowers." SAC ¶ 47. Plaintiff additionally alleges that WMC
24
     violated RESPA "[b]eginning June 1999, through March 1, 2002" by failing to respond to
25
     Plaintiff's oral requests and failing to acknowledge or respond to Plaintiff's qualified written
26
     requests." SAC ¶ 21. Defendants respond that this claim is time barred.
27
         The applicable statutes of limitations for claims brought pursuant to RESPA are
28

10

EXHIBIT D   PAGE 37

United States District Court

For the Northern District of California

1  found in 12 U.S.C. section 2614. "Any action pursuant to the provisions of section 2605,

2  2607, or 2608 of this title may be brought in the United States district court within 3 years

3  in the case of a violation of section 2605 of this title and 1 year in the case of a violation of

4  section 2607 or 2608 of this title from the date of the occurrence of the violation." *See* 12

5  U.S.C. §2614.

6      1.    Section 2607

7          Plaintiff's allegations of kickbacks and referral fees are covered under section

8  2607(a).[9] By its terms, section 2607(a) prohibits the giving or receipt of fees or kickbacks

9  "incident to or part of a real estate settlement service involving a federally related mortgage

10  loan." *See* 12 U.S.C. § 2607(a). "Settlement services" is defined as any "service provided

11  in connection with a real estate settlement." *See* 12 U.S.C. § 2602(3). No where in

12  Plaintiff's SAC does she allege where, when, how or from whom WMC received kickbacks

13  or referral fees. Rather it is a bald assertion unsupported by facts. The facts alleged by

14  Plaintiff fail to demonstrate the inapplicability of the statute of limitations. Plaintiff

15  received her mortgage loan in June of 1997. Section 2614 required her to bring her claim

16  alleging kickbacks or referral fees within one year, by June of 1998. This claim is time

17  barred and is therefore DISMISSED with prejudice.

18      2.    Section 2605

19          The remaining RESPA allegations are subject to the 3-year statute of limitations as

20  the conduct she alleges by WMC concerns "servicing of mortgage loans and administration

21  of escrow accounts." *See* 12 U.S.C. § 2605.[10]

22  

23          [9] This provision states: "No person shall give and no person shall accept any fee, kickback, or
24  thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to
    or a part of a real estate settlement service involving a federally related mortgage loan shall be referred
25  to any person." 12 U.S.C. § 2607(a).

26          [10] The other statute referenced in section 2614, section 2608, is inapplicable to this case. Section
27  2608 states: "No seller of property that will be purchased with the assistance of a federally related
    mortgage loan shall require directly or indirectly, as a condition to selling the property, that title
    insurance covering the property be purchased by the buyer from any particular title company."
28  Plaintiff's complaint does not involve the sale of her home or allegations that she was required to

EXHIBIT D PAGE 38

United States District Court

For the Northern District of California

1    Plaintiff's allegations are inconsistent and insufficient to overcome the time bar for

2  several reasons.  First, the latest date for which Plaintiff alleges violative conduct on the part

3  of WMC is April 11, 2000, over four years prior to the filing the instant complaint.  Thus,

4  her claims are time-barred.  Second, Plaintiff's loan was transferred to another entity for

5  servicing in July of 2000; Plaintiff does not explain, in her SAC or opposition, how WMC

6  violated RESPA through March 1, 2002, *after* the loan had been transferred.  Third, RESPA

7  imposes obligations upon a party upon written requests, not oral.  *See* 12 U.S.C. §

8  2605(e)(1)(B).  The only qualified written request[11] Plaintiff asserts in her SAC occurred on

9  December 4, 1999, more than three years prior to the filing of the instant complaint.  Fourth,

10  even assuming Plaintiff's delayed discovery of the transfer of her loan in September, 2003

11  was reasonable such that the doctrine of equitable tolling applied, Plaintiff learned of the

12  transfer ten months prior to the filing of this suit.  *See Santa Maria v. Pac. Bell*, 202 F.3d

13  1170, 1178 (9th Cir. 2000) ("[E]quitable tolling will serve to extend the statute of limitations

14  for filing suit until the plaintiff can gather what information he needs.")  Plaintiff does not

15  provide any justification for the delay between her discovery of the transfer, and the filing

16  of the instant complaint.  Therefore, she has not proven she is entitled to invoke the doctrine

17  of equitable tolling.

18    For all these reasons, this claim is DISMISSED with prejudice.

19  C.  **Plaintiff's Third Federal Claim - Violation of the Fair Debt Collection Practices**

20  **Act**

21    In her fifth cause of action, Plaintiff alleges WMC's acts and conduct violated the

22  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  SAC ¶ 51.

23  Plaintiff generally alleges all of the acts and conduct by WMC violate the FDCPA,

24  purchase title insurance from a particular company.

25    [11] 12 U.S.C. 2605(e)(1)(B) states in relevant part: "For purposes of this subsection, a qualified
written request shall be a written correspondence, other than notice on a payment coupon or other
26  payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify,
the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the
27  borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer
regarding other information sought by the borrower."

28

12

United States District Court

For the Northern District of California

1    including "the improper or inaccurate reports to credit borrowers" by WMC.[12]  *Id.*  Here,

2    again, WMC responds that Plaintiff's claim is time-barred.  Additionally, even if the claim

3    were not time-barred, WMC argues it is misplaced since the FDCPA only prohibits certain

4    activities of debt collectors, not creditors such as WMC.

5           1.    Statute of Limitations

6           "An action to enforce any liability created by this subchapter may be brought in any

7    appropriate United States district court without regard to the amount in controversy, or in

8    any other court of competent jurisdiction, within one year from the date on which the

9    violation occurs."  15 U.S.C. § 1692k(d).  As with her other allegations, Plaintiff merely

10   asserts that the violations giving rise to the claim "continue through the present time."  SAC

11   ¶ 51.  She does not offer any evidence of the nature of the acts of WMC which form the

12   basis of the assertion, nor when they occurred.  Moreover, given WMC's transfer of the

13   servicing of Plaintiff's loan to another party in 2000, the Court is unaware of any facts

14   Plaintiff could allege that would fall within the year prior to her filing the instant complaint.

15          2.    FDCPA Applies Only to "Debt *Collectors*"

16          Alternatively, WMC argues that even were this cause of action not time barred by

17   the statute of limitations, Plaintiff's claim still fails as the FDCPA is inapplicable to parties

18   collecting their own debt.

19          The FDCPA regulates debt collectors rather than creditors.  *Thomas v. Law Firm of*

20   *Simpson & Cyback,* 392 F.3d 914, 916-17 (7th Cir. 2004).  The term "debt collector" means

21   any person who "regularly collects or attempts to collect, directly or indirectly, debts owed

22   or due or asserted to be owed or due to *another*."  15 U.S.C. § 1692a(6) (emphasis added).

23   The term "creditor" means "any person who offers or extends credit creating a debt or to

24   whom a debt is owed . . . ."  15 U.S.C. 1692a(4).  Furthermore, the FDCPA exempts from its

25   _____

26   [12]  Plaintiff references 12 U.S.C. § 2605(3)(d) with respect to her allegation of "improper or
     inaccurate reports to credit borrowers."  SAC ¶ 51.  There is no 12 U.S.C. § 2605(3)(d).  In this same

27   paragraph of the SAC, Plaintiff asserts a "loan servicer may not provide information regarding any
     overdue payment to any consumer reporting agency."  *Id.*  The SAC does not allege when, to whom, nor

28   what information WMC provided to any consumer reporting agency regarding any overdue payments.
     Thus the SAC is completely devoid of facts to support these allegations.

EXHIBIT  D   PAGE  40

United States District Court

For the Northern District of California

1    definition of debt collectors, "any officer or employee of a creditor while, *in the name of the*

2    *creditor*, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A) (emphasis added).

3    Because Plaintiff alleges activities by WMC regarding collection of payments owed to it

4    under the loan, i.e., it was WMC's debt it sought to recover from Plaintiff, WMC was not a

5    "debt collector" for purposes of the FDCPA. Thus, Plaintiff has no cognizable claim against

6    WMC on this ground.

7        For these reasons, this claim is DISMISSED with prejudice.

8    **D.**    **Supplemental State Causes of Action**

9        When a case is properly removed on the basis of federal question jurisdiction, but

10    the federal claims are subsequently eliminated from the case, the district court retains the

11    discretion to remand the action to state court. *See Carnegie-Mellon Univ. v. Cahill*, 484

12    U.S. 343, 348 (9th Cir. 1991). In each case, and at every stage of the litigation, the federal

13    court must consider and weigh the values of judicial economy, convenience, fairness, and

14    comity in order to decide whether to exercise jurisdiction over a case involving pendent

15    state-law claims. *Id.* at 349. When the balance of the relevant factors indicates that a case

16    properly belongs in state court, such as when the federal claims have been resolved in the

17    early stages of the litigation, the district court may decline the exercise of jurisdiction and

18    remand the action to state court. *Id.* As the United States Supreme Court recognized in

19    *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), the district court's jurisdiction

20    over state law claims "need not be exercised in every case in which it is found to exist . . . .

21    Needless decisions of state law should be avoided as a matter of comity[.]" *Id.*

22        Plaintiff's third, fourth and fifth claims are the only claims alleged over which the

23    Court has original jurisdiction. Those claims have been dismissed with prejudice.

24    Moreover, since this litigation is in its initial stage, the concerns of "economy, convenience,

25    fairness and comity" weigh in favor of declining to retain jurisdiction. *See Imagineering,*

26    *Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1309 (9th Cir. 1992), *cert. denied*, 507 U.S. 1004

27    (1993). Therefore, the Court exercises its discretion and declines to assert supplemental

28    jurisdiction over the remaining state law claims.

**United States District Court**

For the Northern District of California

## **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' motion to dismiss is GRANTED. Plaintiff's third, fourth and fifth claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED THAT the case is REMANDED to the Superior Court of the State of California in and for the County of San Francisco. The clerk is directed to terminate any pending matters and to close the file.

IT IS SO ORDERED

IT IS SO ORDERED.

Dated: 1/19/06

SAUNDRA BROWN ARMSTRONG
United States District Judge

15

EXHIBIT D PAGE 42

# EXHIBIT E

1  MICHAEL J. AGOGLIA (BAR NO. 154810)
   HEATHER A. MOSER (BAR NO. 212686)
2  SETA ARABIAN (BAR NO. 223178)
   MORRISON & FOERSTER LLP
3  425 Market Street
   San Francisco, California  94105-2482
4  Telephone: (415) 268-7000
   Facsimile: (415) 268-7522
5  sarabian@mofo.com

6  Attorneys for Defendants
   WMC MORTGAGE CORP., WMC FINANCE CO., and
7  WMCDIRECT

**F I L E D**
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

APR 3 – 2006

GORDON PARK-LI, Clerk
BY: _Glenn Redigonda_
Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10                       UNLIMITED CIVIL JURISDICTION

11

12  Patricia C. Barbera,                          Case No.    CGC-04-433269

13              Plaintiff,                         CLASS ACTION

14       v.                                        [PROPOSED] JUDGMENT IN
                                                   FAVOR OF DEFENDANTS WMC
15  WMC Mortgage Corp., a California Corporation;  MORTGAGE CORP., WMC
    WMC Finance Co.; Apollo Management L.P.;       FINANCE CO., AND
16  WMCDirect; GE Consumer Finance, a unit of      WMCDIRECT
    General Electric Company; Fairbanks Capital
17  Corp., a Utah Corporation; Fairbanks Capital   Judge:      The Honorable Peter J.
    Holding Corp., a Delaware Corporation;                     Busch
18  California Land Title Company of Marin, a      Dept.:      2 Annex
    California business entity; Does 1 through 100, Action Filed: July 23, 2004
19  inclusive,                                     Trial Date:  None Set

20              Defendants.

21

22

23

24

25

26

27

28

sf-2092749

EXHIBIT E PAGE 43

1         This matter having come on for hearing before the Court, the Honorable Peter J. Busch

2    presiding, on March 8, 2006, on defendants WMC Mortgage Corp., WMC Finance Co., and

3    WMCDirect's motion for judgment on the pleading as to plaintiff's Second Amended Complaint;

4    in light of the Honorable Saundra B. Armstrong's January 19, 2006 Order dismissing plaintiff's

5    federal causes of action with prejudice and this Court's March 8, 2006 Order dismissing

6    plaintiff's remanded state-law causes of action with prejudice (a true and correct copy of which is

7    attached hereto as Exhibit 1); and for good cause shown;

8         IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

9         That Judgment be entered in favor of defendants WMC Mortgage Corp., WMC Finance

10   Co., and WMCDirect and against plaintiff Patricia Barbera for defendants' costs and

11   disbursements incurred in this action amounting to the sum of $_____, pursuant to the Order

12   granting defendants' motion for judgment on the pleadings without leave to amend.

13

14   Dated: 4/3/06 _____         _____

15                                The Honorable Peter J. Busch

16

17

18

19

20

21

22

23

24

25

26

27

28

                               1

               [PROPOSED] JUDGMENT IN FAVOR OF WMC

# EXHIBIT 1

EXHIBIT E PAGE 45

COPY

ENDORSED
FILED
San Francisco County Superior Court

MAR  8 2006

GOHLUN PARK-LI, Clerk
BY: _____ MARIA SANCHEZ _____
                              Deputy Clerk

1    MICHAEL J. AGOGLIA (BAR NO. 154810)
     HEATHER A. MOSER (BAR NO. 212686)
2    SETA ARABIAN (BAR NO. 223178)
     MORRISON & FOERSTER LLP
3    425 Market Street
     San Francisco, California  94105-2482
4    Telephone: (415) 268-7000
     Facsimile: (415) 268-7522
5    sarabian@mofo.com

6    Attorneys for Defendants
     WMC MORTGAGE CORP., WMC FINANCE CO., and
7    WMCDIRECT

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10                    UNLIMITED CIVIL JURISDICTION

11

12   Patricia C. Barbera,                    Case No.    CGC-04-433269

13              Plaintiff,                    CLASS ACTION

14        v.                                  NOTICE OF ENTRY OF ORDER

15   WMC Mortgage Corp., a California Corporation;   Judge:      The Honorable Peter J.
     WMC Finance Co.; Apollo Management L.P.;                    Busch
16   WMCDirect; GE Consumer Finance, a unit of       Dept.:      2 Annex
     General Electric Company; Fairbanks Capital     Action Filed: July 23, 2004
17   Corp., a Utah Corporation; Fairbanks Capital    Trial Date:  None Set
     Holding Corp., a Delaware Corporation;
18   California Land Title Company of Marin, a
     California business entity; Does 1 through 100,
19   inclusive,

20              Defendants.

21

22

23                              CONFORMED
                                COPY OF ORIGINAL FILED
24                              MORRISON & FOERSTER

25                              MAR 0 2 2006

26

27                              [signature]

28
_____
                        NOTICE OF ENTRY OF ORDER
     sf-2092727

PLEASE TAKE NOTICE that on March 8, 2006, the Court entered an Order granting without leave to amend the motion for judgment on the pleadings of defendants WMC Mortgage Corp., WMC Finance Co., and WMCDirect. A true and correct copy of the Order is attached hereto as Exhibit A.

Dated: March 8, 2006

MICHAEL J. AGOGLIA
HEATHER A. MOSER
SETA ARABIAN
MORRISON & FOERSTER LLP

By: _Seta a_____
　　　　　　Seta Arabian

Attorneys for Defendants
WMC MORTGAGE CORP., WMC
FINANCE CO., and WMCDIRECT

1

sf-2092727

EXHIBIT E PAGE 47

## PROOF OF SERVICE BY MAIL

### (CCP 1013a, 2015.5)

I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California, 94105; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

**NOTICE OF ENTRY OF ORDER**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California, 94105, in accordance with Morrison & Foerster's ordinary business practices:

Maximilian J.B. Hopkins
7665 Redwood Blvd., Suite 200
Novato, CA 94945

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at San Francisco, California, this 8th day of March, 2006.

Regina C. Archuleta-Rodriguez
(typed)                                                          (signature)

sf-2083844

EXHIBIT E PAGE 48

# EXHIBIT A

1  MICHAEL J. AGOGLIA (BAR NO. 154810)
   HEATHER A. MOSER (BAR NO. 212686)
2  SETA ARABIAN (BAR NO. 223178)
   MORRISON & FOERSTER LLP
3  425 Market Street
   San Francisco, California  94105-2482
4  Telephone: (415) 268-7000
   Facsimile: (415) 268-7522
5  sarabian@mofo.com

6  Attorneys for Defendants
   WMC MORTGAGE CORP., WMC FINANCE CO., and
7  WMCDIRECT

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

MAR 8 – 2006

GORDON PARK-LI, Clerk
BY:    ANNA REDIGONDA
           Deputy Clerk

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 COUNTY OF SAN FRANCISCO

10                UNLIMITED CIVIL JURISDICTION

11

12  Patricia C. Barbera,

13          Plaintiff,

14      v.

15  WMC Mortgage Corp., a California Corporation;
    WMC Finance Co.; Apollo Management L.P.;
16  WMCDirect; GE Consumer Finance, a unit of
    General Electric Company; Fairbanks Capital
17  Corp., a Utah Corporation; Fairbanks Capital
    Holding Corp., a Delaware Corporation;
18  California Land Title Company of Marin, a
    California business entity; Does 1 through 100,
19  inclusive,

20          Defendants.

Case No.    CGC-04-433269

CLASS ACTION

[PROPOSED] ORDER
GRANTING DEFENDANTS WMC
MORTGAGE CORP., WMC
FINANCE CO., AND
WMCDIRECT'S MOTION FOR
JUDGMENT ON THE
PLEADINGS

Date:        March 8, 2006
Time:        8:30 a.m.
Judge:       The Honorable Peter J.
             Busch
Dept.:       2 Annex
Action Filed: July 23, 2004
Trial Date:  None Set

21

22

23

24

25

26

27

28

Defendants WMC Mortgage Corp., WMC Finance Co., and WMCDirect's (collectively, "WMC") Motion for Judgment on the Pleadings as plaintiff Patricia Barbera's Second Amended Complaint came on for hearing before this Court. After careful consideration of the briefs and arguments of counsel, and all other matters presented to the Court, WMC's Motion for Judgment on the Pleadings is hereby GRANTED without leave to amend, and all claims in the Second Amended Complaint are dismissed with prejudice, on the following grounds.

        1.    Plaintiff's claim under California Business & Professions Code section 17200 ("UCL") fails under the four-year statute of limitations set forth at California Business & Professions Code section 17208. Plaintiff does not allege any conduct within four years before the filing of her action. Moreover, plaintiff could not allege any facts that WMC engaged in "predatory lending practices" at any time after July 2000, when Fairbanks took over servicing of plaintiff's loan.

        2.    Plaintiff's claim under the Consumer Legal Remedies Act ("CLRA") is barred by the three-year statute of limitations set forth at California Civil Code section 1783. The latest conduct plaintiff refers to in her CLRA claim are incidents that took place in April 2000, over three years before plaintiff filed her complaint. Plaintiff's conclusory assertion that the CLRA "violations began when the loan was placed in June 1997 [sic] and they continue through the present time" does not save her claim from being time-barred. Plaintiff's CLRA claim also fails because the conduct alleged to violate the CLRA does not fall within the CLRA's scope. The Legislature chose to delete "credit" from the purview of the CLRA. *See* Assembly Bill No. 292 (1970 Reg. Sess. (Jan. 21, 1970)), Assembly Bill No. 292 (1970 Reg. Sess. (Jan. 21, 1970) (as amended Aug. 7, 1970)); *see also* William L. Stern, *Bus. & Prof. C. § 17200 Practice* § 10:23 (The Rutter Guide 2004) (noting legislative history of CLRA supports argument that "extensions of credit" not covered by the CLRA). Accordingly, the CLRA is inapplicable here because WMC's residential mortgage loan at issue was admittedly an extension of credit.

        3.    Plaintiff's wrongful concealment claim is subject to a three-year statute of limitations under California Civil Procedure Code section 338(d). This claim is time-barred because it is based on an alleged misrepresentation at the time the loan was made in June 1997,

1   more than seven years before plaintiff filed her complaint. Her allegation that the doctrine of

2   delayed discovery applies to her wrongful concealment claim fails because she does not plead any

3   supporting facts and because her conclusory allegation is inconsistent with the allegations on

4   which her wrongful concealment claim is based. Plaintiff's wrongful concealment claim also

5   fails because it does not meet the particularity pleading requirements for fraud. *Lazar v. Super.*

6   *Ct.*, 12 Cal. 4th 631, 645 (1996); *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73 (1990). Plaintiff

7   fails to identify the content of the alleged "implied" misrepresentations, who made them, where

8   or when they were made, or facts indicating why they were false when made.

9        4.    Plaintiff's breach of contract claim is barred by the four-year statute of limitations

10  period set forth at California Code of Civil Procedure section 337. The alleged conduct relating

11  to her breach of contract claim occurred on or before April 11, 2000, more than four years before

12  she filed her complaint. Her conclusory allegation that WMC breached the home loan agreement

13  "[w]ithin four years of the filing of this complaint" does not save her claim from dismissal under

14  the statute of limitations.

15       5.    Plaintiff's usury claim is barred by the four-year statute of limitations found in the

16  catch-all provision in California Code of Civil Procedure section 343. Because plaintiff's usury

17  claim is based on the interest rate on the WMC loan she obtained in June 1997 — a rate

18  undoubtedly known to her over seven years before she filed the complaint on July 23, 2004 — the

19  four-year statute of limitations expired at the time the loan was made. Plaintiff's usury claim also

20  fails because WMC is exempt from California usury provisions. The California Constitution

21  permits an exemption from usury restrictions for "any loans made or arranged by any person

22  licensed as a real estate broker by the State of California and secured in whole or in part by liens

23  on real property." Cal. Const. art. XV, § 1. The exemption applies to WMC because at the time

24  of plaintiff's loan, WMC was licensed as a real estate broker by the State of California and the

25  loan was secured by a lien on plaintiff's home.

26       6.    Plaintiff's claim for rescission fails because plaintiff has not stated a valid cause of

27  action underlying the remedy. Rescission is a remedy, not an independent cause of action.

28  *People ex rel. Kennedy v. Beaumont Inv., Ltd.*, 111 Cal. App. 4th 102, 133 (2003).

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
sf-2078169

---

1        7.    Plaintiff's claim for accounting fails because plaintiff has not stated a valid cause

2   of action underlying the remedy. *Duggal v. G.E. Capital Commc'ns Servs., Inc.*, 81 Cal. App. 4th

3   81, 95 (2000) ("right to an accounting is derivative and depends on the validity of a plaintiff's

4   underlying claims").

5

6   Dated: ___MAR 8 2006___, 2006

7                                                   PETER J. BUSCH

8                                          The Honorable Peter J. Busch
                                           Judge of the Superior Court

9

10

11                                                  EXHIBIT E  PAGE 52

12

# EXHIBIT F

1  Scott H. Jacobs (SBN 81980)
   Christopher O. Rivas (SBN 238765)
2  REED SMITH LLP
   355 S. Grand Avenue, Suite 2900
3  Los Angeles, CA 90071
   Telephone:  213.457.8000
4  Facsimile:  213.457.8080

5

6  Attorneys for Defendants
   WMC Mortgage, LLC and
7  GE Consumer Finance, Inc.

8

9                    UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11  PATRICIA C. BARBERA,                    Case No. CV 08-2677

12               Plaintiff               [Removal from Superior Court of
                                         California, County of Marin,
13       vs.                             Case No. CV 081763]

14  WMC MORTGAGE CORPORATION, a          **DEFENDANTS WMC MORTGAGE,**
    California corporation; aka WMC Direct, a  **LLC AND GE CONSUMER**
15  California Business Entity; GE Consumer    **FINANCE, INC.'S NOTICE OF**
    Finance, a unit of General Electric       **REMOVAL OF ACTION PURSUANT**
16  Company; Select Portfolio Servicing       **TO 28 U.S.C. §§ 1331 AND 1441**
    Corp., a Utah Corporation; Fairbanks
17  Holding Corporation, a Delaware           **[FEDERAL QUESTION]**
    Corporation; and Land Title Company of
18  Marin, a California Business Entity;
    Does 1 thru 100, inclusive.
19

20               Defendants.

21

22

23

24

25

26

27

28

                              – 1 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ORIGINAL
FILED

EXHIBIT F  PAGE 53

DOCSLA-15641583.1

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2   NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION:

3

4         PLEASE TAKE NOTICE THAT defendants WMC Mortgage, LLC ("WMC

5   Mortgage") (successor in interest to "WMC Mortgage Corporation") and GE

6   Consumer Finance, Inc. ("GECF") hereby remove this action from the Superior Court

7   of California, County of Marin, to the United States District Court for the Northern

8   District of California, pursuant to 28 United States Code Sections 1331 and 1441

9   (Federal Question). The removal of this action is based on the following:

10

11   **I.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT**

12         **MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331 AND § 1441**

13         1.   On April 11, 2008, plaintiff Patricia C. Barbera ("Plaintiff") filed

14   an action in the Superior Court of the State of California for the County of Marin,

15   entitled *Patricia C. Barbera v. WMC Mortgage Corporation, et al.*, as Case

16   Number CV 081763. A true and correct copy of the Complaint is attached hereto

17   as Exhibit "A."

18         2.   Plaintiff's lawsuit arises from a loan she obtained from WMC

19   Mortgage on June 11, 1997. Plaintiff alleges, *inter alia*, that WMC Mortgage failed

20   to provide her with certain disclosures required by the federal Truth in Lending Act

21   ("TILA") and the federal Home Owners Equity Protection Act (HOEPA) when she

22   obtained her loan. Specifically, she alleges WMC Mortgage failed to provide her

23   with a "right to rescind" disclosure required by the TILA. She also alleges that

24   when she attempted to rescind her loan with WMC Mortgage, WMC Mortgage

25   refused to execute the rescission. Additionally, she alleges that WMC Mortgage

26   billed her for improper charges, and subsequently failed to respond to her written

27   request disputing those charges, thus violating the federal Real Estate Settlement

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

–2–

DOCSLA-15641583.1

EXHIBIT F   PAGE 54

1   Procedures Act ("RESPA").  Plaintiff further alleges that WMC Mortgage violated

2   the federal Fair Debt Collection Practices Act by providing inaccurate credit

3   reports.  Plaintiff alleges a total of 15 causes of action: (1) Request for Specific

4   Performance; (2) Action to Quiet Title; (3) Slander of Title; (4) Violation of the

5   federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the federal

6   Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; (5)

7   Violation of the federal Real Estate Settlement Procedures Act ("RESPA"), 12

8   U.S.C. § 2605 *et seq.*; (6) Unlawful predatory lending practices; (7)

9   Misrepresentation and Inducement; (8) Harassment; (9) Violation of the federal

10  Fair Debt Collections Practices Act, 15 U.S.C. § 1692, and RESPA, 12 U.S.C. §

11  2605; (10) Breach of Contract in violation of the TILA, 15 U.S.C. § 1601 *et seq.*,

12  the RESPA, 12 U.S.C. § 2605 *et seq.*, and the HOEPA, 15 U.S.C. § 1639; (11)

13  Unjust Enrichment; (12) Fraudulent Accounting; (13) Breach of Fiduciary Duty;

14  (14) Negligence; and (15) Unclean Hands, against WMC Mortgage and GECF.

15          3.   This action is a civil action over which this Court has original

16  jurisdiction under 28 U.S.C. Section 1331, and is one which may be removed to this

17  Court pursuant to the provisions of 28 U.S.C. Section 1441 in that it is a civil action

18  arising under the laws of the United States, namely the TILA, the RESPA, the

19  FDCPA, and the HOEPA.

20

21  **II.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE**

22          **SATISFIED**

23          4.   On or about April 29, 2007, WMC Mortgage received a copy of

24  the Complaint and a Summons.  A true and correct copy of the Summons is

25  attached hereto as Exhibit "B."  This Notice of Removal is therefore timely filed

26  under 28 U.S.C. § 1446(b).

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15641583.1

Defendants WMC Mortgage, LLC and GE Consumer Finance, Inc.'s Notice of Removal of Action

EXHIBIT F   PAGE 55

5. The Superior Court of California for the County of Marin is located within the Northern District of California, San Francisco Division. *See* 28 U.S.C. § 84(c)(2). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. A search of the Marin County Superior Court files and docket sheet in this action on May 28, 2008 showed no proof of service or other record indicating that defendants Select Portfolio Servicing Corporation, Fairbanks Holding Corporation, and Land Title Company of Marin have been served in this action. Declaration of Scott H. Jacobs at ¶ 3. Accordingly, the joinder of these unserved defendants in this Notice of Removal is not required. *Salveson v. Western States Bankcard Assn.*, 731 F.2d 1423, 1429 (9th Cir. 1984).

7. No previous request has been made for the relief requested herein.

8. In compliance with 28 U.S.C. 1446(d), WMC Mortgage and GECF will serve on Plaintiff a Notice to Plaintiff of Filing Notice of Removal, attaching a copy of this Notice of Removal, and will file the same with the Clerk of the Superior Court of California, County of Marin.

///

///

///

///

///

DOCSLA-15641583.1

Defendants WMC Mortgage, LLC and GE Consumer Finance, Inc.'s Notice of Removal of Action

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

EXHIBIT F   PAGE 56

1    WHEREFORE, WMC Mortgage and GECF respectfully remove this action

2   from the California Superior Court for the County of Marin to this Court pursuant

3   to 28 United States Code Sections 1331 and 1441.

4   DATED:  May 28, 2008                    REED SMITH LLP

5

6

7                                           By _____
                                                Scott H. Jacobs
8                                               Christopher O. Rivas
                                                Attorneys for Defendants
9                                               WMC Mortgage, LLC and
                                                GE Consumer Finance, Inc.
10

11   DOCSLA-15641583.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

EXHIBIT F   PAGE 57

<u>PROOF OF SERVICE</u>

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  I am employed in the office of a member of the bar of this court at whose direction the service was made.  My business address is REED SMITH LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, CA 90017.

On June 2, 2008, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet, as listed below.

DEFENDANTS WMC MORTGAGE, LLC AND GE CONSUMER FINANCE. INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

**Patricia C. Barbera**
**24 Caribe Isle**
**Novato, CA 94949**
**Telephone:  (415) 382-9617**
**Facsimile:   (415) 382-0756**
**In Pro Per**

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on June 2, 2008, at Los Angeles, California.

/s/ Patty Keen
Patty Keen