WRIGHT, FINLAY & ZAK, LLP
Robin Prema Wright, Esq., SBN 150984
Kathy Shakibi, Esq., SBN 237182
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660 *(Barbera/Pleading/MTD)*
Tel: (949) 477-5050; Fax: (949) 477-9200
rwright@wrightlegal.net, kshakibi@wrightlegal.net

Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC., fka
FAIRBANKS CAPITAL CORPORATION, erroneously sued herein as
SELECT PORTFOLIO SERVICING CORP., and FAIRBANKS HOLDING
CORP.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICIA C. BARBERA,<br><br>                    Plaintiff,<br><br>          v.<br><br>WMC MORTGAGE CORPORATION a California Corporation; aka WMC DIRECT, a California Business Entity, GE CONSUMER FINANCE, a unit of General Electric Company; SELECT PORTFOLIO SERVICING CORP., a Utah Corporation, FAIRBANKS HOLDING CORPORATION, Delaware Corporation; and LAND TITLE COMPANY OF MARIN, a California Business Entity; and DOES 1 through 100, inclusive.<br><br>                    Defendants. | Case No.: 4:08-CV-02677-SBA<br><br>*[Assigned to Hon. Saundra Brown Armstrong]*<br><br>**SELECT PORTFOLIO SERVICING, INC. fka FAIRBANKS CAPITAL CORP. *ERRONEOUSLY SUED HEREIN AS* SELECT PORTFOLIO SERVICING CORP. and FAIRBANKS HOLDING CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM, [F.R.C.P. RULE 12 B)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  July 22, 2008<br>Time: 1:00 p.m.<br>Dept.: 3 |

1

1     **TO PLAINTIFF AND HER ATTORNEY OF RECORD, IF ANY:**

2     **PLEASE TAKE NOTICE** that on July 22, 2008, at 1:00 p.m. or as soon

3 thereafter as the matter may be heard in the above-entitled Court, located at 1301

4 Clay Street, Suite 400 S, Courtroom 3, 3rd floor, Oakland, California, 94612,

5 defendant Select Portfolio Servicing, Inc. fka Fairbanks Capital Corporation,

6 *erroneously sued herein as two separate entities* Select Portfolio Servicing Corp.,

7 and Fairbanks Holding Corp., will move the Court, pursuant to FRCP Rule 12 (b)

8 (6) to Dismiss the Complaint for failure to state a claim upon which relief can be

9 granted.

10     The Motion to Dismiss will be based on the notices of motion, and motion,

11 the request for judicial notice filed concurrently herewith, the memorandum of

12 points and authorities, and the pleadings and papers on file with the Court.

13

14                         Respectfully submitted,

15                         WRIGHT, FINLAY & ZAK, LLP

16

17 Dated: June 17, 2008     By:   *s/Robin Prema Wright, Esq.*

18                         Robin Prema Wright, Esq.,

                            Kathy Shakibi, Esq.,

19                         Attorneys for Defendants

20                         SELECT PORTFOLIO SERVICING, INC.

                            Fka FAIRBANKS CAPITAL CORP.

21                         erroneously sued herein as two separate

22                         entities SELECT PORTFOLIO

23                         SERVICING CORP. and FAIRBANKS

                          HOLDING CORP.

24

25

26

27

28

**TABLE OF CONTENTS**

Page No.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    PROCEDURAL HISTORY OF THE REMOVAL                    3

II.   INTRODUCTION                                         4

III.  STATEMENT OF FACTS                                   4

IV.   ANALYSIS                                             5

      A.    Legal Standard                                 5

      B.    Barbera's Complaint is Barred by Res Judicata  5

      C.    Barbera's TILA, HOEPA and RESPA Claims are Time-Barred   7

      D.    Barbera's First Cause of Action for Request for Specific
            Performance is Time-Barred.                    8

      E.    Barbera's Second Cause of Action for Quiet Title
            Fails to State a Claim                         8

      F.    Barbera's Third Cause of Action for Slander of Title Fails to
            State a Claim                                  9

      G.    Barbera's Fifth Cause of Action for Conspiracy Fails to
            State a Claim                                  9

      H.    Barbera's Sixth Cause of Action for Predatory Lending
            Practices Fails to State a Claim               10

      I.    Barbera's Seventh Cause of Action for Misrepresentation and
            Inducement Based on Violation of CLRA is Time-Barred   11

      J.    Barbera's Eight Cause of Action for Harassment and
            Malicious Abuse of Judicial Process Fails to State a Claim   11

      K.    The Ninth Cause of Action for RESPA and Fair Debt Collection
            Practices is Time-Barred                       11

      L.    The Eleventh Cause of Action for Usury and Unjust
            Enrichment is Time Barred and Fails to State a Claim   12

| | | | |
|---|---|---|---|
| | M. | The Twelfth Cause of Action for Fraudulent Accounting Fails to State a Claim | 13 |
| | N. | The Fourteenth Cause of Action for Negligent Emotional Distress Fails to State a Claim | 14 |
| | O. | The Fifteenth Cause of Action for Unclean Hands Doctrine Fails to State a Claim | 15 |
| IV. | | CONCLUSION | 15 |

1

## **TABLE OF AUTHORITIES**

2

**Page No.**

3 **Cases**

4 *Aetna Life Ins. Co. v. Alla Medical Services, Inc.* (9th Cir. 1988(
5     855 F2d 1470      3

6 *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503      9

7 *Arroyo v. Wheat* (D. Nev. 1984) 491 F.Supp. 136      14

8 *Burgess v. Superior Court* (1992) 2 Cal.4th 1064      14

9 *Caviness v. Derand Resource Corp.,* (4th Cir. 1993) 983 F.2d 1295      7
10

11 *Christensen v. Superior Court* (1991) 54 Cal.3d 868      14

12 *Civic Western Corp. v. Zila Industries* (1977) 66 C.A.3d 1, 14, 135 C.R. 915      13

13 *Crosstalk Productions, Inc. v. Jacobson* (1998) 65 CA4th 631      15

14 *Desaigoudar v. Meyercord* (9th Cir. 2000) 223 F.3d 1020      13

15 *Farmers Elevator Mut. Ins. Co. v. Carl J. Austad & Sons, Inc.,*
16     (8th Cir. 1965) 343 F2d 7, 12      3

17 *Gudger v. Manton* (1943) 21 C.2d 537, 541, 134 P.2d 217      9

18 *In re GlenFed, Inc.* Sec. Litig, (9th Cir. 1994) 42 F.3d 1541      14
19

20 *King v. State of California* (1986) 784 F.2d 910      7

21 *Lancaster Cmty. Hops. V. Antelope Valley Hop. Dist.,* (9th Cir. 1991)
22     940 F.2d 397      13

23 *Lippitt v. Raymond James Financial Services, Inc.* C.A. 9(Cal.) 2003,
    340 F.3d 1033, as amended, on remand 2003 WL 24292444      10
24

25 *Maheu v. CBS, Inc.* (1988) 201 CA3d 662      9

26 *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.* (1989) 48 Cal.3d 583      14

27 *Molein v. Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916      14

28

1 | *Mosier v. Southern California Physicians Insurance Exchange* (1998)
   63 Cal.App. 4th 1022, 1048 ........................................................................ 9

2

3 | *Vess v. Ciba-Ciegy Corp.*, 317 F.3d at 1106 ........................................................ 13

4 | *Webb v. United States*, (4th Cir. 1995) 66 F.3d 691 ............................................ 7

5 | *Wetherton v. Growers Farm Labor Assn.* (1969) 275 Cal.App.2d 168 .............. 9

6

7 | **Other Authorities**

8 | Judicial Council of California, Civil Jury Instructions,
9 |    (West 2008) CACI § 1620 ....................................................................... 14

10 | *Summary of California Law,* (2005), B.E. Witkin, 10th Ed., § 642 ................. 9, 12

11 | Witkin, *California Procedure*, 4th Ed. Pleading, §§ 775 .................................. 13

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    PROCEDURAL HISTORY OF THE REMOVAL**

3    Co-defendant WMC MORTGAGE CORP. removed this action from the
4    state court on May 28, 2008. On the same date, Select Portfolio Servicing, Inc.,
5    ("SPS") filed a demurrer in the state court.[1] After the removal, on June 2, 2008,
6    Barbera served counsel for SPS with a Notice and Acknowledgment of Receipt
7    ("NAR").[2]

8    Per F.R.C.P. Rule 81 (c )(2), defendants who have already filed an answer or
9    other defenses and objections in the state court need not file another answer after
10   removal, unless the federal court so orders. In this case, SPS has filed a demurrer
11   in the state court on May 28, 2008. For the purpose of obtaining a hearing date in
12   the federal Court, SPS hereby files this Motion to Dismiss.

13   For a defendant who has not responded to the complaint at the time of
14   removal, a response is due 20 days after service of the complaint, or 5 days after
15   the removal is filed, whichever is later. (F.R.C.P. Rule 81 (c) (2)) In this case, the
16   date of service on SPS is not clear, although the NAR was served on June 2, 2008.
17   In addition, Barbera granted SPS a two-week extension to respond, which she later
18   rescinded. (See Declaration of Kathy Shakibi, filed concurrently herewith, ¶¶ 10,
19   11, 12, 13, 14).

20   At the time of filing this Motion, Barbera has not defaulted SPS, and
21   remains unable to do so because SPS has responded to the Complaint in the state
22   court. Although some courts have held that a Rule 12 (b) motion must be filed and
23   served within 20-days after service of summons and complaint,[3] in the Ninth
24   Circuit, Rule 12(b) motions are timely if filed any time before the answer or other
25   responsive pleading is filed.[4] Therefore, this Motion is timely before the Court.

26

27
_____
[1] See Declaration of Kathy Shakibi, filed concurrently herewith, ¶ 5.
28  [2] See Declaration of Kathy Shakibi, filed concurrently herewith, ¶ 9, exhibit 2 attached thereto.
[3] *Farmers Elevator Mut. Ins. Co. v. Carl J. Austad & Sons, Inc.* (8th Cir. 1965) 343 F2d 7, 12.
[4] *Aetna Life Ins. Co. v. Alla Medical Services, Inc.* (9th Cir. 1988) 855 F2d 1470, 1474.

3

1  However, in the event that the Court deems the motion untimely, SPS
2  respectfully requests that the Court consider this Motion a Motion for Judgment on
3  the Pleadings under Rule 12 (c) which can be brought at any time after the
4  pleadings have been served and filed. Counsel for SPS conferred with Barbera on
5  June 13, 2008 prior to filing this Motion.

6  **II.    INTRODUCTION**

7  In 2004, Barbera and SPS (fka Fairbanks Capital Corp., "Fairbanks") were
8  before this Court on almost identical claims arising from the same 1997 mortgage
9  loan transaction ("2004 Action"). The Court ruled favorably on SPS's Motion for
10  Summary Judgment, ("MSJ") and dismissed SPS from the action. The reasoning
11  for the dismissal is fully explained in the Order on the MSJ attached as Exhibit "B"
12  to the Request for Judicial Notice, filed concurrently herewith, and summarized as
13  follows.

14  In the 2004 Action, this Court determined that Barbera was a member of a
15  class action suit filed against SPS in 2003, known as the "Curry Class Action," and
16  more fully explained below. As such, Barbera's claims against SPS for events
17  occurring *prior* to the Curry Class Action were barred by Res Judicata. The events
18  alleged in the current Complaint occurred from 1997 through 2001. Therefore, the
19  Complaint is also barred by Res Judicata.

20  Additionally, all of Barbera's claims are time-barred, and fail to state a claim
21  as fully explained below.

22  SPS respectfully requests that the Complaint in its entirety be dismissed.

23  **III.   STATEMENT OF FACTS**

24  On or about June 11, 1997, Barbera borrowed $322,500.00 ("Loan") from
25  WMC, (Complaint ¶ 21) which loan is secured by Barbera's property located at 24
26  Caribe Isle, Novato, California ("Property"). (Complaint p. 4, ll. 1-2) Ten years
27  after obtaining the Loan, Barbera brings allegations of violations of TILA,
28  HOEPA, RESPA, and CLRA, inter alia.

4

1  In the caption, Barbera erroneously names SPS and Fairbanks Holding

2  Corporation as two defendants, which in addition to misstating the names of the

3  entities, is incorrect. Paragraph "4" of the Complaint states the correct name and

4  relationship between SPS and Fairbanks Capital. SPS used to be known as

5  Fairbanks. In May 2004, Fairbanks Capital Corporation amended its articles of

6  incorporation to change its name to Select Portfolio Servicing, Inc. (See Exhibit

7  "D" attached to the RJN)

8  ## IV.    ANALYSIS

9  ### A.    Legal Standard

10  Federal Rules of Civil Procedure, Rule 12 (b)(6) authorizes this Court to

11  dismiss a pleading for failure to state a claim upon which relief can be granted.

12  Hence, the Court has authority to grant the Motion to Dismiss.

13  ### B.    Barbera's Complaint is Barred by Res Judicata.

14  On July 23, 2004, Barbera filed a complaint against Fairbanks, among other

15  parties, in the Superior Court of California, County of San Francisco with case

16  number 04433269 ("2004 Action").[5]  On September 3, 2004, the 2004 Action was

17  removed to this Court, before Honorable Saundra Brown Armstrong, with case

18  number C 04-3738 SBA.[6]  On March 7, 2005, this Court granted Fairbanks/SPS's

19  MSJ against Barbera, thereby dismissing Fairbanks/SPS from the 2004 Action.[7]

20  The reasons for granting Fairbanks/SPS's MSJ are fully explained in the

21  Court's 13-page order, a true and correct copy of which is attached as Exhibit "B"

22  to the RJN filed concurrently herewith. In short, this Court determined that

23  Barbera was a class member, and is bound by the nationwide class action

24  settlement and release in *Curry v. Fairbanks*. On December 1, 2003, Alanna L.

25  Curry, filed suit against Fairbanks (presently known as SPS) on behalf of herself

26  and others similarly situated, in the United States District Court for the District of

27

28  [5] A true and correct copy of the Complaint is attached as Exhibit "A" to the RJN, filed concurrently herewith.
[6] A true and correct copy of the Court docket is attached s Exhibit "F" to the RJN filed concurrently herewith.
[7] See Exhibits B and C attached to the RJN filed concurrently herewith.

1   Massachusetts with case no. 03-10895-DPW ("Curry Class Action").[8]   In the 2004
2   Action, Barbera did not dispute that she was a member of the Curry Class Action,
3   but she claimed hat she was not bound by the prior judgment or release because
4   she did not receive actual notice of the settlement.  This Court however determined
5   that Barbera had notice of the Curry settlement and release.[9]

6       After this Court's order of March 2005 on SPS's MSJ, Barbera tried to file a
7   first, and then a second, amended complaint, along with a motion for leave to
8   amend, both containing more allegations against Fairbanks - such as the Consumer
9   Legal Remedies Act, RESPA and Debt Collection Practices Act - which claims are
10  also in the current complaint before this Court.  On May 26, 2005, this Court ruled
11  that because the MSJ had already been granted, and because Barbera failed to
12  show any facts to prove the wrongdoing occurred after the December 10, 2003
13  *Curry* cutoff date, that leave to amend was futile. [10]   Thus, this Court confirmed its
14  ruling on the MSJ and dismissed all additional allegations made against Fairbanks
15  (presently known as SPS).[11]

16      Dissatisfied with this Court's ruling in the 2004 Action, Barbera once more
17  brings a complaint in the instant action, alleging almost identical claims arising
18  from the same 1997 Loan transaction, and failing to bring to the Court's attention
19  the Curry Class Action and the 2004 Action.  The dates listed in the Complaint
20  range from 1997 through 2001, which are covered by the Curry Settlement.[12]
21  Therefore, Barbera's current Complaint, which appears to be a rehash of the 2004
22  Action is barred by the doctrines of Res Judicata and Release based on both the
23  *Curry* Class Action and the Final Order in the 2004 Action.

24

25  [8] See Exhibit B to the RJN, page 2 for a discussion of the Curry Class Action.
    [9] See RJN, Exhibit B - March 1, 2005 Order Granting MSJ and the discussion regarding Barbera being part of the
26  class on pages 8 – 10.
    [10] For specific references to "Fairbanks" in the May 26, 2005 Final Order, see pages 4 and 8, and Footnote 9, which
27  indicate that Plaintiff's subsequent Complaints asserted that her harm merely continued after the December 10, 2003
    cutoff date instead of alleging that wrongdoing actually occurred after December 10, 2003.  Thus, her harm claims
28  were also barred by the doctrine of release and allowing her to amend the Complaint was pointless.
    [11] See Final Order attached to RJN as Exhibit C.
    [12] See Complaint, Paragraphs 25-35, 43-48.

DEFENDANT SELECT PORTFOLIO SERVICING INC.'S
MOTION TO DISMISS COMPLAINT

**C.      Barbera's TILA, HOEPA and RESPA Claims are Time-Barred.**

Throughout her Complaint, Barbera repeatedly and vaguely alleges violations of TILA, HOEPA and RESPA. These claims however are time-barred on the face of the Complaint as follows, and must be dismissed.

1.      Barbera's TILA claims are Time-Barred.

TILA has two statues of limitations (1) a three-year statute of repose for claims of rescission, and (2) a one-year statute of limitations for money damages, set forth in the following code sections:

> *15 U.S.C. §1635(f)* "**An obligor's right of rescission shall expire three years after the date of consummation of the transaction** or upon the sale of the property, whichever occurs first…"  (emphasis added)

> *15 U.S.C. §1640 (e)* "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation…"

If a lender fails to make the required "material" disclosures, TILA gives an obligor the right to rescind any credit transaction in which a security interest is created in the obligor's home. *15 U.S.C. §1635.* TILA's three-year statute of limitation is a <u>statute of repose</u> which cannot be extended for any reason. A statute of repose is a subspecies of statutes of limitations which creates <u>an absolute bar</u> to a cause of action after a stated period.[13]   A statute of repose is jurisdictional and not subject to equitable tolling by the court.[14]  The three-year statute of limitations for a claim of rescission under TILA is "absolute" and begins at the consummation of the transaction or upon the sale of the property, whichever occurs first.[15]

The one-year statute of limitations for monetary damages under TILA also begins at the consummation of the transaction. The one-year statute of limitations for recovering civil penalties based on defendant's alleged violations of Truth-in-

---

[13] *Webb v. United States*, (4th Cir. 1995) 66 F.3d 691, 699-700.
[14] *Caviness v. Derand Resource Corp.*, (4th Cir. 1993) 983 F.2d 1295, 1300 n. 7.
[15] *King v. State of California* (1986) 784 F.2d 910, 913.

7

1  Lending Act begins to run on date of loan closing, which is date of occurrence of
2  violation.[16]

3      Here, Barbera borrowed $322,500.00 from WMC Mortgage Corp. in June
4  1997. (Complaint ¶ 21) Barbera entered into this loan transaction more than ten
5  years before filing the instant Complaint. Therefore, Barber's TILA claims are
6  time-barred on the face of the Complaint, and must be dismissed.

7      2.  Barbera's HOEPA Claims are Time-Barred.

8      Likewise, HOEPA is a subset of TILA because it is also within Title 15,
9  chapter 41, subchapter 1, and subject to the same statute of limitations. For that
10 reason, Barber's claims of HOEPA violation are also time-barred on the face of the
11 Complaint, and must be dismissed.

12     3.  Barbera's RESPA Claims are Time-Barred.

13     Similarly, RESPA has two statutes of limitations, a one-year statute of
14 limitations for violations of sections 2607 and 2608, and a three-year statute of
15 limitations for violations of sections 2605. *12 U.S.C. § 2614 Therefore*, Barbera's
16 RESPA claims are time-barred on the face of the Complaint, and must be
17 dismissed.

18 **D.  Barbera's First Cause of Action for Request for Specific Performance is**
19 **Time-Barred.**

20     Although vaguely pleaded, the specific performance seeks "rescission"
21 under TILA. (Complaint ¶ 14). Barbera's TILA claims, as well as HOEPA claims
22 are time-barred as fully explained in section "C" above. This claim must be
23 dismissed.

24 **E.  Barbera's Second Cause of Action for Quiet Title Fails to State a Claim.**
25     SPS is merely a loan servicer (Complaint ¶ 4) and as such, holds no title
26 claim to the Property. Therefore, this claim fails to state a cause of action against
27 SPS, and must be dismissed.

28
---
[16] *Morris v. Lomas and Nettleton Co.*, D.Kan. (1989) 708 F.Supp. 1198.

1  **F.    Barbera's Third Cause of Action for Slander of Title Fails to State a**
2  **Claim.**

3      Slander of Title is a false and unprivileged disparagement, oral or written, of
4  the title to real or personal property, resulting in actual pecuniary damage.[17]  The
5  elements of Slander of Title are (1) publication; (2) falsity; (3) absence of
6  privilege; (4) and disparagement of another's land which is relied upon by a third
7  party and which results in pecuniary loss.[18]  Slander of Title has a three-year
8  statute of limitations.[19]

9      Barbera bases this claim on an alleged erroneous accounting. (Complaint p.
10  7, ll. 17-20) Barbera however, fails to allege a "publication" meaning a statement
11  which was seen or heard by a third party (someone other than Barbera"), the
12  "falsity" of such statement, the third party's reliance on such statement, and
13  resultant pecuniary loss. Barbera fails to adequately plead a Slander of Title claim,
14  therefore, this claim must be dismissed.

15  **G.    Barbera's Fifth Cause of Action for Conspiracy Fails to State a Claim.**

16      A civil conspiracy claim is subject to the statute of limitations governing the
17  action that is the object of the conspiracy.[20]  Conspiracy is not a cause of action,
18  but a legal doctrine that imposes liability on persons who, although not actually
19  committing a tort themselves, share with the immediate tortfeasors a common plan
20  or design in its perpetration.[21]  The elements of a civil conspiracy are (1) the
21  formation and operation of the conspiracy, (2) the wrongful acts done pursuant
22  thereto, and (3) the damage resulting.[22]  Liability as a co-conspirator depends upon
23  projected joint action. The mere knowledge, acquiescence, or approval of the act,
24  without co-operation or agreement to cooperate is not enough.[23]

25

26  [17] *Gudger v. Manton* (1943) 21 C.2d 537, 541, 134 P.2d 217
    [18] *Summary of California Law*, (2005), B.E. Witkin, 10th Ed., § 642.
27  [19]  *California Code of Civil Procedure* §338 (g)
    [20] *Maheu v. CBS, Inc.* (1988) 201 CA3d 662, 673.
28  [21] *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 510-511.
    [22] *Mosier v. Southern California Physicians Insurance Exch*ange (1998) 63 Cal.App. 4th 1022, 1048.
    [23] *Wetherton v. Growers Farm Labor Assn.* (1969) 275 Cal.App.2d 168, 176.

9

1   Barbera bases this claim on violations of RESPA which allegedly occurred
2   in 1998, (Complaint ¶¶ 24, 25) 1999, (Complaint ¶¶ 26, 28, 29, 30) and 2000
3   (Complaint ¶¶ 31, 32, 33, 34). Because RESPA has a one-year and a three-year
4   statute of limitations as fully explained in section "C" above, the RESPA claim, as
5   well as the conspiracy claim based thereon are time-barred.

6   In addition to being barred by the statute of limitations and Res Judicata,
7   Barbera fails to adequately plead this claim by failing to plead the formation of a
8   conspiracy between WMC and SPS, SPS's knowledge of the wrongful act, and
9   SPS's joint action and participation in the alleged wrongful act. Therefore, this
10  claim must be dismissed.

11  **H.     Barbera's Sixth Cause of Action for Predatory Lending Fails to State a**
12  **Claim.**

13  California State Predatory Lending statutes, commonly known as "Division
14  1.6," are set forth in *Financial Code* §§ 4970-4979.8. In order to maintain a viable
15  predatory lending claim, Barbera must allege some violation of the *Financial Code*
16  §§4970-4979.8, and further needs to allege that predatory lending laws are
17  applicable to a "loan servicer" such as SPS. Barbera fails to plead either
18  requirement.

19  Under the same cause of action, Barbera also briefly references violation of
20  Business and Professions code §17200. The California unfair competition statute
21  establishes three varieties of unfair competition, i.e., acts or practices which are
22  unlawful, or unfair, or fraudulent.[24] In order to plead this claim, Barbera must
23  allege some act that constitutes unlawful, unfair or fraudulent business practice.
24  Barbera fails to plead any wrongful, unfair or fraudulent act on behalf of SPS.
25  Hence, this claim must be dismissed.

26
27
28

---

[24] *Lippitt v. Raymond James Financial Services, Inc.*, C.A.9 (Cal.) 2003, 340 F.3d 1033, as amended, on remand 2003 WL 25292444.

10

DEFENDANT SELECT PORTFOLIO SERVICING INC.'S
MOTION TO DISMISS COMPLAINT

**I.    Barbera's Seventh Cause of Action for Misrepresentation and Inducement Based on Violation of CLRA is Time-Barred.**

Barbera bases this claim on the violation of Consumer Legal Remedies Act ("CLRA"). This claim is entirely void of any factual allegations and any dates, however, similar to the rest of the Complaint, this claim appears to arise from Barbera's mortgage Loan transaction, which was consummated in 1997. CLRA has a three-year statute of limitation set forth in Civil Code §1783 as follows: "Any action brought under the specific provisions of Section 1770 shall be commenced not more than three years from the date of the commission of such method, act, or practice." Barbera filed this action over ten years after obtaining her mortgage Loan, thus, this claim is time-barred, and must be dismissed.

**J.    Barbera's Eight Cause of Action for Harassment and Malicious Abuse of Judicial Process Fails to State a Claim.**

This claims is based on events that occurred in the years 2000, (Complaint ¶¶ 43, 44, 45) and 2001 (Complaint ¶¶ 46, 48), therefore, these claims are barred by Res Judicata as fully explained in Section "B" above. Additionally, Plaintiff references violation of TILA in the heading for this claim. As fully explained in Section "C" above, TILA claims are time-barred. This claim must be dismissed.

**K.    The Ninth Cause of Action for RESPA and Fair Debt Collection Practices Act is time-barred.**

Barbera only references one date for this claim, which is June 1997 (Complaint ¶ 50). As fully explained in Section "C" above, RESPA has a three-year statute of limitations for violation of §2605. Barbera's alleged violation dates back to 1997, hence, her RESPA claim is time-barred. Likewise, claims for violation of the Fair Debt Collection Practices Act ("FDCPA") must be brought "within one year from the date on which the violation occurs." 15 U.S.C. §1692k(d). Because the date given for this claim is 1997, Barbera's FDCPA claim is also time-barred.

1    Moreover, this claim references Exhibit "7," when there is no exhibit "7"
2  attached to the Complaint. Only four pages are attached to the Complaint, none of
3  which is marked with a number. This claim must be dismissed.

4  **L.    The Eleventh Cause of Action for Usury and Unjust Enrichment Is**
5  **Time-Barred and Fail to State a Claim.**

6    Barbera bases this claim on the mortgage Loan that she obtained in 1997
7  (Complaint ¶ 59). A usury claim is subject to the catch-all four-year statute of
8  limitations listed in California Code of Civil Procedure § 343. Because Barbera
9  filed this action over 10 years after she obtained the subject Loan, this claim is
10  time-barred.

11    Additionally, in 1934, former Article XX of the California Constitution was
12  amended to add section 22, limiting the maximum rate to 10%, but exempting
13  nearly all institutions in the business of lending money, such as building and loan
14  associations, industrial loan companies, credit unions, and banks. [25] Barbera
15  alleges that the interest rate charged for the WMC loan is usurious, and that WMC
16  was not a commercial lender as that term is used in the California constitution.
17  (Complaint ¶ 59).

18    Even assuming for the sake of a Motion to Dismiss that WMC is not
19  exempted from the Constitutional provision, Barbera fails to state a claim with
20  respect to SPS. SPS is not a lender, but is a loan servicer (Complaint ¶ 4). As
21  such, SPS has not issued a loan to Barbera, therefore, this claim is improperly
22  pleaded. And, although Barbera references Unjust Enrichment in the heading of
23  this cause of action, she fails to allege any Unjust Enrichment whatsoever. This
24  claim must be dismissed.

25  ///
26  ///
27
28

---

[25] Summary of California Law, Witkin (10th Ed. 2005) Volume I, Contracts, § 456, p. 499.

12

**M.    The Twelfth Cause of Action for Fraudulent Accounting Fails to State a Claim.**

Barbera bases this claim on a violation of RESPA, without stating any date whatsoever for this claim. Because Barbera's other claims arise form the 1997 Loan transaction, it appears that this claim also arises from the subject Loan transaction, and therefore is time-barred by RESPA's statute of limitations, as fully explained in section "C" above.

Additionally, this cause of action fails to state a claim. An accounting cause of action is equitable in nature and may be brought (1) where a fiduciary relationship exists between the parties, or (2) where, though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable.[26] Here, there is no fiduciary relationship between the loan servicer, SPS and Plaintiff, and none has been alleged. Barbera does not allege her thirteenth cause of action for "Breach of Fiduciary Duty" against SPS. And, Barbera fails to allege that the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable.

Regarding the accounting being "fraudulent," any fraud claim must be pleaded in accordance with F.R.C.P. Rule 9(b), which requires that in all averments of fraud, the circumstances constituting fraud shall be stated with particularity. The Ninth Circuit has interpreted this standard to mean that fraud must be pled "with a high degree of meticulousness."[27] Per F.R.C.P. Rule 9 (b), Barbera must allege the "who, what, when, where, and how" of the misconduct charged.[28] Barbera must "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in the scheme."[29]

---

[26] See Witkin, *California Procedure*, 4th Ed. Pleading, §§ 775,776, p 233 (1997) citing from *Civic Western Corp. v. Zila Industries* (1977) 66 C.A.3d 1, 14, 135 C.R. 915.
[27] *Desaigoudar v. Meyercord* (9th Cir. 2000) 223 F.3d 1020, 1022.
[28] *Vess v. Ciba-Ciegy Corp.*, 317 F.3d at 1106 (citation omitted).
[29] *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, (9th Cir. 1991) 940 F.2d 397, 405.

13

1    Here, Barbera's allegations for this claim consist of three paragraphs,
2    (Complaint ¶¶ 62, 63, 64) where Barbera only passingly references "payment
3    history, corporate advance activity, escrow advance activity, unapplied funds,
4    broker price opinion, mis-application reversal and a payoff notice." To make
5    matters worse, Barbers refers to Exhibit "8," when only four pages are attached to
6    the Complaint, none of which is numbered. Barbera is required to "set forth, as
7    part of the circumstance constituting fraud, an explanation as to why the disputed
8    statement was untrue or misleading when made."[30] Nowhere does Barbera allege
9    the specific content of each of the various alleged misrepresentations, who made it,
10   when, where or how it was made.[31] For these reasons, this claim must be
11   dismissed.

12   **N.     The Fourteenth Cause of Action for Negligent Emotional Distress Fails**
13   **to State a Claim.**

14   The California Supreme Court has allowed plaintiffs to bring negligent
15   infliction of emotional distress actions as direct victims in only three types of
16   situations: (1) the negligent mishandling of corpses,[32] (2) the negligent
17   misdiagnosis of a disease that could potentially harm another,[33] and (3) the
18   negligent breach of a duty arising out of a preexisting relationship.[34]

19   Negligent infliction of emotional distress is not an independent tort but the
20   tort of negligence, and the elements of duty, breach, causation and damages
21   apply.[35] To plead this claim against SPS, Barbera must allege (a) that SPS was
22   negligent, (b) that Barbera suffered serious emotional distress, and (c) that SPS's
23   negligence was a substantial factor in causing Barbera's emotional distress.[36]

24

25

26   [30] *In re GlenFed, Inc.* Sec. Litig., (9th Cir. 1994) 42 F.3d 1541, 1548-49.
     [31] *Arroyo v. Wheat* (D. Nev. 1984) 591 F.Supp. 136, 139.
27   [32] *Christensen v. Superior Court* (1991) 54 Cal.3d 868, 879.
     [33] *Molein v. Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 923.
28   [34] *Burgess v. Superior Court* (1992) 2 Cal.4[th] 1064, 1076.
     [35] *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.* (1989) 48 Cal.3d 583, 588.
     [36] Judicial Council of California, Civil Jury Instructions, (West 2008) CACI § 1620.

14

DEFENDANT SELECT PORTFOLIO SERVICING INC.'S
MOTION TO DISMISS COMPLAINT

1      Here, Barbera fails to allege that she is a direct victim of one of the three

2 types of situations where this claim applies, and further fails to allege the required

3 elements of this claim. This claim must be dismissed.

4 **O.    The Fifteenth Cause of Action for Unclean Hands Doctrine Fails to**

5 **State a Claim.**

6      Unclean hands is not a cause of action, but it is an affirmative defense.[37]

7 Accordingly, this cause of action fails to state a claim, and must be dismissed.

8 **V.    CONCLUSION**

9      For the reasons set forth above, SPS respectfully request that the Complaint

10 be dismissed.

11

12                          Respectfully submitted,

13                          WRIGHT, FINLAY & ZAK, LLP

14

15 Dated: June 17, 2008      By:   */Robin Prema Wright, Esq.*

16                          Robin Prema Wright, Esq.,

                         Kathy Shakibi, Esq.,

17                          Attorneys for Defendants,

18                          SELECT PORTFOLIO SERVICING, INC.

                         Fka FAIRBANKS CAPITAL CORP.

19                          erroneously sued herein as two separate

20                          entities SELECT PORTFOLIO

21                          SERVICING CORP. and FAIRBANKS

                         HOLDING CORP.

22

23

24

25

26

27

28 [37] *Crosstalk Productions, Inc. v. Jacobson* (1998) 65 CA4th 631, 635.

WRIGHT, FINLAY & ZAK, LLP
Robin Prema Wright, Esq., SBN 150984
Kathy Shakibi, Esq., SBN 237182
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660 *(Barbera/Pleading/RJN MTD)*
Tel: (949) 477-5050; Fax: (949) 477-9200
rwright@wrightlegal.net, kshakibi@wrightlegal.net

Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC., fka
FAIRBANKS CAPITAL CORPORATION, erroneously sued herein as
SELECT PORTFOLIO SERVICING CORP., and FAIRBANKS HOLDING
CORP.

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICIA C. BARBERA,<br><br>                    Plaintiff,<br><br>        v.<br><br>WMC MORTGAGE CORPORATION a<br>California Corporation; aka WMC<br>DIRECT, a California Business Entity,<br>GE CONSUMER FINANCE, a unit of<br>General Electric Company; SELECT<br>PORTFOLIO SERVICING CORP., a<br>Utah Corporation, FAIRBANKS<br>HOLDING CORPORATION, Delaware<br>Corporation; and LAND TITLE<br>COMPANY OF MARIN, a California<br>Business Entity; and DOES 1 through<br>100, inclusive.<br><br>                    Defendants. | ) Case No.: 4:08-CV-02677-SBA<br>)<br>) *[Assigned to Hon. Saundra Brown*<br>) *Armstrong]*<br>)<br>) **SELECT PORTFOLIO**<br>) **SERVICING, INC. fka FAIRBANKS**<br>) **CAPITAL CORP.** ***ERRONEOUSLY***<br>) ***SUED HEREIN AS* SELECT**<br>) **PORTFOLIO SERVICING CORP.**<br>) **and  FAIRBANKS HOLDING**<br>) **CORP.'S**<br>) **REQUEST FOR JUDICIAL**<br>) **NOTICE IN SUPPORT OF**<br>) **MOTION TO DISMISS THE**<br>) **COMPLAINT**<br>) **F.R.C.P. RULE 12 B)(6);**<br>)<br>) Date:  July 22, 2008<br>) Time: 1:00 p.m.<br>) Dept.: 3 |

1

Defendant Select Portfolio Servicing, Inc. fka Fairbanks Capital Corporation, *erroneously sued herein as two separate entities* Select Portfolio Servicing Corp., and Fairbanks Holding Corp., by and through its attorneys, hereby requests the Court to take judicial notice pursuant to Federal Rules of Evidence Rule 201 of the following facts:

1.    A complaint filed on July 23, 2004, in the Superior Court of California, County of San Francisco, with Case No.: 04433269, a true and correct copy of which is attached hereto as Exhibit **"A"**.

2.    An Order Granting Motion for Summary Judgment, dated March 1, 2005, in Case No.: C 04-3738 SBA, in the United States District Court for the Northern District of California, a true and correct copy of which is attached hereto as Exhibit **"B"**.

3.    An Order Granting Motion for Entry of Final Judgment, dated May 26, 2005, in Case No.: C 04-3738 SBA, in the United States District Court for the Northern District of California, a true and correct copy of the said Order is attached herewith as Exhibit **"C"**.

4.    Amendment - Articles of Amendment to the Amended Articles of Incorporation of Fairbanks Capital Corporation, dated May 18, 2004, and filed with the State of Utah, Department of Commerce Division of Corporation and Commercial Code on May 19, 2004, a true and correct copy of which is attached hereto as Exhibit **"D"**.

5.    Settlement Agreement and Release in the case of *Curry v. Fairbanks Capital Corporation*, in the U.S. District Court for the District of Massachusetts, Case no. 03-10895-DPW, a true and correct copy of which is attached hereto as Exhibit "**E**."

///

///

///

2

6.    The Civil Docket for case no. 4:04-cv-03738-SBA, in the U.S. District Court of California, Northern District, (Oakland), a true and correct copy of which is attached hereto as Exhibit "**F.**"

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: June 17, 2008       By:    *s/ Robin Prema Wright, Esq.*
                                   Robin P. Wright, Esq.,
                                   Kathy Shakibi, Esq.,
                                   Attorneys for Defendants
                                   SELECT PORTFOLIO SERVICING, INC.
                                   Fka FAIRBANKS CAPITAL CORP.
                                   erroneously sued herein as two separate
                                   entities SELECT PORTFOLIO
                                   SERVICING CORP. and FAIRBANKS
                                   HOLDING CORP.

3

EXHIBIT "A"

ORIGINAL



F I L E D
San Francisco County Superior Court

JUL 2 3. 2004

GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

PLAN I DEC 2 3 2004 9:00 AM

DEPARTMENT 212

1  JOHN G. WARNER (CA State Bar No. 046123)
2  Law Office of John G. Warner
   21 Tamal Vista Blvd., Suite 196
3  Corte Madera, CA 94925
   Telephone: (415) 924-2640
4  Facsimile: (415) 927-0608
   Email:  warnerwest@aol.com
5  Attorney for Plaintiff
6  Patricia C. Barbera

7              SUPERIOR COURT OF CALIFORNIA  **SUMMONS ISSUED**

8                  COUNTY OF SAN FRANCISCO

9                  UNLIMITED CIVIL DIVISION

10                     CLASS ACTION

11   Patricia C. Barbera,

12

13          Plaintiff,

14            vs.

15   WMC Mortgage Corp., a
     California Corporation; WMC
16   Finance Co.; Apollo Management
     L.P.; WMCDirect; GE Consumer
17   Finance, a unit of General
     Electric Company; Fairbanks
18   Capital Corp., a Utah
     Corporation; Fairbanks Capital
19   Holding Corp., a Delaware
     Corporation; California Land
20   Title Company of Marin, a
     California business entity;
21   Does 1 through 100, inclusive,

22          Defendants.

23

Case No.  CGC 04 433269

COMPLAINT TO BAR PREDATORY
LENDING AND OTHER UNFAIR BUSINESS
PRACTICES; FOR REMEDIES UNDER
CALIFORNIA CONSUMERS LEGAL
REMEDIES ACT AND VARIOUS FEDERAL
HOME LOAN PROTECTION STATUTES;
MONETARY DAMAGES FOR FRAUD, FOR
BREACH OF CONTRACT, ELDER ABUSE,
AND USURY; AND FOR RESCISSION OF
HOME LOAN MORTGAGE

CLASS ACTION

Demand for Jury Trial

Type of Case:
        Unfair Business Practice

24                     INTRODUCTION

25       1. Plaintiff Patricia Barbera brings this action on behalf

26   of herself, and separately on behalf of affected members of the

27   general public, to challenge the unjust, unlawful, unfair and

28   fraudulent business practices of defendants in the manner in

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 1

1  which they handle mortgage loans on residential property in
2  California, as is more fully alleged herein.  Plaintiff seeks
3  compensatory damages, punitive damages, statutory penalties,
4  rescission, restitution, disgorgement of profits, attorney's
5  fees, and costs.  In support thereof, plaintiff hereby complains
6  and alleges as follows:

7

8                              PARTIES

9      2. Plaintiff Patricia C. Barbera ("plaintiff") is a 73-year
10  old individual residing at all material times in the County of
11  Marin, California.

12      3. At all material times, defendant WMC Mortgage Corp.
13  ("WMC"), formerly known as WMC Finance Co., was and is an entity
14  formed by Apollo Management L.P. and an individual named Leon
15  Black and others who acquired Weyerhaeuser Mortgage Company and
16  Weyerhaeuser Insurance Services.  WMC is a California corporation
17  with its corporate headquarters in Woodland Hills, California.
18  It operates throughout California making loans on residential
19  property and also acting as the administrator for those loans.
20  WMC also operates defendant WMCDirect, WMC's online nationwide
21  business services website for mortgage brokers.  WMC claims that
22  "since its launch, in June 1999, online loan submissions have
23  totaled more than $31 billion."

24      4. On June 14, 2004, defendant GE Consumer Finance Co., the
25  consumer lending unit of the General Electric Company (NYSE: GE)
26  purchased defendant WMC Finance Co., including defendants WMC and
27  WMCDirect, from affiliates of defendant Apollo Management L.P.
28      5. At all material times, defendant Fairbanks Capital Corp.

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 2

6

1   was and is a Utah corporation that acted on behalf of WMC as the
2   servicer of WMC's loans including WMC's loan to plaintiff.

3       6. At all material times, defendant Fairbanks Capital
4   Holding Corp. was and is a Delaware corporation which fully owns
5   and controls as a subsidiary defendant Fairbanks Capital Corp.

6       7. At all material times, defendant California Land Company
7   of Marin was and is a title company with its principal business
8   office in Marin County, California.

9       8. Plaintiff is ignorant of the true names and capacities of
10  defendants sued herein as Does 1 through 100, and therefore
11  plaintiff sues these defendants by such fictitious names.
12  Plaintiff is informed and believes and thereon alleges that each
13  of the fictitiously named defendants, including any such
14  defendants that may be the agents, representatives, or parent or
15  subsidiary corporations of the named defendants, is responsible
16  in some manner for the occurrences, events, transactions, and
17  damages alleged herein, and that plaintiff's damages as
18  hereinafter set forth were proximately caused by the Doe
19  defendants.  Plaintiff will amend her complaint to state the true
20  names and capacities of the Doe defendants when they have been
21  ascertained.

22      9. Plaintiff is informed and believes and thereon alleges
23  that each of the defendants, including the Doe defendants, acted
24  in concert with each and every other defendant, and intended to
25  and did participate in the events, acts, practices and courses of
26  conduct alleged herein, and each was a proximate cause of the
27  damages and statutory violations alleged herein.  At all times
28  herein mentioned, each defendant was the agent or employee of

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 3

1  each of the other defendants and was acting within the course and
2  scope of such agency or employment.

3      10. Plaintiff did not discover her causes of action against
4  defendants Fairbanks Capital Corp., Fairbanks Capital Holding
5  Corp., and California Land Title Company until approximately ten
6  months ago when defendant WMC produced documents that plaintiff
7  had been requesting for nearly a year pursuant to written
8  discovery.  These documents show that the Fairbanks defendants
9  subsequently became the servicer for plaintiff's loan and that
10  California Land Title Company of Marin had improperly processed
11  escrow documents required for a loan that plaintiff had obtained
12  from WMC.

13      11. Each of the following causes of action arises from a
14  home loan that WMC made to plaintiff that was intended primarily
15  for personal, family or household use.  This loan was a
16  "federally related mortgage loan" within the meaning of the Real
17  Estate Settlement Procedures Act ("RESPA").

18      12. Plaintiff is informed and believes, and based thereon
19  alleges, that WMC is a major "high cost" residential mortgage
20  lender which has made more than ten billion dollars in
21  residential mortgage loans secured primarily by first mortgage
22  liens on personal residences in the State of California.
23  Plaintiff is further informed and believes, and based thereon
24  alleges, that WMC has been in the business of making residential
25  mortgage loans and home equity loans as a "high-cost" predatory
26  lender for many years, primarily in the State of California.

27

28

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 4

8

1

2                          SUMMARY OF FACTS

3       13. In June, 1997, plaintiff was in a desperate financial

4  situation.  She had pending against her a foreclosure action

5  initiated by another lender with respect to her personal

6  residence at 24 Caribe Isle, Novato, California.  To avoid that

7  foreclosure, plaintiff obtained a loan from WMC in the amount of

8  $322,500 at an annual percentage rate of 12.2573%.

9       14. On June 12, 1997, plaintiff executed loan documents at

10  California Land Title Company of Marin.  During the close of

11  escrow, defendants failed to provide to plaintiff two written

12  notices of plaintiff's right to rescind within three days of

13  closing, and defendants failed to prepare and deliver accurate

14  disclosures that were mandated under what is called TILA (the

15  Truth in Lending Act, 15 U.S.C. sec. 1601. et. seq.) for the

16  close of escrow in a home mortgage transaction.  Plaintiff

17  further alleges in this respect that defendants' failure to

18  provide these right to rescind notices and to prepare and deliver

19  properly required close of escrow documents as required by TILA

20  was and continues to be a pattern of practice routinely carried

21  out by defendants to defraud or to harm home loan borrowers.

22  These practices caused WMC's loan agreement with plaintiff to be

23  void.

24       15. On May 19, 1998, WMC notified plaintiff that it had not

25  received proof of her renewal of the fire insurance policy on

26  plaintiff's home.  Despite plaintiff's numerous telephone calls

27  to WMC and despite verification provided to WMC by plaintiff's

28  insurance company that a copy of the insurance policy had been

1  mailed to WMC, WMC proceeded to force-place a substitute policy
2  from another fire insurance company at plaintiff's expense. On
3  October 13, 1998, plaintiff received a copy of the force-placed
4  policy, which reflected a premium of $2,242, nearly three times
5  the annual premium for plaintiff's own policy of $820, which
6  plaintiff had been regularly paying.

7      16. In January, 1999, after numerous telephone calls to WMC,
8  plaintiff received a letter dated January 19, 1999, advising her
9  that WMC had received recent confirmation of insurance coverage
10  for plaintiff's property and that WMC had canceled both the
11  force-placed insurance and its charge to plaintiff for that
12  policy.

13      17. Unbeknownst to plaintiff and contrary to its
14  representation, WMC failed to cancel the $2,242 charge to
15  plaintiff's account and in fact continued to impose an annual
16  charge on plaintiff's account for this insurance without
17  notifying plaintiff.

18      18. On August 19, 1999, WMC served on plaintiff a ten-day
19  default notice listing amounts alleged due on the mortgage. The
20  amounts set forth in the default notice were false. They
21  exceeded the amounts due under the note by a substantial sum.
22  Using these excessive amounts as a pretext, on November 5, 1999,
23  WMC and its agent Millennium Foreclosure Services, LLC
24  ("Millennium"), served plaintiff with a notice of default, in the
25  amount of $42,114.79.

26      19. On December 4, 1999, plaintiff sent a detailed letter to
27  both WMC and Millennium by facsimile. In her letter, which is
28  "qualified written request" within the meaning of RESPA at

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 6

10

1  subsection (e) of 12 U.S.C. §2605, plaintiff denied that she owed
2  WMC the amount shown in Millennium's notice of default and she
3  renewed her previous oral requests to WMC, starting in June,
4  1999, for an accurate accounting, as WMC's monthly payment coupon
5  sent to plaintiff contained erroneous accounting debits and
6  credits.

7    20. Subsection (e) of 12 U.S.C. §2605 of RESPA requires a
8  loan servicer to acknowledge receipt of a "qualified written
9  request" within 20 days and to respond to such a request within
10 60 days, excluding legal public holidays, Saturdays, and Sundays.

11   21. From June, 1999, until March 1, 2002, WMC violated RESPA
12 by failing to respond to plaintiff's oral requests and also by
13 failing to acknowledge or to respond within the statutory limits
14 to plaintiff's "qualified written requests."  Not only did
15 defendants fail to respond to plaintiff's oral and written
16 requests, they continued to bill plaintiff for improper charges,
17 and they also attempted to carry out a foreclosure sale of
18 plaintiff's home based upon these improper charges.  Plaintiff
19 further alleges that defendants' failure to deliver required
20 right to rescind notices and to prepare and process properly
21 other required close of escrow documents as required by TILA was
22 and continues to be a pattern of practice routinely carried out
23 by defendants to defraud or to harm home loan borrowers.

24   22.  From the inception of this loan in June 1997 until
25 December 2003, WMC failed to produce documents that plaintiff had
26 been requesting for nearly a year pursuant to written discovery.
27 When they were finally produced, these documents showed that the
28 Fairbanks defendants subsequently became the servicer for

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 7

1  plaintiff's loan.  Unbeknownst to plaintiff, WMC failed to
2  disclose that this loan servicing had been transferred to the
3  Fairbanks defendants.

4      23.  On February 11, 2000 plaintiff received from Millennium
5  a Notice of Trustee's Sale recorded on February 7, 2000, citing a
6  sale date of March 2, 2000.  The sale amount listed in the Notice
7  was $372,316.39.

8      24. On February 27, 2000, plaintiff sent via facsimile to
9  WMC a copy of a telegram advising WMC that it had failed to
10 respond to plaintiff's previous letters, had failed to provide an
11 accurate accounting, and had violated various laws and
12 regulations.

13     25. On March 1, 2000, WMC supplied plaintiff with a
14 statement purportedly showing the history of payments on the
15 loan, but this statement was incomprehensible, as were WMC's
16 monthly loan statements.

17     26.  On March 2, 2000, plaintiff notified WMC that she had
18 filed a Chapter 13 bankruptcy petition, and she verified that the
19 foreclosure had been canceled.  On April 11, 2000, in violation
20 of the automatic bankruptcy stay, WMC filed a Notice of Trustee's
21 Sale scheduled for May 10, 2000.

22     27. This mortgage loan transaction with WMC was a consumer
23 credit transaction entered into by plaintiff for personal,
24 household or family purposes.

25     28. Plaintiff is informed and believes, and based thereon
26 alleges that the acts and the conduct of the defendants alleged
27 herein above are a violation of Civil Code § 1770, the Consumers
28 Legal Remedies Act ("CLRA"), including subsections (a)(8), (9),

(2

1   (13), (14), (16) and (19), respectively.

2     29. Plaintiff has suffered substantial economic damage, and

3   other general and special damages, as a result of the herein-

4   mentioned violations of the Consumers Legal Remedies Act, in an

5   amount to be proven at time of trial.

6     30. Plaintiff is informed and believes, and based thereon

7   alleges, that defendants continue to engage in the above-

8   described deceptive practices, and that unless they be enjoined

9   from doing so by this court they will continue to do so, all to

10   the damage of its customers who will enter into home loan

11   mortgage transactions with the defendants.

12     31. The aforementioned violations of the Civil Code by

13   defendants were willful, despicable, cruel unjust, malicious,

14   fraudulent or oppressive, or were committed in conscious

15   disregard of the consequences to the plaintiff and other

16   consumers, thereby entitling plaintiff to punitive damages

17   pursuant to Civil Code §3294 and other California and federal

18   statutes.

19

20                  FIRST CAUSE OF ACTION

21             (Unlawful predatory lending practices)

22     32. Plaintiff realleges and incorporates herein by reference

23   the allegations set forth in Paragraphs 1 through 31 above as if

24   fully alleged herein.

25     33. Defendant WMC has consistently engaged in what is called

26   predatory lending practices, that is, it prays upon borrowers who

27   have poor credit history or who have limited financial resources

28   or who are elderly.  In doing so, WMC takes advantage of these

13

1   vulnerable borrowers by demanding that such borrowers, including,
2   for example, plaintiff, pay excessively high interest rates and
3   other excessive or unnecessary lending charges which are not
4   warranted by the particular circumstances of such borrowers.  In
5   addition, defendant WMC engaged in pervasive and egregious
6   account practices, which, combined with its failure to respond to
7   "qualified written requests," enabled WMC to act within impunity
8   on a scale heretofore not recognized in California lending
9   practices.

10       34. These predatory lending practices are consistently
11  followed by WMC and constitute an unfair business practice under
12  what is called §17200 of the California Business & Professions
13  Code.

14       35. Wherefore, plaintiff, on behalf of herself and also on
15  behalf of the people of the State of California, seeks whatever
16  appropriate remedies would be available under §17200, including
17  without limitation statutory penalties, restitution, disgorgement
18  of profits, injunctive relief, and attorney's fees, and to bar
19  WMC from conducting business in the California home loan market.

20

21                      SECOND CAUSE OF ACTION
22                      (Consumer Legal Remedies Act)

23       36. Plaintiff realleges and incorporates herein by reference
24  the allegations set forth in Paragraphs 1 through 35 above as if
25  fully alleged herein.

26       37. Plaintiff is informed and believes, and thereon alleges,
27  that the acts and conduct of WMC as alleged in this complaint
28  violate various provisions of what is called the California

14

1   Consumers Legal Remedies Act, which is set forth in Civil Code
2   §1750, et. seq.

3       38. As a proximate result of said violations, plaintiff has
4   suffered substantial economic damages and other general and
5   special damages in an amount to be proven at time of trial.

6       39. Wherefore, plaintiff seeks whatever appropriate remedies
7   would be available under §1750, including without limitation
8   damages, statutory penalties, restitution, injunctive relief, and
9   attorney's fees.

10

11                        THIRD CAUSE OF ACTION

12                        (Truth in Lending Act)

13      40. Plaintiff realleges and incorporates herein by reference
14   the allegations set forth in Paragraphs 1 through 39 above as if
15   fully alleged herein.

16      41. Plaintiff is informed and believes, and thereon alleges,
17   that the acts and conduct of defendants as alleged in this
18   complaint violate various provisions of what is called the Truth
19   in Lending Act, 15 U.S.C. §1601 et. seq. ("TILA"), Regulation Z,
20   and what is called the Home Ownership and Equity Protection Act,
21   15 U.S.C §1639 ("HOEPA").

22      42. These violations include, without limitation, the
23   failure to provide to plaintiff the mandated written three-day
24   right to cancel notice prior to the presumed consummation date of
25   June 11, 1997. In addition, they failed to provide accurate
26   disclosures, as mandated by these statutes.

27      43. As a proximate result of said TILA, Regulation Z, and
28   HOEPA violations, plaintiff has suffered substantial economic

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 11

15

1 | damages and other general and special damages in an amount to be
2 | proven at time of trial, and she is entitled to rescission of her
3 | loan transaction with WMC.

4 |     44. Wherefore, plaintiff seeks damages and whatever other
5 | remedies are available under TILA, Regulation Z, and HOEPA,
6 | including without limitation rescission of her loan transaction
7 | with WMC.

8 |

9 |                   FOURTH CAUSE OF ACTION

10 |              (Real Estate Settlement Procedures Act)

11 |     45. Plaintiff realleges and incorporates herein by reference
12 | the allegations set forth in Paragraphs 1 through 44 above as if
13 | fully alleged herein.

14 |     46. Plaintiff is informed and believes, and thereon alleges,
15 | that the acts and conduct of defendants as alleged in this
16 | complaint violate various provisions of what is called the Real
17 | Estate Settlement Procedures Act, 12 U.S.C. §2601, et. seq.
18 | ("RESPA").

19 |     47. These violations include without limitation kickbacks,
20 | referral fees, unnecessary escrow accounts for taxes and
21 | insurance, improper or inaccurate reporting to credit borrowers,
22 | failure to disclose the transfer of the servicing, failure to
23 | respond to a "qualified written request", failure to "receive
24 | payments from a borrower" and "making the payments of principal
25 | and interest as may be required pursuant to the terms of the
26 | loan" and other home mortgage lending practices that tend to
27 | cause excessive borrowing costs for home loans.

28 |     48.  As a proximate result of said RESPA violations,

16

1  plaintiff has suffered substantial economic damages and other

2  general and special damages in an amount to be proven at time of

3  trial, and she is entitled to rescission of her loan transaction

4  with WMC.

5      49. Wherefore, plaintiff seeks damages and whatever other

6  remedies are available under RESPA.

7

8                        FIFTH CAUSE OF ACTION

9                       (Debt Collection Violations)

10     50.    Plaintiff realleges and incorporates herein by

11  reference the allegations set forth in Paragraphs 1 through 49

12  above as if fully alleged herein.

13     51. Plaintiff is informed and believes, and thereon alleges,

14  that the acts and conduct of defendants as alleged in this

15  complaint violate various provisions of what is called the

16  Federal Fair Debt Collections Practices Act, 15 U.S.C. §1692 et.

17  seq., including, for example, improper or inaccurate reports to

18  credit borrowers.  In addition, it is a violation of Real Estate

19  Settlement Procedures Act, 12 U.S.C. §2605(3)(d), i.e.,

20  protection of credit rating. Servicer may not provide information

21  regarding any overdue payment to any consumer reporting agency.

22     52. As a proximate result of said violations, plaintiff has

23  suffered substantial economic damages and emotional distress and

24  other general and special damages in an amount to be proven at

25  time of trial.

26     53. Wherefore, plaintiff seeks whatever remedies may be

27  available under this federal debt collections statute, including

28  without limitation compensatory damages, statutory damages,

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES – 13

1  statutory penalties and attorney's fees.

2

3                          SIXTH CAUSE OF ACTION

4                              (Lending Fraud)

5       54. Plaintiff realleges and incorporates herein by reference

6  the allegations set forth in Paragraphs 1 through 53 above as if

7  fully alleged herein.

8       55. At the time WMC made to plaintiff the home loan which is

9  the subject of this complaint, WMC made various representations

10 to plaintiff, including without limitation that WMC would service

11 plaintiff's loan honestly and fairly and accurately, using

12 accurate accounting procedures, and would send to plaintiff

13 accurate statements regarding loan payments, loan balances,

14 escrow charges, and other loan charges stated in connection with

15 WMC's loan to plaintiff.

16      56. Said representations were false.  In truth, as part of

17 its predatory lending practices WMC intended to misstate the

18 amounts due under its loan to plaintiff in order to obtain

19 greater compensation under the loan than was permitted either by

20 the loan contract or by the various statutory consumer

21 protections that have been enacted to prevent predatory lending

22 practices.

23      57. Plaintiff relied upon the representations of WMC, as

24 alleged above, and plaintiff's reliance was reasonable in view of

25 the fact that at the time of this loan she was led to believe by

26 WMC that WMC was a highly ethical and honest home loan lender.

27      58. As a proximate result of said lending fraud, plaintiff

28 has suffered substantial economic damages and other general and

1  special damages in an amount to be proven at time of trial, and
2  she is entitled to rescission of her loan transaction with WMC.
3      59.   Wherefore, plaintiff seeks both economic and non-
4  economic damages in such amounts as may be allowed at time of
5  trial.
6
7                    SEVENTH CAUSE OF ACTION
8                      (Breach of Contract)
9      60. Plaintiff realleges and incorporates herein by reference
10  the allegations set forth in Paragraphs 1 through 59 above as if
11  fully alleged herein.
12      61. On or about June 1997, plaintiff entered into a written
13  contract with defendant WMC whereby WMC agreed to loan plaintiff
14  the sum of $322,500 secured by a mortgage recorded against
15  plaintiff's home in Marin County, California.  In that home loan
16  agreement, WMC promised, _inter alia_, that so long as plaintiff
17  timely made monthly payments, plaintiff would have thirty years
18  in which to repay all sums due under the loan.
19      62. WMC breached this home loan agreement by declaring the
20  loan in default, by demanding that plaintiff pay charges that
21  were not due under the loan, and by attempting to exercise
22  foreclosure rights given to WMC in the mortgage securing loan,
23  even though WMC did not have the right to exercise such
24  foreclosure rights.
25      63. As a proximate result of WMC's breach of this home loan
26  agreement as alleged above, plaintiff has sustained compensatory
27  damages in an amount to be determined at time of trial,
28  including, without limitation, damages she sustained when she was

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 15

19

1    forced to seek bankruptcy court protection.

2        64. Wherefore, plaintiff seeks compensatory damages in such

3    amounts as may be allowed by the court at time of trial.

4

5                            EIGHTH CAUSE OF ACTION

6                               (Elder Abuse)

7        65. Plaintiff realleges and incorporates herein by reference

8    the allegations set forth in Paragraphs 1 through 59 above as if

9    fully alleged herein.

10       66. The acts and practices of defendants as alleged in this

11   complaint constitutes what is called under California law elder

12   abuse as that term is used in Welfare & Institutions Code §15600

13   et. seq.

14       67. Elder abuse occurred in the present case because

15   plaintiff is a person 65 years of age or older residing in

16   California; defendants engaged in conduct which resulted in

17   plaintiff being subjected to financial abuse; and as a proximate

18   result of the conduct of defendants, plaintiff sustained injury,

19   damage, loss or harm to plaintiff's home in Marin County,

20   California.

21       68. Wherefore, as a proximate result of said elder abuse,

22   plaintiff seeks economic and non-economic damages in such amounts

23   as such may be allowed at time of trial.

24

25                            NINTH CAUSE OF ACTION

26                              (Usury Damages)

27       69. Plaintiff realleges and incorporates herein by reference

28   the allegations set forth in Paragraphs 1 through 68 above as if

20

1  fully alleged herein.

2      70. The interest rate charged by defendants for the WMC loan

3  which is the subject of this complaint was usurious as that term

4  is defined and applied by the California Constitution.

5      71. Wherefore, plaintiff is entitled to such damages as the

6  usury laws of California may allow.

7

8                    **TENTH CAUSE OF ACTION**

9                         (Rescission)

10     72. Plaintiff realleges and incorporates herein by reference

11  the allegations set forth in Paragraphs 1 through 71 above as if

12  fully alleged herein.

13     73. At the time defendant WMC made to plaintiff the home

14  loan which is the subject of this complaint, defendant WMC made

15  various representations to plaintiff, including without

16  limitation that defendant WMC would service plaintiff's loan

17  honestly and fairly and accurately, using accurate accounting

18  procedures, and would send to plaintiff accurate statements

19  regarding loan payments, loan balances, escrow charges, and other

20  loan charges stated in connection with defendant WMC's loan to

21  plaintiff.

22     74. Said representations were false.  In truth, as part of

23  its predatory lending practices defendant WMC intended to

24  misstate the amounts due under its loan to plaintiff in order to

25  obtain greater compensation under the loan than was permitted

26  either by the loan contract or by the various statutory consumer

27  protections that have been enacted to prevent predatory lending

28  practices.

1    75. Plaintiff relied upon the representations of defendant
2    WMC, as alleged above, and plaintiff's reliance was reasonable in
3    view of the fact that at the time of this loan she was led to
4    believe by defendant WMC that WMC was a highly ethical and honest
5    home loan lender.

6    76. As a proximate result of said misrepresentations,
7    plaintiff has suffered substantial economic damages and emotional
8    distress and other general and special damages in an amount to be
9    proven at time of trial.

10    77.   Wherefore, plaintiff seeks rescission of her loan
11    transaction with WMC Mortgage, including without limitation
12    cancellation of the loan and the rescission of the loan contract
13    and rescission of any other documents related to or made a part
14    of the loan contract, and she also seeks restitution of all
15    monies she has paid to WMC which under California or federal law
16    WMC was not entitled to receive.

17
18                            PUNITIVE DAMAGES
19    78. Plaintiff realleges and incorporates herein by reference
20    the allegations set forth in paragraphs 1 through 70 above as if
21    fully alleged herein.

22    79.   As a proximate result of the statutory violations and
23    the fraud and the usury violations and the elder abuse alleged in
24    this complaint, plaintiff is entitled to an award of punitive
25    damages pursuant to the provisions of Civil Code §3294.

26
27                               PRAYER
28    a. Plaintiff seeks both economic and non-economic

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 18

1  compensatory damages to the extent allowed by any of the causes
2  of action alleged in this complaint.

3      b. Plaintiff seeks statutory penalties to the extent allowed
4  by any of the causes of action alleged in this complaint.

5      c. Plaintiff seeks rescission and restitution and
6  disgorgement to the extent allowed by any of the causes of action
7  alleged in this complaint.

8      d. Plaintiff seeks elder abuse and usury damages to the
9  extent allowed by any of the causes of action alleged in this
10 complaint.

11     e. Plaintiff seeks punitive damages to the extent allowed by
12 any of the causes of action alleged in this complaint.

13     f. Plaintiff seeks attorney's fees to the extent allowed by
14 any of the causes of action alleged in this complaint.

15     g. Plaintiff seeks costs of suit to the extent allowed by
16 any of the causes of action alleged in this complaint.

17     h. Plaintiff seeks such other and further relief that the
18 court may allow.

19

20

21
   July 22, 2004
22                                     John G. Warner
23                                     Attorney for Plaintiff
                                       Patricia C. Barbera
24

25

26

27

28

COMPLAINT TO BAR PREDATORY LENDING AND OTHER UNFAIR BUSINESS PRACTICES - 19

# EXHIBIT "B"

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  PATRICIA BARBERA,                              No. C 04-3738 SBA

11                     Plaintiff,                  **ORDER**

12      v.

13  WMC MORTGAGE CORP., et al.,

14                     Defendants.

15      This matter comes before the Court on Defendants Fairbanks Capital Corporation and Fairbanks

16  Capital Holding Corporation's (collectively "Fairbanks") Motion for Summary Judgment.

17  Having read and considered the arguments presented by the parties in their moving papers, the Court finds

18  this matter appropriate for disposition without a hearing. The Court HEREBY GRANTS Fairbanks'

19  Motion for Summary Judgment.[1]

20                          **BACKGROUND**

21      Fairbanks serviced plaintiff Barbera's ("Plaintiff") residential mortgage loan. *Motion for Summary*

22  *Judgment* ("*SJ Mot.*"), 1. Plaintiff filed the instant lawsuit alleging improper and illegal conduct by

23  Fairbanks and several other parties in the "manner in which they handle mortgage loans on residential

24  property in California." *Complaint* ("*Compl.*"), ¶ 1. Fairbanks claims that Plaintiff's suit is barred under

25  the principles of res judicata and release because Plaintiff was a member of a nationwide class action, which

26

27      [1]On January 10, 2005, WMC Mortgage Corporation ("WMC") filed a notice of joinder in

28  Fairbanks' Motion for Summary Judgment. Because Plaintiff opposes WMC's joinder to the summary
    judgment motion in its Opposition Brief, this Court addresses the issue separately below.

1  challenged the same conduct, and was subsequently settled. Plaintiff does not dispute that she was a

2  member of the prior class action against Fairbanks, which involved identical claims, and ended in a final

3  judgment on the merits. Instead, Plaintiff claims she is not bound by the prior judgment or release because

4  she did not receive actual notice of the settlement. *Opposition* ("*Opp.*"), 2.

5  **I.       The *Curry* Class Action**

6        On December 1, 2003, Alanna L. Curry, on behalf of herself individually and all others similarly

7  situated, filed an amended complaint against Fairbanks in the United States District Court for the District of

8  Massachusetts. *No. 03-10895-DPW (D. Mass.); Fairbanks' Request for Judicial Notice*[2], Exh. B (the

9  "*Curry Complaint*"). The Curry Complaint alleged that Fairbanks engaged in unlawful and unfair business

10  practices in a variety of residential loan servicing areas. *Id.* Specifically, the Curry Complaint alleged that

11  Fairbanks: 1) failed to respond to customer inquiries; 2) did not post customer payments in a timely

12  manner; 3) collected improper fees and charges; 4) force-placed hazard insurance when such insurance

13  was not required; 5) prematurely considered customers to be in default; and 6) conducted wrongful

14  foreclosures. *Id.; SJ Motion*, 1-2. The parties reached a resolution, and on December 10, 2003, the

15  Massachusetts district court granted preliminary approval of the settlement. *Fairbanks' Request for*

16  *Judicial Notice*, Exh. C (the "Preliminary Order").

17        **A.       The Preliminary Order**

18               1. The Preliminary Class Definition

19        The *Curry* court preliminarily certified the following class, which is identical to the final certified

20  class:

21        [A]ll persons, other than [those who validly opted-out], whose loans were serviced by
        Fairbanks [from January 1, 1999 through December 10, 2003], and:
22               (a) whose loans were (I) in Default or treated as being in Default by Fairbanks and (A)
               who incurred or were assessed late fees and/or Default-Related fees . . . or (B) who were
23               affected by Default-Related conduct; . . . or
               (b) who otherwise were affected, or whose loans were otherwise affected, by one of the
24               Covered Practices.

25

26        [2] The Court hereby grants Fairbanks' request, dated January 10, 2005, that the Court take judicial
        notice of several documents filed in the *Curry v. Fairbanks Capital Corp.* case, No. 03-10895-DPW
27        (D. Mass.). Pursuant to Federal Rule of Evidence 201, these documents are not subject to reasonable
        dispute in that they are "capable of accurate and ready determination by resort to sources whose accuracy
28        cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

2

United States District Court
For the Northern District of California

1

2  *Fairbanks' Request for Judicial Notice*, Exh. C, ¶ 4. "Assessment of excess or improper force-placed

3  hazard insurance premiums" was specifically listed as one of the Covered Practices. *Fairbanks' Request*

4  *for Judicial Notice*, Exh. A, p. 8. Fairbanks began servicing Plaintiff's residential loan on July 1, 2000.[3]

5  *Tolman Declaration* ("*Tolman Decl.*"), ¶ 3. Plaintiff did not opt out of the *Curry* class prior to the entry

6  of judgment. *Fairbanks' Request for Judicial Notice*, Exh. E. Plaintiff is therefore a valid member of the

7  Curry class, a point which she does not contest.

8            2. The Preliminary Order's Notice Requirement

9            Per the Preliminary Order, the court required the parties to send notice of the preliminary approval

10  to all *Curry* class members, via first class mail and publication. *Id.*, Exh. C at ¶ 6-7. The court-approved

11  notice included, among other things, information about the settlement and an opportunity to request

12  exclusion from it, with a warning that a member's failure to opt-out would effectively release their claims

13  against Fairbanks. *Id.*, Exh. C.

14            The court first required Fairbanks to prepare a list of all class members (the "Class List") through

15  the "information obtainable from its readily searchable computer media" and update all their addresses

16  through the National Change of Address Database. *Id.* at ¶¶ 7-8; *Fairbanks' Request for Judicial*

17  *Notice*, Exh. A, p. 18. After Fairbanks' compilation of the Class List, they were "under no further

18  obligation to locate class members." *Fairbanks' Request for Judicial Notice*, Exh. A, p. 18. Gilardi &

19  Company, the court-appointed settlement administrator, was required to mail notice of the *Curry*

20  settlement to people on the Class List, via first class mail, postage prepaid. *Solorzano Declaration*

21

22  _____

23  [3] On February 24, 2004, Plaintiff filed a sur-reply, which states "plaintiff would still have the right, in
     this proceeding, to allege and prove loan servicing violations committed by Fairbanks either prior to January
24  1, 1999, or subsequent to December 10, 2003." *Sur-Reply*, ¶ 1 (emphasis in original). First, Plaintiff's
     sur-reply is improper, as "once a reply is filed, no additional memoranda . . . may be filed without Court
25  approval," which Plaintiff's counsel failed to obtain. Civ. L.R. 7-3(d). Accordingly, it is STRICKEN. In
     any event, Plaintiff's argument is a distinction without a difference. Plaintiff has no claims against Fairbanks
26  prior to January 1, 1999, as Fairbanks did not begin servicing Plaintiff's loan until mid-2000. *Tolman*
     *Decl.*, ¶ 3. Plaintiff also does not allege any conduct by Fairbanks after December 2003. *See generally*,
27  *Compl.*, ¶¶ 13-31. Plaintiff's only allegation that could be construed as occurring after the *Curry* class
     period, which ended on December 10, 2003, is paragraph 22, which states that from "June 1997 until
28  December 2003, WMC failed to produce documents that plaintiff had been requesting for nearly a year
     pursuant to written discovery." *Id.* at ¶ 22. This allegation is specifically limited to WMC, not Fairbanks.

United States District Court
For the Northern District of California

3

United States District Court

For the Northern District of California

1  (*"Solorzano Decl."*), ¶¶ 1, 3. If a notice letter was returned, Gilardi was required to re-mail the letter
2  once to any forwarding address on the returned notice.[4] *Fairbanks' Request for Judicial Notice*, Exh. A,
3  p. 18. Gilardi was then under "no further obligation to re-mail [n]otices." *Id.* After mailing, the court
4  required the parties to publish the notice in the USA Today two times at intervals at least seven days apart.
5  *Fairbanks' Request for Judicial Notice*, Exh. C, p. 7. Although not part of the Preliminary Order, the
6  notices were also published by the FTC on various Web sites. SJ Mot., 3

7      Prior to the final approval of the *Curry* class action settlement, the court required the parties to
8  submit affidavits or other documentation evidencing compliance with the court's preliminary notice
9  requirements. *Fairbanks' Request for Judicial Notice*, Exh. C, p. 7. The court then stated that "notice in
10  compliance with this Order . . . is hereby found to be the best notice practicable under the circumstances,
11  and constitutes due and sufficient notice of this Order and of the proposed Settlement to all persons
12  affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of
13  Rule 23 of the Federal Rules of Civil Procedure and due process." *Id.*

14      **B.    The Final Approval Order and Judgment**

15      After holding a hearing to consider objections to the proposed settlement (the "Settlement
16  Agreement"), the Massachusetts district court issued a final approval order (the "Final Approval Order")
17  on May 13, 2004. *Fairbanks' Request for Judicial Notice*, Exh. E. The Final Approval Order certified
18  the *Curry* class, as defined above in the Preliminary Order description, and found that notice was given to
19  all class members. *Id.* at ¶¶ 3-4. The court again re-iterated that the "notice was the best notice
20  practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P.
21  23(a)(4)." *Id.* at ¶ 4. The Final Approval Order incorporated and adopted the previous Settlement
22  Agreement reached by the parties. *Id.* at ¶ 1. The Settlement Agreement included a release of both
23  Fairbanks and Fairbanks-Related Parties[5] by the *Curry* class members. *Fairbanks' Request for Judicial*
24

25      [4] Pursuant to their court-ordered obligations, Gilardi mailed a notice and claim form on February
26  23, 2004 to Plaintiff personally at P.O. Box 5295, Novato, California 94948. *Solorzano Decl.*, ¶ 4.
     Plaintiff's notice letter was returned to Gilardi as "undeliverable, with no forwarding address, by the United
27  States Post Office." *Id.* at ¶ 5.

28      [5] WMC is expressly defined as one of the Fairbanks-Related Parties. *Fairbanks' Request for*
     *Judicial Notice*, Exh. A, pp. 9-10.

28

1    *Notice*, Exh. A. Fairbanks and Fairbanks-Related Parties were released from rights and claims related to:

2    1) all conduct alleged in the Curry Complaint; and 2) all conduct by Fairbanks while servicing loans that

3    were in default or that were considered in default.[6] *Id.* at ¶¶ 33-36. The Final Approval Order also found

4    that all class members, except those that validly excluded themselves, were "bound by the Settlement

5    Agreement, including the Releases (with applicable exceptions), disclaimers of liability, covenants not to

6    sue, and injunction against further litigation contained in the Settlement Agreement." *Fairbanks' Request*

7    *for Judicial Notice*, Exh. E, ¶ 10. On May 19, 2004, the court entered final judgment, which

8    incorporated both the Final Approval Order and the Settlement Agreement. *Fairbanks' Request for*

9    *Judicial Notice*, Exh. F.

10   **II.    The Present Suit**

11           On July 23, 2004, Plaintiff filed suit in San Francisco Superior Court against Fairbanks alleging

12   fraudulent business practices in the manner in which Fairbanks serviced her mortgage loan.[7] On September

13   3, 2004, Plaintiff's action was removed to federal court. Specifically, Plaintiff claims that Fairbanks failed

14   to timely respond to her requests from June 1999 through March 2000, that they improperly treated her

15   loan as being in default, that Fairbanks engaged in improper debt collection practices, and that Fairbanks

16   violated the Real Estate Settlement Procedures Act. *See e.g. Compl.*, counts IV, V, VII.

17

18

19                                    **DISCUSSION**

20

21   **I.     Legal Standard**

22           **A.    Motion for Summary Judgment**

23

24           [6] However, the Settlement Agreement and Release specifically excluded certain types of claims,
     including those arising from the origination of class members' loans and those arising from a failure to
25   respond to qualified written responses made *after* December 10, 2003. *Fairbanks' Request for Judicial*
     *Notice*, Exh. A, ¶. 13-14.
26
27           [7] Plaintiff also alleges that other defendants improperly handled the origination of her mortgage
     loan. Specifically, counts I-III, VI, IX, and XI of Plaintiff's complaint all arise from the origination of her
28   mortgage loan. Because Fairbanks was only involved in the *servicing* of Plaintiff's loan, only claims
     relating to servicing (counts IV-V, VII-VIII, and X) apply to Fairbanks.

5

United States District Court

For the Northern District of California

1    Summary judgment is proper if Fairbanks establishes that there is no genuine issue of material fact

2    and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*,

3    477 U.S. 317, 322-23 (1986). Summary judgment is warranted against a party which "fails to make a

4    showing sufficient to establish the existence of an element essential to that party's case, and on which that

5    party will bear the burden of proof at trial." *Id.* A dispute about a material fact is genuine "if the evidence

6    is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty*

7    *Lobby, Inc.*, 477 U.S. 242, 248 (1986).

8    **II.    Analysis**

9        **A.    Fairbanks' Motion for Summary Judgment**

10    Plaintiff does not contest that the *Curry* judgment, if valid, bars her current suit under the doctrines

11    of both res judicata and release. Instead, Plaintiff claims that the *Curry* Judgment does not comport with

12    due process and is therefore invalid because she did not receive actual notice of the Settlement Agreement,

13    as Fairbanks made no effort to cross-reference its address list with WMC.

14            **1. Whether the Curry Judgment and Release, If Valid, Bar Plaintiff's Suit**

15                **a.    Res Judicata**

16    The doctrine of res judicata prevents Plaintiff's current suit if the *Curry* case (1) involved the same

17    claims (2) against the same party and (3) resulted in a final judgment on the merits.    *Western Radio*

18    *Services Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing *Blonder-Tongue Lab. v. Univ.*

19    *of Ill Found.*, 402 U.S. 313, 323-24 (1971)). Plaintiff does not contest that the *Curry* judgment, if valid,

20    bars the current litigation. The following are undisputed facts: (1) *Curry* and the instant case involve the

21    same claims[8] (Plaintiff invokes several of the same causes of action based on the same servicing conduct by

22    Fairbanks in both suits), *SJ Mot.*, ¶. 5-6; (2) There is also identity of the parties in both the *Curry* case and

23    the instant suit (As a class member that did not opt-out, Barbera was a plaintiff in the *Curry* case, a suit that

24    —————————————————

25    [8] The only claim not brought in *Curry* and alleged here is count VIII for Elder Abuse. Res judicata
bars subsequent litigation of any claims which *could have* been raised in the prior action, regardless of

26    whether those claims were *actually litigated*. *Western Radio Services Co. v. Glickman*, 123 F.3d
1189, 1192 (9th Cir. 1997) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

27    Although neither party discusses whether Plaintiff's Elder Abuse claim would be barred by res judicata, it is
likely that this cause of action could not have been brought in the *Curry* case because the class definition

28    was not age specific. However, the Court declines to reach this point because the Elder Abuse cause of
action is barred by the Settlement Agreement's release discussed *infra*.

1  was brought against the same defendant, Fairbanks, in this action); and (3) The *Curry* judgment entered on

2  May 19, 2004, as a judicially-approved settlement, is a final judgment on the merits. *Rein v. Providian*

3  *Fin. Corp.*, 270 F.3d 895, 902 (9th Cir. 2001).

4                              **b.    Release**

5       A release will bar a further claim if it: (1) applies to that party; (2) encompasses the claims the party

6  alleges in the current suit; and (3) is legally enforceable. *Nottingham Partners v. Trans-Lux Corp.*, 925

7  F.2d 29, 32 (1st Cir. 1991). Again, Plaintiff does not contest that if the *Curry* judgment is valid, she

8  released all of her claims against Fairbanks. The following are undisputed facts: (1) the Release applies to

9  Plaintiff, as a member of the Curry class who did not opt-out, and to Fairbanks; (2) the Release

10 encompasses Plaintiff's current allegations, which are all claims in connection with Fairbanks' servicing of

11 her loan[9]; and (3) the Release in the Settlement Agreement, incorporated into the *Curry* Final Approval

12 Order and Judgment, is legally enforceable.

13                              **c.    Whether the Curry Judgment is Valid**

14       "There is of course no dispute that under elementary principles of prior adjudication a judgment in a

15 properly entertained class action is binding on class members in any subsequent litigation." *Cooper v.*

16 *Federal Reserve Bank*, 467 U.S. 867, 874 (1984)(citing *Supreme Tribe of Ben-Hur v. Cauble*, 255

17 U.S. 356 (1921)). However, neither the doctrines of res judicata nor release apply if the *Curry* judgment

18 is constitutionally infirm. In order for the *Curry* judgment to bind an absent class member (such as

19 Plaintiff), due process requires "notice plus an opportunity to be heard and participate in the litigation," and

20 "that the named plaintiff at all times adequately represent the interests of the absent class members."

21 *Phillips Petroleum v. Shutts*, 472 U.S. 797, 812 (1985). Plaintiff's sole argument in opposition to

22 Fairbanks' Motion for Summary Judgment is that she is not bound by the *Curry* judgment because she did

23 not receive actual notice of the Settlement Agreement. First, this Court must determine whether it is

24 permitted under Ninth Circuit law to review the adequacy of the *Curry* court's finding that the "best notice

25 practicable" was provided. If collateral review is available, this Court must next determine whether due

26

27       [9] Plaintiff's eighth cause of action for Elder Abuse is barred by the Settlement Agreement's release, which extinguishes all claims "that result, concern, arise from or in connection with" all conduct by

28 Fairbanks while servicing loans that were in default or that were considered in default. *Fairbanks' Request for Judicial Notice*, Exh. A, ¶. 12-13.

1  process requires that actual notice be provided to all absent class members to bind them to a court's
2  judgment.

### 1. Whether Plaintiff's Opposition Is an Impermissible Collateral Attack.

5  Plaintiff 's argument in this Court that the *Curry* Judgment is invalid because she did not receive
6  actual notice of the Settlement Agreement is a collateral attack. In the Ninth Circuit, "broad collateral
7  review of the . . . due process requirements for binding absent class members is not available." *Epstein v.*
8  *MCA, Inc.*, 179 F.3d 641, 649 (9th Cir. 1999). In *Epstein*, the Ninth Circuit considered whether the
9  plaintiffs could collaterally attack a Delaware state court's determination of adequacy of representation.
10 *Id.* at 848-49. The court noted that, although limited collateral review is appropriate "to consider whether
11 the *procedures* in the prior litigation afforded the party against whom the earlier judgment is asserted a 'full
12 and fair opportunity' to litigate the claim or issue," reconsideration of the merits of the claim or issue is not
13 available. *Id.* (citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481 (1982)). The Ninth
14 Circuit then held that due process requires that an absent class member's rights "be protected by the
15 adoption of the appropriate procedures by the certifying court and by the courts that review its
16 determinations; due process does not require collateral second-guessing of those determinations and that
17 review." *Id.* at 648. Because the Epstein plaintiffs challenged the factual finding of adequacy of
18 representation, and not the procedures utilized by the Delaware court (which were similar to that of Federal
19 Rule of Civil Procedure 23), the Court declined to collaterally review the prior judgment. *Id.* at 646-49.

20 Here, Plaintiff requests that this court reconsider the merits of the *Curry* court's finding that the
21 "best notice practicable" was provided. Plaintiff does not contend that the *procedural safeguards* utilized
22 by the *Curry* court were inadequate or that the *Curry* class did not have a full and fair opportunity to
23 litigate the notice procedures. Plaintiff disputes the factual determination by the Massachusetts district court
24 that providing individual notice and publication, instead of actual receipt of this notice, was the "best notice
25 practicable" under the circumstances. Therefore, Plaintiff's remedy under the *Epstein* rule was to appeal
26 the *Curry* order, not collaterally attack it in this Court. Because Plaintiff's collateral attack against a
27 properly-entertained class action are impermissible, there are no disputed issues of material fact. As such,

United States District Court
For the Northern District of California

1  Fairbanks' motion for summary judgment is granted.

2                    **2. Whether Plaintiff Is Bound by the Curry Decision/Notice**

3          Even if this Court were to allow Plaintiff's collateral attack of the Curry judgment, Plaintiff's

4  argument that actual notice is required to uphold the judgment is without merit. Actual notice is not required

5  under either Federal Rule of Civil Procedure 23 or due process. *Silber v. Mabon* (Silber II), 18 F.3d

6  1449, 1453-54 (9th Cir. 1994). To comport with due process and Rule 23's requirements, notice must

7  only be the "best notice practicable under the circumstances." *Id.* (citing *Phillips Petroleum*, 472 U.S. at

8  797). Although individual notice is required for all class members who can be identified with reasonable

9  effort, actual receipt of that notice is not. *See* Fed. R. Civ. P. 23; *Eisen v. Carlisle & Jacquelin*, 417 U.S.

10  156, 174-76 (1974); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615-16 (1997).

11         Plaintiff herself relies on *Silber v. Mabon* (*Silber I*), 957 F.2d 697, 702 (9th Cir. 1992), for the

12  proposition that actual notice is required. *Opp.*, 2. In *Silber I*, the court specifically did not reach the

13  argument that "actual receipt of notice" was required. 957 F.2d at 702. However, in the case's next

14  appeal to the Ninth Circuit, *Silber II*, the court specifically rejected Plaintiff's argument in stating:

15

16         We do not believe that *Shutts* changes the traditional standard for class notice from 'best
           practicable' to 'actually received' notice. No Rule 23(b)(3) case has so construed Shutts.
17         Shutts was concerned with the different problem of implied consent to jurisdiction when a class member
           fails to opt out of the class. Even so, the notice obligation was defined by reference to *Mullane* and *Eisen*,
18         neither of which requires actual receipt.

19

20  *Silber II*, 18 F.3d at 1454. In short, due process and Rule 23 require individual notice and "best efforts,"

21  not a guarantee of success.

22         Plaintiff argues that the Curry judgment is invalid because Fairbanks sent her notice to the wrong

23  address and made no effort to cross-reference with WMC. The fact that Plaintiff did not receive her

24  notice, however, does not alter the fact that the *Curry* court provided the "best practicable notice." First,

25  the *Curry* Preliminary Order provided for individual notice, via first class mail, of all people whose loans

26  were being serviced by Fairbanks. *Fairbanks' Request for Judicial Notice*, Exh. C ¶¶ 7-8; *Fairbanks'*

27  *Request for Judicial Notice*, Exh. A, p. 18. Although the best practicable notice depends on the

28  particular nature of the class, the Supreme Court has frequently said that, under most circumstances,

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  individual notice sent by ordinary mail is deemed reasonably calculated to inform interested parties that their

2  rights are in jeopardy. *Eisen,* 417 U.S. at 174-76; *Tulsa Professional Collection Services, Inc. v. Pope,*

3  485 U.S. 478, 490 (1988); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 319 (1950).

4  Mailing is an "efficient and inexpensive means of communication" that generally may be relied upon to

5  deliver notice where it is sent. *Mullane,* 339 U.S. at 319.

6          Second, Fairbanks was required to update their database of addresses before mailing with the

7  National Change of Address Database (the "NCAD"). *Fairbanks' Request for Judicial Notice,* Exh. A,

8  p. 18. After Fairbanks updated their database with NCAD, they were specifically under no further

9  obligation to locate individuals. *Id.* If a notice letter was returned, Fairbanks was required to re-mail the

10 letter once to any forwarding address on the returned notice. *Id.* In fact, Plaintiff was personally provided

11 with individual notice on February 23, 2004 when Gilardi, the Settlement Administrator, mailed her notice

12 to P.O. Box 5295, Novato, California 94948. *Solorzano Decl.,* ¶ 4. Because Plaintiff's notice letter was

13 returned to Gilardi as "undeliverable, with no forwarding address," there was no further obligation to locate

14 her. *Id.* at ¶ 5.

15         In addition to the individual notice provided, the Court also required publication twice in a national

16 newspaper and the notices were available on public Web sites. *Fairbanks' Request for Judicial Notice,*

17 Exh. C, p. 7; *SJ Mot.,* p. 3. Finally, these notices were twice deemed to be the best practicable notice by

18 the Massachusetts district court. *Fairbanks' Request for Judicial Notice,* Exh. C & Exh. E. Because

19 actual notice is not required and Plaintiff was provided with individual notice, her due process rights are not

20 harmed by binding her to the *Curry* judgment. Because the *Curry* judgment is valid, Plaintiff's current suit

21 is barred and Fairbanks is entitled to summary judgment.

22

23      **B.      Barbera's Request for a Continuance to Conduct Discovery**

24         Plaintiff requests a continuance of the motion for summary judgment to conduct discovery pursuant

25 to Federal Rule of Civil Procedure 56(f). Rule 56(f) provides "a mechanism whereby a party opposing a

26 motion for summary judgment may, by affidavit, state valid reasons why he is temporarily unable to present

27 'facts essential to justify the party's opposition' to such motion. *Weinberg v. Whatcom County,* 241 F.3d

28 746, 750-1 (9th Cir. 2001)(quoting Fed. R. Civ. P. 56(f)). The failure to comply with the affidavit

United States District Court
For the Northern District of California

1    requirement is a proper ground for denying a Rule 56(f) motion and proceeding with summary judgment.

2    *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)(citing *Brae Transp., Inc. v. Coopers &*

3    *Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986). In both *Weinberg* and *Brae Transportation*, the Ninth

4    Circuit found that requests in memoranda in opposition to a moving party's motion for summary judgment

5    are "plainly inadequate" to meet the affidavit requirement. *Weinberg*, 241 F.3d at 751; *Brae Transp.*, 790

6    F.2d at 1443. "References in memoranda and declarations to a need for discovery do not qualify as

7    motions [or affidavits] under Rule 56(f)." *Brae Transp.*, 790 F.2d at 1443. Plaintiff failed to provide the

8    required Rule 56(f) affidavit and only referenced his request for further discovery in his Opposition to

9    Fairbanks' Motion. *See generally Opp.*, ¶¶ 1-2. Consequently, this Court denies Plaintiff's Rule 56(f)

10   request on this ground.

11       In addition, Plaintiff's request for a continuance is also substantively inadequate. Rule 56(f)

12   provides a mechanism whereby a party opposing a motion for summary judgment may state valid reasons

13   why he is temporarily unable to present "facts essential to justify the party's opposition" to such motion.

14   Fed. R. Civ. P. 56(f); *Weinberg*, 241 F.3d at 750. To comply with this requirement, Plaintiff must "show

15   how additional discovery would preclude summary judgment and why [it] cannot immediately provide

16   'specific facts' demonstrating a genuine issue of material fact." *In re Silicon Graphics Inc. Securities*

17   *Litigation*, 183 F.3d 970, 989 (9th Cir. 1999); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9th

18   Cir. 1989). Plaintiff seeks a continuance "to determine why Fairbanks used the wrong address to notify

19   plaintiff of the settlement" and why Fairbanks did not cross-reference Plaintiff's address with WMC's

20   records. *Opp.*, 1. First, these factual disputes as to the validity of the *Curry* judgment are not available to

21   Plaintiff in this action because they are impermissible collateral attacks. *See supra*, ¶. 10-11. Second,

22   Fairbanks readily admits that Plaintiff's notice was sent to a P.O. Box address, and that the same notice

23   was returned as undeliverable. *Solorzano Decl.*, ¶¶ 4-5. "Why Fairbanks used the wrong address" is

24   wholly irrelevant to Fairbanks' motion for summary judgment, as the reason why Plaintiff's notice was sent

25   to a certain address does not impact the validity of the *Curry* judgment or its binding effect on Plaintiff. As

26   stated above, actual notice is not required to bind an absent class member to a judgment. *See supra*, ¶.

27   11-13. Further, Plaintiff answers her own question in her declaration by admitting that, for some

28

11

1    unspecified period of time, she used this P.O. Box address to receive mail. *Barbera Declaration*, ¶ 9.

2        The issue of whether Fairbanks cross-referenced WMC's records also does not create a genuine

3    issue of material fact, as Fairbanks was only required to update its addresses with the National Change of

4    Address Database, and thereafter was expressly under no further obligation to locate class members.

5    *Fairbanks' Request for Judicial Notice*, Exh. A, p. 18. Because the facts which Plaintiff seeks to

6    discover would not preclude summary judgment, this Court also denies Plaintiff's request for a continuance

7    pursuant to Rule 56(f) on this ground.

8        **C.    WMC's Joinder in Fairbanks' Motion for Summary Judgment**

9

10       WMC's has sought to join Fairbanks' Motion for Summary Judgment. However, Fairbanks and

11   WMC are not similarly situated. WMC *originated* Plaintiff's loan in June 1997 and serviced that loan until

12   July 2000. *Compl.*, ¶ 13; *SJ Mot.*, 5; *Tolman Decl.*, ¶ 3. Fairbanks, on the other hand, had nothing to do

13   with the origination of Plaintiff's loan and only began servicing it in July 2000. *SJ Mot.*, 5. As Fairbanks

14   itself notes, many of Plaintiff's causes of action relate to alleged misconduct in her loan's origination, which

15   do not apply to and hence are not addressed by Fairbanks. *Id.* at 1 n.1; *see e.g.*, *Compl.*, counts I-III.

16   Further, although WMC is correct in noting that it is a "Fairbanks-Related Party," the *Curry* Settlement

17   Agreement and Release specifically excluded certain types of claims, including those arising from the

18   *origination* of a class member's loan. *Fairbanks' Request for Judicial Notice*, Exh. A, ¶. 9-10, 13-14.

19   Finally, the *Curry* class period, by its very definition, began on January 1, 1999, nearly a year and a half

20   after the closing of plaintiff's loan with WMC, and several months before Plaintiff alleges that WMC force-

21   placed a substitute insurance policy on the subject property. *Compl.*, ¶¶ 13-15; *Fairbanks' Request for

22   Judicial Notice*, Exh. E, ¶ 3. WMC does not analyze the relevant distinctions between the defendants,

23   and fails to explain which causes of action it is entitled to summary judgment on and why. Therefore, the

24   Court denies WMC's request to join Fairbanks' motion.

25                                **CONCLUSION**

26       For the foregoing reasons, the Court GRANTS Fairbanks' Motion for Summary Judgment;

27   DENIES Plaintiff's "Request for Continuance" pursuant to Rule 56(f); and DENIES WMC's request to

28   join Fairbanks' Motion for Summary Judgment.

United States District Court
For the Northern District of California

1    IT IS FURTHER ORDERED THAT the March 1, 2005 Case Management Conference is

2  CONTINUED to **April 7, 2005 at 3:30 p.m.**, and will proceed **telephonically**. The parties shall **meet**

3  **and confer** prior to the conference and shall prepare a joint Case Management Conference Statement

4  which shall be filed no later than ten (10) days prior to the Case Management Conference. Plaintiff shall be

5  responsible for filing the statement as well as for arranging the conference call. All parties shall be on the

6  line and shall call (510) 637-3559 at the above indicated date and time.

7    IT IS SO ORDERED.

8

9  Dated: March 1, 2005

/s/ Saundra Brown Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

# EXHIBIT "C"

1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA BARBERA,                                No. C 04-3738 SBA

10          Plaintiff,

11                                               **ORDER**

12      v.

13   WMC MORTGAGE CORP., et al.,

14          Defendants.

_____/

15

16          This matter comes before the Court on Plaintiff Patricia Barbera's Motion for Leave to Amend and

17   Defendants Fairbanks Capital Corporation and Fairbanks Capital Holding Corporation's (collectively

18   "Fairbanks") Motion for Entry of Final Judgment pursuant to Fed. R. Civ. P. 54.

19          Having read and considered the arguments presented by the parties in their moving papers, the Court finds

20   this matter appropriate for disposition without a hearing. The Court HEREBY DENIES Plaintiff's Motion

21   to Amend and GRANTS Fairbanks' Motion for Entry of Final Judgment.

22                                       **BACKGROUND**

23          On September 3, 2004, this action was removed from San Francisco Superior Court. Plaintiff filed

24   the instant lawsuit alleging improper and illegal conduct by Defendants in the "manner in which they handle

25   mortgage loans on residential property in California." (Complaint, ¶ 1.) On January 7, 2005, after several

26   stipulated extensions of time to respond to the Complaint, Defendant California Land Title of Marin ("Cal

27   Land") filed an Answer to the Complaint.

28          On January 10, 2005, Fairbanks filed a Motion for Summary Judgment, in which it claimed that

United States District Court
For the Northern District of California

1    Plaintiff's suit was barred under the principles of res judicata and release because Plaintiff was a member of

2    a nationwide class action, which challenged the same conduct, and was subsequently settled. Plaintiff did

3    not dispute that she was a member of the prior class action against Fairbanks, which involved identical

4    claims, and ended in a final judgment on the merits. Instead, Plaintiff claimed she was not bound by the

5    prior judgment or release because she did not receive actual notice of the settlement. Defendants WMC

6    Mortgage, WMC Finance, and WMC Direct ("WMC") sought to join in Fairbanks' Motion for Summary

7    Judgment.[1]

8        On March 7, 2005, the Court granted Fairbanks' Motion for Summary Judgment, finding that

9    Plaintiff's claims against Fairbanks were barred by the doctrines of res judicata and release. [Docket No.

10   71.] The Court, however, denied WMC's request to join in Fairbanks' motion because the parties were

11   not similarly situated. On March 15, 2005, Plaintiff filed a First Amended Complaint ("FAC"). The FAC

12   includes additional allegations against Defendant WMC, an additional cause of action for an accounting

13   against WMC and Fairbanks, names Cal Land in the third cause of action for violations of, inter alia, the

14   Truth in Lending Act, and adds two additional causes of action against Cal Land for breach of fiduciary

15   duty and negligence.[2] On March 21, 2005, Fairbanks filed a Motion for Entry of Final Judgment pursuant

16   to Fed. R. Civ. P. 54, and noticed the Motion for hearing on April 26, 2005. On April 12, 2005, one-

17   week after the deadline for filing an Opposition, Plaintiff filed her Opposition to Fairbanks' Motion for

18   Entry of Final Judgment. The Opposition asserts that entry of final judgment is inappropriate because of

19   Plaintiff's March 15, 2005 filing of the FAC. On April 18, 2005, Fairbanks filed a reply.

20       Also on April 12, 2005, Plaintiff filed a Motion for Leave to Amend the FAC, and attached a

21   proposed Second Amended Complaint ("SAC"). In her Request for Leave to Amend the FAC, Plaintiff

22

23       [1]Also on January 10, 2005, WMC filed a Motion to Dismiss. On February 2, 2005, Plaintiff
     moved to continue both the hearing on WMC's Motion to Dismiss and Fairbanks' Motion for Summary
24   Judgment. On February 4, 2005, Defendants filed a consolidated response to Plaintiff's request in which
     they asserted that they were willing to accommodate Plaintiff's request to continue the Motion to Dismiss,
25   but not the hearing on the Motion for Summary Judgment. After considering the arguments presented by
     the parties, the Court granted Plaintiff's request to continue the hearing on WMC's Motion to Dismiss and
26   denied Plaintiff's request to continue the hearing on Fairbanks' Motion for Summary Judgment.

27       [2]The FAC also names Select Portfolio Servicing, Inc. ("SPS") as a defendant, and suggests that
     this is the new name of Fairbanks Capital Corp. (FAC, ¶ 5.) Fairbanks, however, does not call itself SPS
28   in its papers.

2

1  seeks to add allegations against Fairbanks. The new allegations assert, in conclusory fashion, that

2  Fairbanks' violations of the Consumer Legal Remedies Act, Real Estate Settlement Procedures Act and

3  Debt Collections Practices Act each occurred subsequent to December 10, 2003. (SAC, ¶¶ 37, 46, &

4  51.)[3] On April 26, 2005, Cal Land filed an Opposition to Plaintiff's Motion for Leave to Amend, asserting

5  that the FAC was improperly filed without leave to amend because Cal Land had answered. Cal Land also

6  argued that Plaintiff's request for leave to file both the FAC and the SAC should be denied.

7  **I.    Leave to Amend**

8      **A.    Legal Standard**

9      According to Federal Rule of Civil Procedure 15(a):

10

11        [a] party may amend the party's pleading once as a matter of course at any time before a
12        responsive pleading is served or, if the pleading is one to which no responsive pleading is
      permitted and the action has not been placed upon the trial calendar, the party may so
13        amend it at any time within 20 days after it is served. Otherwise a party may amend the
      party's pleading only by leave of court or by written consent of the adverse party; and leave
14        shall be freely given when justice so requires.

15  Leave to amend a complaint "should be granted unless the court determines that the allegation of other facts

16  consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v.

17  Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). The Court can consider factors such as

18  "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by

19  previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."

20  Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th Cir. 1989). Leave to amend is properly

21  denied "where the amendment would be futile." DeSoto v. Yellow Freight Sys., 957 F.2d 655, 658 (9th

22  Cir. 1992). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin

23  v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

24      **B.    Discussion**

25          **1.    First Amended Complaint**

26

27  _____

28      [3]The SAC also includes a general allegation that Plaintiff "seeks remedies for harm caused by
[Fairbanks] subsequent to December 10, 2003." (SAC, ¶ 5.)

United States District Court
For the Northern District of California

3

United States District Court
For the Northern District of California

1    Plaintiff filed the FAC on March 15, 2005. Plaintiff did not seek leave to amend the Complaint.[4]

2    The FAC added allegations against Fairbanks, WMC, and Cal Land. Ordinarily, a plaintiff may amend his

3    or her complaint once, as of right, any time prior to the filing of responsive pleadings. Fed. R. Civ. P.

4    15(a). A plaintiff can amend claims once as a matter of right against a defendant who has not filed a

5    responsive pleading, even if other defendants have filed a responsive pleading. Barksdale v. King, 699

6    F.2d 744, 747 (5th Cir. 1983). A motion to dismiss a complaint is not a responsive pleading. Miles v.

7    Dep't of Army, 881 F.2d 777, 781 (9th Cir.1989).

8                                  **a.    WMC**

9    WMC filed a motion to dismiss prior to the filing of the FAC, but did not file an answer.[5] Thus, it is

10   clear that Defendant WMC did not file a responsive pleading prior to the filing of the FAC. Accordingly,

11   Plaintiff's amendments to claims against WMC were appropriately made as a matter of right.

12                                 **b.    Fairbanks**

13   "A litigant cannot amend as a matter of right under Rule 15(a) after a summary judgment has been

14   rendered." Wright & Miller, Federal Practice and Procedure, § 2712; McDonald v. Hall, 579 F.2d 120,

15   121 (1st Cir. 1978); Clardy v. Duke University, 299 F.2d 368, 370 (4th Cir. 1962). Thus, while no leave

16   to amend may have been required to amend claims against WMC, leave was required to amend claims

17   against Fairbanks.[6] Accordingly, the Court next evaluates whether Plaintiff should be granted leave to

18   amend claims made against Fairbanks.

19   The only substantive allegations added in the FAC against Fairbanks relate to a new cause of action

20

21       [4]As discussed supra, Plaintiff seeks leave to amend the FAC, not the Complaint. However, in her
22   motion for leave to amend the FAC, Plaintiff addresses her failure to seek leave to amend the Complaint.
     Plaintiff asserts that no leave was required to file the FAC against WMC and Fairbanks, but acknowledges
23   that leave was required to amend claims against Cal Land. (Motion for Leave, 5-6.)

24       [5]On March 23, 2005, the Court denied WMC's Motion to Dismiss as moot. [Docket No. 82].

25       [6]In her Motion for Leave, Plaintiff does not cite cases to the contrary. Instead, she cites cases
     holding that a complaint can be amended as of right following the granting of a motion to *dismiss*. (Motion
26   for Leave, 3-4.) The only case she cites relating to summary judgment is one in which the Ninth Circuit
     determined that a district court could simply strike a motion for leave to amend where summary judgment
27   had been granted and entered, and that amendment as a matter of right was also unavailable under those
     circumstances. (Id. (citing Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996).) Lindauer does not
28   hold that a plaintiff may amend as of right against a party who has obtained summary judgment of all claims
     made against it.

1  for an accounting. However, a cause of action against Fairbanks for an accounting is meaningless in light of

2  the fact that the Court has granted summary judgment in Fairbanks' favor as to the underlying substantive

3  claims. In the March 7, 2005 Order, the Court found that the settlement in a previous class action barred

4  Plaintiff's claims against Fairbanks under the doctrines of res judicata and release. (March 7, 2005 Order

5  at 7-10.) The Court has already granted Fairbanks summary judgment on the causes of action for which

6  Plaintiff seeks an accounting of damages. Accordingly, because leave to amend claims against Fairbanks is

7  required, and because granting leave in this instance would be futile, the Court strikes the additional

8  allegations made against Fairbanks in the FAC. Bonin, 59 F.3d at 845.

9                              **c.    Cal Land**

10     Cal Land filed an answer to the Complaint on January 7, 2005. Thus, Plaintiff must be granted

11  leave in order to amend claims made against Cal Land.

12     The FAC adds Cal Land as a named defendant to the Third Cause of Action for violation of the

13  Truth in Lending Act ("TILA"), Home Ownership and Equity Protection Act ("HOEPA"), and Regulation

14  Z, and adds two additional causes of action against Cal Land for breach of fiduciary duty and negligence.

15  In each of the three causes of action, Plaintiff asserts that Cal Land failed to provide to her a mandated

16  written three-day right to cancel notice and failed to provide "accurate disclosures." (FAC ¶¶ 42, 82, &

17  87.)

18     Cal Land asserts that the FAC was filed in error and leave to file it should be denied. Cal Land

19  asserts that amendment would be futile because an escrow holder cannot be liable for violation of the

20  provisions of the Truth in Lending Act, HOEPA, and Regulation Z that Plaintiff relies upon. (Opp. to

21  Motion for Leave, 4.) Cal Land also asserts that although it owes a fiduciary duty to the parties involved in

22  an escrow, such duties are limited. (Id.)

23     An escrow holder, as a dual agent of the parties to the escrow, owes duties to the parties
24     to the escrow. However, those duties are limited. [] The primary duty owed by an escrow
       holder is to strictly and faithfully perform the instructions given to it by the parties to the
25     escrow.

26  Vournas v. Fidelity Nat. Tit. Ins. Co., 73 Cal. App. 4th 668, 674 (1999)). "An escrow holder has no

27  general duty to police the affairs of its depositors, however. [] An escrow holder's agency is limited to

28

United States District Court
For the Northern District of California

43

1  faithful compliance with instructions." Claussen v. First American Title Guaranty Co., 186 Cal. App. 3d

2  429, 435-436 (1986).

3      In the FAC, Plaintiff for the first time names Cal Land in the third cause of action for violations of

4  TILA, HOEPA, and Regulation Z. (FAC, ¶ 43.) First, these provisions apply to creditors or those who

5  "offer and extend credit," not to escrow holders. 15 U.S.C. § 1635(a), the provision of TILA that Plaintiff

6  relies upon, states that:

> Disclosure of obligor's right to rescind. Except as otherwise provided in this section, in the
> case of any consumer credit transaction (including opening or increasing the credit limit for
> an open end credit plan) in which a security interest, including any such interest arising by
> operation of law, is or will be retained or acquired in any property which is used as the
> principal dwelling of the person to whom credit is extended, the obligor shall have the right
> to rescind the transaction until midnight of the third business day following the
> consummation of the transaction or the delivery of the information and rescission forms
> required under this section together with a statement containing the material disclosures
> required under this title [15 USCS §§ 1601 et seq.], whichever is later, by notifying the
> creditor, in accordance with regulations of the Board, of his intention to do so. *The
> creditor shall clearly and conspicuously disclose,* in accordance with regulations of the
> Board, to any obligor in a transaction subject to this section the rights of the obligor under
> this section. *The creditor shall also provide, in accordance with regulations of the
> Board, appropriate forms for the obligor to exercise his right to rescind any
> transaction subject to this section.*

15  15 U.S.C. § 1635(a) (emphasis added). 15 U.S.C. § 1639, the provision of HOEPA that Plaintiff relies

16  upon, states:

> Specific disclosures. In addition to other disclosures required under this title [15 USCS §§
> 1601 et seq.], for each mortgage referred to in section 103(aa) [15 USCS § 1602(aa)],
> *the creditor shall provide the following disclosures* in conspicuous type size . . .

20  15 U.S.C. § 1639(a)(1) (emphasis added.) Finally, Regulation Z requires a "business which offers or

21  extends credit" to make certain disclosures:

> Purpose. The purpose of this regulation is to promote the informed use of consumer credit
> by requiring disclosures about its terms and cost. The regulation also gives consumers the
> right to cancel certain credit transactions that involve a lien on a consumer's principal
> dwelling, regulates certain credit card practices, and provides a means for fair and timely
> resolution of credit billing disputes. The regulation does not govern charges for consumer
> credit. The regulation requires a maximum interest rate to be stated in variable-rate
> contracts secured by the consumer's dwelling. It also imposes limitations on home equity
> plans that are subject to the requirements of § 226.5b and mortgages that are subject to the
> requirements of § 226.32. The regulation prohibits certain acts or practices in connection
> with credit secured by a consumer's principal dwelling.

28  (c) Coverage. (1) In general, *this regulation applies to each individual or business*

> *that offers or extends credit* when four conditions are met: (I) The credit is offered or extended to consumers; (ii) the offering or extension of credit is done regularly; nl (iii) the credit is subject to a finance charge or is payable by a written agreement in more than 4 installments; and (iv) the credit is primarily for personal, family, or household purposes.

12 C.F.R. § 226.1(b) & (c) (emphasis added). While Cal Land specifically identifies these provisions and their inapplicability to Cal Land, Plaintiff makes no attempt in Reply to respond to Cal Land's argument that these provisions do not apply to an escrow holder. Instead she states that Cal Land was acting as a fiduciary of WMC and therefore that it should have delivered certain documents to Plaintiff. (Reply to Motion for Leave, 4.) However, the FAC fails to allege that Cal Land breached any fiduciary duty it owed to Plaintiff. It does not allege that WMC provided these documents to Cal Land and instructed Cal Land to deliver the documents, or any other "disclosures," to Plaintiff. Thus, Plaintiff's proposed amendments to the FAC against Cal Land fail because: (1) TILA, HOEPA, and Regulation Z do not apply to an escrow holder; and (2) the duties of the escrow are limited to faithfully carrying out the instructions of the principals and there are no allegations that Cal Land was instructed by WMC to provide any documents or to make any disclosures to Plaintiff.

In addition, Cal Land asserts that Plaintiff's claims are barred by the statute of limitations. (Opp. to Motion for Leave, 6.) Under California law, the statute of limitations for escrow liability ranges from two to four years, depending on the theory of recovery. For an action based on a breach of oral instructions, the statute of limitations is two years. Cal. Code Civ. Proc. § 339. For breach of a written escrow instruction, the statute of limitations is four years. Amen v. Merced Title County Title Co., 58 Cal.2d 528, 534 (1962). "The statute of limitations for breach of fiduciary duty is four years." Stallberg v. Western Title Ins. Co., 230 Cal. App. 3d 1223, 1230 (1991) (citing California Civil Code § 343).

Here, the conduct alleged against Cal Land occurred in June 1997. (FAC, ¶ 42.) Plaintiff's FAC was filed on March 15, 2005, nearly eight years after the relevant conduct occurred. In Reply, Plaintiff asserts that the statute of limitations should be tolled because Plaintiff did not discover Cal Land's alleged misconduct until "some ten months prior to the filing of this case in state court." (Reply to Motion for Leave, 5.)[7] Plaintiff's FAC asserts:

---

[7]Plaintiff's state court action was filed on July 23, 2004, and removed on September 3, 2004. Ten months before July 2004 is September 2003.

7

1

2

3

4

Plaintiff did not discover her causes of action against defendants Fairbanks Capital Corp., Fairbanks Capital Holding Corp., and California Land Title Company until approximately ten months ago when defendant WMC produced documents that plaintiff had been requesting for nearly a year pursuant to written discovery.[8] These documents show that the Fairbanks defendants subsequently became the servicer for plaintiff's loan and that California Land Title Company of Marin had improperly processed escrow documents required for a loan that plaintiff had obtained from WMC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

(FAC, ¶ 10.) "[T]he doctrine of delayed discovery requires a plaintiff to plead facts showing an excuse for late discovery of the facts underlying his cause of action. He must show that [he] was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." Prudential Home Mortgage Co. v. Superior Court, 66 Cal. App. 4th 1236, 1247 (1998) (internal quotation omitted). Here, Plaintiff's FAC fails to plead such facts. As a preliminary matter, the factual predicate for Cal Land's failure to provide her with certain documents should have been known to her in 1997 without the need for discovery – she should have known what she did or did not receive in June 1997 well before September 2003. Moreover, Paragraph 10 fails to make clear what facts were discovered by Plaintiff that made her aware of her claims against Cal Land. Plaintiff's reference to "improperly processed escrow documents" fails to put Cal Land on notice of what documents were improperly processed, or what was improper about such processing. In Reply, Plaintiff asserts that "Cal Land had improperly processed escrow documents, particularly the right to rescind notice." (Reply to Motion for Leave, 5.) To the extent Plaintiff asserts that the "improper processing" was the failure to provide the right to rescind notice, Plaintiff should have been aware of this failure long before. Moreover, as discussed supra, there are no factual allegations suggesting that Cal Land breached any duty to provide Plaintiff with the right to rescind notice. Accordingly, because leave to amend claims against Cal Land is required, and because granting leave in this instance would be futile, the Court strikes the additional allegations made against Cal Land in the FAC. Bonin, 59 F.3d at 845.

24

25

26

### 2.    Proposed Second Amended Complaint

In her Request for Leave to Amend the FAC, Plaintiff seeks to add allegations against Fairbanks. The new allegations assert, in conclusory fashion, that Fairbanks' violation of the Consumer Legal

27

28

[8]Although not entirely clear, it appears that this discovery related to an earlier action between Plaintiff and WMC.

United States District Court

For the Northern District of California

8

1    Remedies Act, Real Estate Settlement Procedures Act and Debt Collections Practices Act, each occurred

2    subsequent to December 10, 2003. (SAC, ¶¶ 37, 46, & 51.) However, Plaintiff does not allege any facts

3    whatsoever in support of these assertions – Plaintiff fails to describe any acts committed by Fairbanks that

4    occurred subsequent to December 10, 2003.[9] Accordingly, Plaintiff's proposed amendments to the FAC

5    are futile, and leave to amend is denied.

6        **C.    Conclusion**

7            For the foregoing reasons, the Court strikes those portions of the FAC that add allegations against

8    Fairbanks and Cal Land, and denies Plaintiff's Motion for Leave to amend the FAC.

9    **II.    Fairbanks' Motion for Entry of Final Judgment**

10       **A.    Legal Standard**

11           Fed. R. Civ. P. 54(b) allows the district court to sever a final judgment with respect to particular

12   claims (or parties) for an immediate appeal. James v. Price Stern Sloan, 283 F.3d 1064, 1066, n.4 (9th

13   Cir. 2002). Rule 54(b) states:

14

15       (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one
         claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or
16       third-party claim, or when multiple parties are involved, the court may direct the entry of a
         final judgment as to one or more but fewer than all of the claims or parties only upon an
17       express determination that there is no just reason for delay and upon an express direction
         for the entry of judgment. In the absence of such determination and direction, any order or
18       other form of decision, however designated, which adjudicates fewer than all the claims or
         the rights and liabilities of fewer than all the parties shall not terminate the action as to any of
19       the claims or parties, and the order or other form of decision is subject to revision at any
         time before the entry of judgment adjudicating all the claims and the rights and liabilities of
20       all the parties.

21

22   Thus, in order for Rule 54(b) to apply, there must either be multiple claims or multiple parties involved.

23   Fed. R. Civ. P. 54(b). In addition, the court must determine whether there is a "final judgment" that can be

24   entered. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980). For purposes of Rule

25   _____

26       [9]To the extent that Plaintiff asserts that her harm merely continued subsequent to December 10,
     2003 for acts that occurred prior to that time (Declaration of John G. Warner in Support of Motion for
27   Leave to Amend, ¶ 5), this too is barred by the doctrine of release. While acts or omissions by Fairbanks
     subsequent to December 10, 2003 were not barred by the previous settlement, harms resulting from
28   conduct that occurred between January 1, 1999 and December 10, 2003 are barred. (See Curry
     Settlement Agreement, ¶¶ 9, 13-14 & 30; March 7, 2005 Order at 5, n. 4.)

47

1  54(b), a final judgment is one that disposes of at least one claim in a multi-claim action or at least one party

2  in a multi-party action. See Continental Airlines, Inc., 819 F.2d at 1524; Credit Francais Int'l, S.A. v.

3  Bio-Vita, Ltd., 78 F.3d 698, 706 (1st Cir. 1996); (citing Wright & Miller, Federal Practice and Procedure,

4  § 2656).

5      Once the district court determines that there is a final judgment, the Court next determines whether

6  there is any just reason for delay. Curtis-Wright Corp., 446 U.S. at 8. In deciding whether there are no

7  just reasons to delay the appeal of individual final judgments, a district court "must take into account judicial

8  administrative interests as well as the equities involved." Id., (internal quotation omitted). at 797-98

9  (internal quotation omitted). This determination by the district court is granted deference because "it is the

10  one most likely to be familiar with the case and with any justifiable reasons for delay." Texaco, Inc. v.

11  Ponsoldt, 939 F.2d 794, 797 (9th Cir. 1991) (quotations omitted).

12      **B.    Discussion**

13          **1.    Timeliness of Plaintiff's Opposition**

14      Fairbanks asserts that Plaintiff's Opposition to its Motion for Entry of Final Judgment was untimely

15  and should be stricken. (See Motion for Entry of Final Judgment, 1.) Pursuant to Local Rule 7-3, an

16  Opposition to a Motion must be filed 21 days prior to the date of the hearing. In the instant case,

17  Fairbanks' motion was set to be heard on April 26, 2005.[10] Thus, any Opposition was due on April 5,

18  2005. Plaintiff, however, filed her Opposition on April 12, 2005, and did not seek leave to file such

19  Opposition late. Accordingly, Plaintiff's Opposition is stricken.

20          **2.    Merits of Fairbanks' Motion**

21      Nonetheless, the Court evaluates the merits of Fairbanks' Motion. Fairbanks asserts that entry of

22  final judgment is appropriate because the Court's March 7, 2005 Order resolved all of Plaintiff's claims

23  against Fairbanks. (Id.)

24      First, entry of final judgment is appropriate because this is an action with multiple parties, and the

25  Court's March 7, 2005 Order resolved all claims against one of those parties, Fairbanks. See Fed. R. Civ.

26  P. 54(b). Moreover, as discussed supra, Plaintiff has been denied leave to amend the Complaint as to

27  _____

28  [10]On April 18, 2005, the Court continued the hearing to May 17, 2005 so that this motion could be adjudicated at the same time as Plaintiff's Motion for Leave to Amend.

United States District Court
For the Northern District of California

10

United States District Court

For the Northern District of California

1   claims against Fairbanks. Accordingly, all claims against Fairbanks have been resolved in its favor.

2   Second, there is no just reason for delaying entry of final judgment. In evaluating whether there is

3   no just reason for delay, the Court must consider both the preservation of judicial economy as well as the

4   equities involved. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980). In the instant case,

5   entry of final judgment will serve judicial economy by streamlining the litigation and focusing the litigation on

6   the remaining defendants. Alcan Aluminum Corp. v. Carlsberg Financial Corp., 689 F.2d 815, 817 (9th

7   Cir. 1982). Moreover, the balance of the equities also favors entry of final judgment because Fairbanks

8   will be required to unnecessarily wait for the adjudication of claims against the remaining defendants,

9   despite the fact that its defenses of res judicata and release bar Plaintiff's claims against Fairbanks.

10  Meanwhile, even if the Court were to consider Plaintiff's Opposition, it fails to identify any prejudice that

11  Plaintiff will suffer as a result of entry of final judgment. Accordingly, the Court finds that entry of final

12  judgment in favor of Fairbanks is appropriate in the instant action.

13                                          **CONCLUSION**

14  For the foregoing reasons, the Court STRIKES those portions of the FAC that add allegations

15  against Fairbanks and Cal Land, and DENIES Plaintiff's Motion for Leave to Amend. Plaintiff is ordered

16  to file a Second Amended Complaint that removes the stricken allegations within 15 days from the date of

17  this Order. The Court also GRANTS Fairbanks' Motion for Entry of Final Judgment.

18  The Case Management Conference is CONTINUED TO **July 27, 2005 at 3:30 p.m.**, and will

19  proceed **telephonically**. The parties shall **meet and confer** prior to the conference and shall prepare a

20  joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the

21  Case Management Conference. Plaintiff shall be responsible for filing the statement as well as for arranging

22  the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated

23  date and time.

24          IT IS SO ORDERED.

25  Dated: 5-26-05                        /s/ Saundra Brown Armstrong
26                                         SAUNDRA BROWN ARMSTRONG
                                           United States District Judge
27

28

49

# EXHIBIT  "D"

# AMENDMENT

**DELAYED EFFECTIVE DATE**

·6/30/04

**RECEIVED**

MAY 19 2004

(JVB)

UT. DIV. of CORP. & COMM. CODE

## ARTICLES OF AMENDMENT TO THE

## AMENDED ARTICLES OF INCORPORATION OF

## FAIRBANKS CAPITAL CORP.

**RECEIVED**

AUG 2 4 2004

05-19-04P12:08 RCVD

Fairbanks Capital Corp., a Utah corporation (the "Corporation"), submits these Articles

of Amendment pursuant to the provisions of Section 16-10a-1006 of the Utah Revised Business

Corporation Act, as amended (the "Act"):

1. The name of the Corporation is Fairbanks Capital Corp.

2. The Corporation's Amended Articles of Incorporation are hereby amended by changing Article I so that, as amended, it reads in its entirety as follows:

### ARTICLE I

The name of the Corporation shall be: Select Portfolio Servicing, Inc.

3. As permitted by Section 16-10a-123 of the Act, the effective date of this amendment shall be June 30, 2004.

4. Upon recommendation by the Board of Directors, on May 10, 2004, the sole shareholder of the Corporation, holding all of the Corporation's 119,048 issued and outstanding shares, approved the proposed amendment, which approval was sufficient for approval of the amendment under the Act.

DATED: May 18, 2004.

State of Utah
Department of Commerce
Division of Corporations and Commercial Code
I hereby certified that the foregoing has been filed
and approved on this ___ day of May 2004
in this office of this division and hereby issue
this Certificate of thereof.

Examiner _____ Date 6/30/04

Kathy Berg
Division Director

374030 1

_____
Gregory E. Hanner, Secretary

Date:            05/19/2004
Receipt Number: 1156312
Amount Paid:    $27.00

EXHIBIT "E"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ALANNA L. CURRY, *et al.*,

individually and on behalf of all others
similarly situated,

        Plaintiffs,

    v.

FAIRBANKS CAPITAL CORPORATION,

        Defendant.

Civil Action No. 03-10895-DPW

## SETTLEMENT AGREEMENT AND RELEASE

SETTLEMENT AGREEMENT AND RELEASE ("Agreement"), dated

November ___, 2003 between FAIRBANKS CAPITAL CORP., a Utah corporation, and

ALANNA CURRY and each of the PLAINTIFFS, on behalf of themselves and the Class.

### Background

A.     Fairbanks is a Utah corporation and is engaged in the business of servicing

single-family mortgage residential loans.

B.     Plaintiffs and others have commenced a series of putative class action

lawsuits against Fairbanks and others (the "Actions"). They allege that Fairbanks has engaged in

a pattern and practice of uniform nationwide unfair, unlawful and deceptive business practices in

its Servicing of residential mortgage loans, and that Fairbanks has engaged in other conduct that

breaches statutes, contracts, and common law. Plaintiffs and others allege that Fairbanks'

qualify as members of the Class, or (c) substantially restrict Fairbanks' license(s) to service loans or to collect upon or process foreclosures with respect to defaulted loans.

24.    "Parties" means Fairbanks, Plaintiffs, and Class Members, as each of those terms is defined herein.

25.    "Plaintiffs" means and includes all named plaintiffs and class representatives in the Curry Action, as listed in the Consolidated Class Action Complaint, or as currently appear in any Actions, as that term is defined herein, in which one of the Class Counsel is counsel of record.

26.    "Preliminary Approval" means the order or orders of the Court approving preliminarily the terms and conditions of this Agreement, as contemplated by the Agreement.

27.    "Preliminary Approval Date" means the date on which the Court enters the order or orders constituting Preliminary Approval.

28.    "Redress Fund" means the $40 million fund through which Settlement Class Members may obtain redress, as provided herein.

29.    "Release" means the release of claims set forth in section IV.

30.    "Released Claims" means, collectively, all claims, demands, rights, liabilities, defenses, counterclaims and cross-claims, third-party claims, set-offs, rights of recoupment, and causes of action of every nature and description whatsoever for any losses, damages, harms, injuries, statutory penalties, consequential or incidental damages, punitive damages, or other monetary or non-monetary relief that result, concern or arise from or in connection with (a) the transactions or occurrences or series of transactions or occurrences alleged in the Consolidated Class Action Complaint; (b) the acts or omissions of Fairbanks or of any Fairbanks-Related Party in connection with Fairbanks' Servicing of the Serviced Loans

- 12 -

related to the transactions or occurrences or series of transactions or occurrences alleged in the Consolidated Class Action Complaint; (c) Fairbanks' Servicing of a Serviced Loan that ever was in Default or treated by Fairbanks as being in Default; or (d) any charge, assessment or collection of a prepayment charge, fee or penalty in Massachusetts, Alabama or West Virginia, or in violation of law or contract. The Released Claims shall include, without limiting the generality of the foregoing, claims, demands, rights, liabilities, and causes of action that are: known or unknown; matured or unmatured; now existing or coming into existence in the future; at law or in equity; before a local, state or federal court, tribunal, administrative agency, commission, arbitrator or arbitration panel, or other adjudicative body; now liquidated or unliquidated; concealed or hidden; asserted or might have been asserted, provided, however, that such are encompassed by the first sentence of this definition. The Released Claims also shall include, without limiting the generality of the foregoing, all claims, rights and demands under any federal, state or local consumer protection statute or administrative rule or regulation, or under any other state or federal statute, rule, or regulation, or under the common law or contract, provided, however, that such are encompassed by the first sentence of this definition. The Reserved Claims and Defenses shall be a specific exception to the scope of the Released Claims.

31.    "Reserved Claims and Defenses" means the following claims and defenses that are excepted from the Release:

(a)    any claims or defenses that a Settlement Class Member asserts, affirmatively or defensively, with respect to Fairbanks' Servicing in an effort to defeat any pending or future real estate foreclosure action (whether judicial or nonjudicial), including those related to the Servicing practices covered by this Agreement, shall be unaffected by the Release in connection with such action.

- 13 -

# EXHIBIT "F"

ADRMOP, CLOSED, ProSe, REMAND

## U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:04-cv-03738-SBA

Barbera v. WMC Mortgage Corp. et al
Assigned to: Hon. Saundra Brown Armstrong
Demand: $0
Cause: 28:1441 Petition for Removal

Date Filed: 09/03/2004
Date Terminated: 01/19/2006
Jury Demand: Both
Nature of Suit: 371 Truth in Lending
Jurisdiction: Federal Question

**Plaintiff**

**Patricia C. Barbera**                    represented by **Patricia C. Barbera**
24 Caribe Isle
Novato, CA 94949
415-382-9617
Fax: 415-382-0756
PRO SE

**John G. Warner**
Law Office of John G. Warner
21 Tamal Vista Boulevard
Suite 196
Corte Madera, CA 94925
415-924-2640
Fax: 415-927-0608
Email: warnerwest@aol.com
*TERMINATED: 06/01/2005*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**WMC Mortgage Corp.**                     represented by **Michael John Agoglia**
*a California Corporation*                  Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000
Fax: (415) 268-7522
Email: magoglia@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Edward Paffrath**
Morrison & Foerster LLP

425 Market Street
San Francisco, CA 94105-2482
415-268-7000
Fax: 415-268-7522
*ATTORNEY TO BE NOTICED*

**Defendant**

**WMC Finance Co.**
*TERMINATED: 03/15/2005*

represented by **Michael John Agoglia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Edward Paffrath**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Apollo Management L.P.**
*TERMINATED: 12/13/2004*

represented by **Michael John Agoglia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Edward Paffrath**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**WMCDirect**

represented by **Michael John Agoglia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Edward Paffrath**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**GE Consumer Finance**
*a unit of General Electric Company*
*TERMINATED: 12/13/2004*

represented by **Michael John Agoglia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Edward Paffrath**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Corp.**
*a Utah Corporation*
*TERMINATED: 03/15/2005*

represented by **Andrew R. Louis**
Goodwin Proctor LLP
901 New York Avenue

NW
Washington, DC 20001
202-346-4000
Fax: 202-346-4444
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Theodore A. Griffinger, Jr.**
Stein & Lubin
600 Montgomery Street
14th Floor
San Francisco, CA 94111
415-981-0550
Fax: 415-981-4343
Email: tgriffinger@steinlubin.com
*ATTORNEY TO BE NOTICED*

**Thomas M. Hefferon**
Goodwin Procter, LLP
901 New York Avenue
NW
Washington, DC 20001
202-346-4000
Fax: 202-346-4444
Email: thefferon@goodwinprocter.com
*ATTORNEY TO BE NOTICED*

**John G. Warner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Holding Corp.**
*a Delaware Corporation*
*TERMINATED: 03/15/2005*

represented by **Andrew R. Louis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Theodore A. Griffinger, Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas M. Hefferon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**California Land Title Company of Marin**
*a California business entity*

represented by **Daniel A. Gamer**
Law Office of Daniel A. Gamer
55 Professional Center Parkway #H
San Rafael, CA 94903-2729

415-472-6655
Fax: 415-472-3940
Email: dan@gamerlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Select Portfolio Servicing, Inc.**
*a Utah business entity*
*formerly known as*
Fairbanks Capital Corp.

**Defendant**

**Fairbanks Capital Corp.**
*TERMINATED: 03/15/2005*

represented by **Theodore A. Griffinger, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Holding Corp.**
*TERMINATED: 03/15/2005*

represented by **Theodore A. Griffinger, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Corp.**
*TERMINATED: 03/15/2005*

represented by **Theodore A. Griffinger, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Holding Corp.**
*TERMINATED: 03/15/2005*

represented by **Theodore A. Griffinger, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Corp.**
*TERMINATED: 03/15/2005*

represented by **Theodore A. Griffinger, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Holding Corp.**
*TERMINATED: 03/15/2005*

represented by **Theodore A. Griffinger, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Corp.**

represented by **Theodore A. Griffinger, Jr.**

*TERMINATED: 03/15/2005*

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Holding Corp.**
*TERMINATED: 03/15/2005*

represented by **Theodore A. Griffinger, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Corp.**
*TERMINATED: 03/15/2005*

represented by **Theodore A. Griffinger, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Holding Corp.**
*TERMINATED: 03/15/2005*

represented by **Theodore A. Griffinger, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Corp.**
*TERMINATED: 03/15/2005*

represented by **Theodore A. Griffinger, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Holding Corp.**
*TERMINATED: 03/15/2005*

represented by **Theodore A. Griffinger, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Corp.**
*TERMINATED: 03/15/2005*

represented by **Theodore A. Griffinger, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Holding Corp.**
*TERMINATED: 03/15/2005*

represented by **Theodore A. Griffinger, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Corp.**
*TERMINATED: 03/15/2005*

represented by **Theodore A. Griffinger, Jr.**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

**Fairbanks Capital Holding Corp.** ·
*TERMINATED: 03/15/2005*

represented by **Theodore A. Griffinger, Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/03/2004 | 1 | NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SEC. 1441(B)&(C) - [No Process] from San Francisco County Superior Court. Their case number is CGC-04433269. [Filing Fee: $150.00, Receipt Number 3363702]. Filed by Defendants Apollo Management L.P., GE Consumer Finance, WMC Finance Co., WMC Mortgage Corp. & WMCDirect. (tn, COURT STAFF) (Filed on 9/3/2004) Additional attachment(s) added on 12/28/2004 (jlm, COURT STAFF). (Entered: 09/10/2004) |
| 09/03/2004 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 1/5/2005 & Initial Case Management Conference set for 1:30 p.m. on 1/12/2005. (Attachments: # 1 Standing Order).(tn, COURT STAFF) (Filed on 9/3/2004) (Entered: 09/10/2004) |
| 09/03/2004 | | CASE DESIGNATED for Electronic Filing. (tn, COURT STAFF) (Filed on 9/3/2004) (Entered: 09/10/2004) |
| 09/13/2004 | 3 | CERTIFICATE OF SERVICE by Apollo Management L.P., GE Consumer Finance, WMC Finance Co., WMC Mortgage Corp., WMCDirect (Agoglia, Michael) (Filed on 9/13/2004) (Entered: 09/13/2004) |
| 09/13/2004 | 4 | STIPULATION *to Extend Time to Respond to Complaint* by Apollo Management L.P., GE Consumer Finance, WMC Finance Co., WMC Mortgage Corp., WMCDirect. (Agoglia, Michael) (Filed on 9/13/2004) (Entered: 09/13/2004) |
| 09/13/2004 | 5 | CERTIFICATE OF SERVICE by Apollo Management L.P., GE Consumer Finance, WMC Finance Co., WMC Mortgage Corp., WMCDirect re 4 Stipulation *to Extend Time to Respond to Complaint* (Agoglia, Michael) (Filed on 9/13/2004) (Entered: 09/13/2004) |
| 09/29/2004 | 6 | STIPULATION *to Extend Time to Respond* by Apollo Management L.P., GE Consumer Finance, WMC Finance Co., WMC Mortgage Corp., WMCDirect. (Agoglia, Michael) (Filed on 9/29/2004) (Entered: 09/29/2004) |
| 09/30/2004 | 7 | CERTIFICATE OF SERVICE by Apollo Management L.P., GE Consumer Finance, WMC Finance Co., WMC Mortgage Corp., WMCDirect re 6 Stipulation *to Extend Time to Respond to Complaint* (Agoglia, Michael) (Filed on 9/30/2004) (Entered: 09/30/2004) |
| 10/28/2004 | 8 | CLERK'S NOTICE RE CONSENT OR DECLINATION TO PROCEED BEFORE MAGISTRATE JUDGE; COUNSEL TO RESPOND BY 11/11/04. (bpf, COURT STAFF) (Filed on 10/28/2004) (Entered: 10/28/2004) |

| 10/28/2004 | 9 | STIPULATION AND ORDER EXTENDING TIME TO RESPOND. Signed by Judge Edward M. Chen on 10/28/04. (bpf, COURT STAFF) (Filed on 10/28/2004) (Entered: 10/28/2004) |
|---|---|---|
| 11/04/2004 | 10 | STIPULATION *TO EXTEND TIME TO RESPOND* by WMC Mortgage Corp.. (Agoglia, Michael) (Filed on 11/4/2004) (Entered: 11/04/2004) |
| 11/04/2004 | 11 | CERTIFICATE OF SERVICE by WMC Mortgage Corp. *TO STIPULATION TO EXTEND TIME TO RESPOND* (Agoglia, Michael) (Filed on 11/4/2004) (Entered: 11/04/2004) |
| 11/05/2004 | 12 | RESPONSE to *Summons* by Fairbanks Capital Corp.. (Warner, John) (Filed on 11/5/2004) (Entered: 11/05/2004) |
| 11/05/2004 | 13 | STIPULATION AND ORDER EXTENDING TIME TO RESPOND. Signed by Judge Edward M. Chen on 11/5/04. (bpf, COURT STAFF) (Filed on 11/5/2004) (Entered: 11/05/2004) |
| 11/10/2004 | 14 | Declination to Proceed Before a U.S. Magistrate Judge by WMC Mortgage Corp. *AND REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE.* (Agoglia, Michael) (Filed on 11/10/2004) (Entered: 11/10/2004) |
| 11/10/2004 | 15 | CERTIFICATE OF SERVICE by WMC Mortgage Corp. re 14 Declination to Proceed Before a U.S. Magistrate Judge *and Request for Reassignment to a United States District Judge* (Agoglia, Michael) (Filed on 11/10/2004) (Entered: 11/10/2004) |
| 11/15/2004 | 16 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (bpf, COURT STAFF) (Filed on 11/15/2004) (Entered: 11/15/2004) |
| 11/16/2004 | 17 | ORDER REASSIGNING CASE. Case reassigned to Judge Vaughn R. Walker for all further proceedings. Judge Edward M. Chen no longer assigned to case. Signed by EXECUTIVE COMMITTEE on 11/16/04. (ha, COURT STAFF) (Filed on 11/16/2004) (Entered: 11/16/2004) |
| 11/30/2004 | 18 | ORDER OF RECUSAL. Signed by Judge Vaughn R. Walker on 11/29/04. (kcw, COURT STAFF) (Filed on 11/30/2004) (Entered: 11/30/2004) |
| 12/01/2004 | 19 | ORDER REASSIGNING CASE. Case reassigned to Judge Saundra Brown Armstrong for all further proceedings. Judge Vaughn R. Walker no longer assigned to case. Signed by EXECUTIVE COMMITTEE on 12/1/04. (ha, COURT STAFF) (Filed on 12/1/2004) (Entered: 12/01/2004) |
| 12/06/2004 | 20 | STIPULATION *TO EXTEND TIME TO RESPOND TO COMPLAINT* by WMC Mortgage Corp.. (Agoglia, Michael) (Filed on 12/6/2004) (Entered: 12/06/2004) |
| 12/06/2004 | 21 | CERTIFICATE OF SERVICE by WMC Mortgage Corp. *TO STIPULATION TO EXTEND TIME TO RESPOND* (Agoglia, Michael) (Filed on 12/6/2004) (Entered: 12/06/2004) |
| 12/07/2004 | 22 | CLERK'S NOTICE re: Defendant's Failure to E-File and/or Failure to Register as an E-Filer re 1 (jlm, COURT STAFF) (Filed on 12/7/2004) |



| | | |
|---|---|---|
| | | (Entered: 12/07/2004) |
| 12/09/2004 | 23 | CASE MANAGEMENT SCHEDULING ORDER: Case Management Conference set for 1/13/2005 03:00 PM. via telephone.. Signed by Judge Armstrong on 12/9/04. (lrc, ) (Filed on 12/9/2004) (Entered: 12/09/2004) |
| 12/13/2004 | 24 | NOTICE of Voluntary Dismissal by Patricia C. Barbera (Warner, John) (Filed on 12/13/2004) (Entered: 12/13/2004) |
| 12/13/2004 | 25 | CERTIFICATE OF SERVICE by Patricia C. Barbera *Case Management Scheduling Order for Reassigned Civil Cases* (Warner, John) (Filed on 12/13/2004) (Entered: 12/13/2004) |
| 12/22/2004 | 26 | NOTICE of need for ADR Phone Conference (ADR L.R. 3-5 d) *ADR CERTIFICATION FOR WMC MORTGAGE CORP., WMC FINANCE CO., WMCDIRECT* (Agoglia, Michael) (Filed on 12/22/2004) (Entered: 12/22/2004) |
| 12/22/2004 | 27 | CERTIFICATE OF SERVICE by WMC Mortgage Corp. *TO NOTICE OF NEED FOR ADR PHONE CONFERENCE [ADR L.R. 3-5] ADR CERTIFICATION FOR WMC MORTGAGE CORP., WMC FINANCE CO., WMCDIRECT* (Agoglia, Michael) (Filed on 12/22/2004) (Entered: 12/22/2004) |
| 01/03/2005 | 28 | ADR Clerks Notice Setting ADR Phone Conference on 1/10/05 at 11:00 a.m. Please take note that plaintiff's counsel initiates the call to all parties. (tjs, COURT STAFF) (Filed on 1/3/2005) (Entered: 01/03/2005) |
| 01/04/2005 | 29 | **ERRONEOUS ENTRY, PLEASE IGNORE.**<br><br>JOINT CASE MANAGEMENT STATEMENT With Proposed Order filed by WMCDirect, Fairbanks Capital Corp., Fairbanks Capital Holding Corp., California Land Title Company of Marin, Patricia C. Barbera, WMC Mortgage Corp., WMC Finance Co.. (Warner, John) (Filed on 1/4/2005) Modified on 1/5/2005 (jlm, COURT STAFF). Modified on 1/5/2005 (jlm, COURT STAFF). (Entered: 01/04/2005) |
| 01/05/2005 | 30 | JOINT CASE MANAGEMENT STATEMENT *AND PROPOSED ORDER* filed by Patricia C. Barbera. (Warner, John) (Filed on 1/5/2005) (Entered: 01/05/2005) |
| 01/05/2005 | 31 | STIPULATION *TO EXTEND TIME FOR DEFENDANTS FAIRBANKS CAPITAL CORP. AND FAIRBANKS CAPITAL HOLDING CORPORATION TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT* by Fairbanks Capital Corp.. (Griffinger, Theodore) (Filed on 1/5/2005) (Entered: 01/05/2005) |
| 01/07/2005 | 32 | ANSWER to Complaint *and Affirmative Defenses* byCalifornia Land Title Company of Marin. (Gamer, Daniel) (Filed on 1/7/2005) (Entered: 01/07/2005) |
| 01/10/2005 | | ADR Phone Conference by RWS (tjs, COURT STAFF) (Filed on 1/10/2005) (Entered: 01/10/2005) |

| 01/10/2005 | 33 | First MOTION for Summary Judgment filed by Fairbanks Capital Corp., Fairbanks Capital Holding Corp.. Motion Hearing set for 3/1/2005 01:00 PM. (Griffinger, Theodore) (Filed on 1/10/2005) (Entered: 01/10/2005) |
|---|---|---|
| 01/10/2005 | 34 | MEMORANDUM in Support re 33 First MOTION for Summary Judgment filed byFairbanks Capital Corp., Fairbanks Capital Holding Corp.. (Related document(s) 33 ) (Griffinger, Theodore) (Filed on 1/10/2005) (Entered: 01/10/2005) |
| 01/10/2005 | 35 | Declaration of Theodore A. Griffinger, Jr. in Support of 33 First MOTION for Summary Judgment, filed by Fairbanks Capital Corp., Fairbanks Capital Holding Corp. (Related document(s) 33 ) (Griffinger, Theodore) (Filed on 1/10/2005) Modified on 1/11/2005 (jlm, COURT STAFF). (Entered: 01/10/2005) |
| 01/10/2005 | 36 | Declaration of Tricia M. Solorzano in Support of 33 First MOTION for Summary Judgment, filed by Fairbanks Capital Corp., Fairbanks Capital Holding Corp. (Attachments: # 1 Exhibit A)(Related document(s) 33 ) (Griffinger, Theodore) (Filed on 1/10/2005) Modified on 1/11/2005 (jlm, COURT STAFF). (Entered: 01/10/2005) |
| 01/10/2005 | 37 | Proposed Order re 33 First MOTION for Summary Judgment by Fairbanks Capital Corp., Fairbanks Capital Holding Corp.. (Griffinger, Theodore) (Filed on 1/10/2005) (Entered: 01/10/2005) |
| 01/10/2005 | 38 | Declaration of Gina Tolman in Support of 33 First MOTION for Summary Judgment filed byFairbanks Capital Corp., Fairbanks Capital Holding Corp.. (Related document(s) 33 ) (Griffinger, Theodore) (Filed on 1/10/2005) (Entered: 01/10/2005) |
| 01/10/2005 | 39 | Request for Judicial Notice re 33 First MOTION for Summary Judgment filed byFairbanks Capital Corp., Fairbanks Capital Holding Corp.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F)(Related document(s) 33 ) (Griffinger, Theodore) (Filed on 1/10/2005) (Entered: 01/10/2005) |
| 01/10/2005 | 40 | MOTION to Dismiss *DEFENDANTS WMC MORTGAGE CORP., WMC FINANCE CO., AND WMCDIRECT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES* filed by WMC Mortgage Corp.. Motion Hearing set for 3/1/2005 01:00 PM. (Agoglia, Michael) (Filed on 1/10/2005) (Entered: 01/10/2005) |
| 01/10/2005 | 41 | Request for Judicial Notice *IN SUPPORT OF MOTION TO DISMISS* filed byWMC Mortgage Corp.. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Agoglia, Michael) (Filed on 1/10/2005) (Entered: 01/10/2005) |
| 01/10/2005 | 42 | Joinder re 33 *FAIRBANKS CAPITAL CORP.'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW* filed by WMC Mortgage Corp. (Agoglia, Michael) (Filed on 1/10/2005) Modified on 1/11/2005 (jlm, COURT STAFF). (Entered: 01/10/2005) |
| 01/10/2005 | 43 | Proposed Order re 40 MOTION to Dismiss *DEFENDANTS WMC MORTGAGE CORP., WMC FINANCE CO., AND WMCDIRECT'S NOTICE* |

| | | |
|---|---|---|
| | | *OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES [PROPOSED] ORDER GRANTING DEFENDANTS WMC MORTGAGE CORP., WMC FINANCE CO., AND WMCDIRECT'S MOTION TO DISMISS* by WMG Mortgage Corp.. (Agoglia, Michael) (Filed on 1/10/2005) (Entered: 01/10/2005) |
| 01/13/2005 | 44 | CLERK'S NOTICE Case Management Conference set for 3/1/2005 01:00 PM. to follow the hearing on the motions. (lrc, ) (Filed on 1/13/2005) (Entered: 01/13/2005) |
| 01/13/2005 | 45 | Minute Entry: Initial Case Management Conference not held on 1/13/2005 before JUDGE ARMSTRONG. Case Management Conference continued to 1/19/05 @ 3:30 p.m. (Date Filed: 1/13/2005). (Court Reporter NOT REPORTED.) (lrc, ) (Date Filed: 1/13/2005) (Entered: 01/13/2005) |
| 01/14/2005 | 46 | Joinder re 40 *Motion to Dismiss* filed by California Land Title Company of Marin. (Gamer, Daniel) (Filed on 1/14/2005) Modified on 1/18/2005 (jlm, COURT STAFF). (Entered: 01/14/2005) |
| 01/14/2005 | 47 | Proposed Order re 46 MOTION for Joinder *in Motion to Dismiss* by California Land Title Company of Marin. (Gamer, Daniel) (Filed on 1/14/2005) (Entered: 01/14/2005) |
| 02/02/2005 | 48 | MOTION to Continue *Hearing Date on Pending Motion to Dismiss and Motion for Summary Judgment* filed by Patricia C. Barbera. (Warner, John) (Filed on 2/2/2005) (Entered: 02/02/2005) |
| 02/02/2005 | 49 | Proposed Order re *Continuance of Hearing Date* by Patricia C. Barbera. (Warner, John) (Filed on 2/2/2005) Modified on 2/3/2005 (jlm, COURT STAFF). (Entered: 02/02/2005) |
| 02/02/2005 | 50 | Declaration of Plaintiff's Counsel *in Support of Motion for Continuance of Hearing Date* filed byPatricia C. Barbera. (Warner, John) (Filed on 2/2/2005) (Entered: 02/02/2005) |
| 02/04/2005 | 51 | RESPONSE re 48 *Motion to Continue Hearing Date on Pending Motion to Dismiss and Motion for Summary Judgment* filed by WMC Mortgage Corp.. (Attachments: # 1)(Agoglia, Michael) (Filed on 2/4/2005) Modified on 2/7/2005 (jlm, COURT STAFF). (Entered: 02/04/2005) |
| 02/07/2005 | 52 | Reply Memorandum in Support re *Motion to Continue Hearing Date on Pending Motion to Dismiss and Motion for Summary Judgment* filed by Patricia C. Barbera. (Warner, John) (Filed on 2/7/2005) Modified on 2/8/2005 (jlm, COURT STAFF). (Entered: 02/07/2005) |
| 02/08/2005 | 53 | Memorandum in Opposition *to Fairbanks' Motion for Summary Judgment* filed byPatricia C. Barbera. (Warner, John) (Filed on 2/8/2005) (Entered: 02/08/2005) |
| 02/08/2005 | 54 | DECLARATION of Plaintiff Patricia C. Barbera *in Opposition to Fairbanks' Motion for Summary Judgment* filed byPatricia C. Barbera. (Warner, John) (Filed on 2/8/2005) (Entered: 02/08/2005) |
| 02/08/2005 | 55 | Proposed Order *Denying Fairbanks' Motion for Summary Judgment* by |

| | | Patricia C. Barbera. (Warner, John) (Filed on 2/8/2005) (Entered: 02/08/2005) |
|---|---|---|
| 02/09/2005 | 56 | ORDER by Judge SAUNDRA BROWN ARMSTRONG, granting in part and denying in part 48 Motion to Continue. The Court GRANTS Plaintiff's request to continue the hearing on Defendants' Motion to Dismiss to 04/05/2005 and DENIES Plaintiff's request to continue the hearing on the Motion for Summary Judgment. (sbasec, COURT STAFF) (Filed on 2/9/2005) (Entered: 02/09/2005) |
| 02/15/2005 | 57 | ***ERRONEOUS ENTRY, PLEASE SEE DOCUMENT 58 *** <br><br> Brief *In Reply In Support of Its Motion For Summary Judgment* filed byFairbanks Capital Corp. (Griffinger, Theodore) (Filed on 2/15/2005) Modified on 2/16/2005 (jlm, COURT STAFF). (Entered: 02/15/2005) |
| 02/15/2005 | 58 | Reply Memorandum *In Support of Its Motion For Summary Judgment* filed byFairbanks Capital Corp.. (Griffinger, Theodore) (Filed on 2/15/2005) (Entered: 02/15/2005) |
| 02/15/2005 | 59 | RESPONSE in Support re 33 First MOTION for Summary Judgment *WMC MORTGAGE CORP.'S REPLY IN SUPPORT OF ITS JOINDER TO FAIRBANKS CAPITAL CORP.'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW* filed byWMC Mortgage Corp.. (Agoglia, Michael) (Filed on 2/15/2005) (Entered: 02/15/2005) |
| 02/22/2005 | 64 | MOTION for leave to appear in Pro Hac Vice for Andrew R. Louis filed by Fairbanks Capital Corp., Fairbanks Capital Holding Corp. Fee paid, receipt no. 4410753. (jlm, COURT STAFF) (Filed on 2/22/2005) (Entered: 02/28/2005) |
| 02/22/2005 | 65 | Declaration of Andrew R. Louis in Support of 64 MOTION for leave to appear in Pro Hac Vice filed byFairbanks Capital Corp., Fairbanks Capital Holding Corp. (Related document(s) 64 ) (jlm, COURT STAFF) (Filed on 2/22/2005) (Entered: 02/28/2005) |
| 02/22/2005 | | Received Order re 64 MOTION for leave to appear in Pro Hac Vice by Fairbanks Capital Corp., Fairbanks Capital Holding Corp. (jlm, COURT STAFF) (Filed on 2/22/2005) (Entered: 02/28/2005) |
| 02/22/2005 | 66 | MOTION for leave to appear in Pro Hac Vice for Thomas M. Hefferon filed by Fairbanks Capital Corp., Fairbanks Capital Holding Corp. Fee paid, receipt no. 4410754. (jlm, COURT STAFF) (Filed on 2/22/2005) (Entered: 02/28/2005) |
| 02/22/2005 | 67 | Declaration of Thomas M. Hefferon in Support of 66 MOTION for leave to appear in Pro Hac Vice filed byFairbanks Capital Corp., Fairbanks Capital Holding Corp. (Related document(s) 66 ) (jlm, COURT STAFF) (Filed on 2/22/2005) (Entered: 02/28/2005) |
| 02/22/2005 | | Received Order re 66 MOTION for leave to appear in Pro Hac Vice by Fairbanks Capital Corp., Fairbanks Capital Holding Corp. (jlm, COURT STAFF) (Filed on 2/22/2005) (Entered: 02/28/2005) |
| 02/24/2005 | 60 | ***ERRONEOUS ENTRY, PLEASE SEE DOCUMENT 61 *** |

| | | Reply Memorandum in Opposition *to Fairbanks' Motion for Summary Judgment* filed byPatricia C. Barbera. (Warner, John) (Filed on 2/24/2005) Modified on 2/25/2005 (jlm, COURT STAFF). Modified on 2/25/2005 (jlm, COURT STAFF). (Entered: 02/24/2005) |
|---|---|---|
| 02/24/2005 | 61 | Reply Memorandum *in Opposition to Fairbanks' Motion for Summary Judgment* filed byPatricia C. Barbera. (Warner, John) (Filed on 2/24/2005) (Entered: 02/24/2005) |
| 02/25/2005 | 69 | ORDER by Judge Saundra Brown Armstrong GRANTING 64 Motion for Pro Hac Vice for Andrew R. Louis (jlm, COURT STAFF) (Filed on 2/25/2005) (Entered: 02/28/2005) |
| 02/25/2005 | 70 | ORDER by Judge Saundra Brown Armstrong GRANTING 66 Motion for Pro Hac Vice for Thomas M. Hefferon (jlm, COURT STAFF) (Filed on 2/25/2005) (Entered: 02/28/2005) |
| 02/28/2005 | 62 | NOTICE by Fairbanks Capital Corp. *OF ORDER OF ADMITTANCE OF THOMAS M. HEFFERON, ESQ. AS CO-COUNSEL FOR DEFENDANTS FAIRBANKS CAPITAL CORP. AND FAIRBANKS CAPITAL HOLDING CORPORATION PRO HAC VICE* (Attachments: # 1 Exhibit Exhibit A) (Griffinger, Theodore) (Filed on 2/28/2005) (Entered: 02/28/2005) |
| 02/28/2005 | 63 | NOTICE by Fairbanks Capital Corp. *ORDER OF ADMITTANCE OF ANDREW R. LOUIS, ESQ. AS CO-COUNSEL FOR DEFENDANTS FAIRBANKS CAPITAL CORP. AND FAIRBANKS CAPITAL HOLDING CORPORATION PRO HAC VICE* (Attachments: # 1 Exhibit Exhibit A) (Griffinger, Theodore) (Filed on 2/28/2005) (Entered: 02/28/2005) |
| 02/28/2005 | 68 | Proposed Order re 33 First MOTION for Summary Judgment *PROPOSED ORDER GRANTING DEFENDANT WMC MORTGAGE CORP.'S MOTION FOR SUMMARY JUDGMENT* by WMC Mortgage Corp.. (Agoglia, Michael) (Filed on 2/28/2005) (Entered: 02/28/2005) |
| 03/07/2005 | 71 | ORDER by Judge SAUNDRA BROWN ARMSTRONG, granting 33 Motion for Summary Judgment. Among other things, the Court FURTHER ORDERED THAT the Case Management Conference currently set for 03/01/2005 is CONTINUED to 04/07/2005 at 3:30 p.m. via telephone. (sbasec, COURT STAFF) (Filed on 3/7/2005) (Entered: 03/07/2005) |
| 03/07/2005 | | Set Deadlines/Hearings: re 71 Telephonic Case Management Conference set for 4/7/2005 at 03:30 PM. (jlm, COURT STAFF) (Filed on 3/7/2005) (Entered: 03/08/2005) |
| 03/15/2005 | 72 | Reply Memorandum *for Plaintiff's Response to WMC Mortgage Corp. and Related Entities' Motion to Dismiss* filed byPatricia C. Barbera. (Warner, John) (Filed on 3/15/2005) (Entered: 03/15/2005) |
| 03/15/2005 | 73 | AMENDED COMPLAINT With Jury Demand *to Bar Predatory Lending and Other Unfair Business Practices* against all defendants. Filed by Patricia C. Barbera. (Warner, John) (Filed on 3/15/2005) Modified on 3/16/2005 (jlm, COURT STAFF). (Entered: 03/15/2005) |

| 03/21/2005 | 74 | MOTION for Entry of Judgment under Rule 54(b) filed by Fairbanks Capital Corp., Fairbanks Capital Holding Corp.. Motion Hearing set for 4/19/2005 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (Griffinger, Theodore) (Filed on 3/21/2005) (Entered: 03/21/2005) |
|---|---|---|
| 03/21/2005 | 75 | MEMORANDUM in Support re 74 MOTION for Entry of Judgment under Rule 54(b) filed byFairbanks Capital Corp., Fairbanks Capital Holding Corp.. (Related document(s) 74 ) (Griffinger, Theodore) (Filed on 3/21/2005) (Entered: 03/21/2005) |
| 03/21/2005 | 76 | Proposed Order re 74 MOTION for Entry of Judgment under Rule 54(b) by Fairbanks Capital Corp., Fairbanks Capital Holding Corp.. (Griffinger, Theodore) (Filed on 3/21/2005) (Entered: 03/21/2005) |
| 03/21/2005 | 77 | CERTIFICATE OF SERVICE by Fairbanks Capital Corp., Fairbanks Capital Holding Corp. re 74 MOTION for Entry of Judgment under Rule 54(b), 75 Memorandum in Support, 76 Proposed Order (Griffinger, Theodore) (Filed on 3/21/2005) (Entered: 03/21/2005) |
| 03/22/2005 | 78 | Renotice of Motion re 74 *Motion for Entry of Judgment under Rule 54(b)* filed by Fairbanks Capital Corp., Fairbanks Capital Holding Corp. Motion Hearing set for 4/26/2005 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (Griffinger, Theodore) (Filed on 3/22/2005) Modified on 3/22/2005 (jlm, COURT STAFF). (Entered: 03/22/2005) |
| 03/22/2005 | 79 | CERTIFICATE OF SERVICE by Fairbanks Capital Corp., Fairbanks Capital Holding Corp. re 78 MOTION to Amend/Correct 74 MOTION for Entry of Judgment under Rule 54(b) (Griffinger, Theodore) (Filed on 3/22/2005) (Entered: 03/22/2005) |
| 03/22/2005 | | Set/Reset Deadlines as to 74 MOTION for Entry of Judgment under Rule 54 (b). Motion Hearing set for 4/26/2005 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (jlm, COURT STAFF) (Filed on 3/22/2005) (Entered: 03/22/2005) |
| 03/22/2005 | 80 | STIPULATION *RELATING TO TIME TO RESPOND TO AMENDED COMPLAINT* by WMC Mortgage Corp.. (Agoglia, Michael) (Filed on 3/22/2005) (Entered: 03/22/2005) |
| 03/22/2005 | 81 | CERTIFICATE OF SERVICE by WMC Mortgage Corp. (Agoglia, Michael) (Filed on 3/22/2005) (Entered: 03/22/2005) |
| 03/23/2005 | 82 | ORDER by Judge SAUNDRA BROWN ARMSTRONG, denying 40 Motion to Dismiss the Complaint as moot. (sbasec, COURT STAFF) (Filed on 3/23/2005) (Entered: 03/23/2005) |
| 03/25/2005 | 83 | CLERK'S NOTICE Case Management Conference set for 4/26/2005 01:00 PM. via telephone. (lrc, ) (Filed on 3/25/2005) (Entered: 03/25/2005) |
| 03/30/2005 | 84 | JOINT CASE MANAGEMENT STATEMENT *and Proposed Order* filed by Patricia C. Barbera. (Warner, John) (Filed on 3/30/2005) (Entered: 03/30/2005) |
| 03/31/2005 | 85 | STIPULATION re 73 Amended Complaint by Fairbanks Capital Corp., Fairbanks Capital Holding Corp.. (Griffinger, Theodore) (Filed on 3/31/2005) |

| | | |
|---|---|---|
| | | (Entered: 03/31/2005) |
| 04/12/2005 | 86 | AFFIDAVIT in Opposition re 74 MOTION for Entry of Judgment under Rule 54(b) filed byPatricia C. Barbera. (Warner, John) (Filed on 4/12/2005) (Entered: 04/12/2005) |
| 04/12/2005 | 87 | NOTICE by Patricia C. Barbera *of Motion and Motion for Leave to Amend Complaint* (Warner, John) (Filed on 4/12/2005) **Counsel used incorrect event - Notice upon posting on 04/12/05 - correct event is Motion** Modified on 4/13/2005 (jlm, COURT STAFF). (Entered: 04/12/2005) |
| 04/12/2005 | 88 | Declaration of John G. Warner in Support of 87 Notice (Other) *of Motion for Leave to Amend Complaint* filed byPatricia C. Barbera. (Related document(s) 87 ) (Warner, John) (Filed on 4/12/2005) (Entered: 04/12/2005) |
| 04/12/2005 | 89 | MEMORANDUM in Support re 87 Notice (Other) *of Motion and Motion for Leave to Amend Complaint* filed byPatricia C. Barbera. (Attachments: # 1 Exhibit A - Second Amended Complaint)(Related document(s) 87 ) (Warner, John) (Filed on 4/12/2005) (Entered: 04/12/2005) |
| 04/13/2005 | 90 | MOTION to Amend/Correct 73 Amended Complaint filed by Patricia C. Barbera. Motion Hearing set for 5/17/2005 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (Warner, John) (Filed on 4/13/2005) (Entered: 04/13/2005) |
| 04/18/2005 | 91 | Reply Memorandum re 74 MOTION for Entry of Judgment under Rule 54(b) filed by Fairbanks Capital Corp., Fairbanks Capital Holding Corp. (Griffinger, Theodore) (Filed on 4/18/2005) Modified on 4/19/2005 (jlm, COURT STAFF). (Entered: 04/18/2005) |
| 04/18/2005 | 92 | ORDER, signed by Judge SAUNDRA BROWN ARMSTRONG on 4/18/2005. The date of hearing on Fairbanks' Motion for Entry of Final Judgment currently set for 04/26/05 and the Case Management Conference are CONTINUED to 05/17/2005 at 1:00 p.m. (sbasec, COURT STAFF) (Filed on 4/18/2005) (Entered: 04/18/2005) |
| 04/18/2005 | | Set Deadlines/Hearings: re 92 Case Management Conference set for 5/17/2005 at 01:00 PM. (jlm, COURT STAFF) (Filed on 4/18/2005) (Entered: 04/19/2005) |
| 04/18/2005 | | Set/Reset Deadlines as to 74 MOTION for Entry of Judgment under Rule 54 (b). Motion Hearing set for 5/17/2005 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (jlm, COURT STAFF) (Filed on 4/18/2005) (Entered: 04/19/2005) |
| 04/26/2005 | 93 | Memorandum in Opposition re 90 MOTION to Amend/Correct 73 Amended Complaint *of Patricia Barbera* filed byCalifornia Land Title Company of Marin. (Gamer, Daniel) (Filed on 4/26/2005) (Entered: 04/26/2005) |
| 05/03/2005 | 94 | STATUS REPORT *Summary of Pending Matters* by Patricia C. Barbera. (Warner, John) (Filed on 5/3/2005) (Entered: 05/03/2005) |
| 05/03/2005 | 95 | Reply Memorandum re 90 MOTION to Amend/Correct 73 Amended Complaint - *Plaintiff's Reply Memorandum in Support of Motion for Leave to Amend Complaint* filed byPatricia C. Barbera. (Warner, John) (Filed on 5/3/2005) (Entered: 05/03/2005) |

| 05/26/2005 | 96 | MEMORANDUM AND OPINION, ORDER by Judge SAUNDRA BROWN ARMSTRONG, granting 74 Motion for Entry of Judgment under Rule 54(b), denying 87 , 90 Motion to Amend/Correct; Plaintiff is required to file the amended document that removes the stricken allegations within 15 days of the date of this Order. The case management conference is CONTINUED TO 07/27/2005 at 3:30 p.m. via telephone. (sbasec, COURT STAFF) (Filed on 5/26/2005) Modified on 6/2/2005 (jlm, COURT STAFF). (Entered: 05/26/2005) |
| 05/26/2005 | | Set Deadlines/Hearings: re 96 Telephonic Case Management Conference set for 7/27/2005 at 03:30 PM. (jlm, COURT STAFF) (Filed on 5/26/2005) (Entered: 05/27/2005) |
| 06/01/2005 | 97 | NOTICE of Substitution of Counsel by John G. Warner (Warner, John) (Filed on 6/1/2005) (Entered: 06/01/2005) |
| 06/02/2005 | 98 | CLERK'S NOTICE Removing Case from E-Filing Program (jlm, COURT STAFF) (Filed on 6/2/2005) (Entered: 06/02/2005) |
| 06/08/2005 | 99 | MOTION for Extension of Time to File Second Amended Complaint filed by Patricia C. Barbera. (jlm, COURT STAFF) (Filed on 6/8/2005) (Entered: 06/09/2005) |
| 06/10/2005 | 100 | ORDER by Judge Saundra Brown Armstrong GRANTING 99 Motion for Extension of Time to File Second Amended Complaint. Plaintiff shall file/serve the Second Amended Complaint by no later than 07/14/2005. (jlm, COURT STAFF) (Filed on 6/10/2005) (Entered: 06/13/2005) |
| 06/16/2005 | 101 | FINAL JUDGMENT entered as to Defendants Fairbanks Capital Corporation and Fairbanks Capital Holding Corporation. Signed by Judge Saundra Brown Armstrong on 06/15/05. (jlm, COURT STAFF) (Filed on 6/16/2005) (Entered: 06/17/2005) |
| 07/06/2005 | 102 | CERTIFICATE OF SERVICE re 101 Judgment (jlm, COURT STAFF) (Filed on 7/6/2005) (Entered: 07/07/2005) |
| 07/15/2005 | 103 | Opposition to Plaintiff's Second Request for Extension of Time to File Second Amended Complaint filed by WMCDirect, WMC Mortgage Corp., WMC Finance Co. (cjl, COURT STAFF) (Filed on 7/15/2005) (Entered: 07/15/2005) |
| 07/15/2005 | 104 | Declaration of Michael Agoglia in Support of 103 Memorandum in Opposition filed by WMCDirect, WMC Mortgage Corp., WMC Finance Co. (Related document(s) 103 ) (cjl, COURT STAFF) (Filed on 7/15/2005) (Entered: 07/15/2005) |
| 07/15/2005 | 105 | ORDER. Signed by Judge SAUNDRA BROWN ARMSTRONG on 07/15/2005 granting Plaintiff's request for an extension of time to file a Second Amended Complaint (SAC). The period of time is extended and Plaintiff shall file the SAC by 08/12/2005. (sbasec, COURT STAFF) (Filed on 7/15/2005) Modified on 7/18/2005 (jlm, COURT STAFF). (Entered: 07/15/2005) |
| 07/26/2005 | 106 | Mail Returned as Undeliverable, Unable to Forward. Mail sent to John G. Warner. (jlm, COURT STAFF) (Filed on 7/26/2005) (Entered: 07/27/2005) |

| 07/26/2005 | 107 | CASE MANAGEMENT SCHEDULING ORDER: The Telephonic Case Management Conference is CONTINUED to 9/8/2005 at 03:45 PM. Signed by Judge Saundra Brown Armstrong on 07/26/05. (jlm, COURT STAFF) (Filed on 7/26/2005) (Entered: 07/27/2005) |
|---|---|---|
| 08/10/2005 | 108 | SECOND AMENDED COMPLAINT against WMCDirect, WMC Mortgage Corp. Filed byPatricia C. Barbera. (jlm, COURT STAFF) (Filed on 8/10/2005) Modified on 8/12/2005 (jlm, COURT STAFF). (Entered: 08/12/2005) |
| 08/24/2005 | 109 | JOINT CASE MANAGEMENT STATEMENT With Proposed Order filed by WMCDirect, WMC Mortgage Corp.. (jlm, COURT STAFF) (Filed on 8/24/2005) (Entered: 08/29/2005) |
| 08/25/2005 | 110 | JOINT CASE MANAGEMENT STATEMENT With Proposed Order filed by WMCDirect, WMC Mortgage Corp.. (jlm, COURT STAFF) (Filed on 8/25/2005) (Entered: 08/29/2005) |
| 08/25/2005 | 111 | MOTION to Dismiss Second Amended Complaint filed by WMCDirect, WMC Mortgage Corp. Motion Hearing set for 11/1/2005 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (jlm, COURT STAFF) (Filed on 8/25/2005) (Entered: 08/29/2005) |
| 08/25/2005 | 112 | Request for Judicial Notice re 111 MOTION to Dismiss filed byWMCDirect, WMC Mortgage Corp. (Related document(s) 111 ) (jlm, COURT STAFF) (Filed on 8/25/2005) (Entered: 08/29/2005) |
| 08/25/2005 | | Received Order re 111 MOTION to Dismiss by WMCDirect, WMC Mortgage Corp.. (jlm, COURT STAFF) (Filed on 8/25/2005) (Entered: 08/29/2005) |
| 08/25/2005 | 113 | CERTIFICATE OF SERVICE by WMCDirect, WMC Mortgage Corp. re 112 Request for Judicial Notice, Received Order, 111 MOTION to Dismiss (jlm, COURT STAFF) (Filed on 8/25/2005) (Entered: 08/29/2005) |
| 08/31/2005 | 114 | CLERK'S NOTICE Case Management Conference set for 11/1/2005 01:00 P.M., to follow hearing on the motion. (jlm, COURT STAFF) (Filed on 8/31/2005) (Entered: 09/07/2005) |
| 10/11/2005 | 115 | Memorandum in Opposition re 111 MOTION to Dismiss filed byPatricia C. Barbera. (jlm, COURT STAFF) (Filed on 10/11/2005) (Entered: 10/13/2005) |
| 10/17/2005 | 116 | RESPONSE to 115 Memorandum in Opposition by WMCDirect, WMC Mortgage Corp.. (jlm, COURT STAFF) (Filed on 10/17/2005) (Entered: 10/19/2005) |
| 10/17/2005 | 117 | Declaration of Seta Arabian in Support of 111 MOTION to Dismiss filed byWMCDirect, WMC Mortgage Corp.. (Related document(s) 111 ) (jlm, COURT STAFF) (Filed on 10/17/2005) (Entered: 10/19/2005) |
| 10/18/2005 | 118 | Reply to Request for Extension of Time, and Letter filed byPatricia C. Barbera. (jlm, COURT STAFF) (Filed on 10/18/2005) (Entered: 10/19/2005) |
| 10/18/2005 | 119 | CASE MANAGEMENT STATEMENT filed by WMCDirect, WMC Mortgage Corp. (jlm, COURT STAFF) (Filed on 10/18/2005) (Entered: |

| | | |
|---|---|---|
| | | 10/19/2005) |
| 10/28/2005 | 120 | ORDER Continuing Hearing on Motion 111 MOTION to Dismiss.Case Mananagement Conference and Motion Hearing set for 12/13/2005 at 01:00 PM in Courtroom 3, 3rd Floor, Oakland. Signed by Judge Saundra Brown Armstrong on 10/27/05. (jlm, COURT STAFF) (Filed on 10/28/2005) (Entered: 11/03/2005) |
| 10/28/2005 | | Set Deadlines/Hearings: re 120 Case Management Conference set for 12/13/2005 01:00 PM. (jlm, COURT STAFF) (Filed on 10/28/2005) (Entered: 11/03/2005) |
| 11/28/2005 | 121 | ***DOCUMENT STRICKEN FROM THE RECORD BY ORDER OF THE COURT, PLEASE SEE DOCUMENT 123 *** (jlm, COURT STAFF) (Filed on 11/28/2005) Modified on 12/8/2005 (jlm, COURT STAFF). (Entered: 11/30/2005) |
| 11/29/2005 | 122 | CASE MANAGEMENT STATEMENT filed by WMCDirect, WMC Mortgage Corp.. (jlm, COURT STAFF) (Filed on 11/29/2005) (Entered: 11/30/2005) |
| 12/01/2005 | 123 | ORDER by Judge Saundra Brown Armstrong STRIKING Plaintiff's Opposition re 121 . Defendants optional reply brief due 12/06/05. (jlm, COURT STAFF) (Filed on 12/1/2005) (Entered: 12/08/2005) |
| 12/05/2005 | 124 | MOTION to Amend Brief, MOTION for Leave to File Amended Title Sheet filed by Patricia C. Barbera. Motion Hearing set for 12/13/2005 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (jlm, COURT STAFF) (Filed on 12/5/2005) (Entered: 12/08/2005) |
| 12/06/2005 | 125 | Reply Memorandum re 111 MOTION to Dismiss filed by WMCDirect, WMC Mortgage Corp.. (jlm, COURT STAFF) (Filed on 12/6/2005) (Entered: 12/08/2005) |
| 12/06/2005 | 126 | Declaration of Seta Arabian in Support of 125 Reply Memorandum filed by WMCDirect, WMC Mortgage Corp.. (Related document(s) 125 ) (jlm, COURT STAFF) (Filed on 12/6/2005) (Entered: 12/08/2005) |
| 12/06/2005 | | Received Order re 111 MOTION to Dismiss by WMCDirect, WMC Mortgage Corp.. (jlm, COURT STAFF) (Filed on 12/6/2005) (Entered: 12/08/2005) |
| 12/06/2005 | 127 | CERTIFICATE OF SERVICE by WMCDirect, WMC Mortgage Corp. re 125 Reply Memorandum, 126 Declaration in Support, Received Order (jlm, COURT STAFF) (Filed on 12/6/2005) (Entered: 12/08/2005) |
| 12/08/2005 | 128 | Memorandum in Opposition re 124 Motion to Amend Brief, Motion for Leave to File Amended Title Sheet filed by WMCDirect, WMC Mortgage Corp.. (jlm, COURT STAFF) (Filed on 12/8/2005) (Entered: 12/14/2005) |
| 12/09/2005 | 129 | NOTICE of Prior Documents by Patricia C. Barbera (jlm, COURT STAFF) (Filed on 12/9/2005) (Entered: 12/19/2005) |
| 12/09/2005 | 130 | CASE MANAGEMENT STATEMENT filed by Patricia C. Barbera. (jlm, COURT STAFF) (Filed on 12/9/2005) (Entered: 12/19/2005) |

| 01/19/2006 | 131 | ORDER by Judge Saundra Brown Armstrong GRANTING 111 Motion to Dismiss WITH PREJUDICE, and REMANDING case to the Superior Court of CA, County of San Francisco. All pending matters are TERMINATED. (jlm, COURT STAFF) (Filed on 1/19/2006) (Entered: 01/20/2006) |
| 01/23/2006 | | Certified copies of docket entries, certified copies of Remand Order transmitted to the Superior Court of CA, County of San Francisco. Counsel notified. (jlm, COURT STAFF) (Filed on 1/23/2006) (Entered: 01/23/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/29/2008 13:43:03 | | | |
| **PACER Login:** | wf0265 | **Client Code:** | Barbera |
| **Description:** | Docket Report | **Search Criteria:** | 4:04-cv-03738-SBA Start date: 1/1/2003 End date: 1/1/2008 |
| **Billable Pages:** | 11 | **Cost:** | 0.88 |

1   WRIGHT, FINLAY & ZAK, LLP
    Robin Prema Wright, Esq., SBN 150984
2   Kathy Shakibi, Esq., SBN 237182
3   4665 MacArthur Court, Suite 280
    Newport Beach, CA 92660 *(Barbera/Pleading/Dec Kathy MTD)*
4   Tel: (949) 477-5050; Fax: (949) 477-9200
5   rwright@wrightlegal.net, kshakibi@wrightlegal.net

6   Attorneys for Defendants
7   SELECT PORTFOLIO SERVICING, INC., fka
8   FAIRBANKS CAPITAL CORPORATION, erroneously sued herein as
    SELECT PORTFOLIO SERVICING CORP., and FAIRBANKS HOLDING
9   CORP.

10

11

12                 UNITED STATES DISTRICT COURT

13   NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

14

15   PATRICIA C. BARBERA,                ) Case No.: 4:08-CV-02677-SBA
                                         )
16                      Plaintiff,       ) *[Assigned to Hon. Saundra Brown*
                                         ) *Armstrong]*
17            v.                         )
                                         )
18                                       ) **DECLARATION OF KATHY**
     WMC MORTGAGE CORPORATION a ) **SHAKIBI IN SUPPORT OF**
19   California Corporation; aka WMC      ) **SELECT PORTFOLIO**
20   DIRECT, a California Business Entity, ) **SERVICING, INC. fka FAIRBANKS**
     GE CONSUMER FINANCE, a unit of      ) **CAPITAL CORP.** *ERRONEOUSLY*
21   General Electric Company; SELECT    ) *SUED HEREIN AS* **SELECT**
22   PORTFOLIO SERVICING CORP., a        ) **PORTFOLIO SERVICING CORP.**
23   Utah Corporation, FAIRBANKS         ) **and FAIRBANKS HOLDING**
     HOLDING CORPORATION, Delaware ) **CORP.'S MOTION TO DISMISS**
24   Corporation; and LAND TITLE         ) **THE COMPLAINT**
25   COMPANY OF MARIN, a California       )
     Business Entity; and DOES 1 through ) Date: July 22, 2008
26   100, inclusive.                     ) Time: 1:00 p.m.
27                                       ) Dept.: 3
                                         )
28                    Defendants.        )
     _____)

                                    1
    DECLARATION OF KATHY SHAKIBI IN SUPPORT OF SELECT PORTFOLIO
        SERVICING INC.'S MOTION TO DISMISS THE COMPLAINT

1

## Declaration of Kathy Shakibi

2       I, Kathy Shakibi, declare as follows:

3       1.      I am an attorney at law duly licensed by the State of California to
4   practice before all of the courts of the State. I am an associate with the law firm of
5   Wright, Finlay & Zak, LLP, attorneys of record for Defendant Select Portfolio
6   Servicing, Inc. fka Fairbanks Capital Corporation, *erroneously sued herein as two*
7   *separate entities* Select Portfolio Servicing Corp., and Fairbanks Holding Corp.
8   ("SPS").

9       2.      I have personal knowledge of the facts set forth herein and if called
10  upon to testify thereto, I would and could do so truthfully and competently.

11      3.      I make this declaration in support of SPS's Motion to Dismiss the
12  Complaint for Failure to State a Claim.

13      4.      On or about May 23, 2008, SPS referred this matter to our firm. SPS
14  informed us that another attorney was initially supposed to handle this matter, but
15  had changed his mind due to a possible conflict. SPS stated that their response to
16  Plaintiff Patricia Barbera's ("Barbera") Complaint was due in state court on May
17  28, 2008.

18      5.      We filed a demurrer in the state court on May 28, 2008.

19      6.      Subsequently, we obtained a copy of the state court's docket in case
20  number CIV 081763, a true and correct copy of which is attached hereto as Exhibit
21  "1."

22      7.      The state court's docket does not show that a proof of service on SPS
23  has been filed.

24      8.      On May 28, 2008, co-defendant WMC Mortgage Corp., ("WMC")
25  caused this matter to be removed to the federal court.

26      9.      On or about June 2, 2008, our firm received via fax a Notice and
27  Acknowledgment of Receipt ("NAR") from Barbera.

28

1         10.    On June 2, 2008, I spoke with Barbera over the telephone and
2    requested a two-week extension to respond to the Complaint in the federal court.
3    Barbera granted the two-week extension and requested that we sign and return the
4    NAR.

5         11.    On June 3, 2008, I sent a letter confirming the two-week extension,
6    along with the executed NAR.  A true and correct copy of the letter confirming the
7    extension and the executed NAR is attached hereto as Exhibit "2."

8         12.    On or about June 3, 2008, counsel for WMC informed me that
9    Barbera had rescinded the extension that she had granted them.

10         13.    On June 4, 2008, I sent an email to Barbera once again confirming our
11    two-week extension to respond to the Complaint in the federal court.  A true and
12    correct copy of my email is attached hereto as Exhibit "3."

13         14.    On June 5, 2008, Barbera responded to the email stating that she was
14    rescinding the extension that she had granted three days earlier, without any
15    explanation.  A true and correct copy of Barbera's response is attached hereto as
16    Exhibit "4."

17

18         I declare under the penalty of perjury under the laws of the State of
19    California and the United States that the foregoing is true and correct.  Executed
20    this 17th day of June 2008, at Newport Beach, California.

21

22

23                            */Kathy Shakibi/*
24                            Kathy Shakibi, Declarant

25

26

27

28

DECLARATION OF KATHY SHAKIBI IN SUPPORT OF SELECT PORTFOLIO
SERVICING INC.'S MOTION TO DISMISS THE COMPLAINT

# EXHIBIT 1

| PATRICIA C. BARBERA | DATE FILED: | 4/11/2008 |
| Plaintiff(s) | CASE TYPE: | Civil Complaint |
| VS. | CASE SUBTYPE: | Quiet Title |
| WMC MORTGAGE CORPORATION, ET AL | DATE OF LAST ACTIVITY: | 9/3/2008 |
| Defendant(s) | DATE/TIME RUN: | 6/6/2008 3:39pm |
| REGISTER OF ACTIONS | CASE NUMBER: | CIV 081763 |

INVOLVED PERSON/PARTY AND ATTORNEY SUMMARY:

    BARBERA, PATRICIA C is the Plaintiff and is represented by: PRO PER

    WMC MORTGAGE CORPORATION, A CALIFORNIA CORPORATION is the Defendant and is represented by:

    GE CONSUMER FINANCE is the Defendant and is represented by:

    SELECT PORTFOLIO SERVICING, INC is the Defendant and is represented by: WRIGHT, ROBIN PREMA

    FAIRBANKS CAPITAL HOLDING CORP., A DELAWARE CORPORATION is the Defendant and is represented by: WRIGHT, ROBIN PREMA

    CALIFORNIA LAND TITLE COMPANY OF MARIN is the Defendant and is represented by:

REGISTER OF ACTIONS:

| 4/11/2008 | CASE OPEN / ACTIVE STATUS HON. LYNN DURYEE |
| 4/11/2008 | PAUPERIS FILING GRANTED PLTF. PATRICIA BARBERA |
| 4/11/2008 | COMPLAINT/FIRST PAPER QUIET TITLE, BREACH OF CONTRACT, FRAUD |
| 4/11/2008 | SUMMONS ISSUED AND FILED |
| 4/11/2008 | HEARING CONFIRMED FOR: 08/29/2008 AT: 09:00 AM FOR APPEARANCE TYPE: CMGT IN DEPARTMENT: 07 |
| 4/11/2008 | HEARING CONFIRMED FOR: 06/20/2008 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 07 |
| 4/11/2008 | HEARING CONFIRMED FOR: 07/22/2008 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 07 |
| 4/11/2008 | FULL NAME OF DEFENDANT: CALIFORNIA LAND TITLE COMPANY OF MARIN, A CALIFORNIA BUSINESS ENTITY |
| 4/15/2008 | 170.6 FILED AGAINST JUDGE DURYEE BY PLAINTIFF PATRICIA BARBERA. APPROVED AS TIMELY BY CLERK-RECEIVED WITHIN TEN DAYS OF FILING OF CASE. |
| 4/15/2008 | JUDGE DISQUALIFIED BY PEREMPTORY CHALLENGE (170.6) JUDGE LYNN DURYEE BY PLAINTIFF PATRICIA BARBERA. |
| 4/17/2008 | CASE REASSIGNED TO JUDGE HON. TERRENCE R. BOREN FOR ALL PURPOSES |
| 4/17/2008 | APPEARANCE MOVED TO: 06/20/2008 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 02 MOVE REASON: JUDICIAL REASSIGNMENT FROM DATE: 06/20/2008 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: OSCH FROM DEPARTMENT: 07 |
| 4/17/2008 | APPEARANCE MOVED TO: 07/22/2008 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 02 MOVE REASON: JUDICIAL REASSIGNMENT FROM DATE: 07/22/2008 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: OSCH FROM DEPARTMENT: 07 |
| 4/17/2008 | APPEARANCE MOVED TO: 08/29/2008 AT: 09:00 AM FOR APPEARANCE TYPE: CMGT IN DEPARTMENT: 02 MOVE REASON: JUDICIAL REASSIGNMENT FROM DATE: 08/29/2008 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: CMGT FROM DEPARTMENT: 07 |
| 4/17/2008 | NOTICE OF CASE REASSIGNMENT AND NOTICE OF HEARING MAILED TO THE PARTIES |
| 5/9/2008 | MINUTE ORDER POSTED |
| | JUDGE/PROTEM/REFEREE TAYLOR FOR BOREN , REPORTER SUSAN KLOTZ , DEP CLK LOUISE MORRIS |
| | PLAINTIFF/PETITIONER PATRICIA BARBERA IS PRESENT IN PRO PER |
| | NO APPEARANCE BY OR FOR THE OTHER PARTY |

| PATRICIA C. BARBERA | DATE FILED: | 4/11/2008 |
| Plaintiff(s) | CASE TYPE: | Civil Complaint |
| VS. | CASE SUBTYPE: | Quiet Title |
| WMC MORTGAGE CORPORATION, ET AL | DATE OF LAST ACTIVITY: | 6/3/2008 |
| Defendant(s) | DATE/TIME RUN: | 6/6/2008 3:39pm |
| REGISTER OF ACTIONS | CASE NUMBER: | CIV 081763 |

EX PARTE MINUTE ORDER PLAINTIFF'S APPLICATION FOR TRO/PRELIMINARY INJUNCTION

THE COURT REVIEW BARBERA'S FILES. THE COURT INDICATERS THAT PLAINTIFF DID NOT SEEK INJUNCTIVE RELIEF IN THE COMPLAINT. THE COURT REFERS PLAINTIFF TO CC 3420-3423 AND CCP 527.

MOTION DENIED AS TO TRO  FOR ABOVE REASONS.

ENTERED BY: LMM

5/13/2008    MINUTE ORDER POSTED

JUDGE/PROTEM/REFEREE TAYLOR FOR BOREN . REPORTER SUSAN KLOTZ , DEP CLK LOUISE MORRIS

PLAINTIFF/PETITIONER PATRICIA BARBERA IS PRESENT IN PRO PER

NO APPEARANCE BY OR FOR THE DEFENDANTS

EX PARTE MINUTE ORDER PLAINTIFF'S APPLICATION FOR TRO

THE COURT READS THE APPLICATION AND INDICATES THAT THIS COURT NEEDS TO SEE THE AMENDED COMPLAINT OR AMENDMENT TO THE COMPLAINT REGARDING INJUNCTIVE RELIEF.

THE COURT REFERS THE PLAINTIFF TO THE CLERK'S OFFICE TO OBTAIN THE DOCUMENT.

OFF THE RECORD: THE CLERK'S OFFICE PERSONNEL INDICATES THAT SHE WILL ASK PLAINTIFF TO FILE ONE OF THE TWO DOCUMENTS THEN RETURN TO THE COURT WHEN SHE HAS THE CONFORMED DOCUMENT IN HER HAND.

ENTERED BY: LMM

5/22/2008    AMENDED COMPLAINT FILED (1ST) BY PLTF. PATRICIA C. BARBERA, IN PRO PER, FOR BREACH OF CONTRACT, ETC. - NO ADDITIONAL DEFENDANTS

5/23/2008    IT IS ORDERED: ADD CAUSE OF ACTION TO SEEK INJUNCTIVE RELIEF.  TEMPORARY RESTRAINING ORDER, SPECIFIC PERFORMANCE ORDER AND PRELIMINARY INJUNCTION JUDGE LYNN O. TAYLOR

5/23/2008    MINUTE ORDER POSTED

JUDGE/PROTEM/REFEREE TAYLOR FOR BOREN , REPORTER SUSAN KLOTZ , DEP CLK LOUISE MORRIS

PLAINTIFF/PETITIONER PATRICIA BARBERA IS PRESENT IN PRO PER

EX PARTE MINUTE ORDER PLAINTIFF'S APPLICATION FOR TRO. THE COURT SETS A HEARING ON 6/11/08 AT 9AM IN COURTROOM B

THE COURT SIGNS THE TRO ORDER SETTING A HEARING ON 6/11/08 AT 9AM IN DEPT.B.

HEARING CONFIRMED FOR: 06/11/2008 AT; 09:00 AM FOR APPEARANCE TYPE. LMCV IN DEPARTMENT: 02

ENTERED BY: LMM

5/28/2008    DEMURRER FILED BY: DEFENDANT SELECT PORTFOLIO SERVICING, INC., FORMERLY KNOWN AS FAIRBANKS CAPITAL CORPORATION. ERRONEOUSLY SUED HEREIN AS TWO SEPARATE ENTITIES SELECT PORTFOLIO SERVICING CORPORATION AND FAIRBANKS HOLDING CORPORATION.

5/28/2008    PER DEMURRER FILING, DEFT. FAIRBANKS CAPITAL CORPORATION WAS ERRONEOUSLY SUED AS TWO SEPARATE ENTITIES. SELECT PORTFOLIO SERVICING CORPORATION AND FAIRBANKS HOLDING CORPORATION.

5/25/2008    FILING FEE PROCESSED: DEFT. SELECT PORTFOLIO SERVICING, INC - 320.00

5/28/2008    FILING FEE PROCESSED: DEFT. FAIRBANKS CAPITAL HOLDING CORP., A DELAWARE CORPORATION - 320.00

| PATRICIA C. BARBERA | DATE FILED: | 4/11/2008 |
| Plaintiff(s) | CASE TYPE: | Civil Complaint |
| VS. | CASE SUBTYPE: | Quiet Title |
| WMC MORTGAGE CORPORATION, ET AL | DATE OF LAST ACTIVITY: | 5/3/2008 |
| Defendant(s) | DATE/TIME RUN: | 5/6/2008 3:39pm |
| REGISTER OF ACTIONS | CASE NUMBER: | CIV 081763 |

5/29/2008     HEARING CONFIRMED FOR: 08/13/2008 AT: 09:00 AM FOR APPEARANCE TYPE: LMCV IN DEPARTMENT: 02

5/29/2008     APPEARANCE DROPPED FOR 06/20/2008 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 02
DROP REASON: NOTICE OF REMOVAL FILED

5/29/2008     APPEARANCE DROPPED FOR 07/22/2008 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 02
DROP REASON: NOTICE OF REMOVAL FILED

5/29/2008     APPEARANCE DROPPED FOR 08/13/2008 AT: 09:00 AM FOR APPEARANCE TYPE: LMCV IN DEPARTMENT: 02
DROP REASON: NOTICE OF REMOVAL FILED

5/29/2008     APPEARANCE DROPPED FOR 08/29/2008 AT: 09:00 AM FOR APPEARANCE TYPE: CMGT IN DEPARTMENT: 02
DROP REASON: NOTICE OF REMOVAL FILED

5/29/2008     STAY FROM HIGHER COURT FILED

5/29/2008     FILED IN U.S. NORTHERN DISTRICT COURT, PERSUANT TO 28 U.S.C. sec. 1331 & sec. 1441

5/29/2008     CASE DISPOSED - TRANSFER OUT / OTHER REASONS FILED UN UNITED STATES NORTHERN DISTRICT
COURT, REFER TO CASE CV 08 2677

5/29/2008     CASE DISPOSED IN ENTIRETY

5/30/2008     MINUTE ORDER POSTED

JUDGE/PROTEM/REFEREE RTICHIE FOR BOREN , REPORTER DEBBIE FUQUA , DEP CLK LOUISE MORRIS

PLAINTIFF/PETITIONER PATRICIA BARBERA IS PRESENT IN PRO PER

ATTORNEY GLENN KABANUCK APPEARED FOR DEFENDANT CALIFORNIA LAND TITLE OF MARIN

EX PARTE MINUTE ORDER DEFENDANT'S APPLICATION TO EXTEND TIME TO CALIF. LAND TITLE TO
RESPOND TO THE COMPLAINT

THE COURT SIGNS AN ORDER ALLOWING DEFENDANT CALIF. LAND TITLE UNTIL 6/30/08 TO RESPOND TO
THE COMPLAINT. OSC RE: ANSWER IS SET FOR 6/30/08 AT 9AM IN DEPT.B.

NOTE: THIS CASE HAS BEEN REMOVED TO THE FEDERAL COURT AS OF 5/29/08.

ENTERED BY: LMM

6/3/2008     APPEARANCE DROPPED FOR 06/11/2008 AT: 09:00 AM FOR APPEARANCE TYPE: LMCV IN DEPARTMENT: 02
DROP REASON: NOTICE OF REMOVAL FILED 5/29/2008

**EXHIBIT 2**

ROBIN P. WRIGHT*
T. ROBERT FINLAY
JONATHAN M. ZAK
GWEN H. RIBAR
SONIA A. PLESSET
DONNA L. LAPORTE**
PATRICIA L. PENNY
RICHARD D. SIMPSON, Jr.
KATHY SHAKIBI
DARLENE C. VIGIL***
JENNIFER A. JOHNSON
JULIA L. GREENFIELD
NEIL SHOLANDER



# WRIGHT FINLAY & ZAK ᴸᴸᴾ

ATTORNEYS AT LAW

Wright, Finlay & Zak, ᴸᴸᴾ
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660

Main Phone: (949) 477-5050
Main Fax: (949)477-9200
Email Fax: (949) 608-9142

www.wrightlegal.net

*Also Admitted in Nevada
** Also Admitted in Utah
*** Also Admitted in Oregon

June 3, 2008

Via Mail and Fax (415) 382-0756

Ms. Patricia C. Barbera
24 Caribe Isle
Novato, CA 94949

Re:    Case Name         : Barbera v. WMC Mortgage, et al.
Property Address   : 24 Caribe Isle, Novato, CA 94949

Dear Ms. Barbera:

Thank you for speaking with me yesterday. As I stated, our firm represents Select Portfolio Servicing, Inc., in the above-referenced matter. This is to memorialize that per our telephone conversation of yesterday, you agreed to grant us a two-week extension to respond to your complaint with case number CV081763, which was recently removed to the federal court. Enclosed please find a copy of the signed Notice and Acknowledgment of Receipt form. The original will be returned to you by mail. Please contact me at (949) 477-5050 if you have any questions.

Very truly yours,

WRIGHT, FINLAY & ZAK, LLP

Kathy Shakibi, Esq.

Enc.

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>PATRICIA C. BARBERA<br>24 CARIBE ISLE<br>NOVATO, CA 94949<br>TELEPHONE NO: (415) 382-9617    FAX NO. *(Optional):* (415) 382-0756<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN
STREET ADDRESS: 3501 Civic Center Drive, Room 113
MAILING ADDRESS: P.O. BOX 4988
CITY AND ZIP CODE: San Rafael CA 94939
BRANCH NAME:

PLAINTIFF/PETITIONER: PATRICIA C. BARBERA

DEFENDANT/RESPONDENT: SELECT PORTFOLIO SERVICING, INC

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CV 081763 |
|---|---|

TO *(Insert name of party being served):* SELECT PORTFOLIO SERVICING, INC

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 25, 2008

SHERRY MENDENHALL
(TYPE OR PRINT NAME)                    ► (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☐ Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: 6-2-2008

Select Portfolio Servicing, Inc. ►
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)     ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com |

TRANSMISSION VERIFICATION REPORT

```
                            TIME   : 06/03/2008 17:19
                            NAME   : WRIGHT, FINLAY & ZAK
                            FAX    : 9494779200
                            TEL    : 9494775050
                            SER.#  : D7J420879
```

```
DATE,TIME          06/03  17:18
FAX NO./NAME       14153820756
DURATION           00:00:37
PAGE(S)            02
RESULT             OK
MODE               STANDARD
                   ECM
```

ROBIN P. WRIGHT*
T. ROBERT FINLAY
JONATHAN M. ZAK
GWEN H. RIBAR
SONIA A. PLESSET
DONNA L. LAPORTE**
PATRICIA L. PENNY
RICHARD D. SIMPSON, Jr.
KATHY SHAKIBI
DARLENE C. VIGIL***
JENNIFER A. JOHNSON
JULIA L. GREENFIELD
NEIL SHOLANDER



# WRIGHT FINLAY & ZAK LLP
## ATTORNEYS AT LAW

Wright, Finlay & Zak, LLP
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660

Main Phone: (949) 477-5050
Main Fax: (949)477-9200
Email Fax: (949) 608-9142

www.wrightlegal.net

*Also Admitted in Nevada
** Also Admitted in Utah
*** Also Admitted in Oregon

June 3, 2008

Via Mail and Fax (415) 382-0756

Ms. Patricia C. Barbera
24 Caribe Isle
Novato, CA 94949

Re:    Case Name        : Barbera v. WMC Mortgage, et al.
       Property Address  : 24 Caribe Isle, Novato, CA 94949

Dear Ms. Barbera:

Thank you for speaking with me yesterday. As I stated, our firm represents Select Portfolio Servicing, Inc., in the above-referenced matter. This is to memorialize that per our telephone conversation of yesterday, you agreed to grant us a two-week extension to respond to your complaint with case number CV081763, which was recently removed to the federal court. Enclosed please find a copy of the signed Notice and Acknowledgment of Receipt form. The original will be returned to you by mail. Please contact me at (949) 477-5050 if you have any questions.

Patricia C. Barbera
24 Caribe Isle
Novato, Ca 94949
Phone: (415) 382-9617
Fax(415) 382-0756
E-mail: wobirds@comcast.net

June 2, 2008

ROBIN PREMA WRIGHT,
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax::(947) 477-9200

RE: BARBERA vs. WMC MORTGAGE CORP. CV 081763.

Dear Ms. Wright:

As you know the ACKNOWLEDGMENT OF RECEIPT form is mandatory.

I have included the executed form for your convenience.

I also have included the verification.

I would appreciate a prompt reply via fax and mail.

Sincerely,

*Patricia Barbera.*

PATRICIA C. BARBERA

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| PATRICIA C. BARBERA | |

24 CARIBE ISLE

NOVATO, CA 94949
TELEPHONE NO.: (415) 382-9617      FAX NO. *(Optional):* (415) 382-0756

E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN
STREET ADDRESS: 3501 Civic Center Drive, Room 113
MAILING ADDRESS: P.O. BOX 4988
CITY AND ZIP CODE: San Rafael CA 94939
BRANCH NAME:

PLAINTIFF/PETITIONER: PATRICIA C. BARBERA

DEFENDANT/RESPONDENT: SELECT PORTFOLIO SERVICING, INC

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CV 081763 |
|---|---|

TO *(insert name of party being served):* SELECT PORTFOLIO SERVICING, INC

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 25, 2008

SHERRY MENDENHALL
(TYPE OR PRINT NAME)                                    ▶ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

_____        ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,              (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                                   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov/
American LegalNet, Inc.
www.USCourtForms.com



**UNITED STATES POSTAL SERVICE®**

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: EH23 5581 981U S
Status: Delivered

Your item was delivered at 10:01 AM on April 28, 2008 in SALT LAKE CITY, UT 84165 to SELECT PORTFOLIO . The item was signed for by S MAIRA.

Additional Details >   Return to USPS.com Home >

**Track & Confirm**

Enter Label/Receipt Number.

Go >

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   Go >

**Proof of Delivery**

Verify who signed for your item by email, fax, or mail.   Go >

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copy

---

**EXPRESS MAIL**

UNITED STATES POSTAL SERVICE®

**Customer Copy**
Label 11-B, March 2004

**Post Office To Addressee**

EH 235581981US

**DELIVERY (POSTAL USE ONLY)**

| | | |
|---|---|---|
| Delivery Attempt | Time ☐ AM ☐ PM | Employee Signature |
| Mo.   Day | | |
| Delivery Attempt | Time ☐ AM ☐ PM | Employee Signature |
| Mo.   Day | | |
| Delivery Date | Time ☐ AM ☐ PM | Employee Signature |
| Mo.   Day | | |

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code
94947

Day of Delivery
☐ Next ☒ 2nd ☐ 2nd Del. Day

Postage
$ 16.25

Date Accepted
Mo. 4 Day 25 Year 08

Scheduled Date of Delivery
Month 4 Day 27

Return Receipt Fee
$

Time Accepted
4:03 ☐ AM ☒ PM

Scheduled Time of Delivery
☐ Noon ☒ 3 PM

COD Fee    Insurance Fee
$         $

Flat Rate ☐ or Weight

Military
☐ 2nd Day   ☐ 3rd Day

Total Postage & Fees
$ 16.25

lbs. / oz.

Int'l Alpha Country Code

Acceptance Emp. Initials
M

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

☐ NO DELIVERY
☐ Weekend ☐ Holiday

FROM: (PLEASE PRINT)   PHONE (

TO: (PLEASE PRINT)   PHONE (
SELECT PORTFOLIO
SERVING

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**

| PATRICIA C. BARBERA | DATE FILED: | 4/11/2008 |
| Plaintiff(s) | CASE TYPE: | Civil Complaint |
| VS. | CASE SUBTYPE: | Quiet Title |
| WMC MORTGAGE CORPORATION, ET AL | DATE OF LAST ACTIVITY: | 9/3/2008 |
| Defendant(s) | DATE/TIME RUN: | 6/6/2008 3:39pm |
| REGISTER OF ACTIONS | CASE NUMBER: | CIV 081763 |

INVOLVED PERSON/PARTY AND ATTORNEY SUMMARY:

BARBERA, PATRICIA C is the Plaintiff and is represented by: PRO PER

WMC MORTGAGE CORPORATION, A CALIFORNIA CORPORATION is the Defendant and is represented by:

GE CONSUMER FINANCE is the Defendant and is represented by:

SELECT PORTFOLIO SERVICING, INC is the Defendant and is represented by: WRIGHT, ROBIN PREMA

FAIRBANKS CAPITAL HOLDING CORP., A DELAWARE CORPORATION is the Defendant and is represented by: WRIGHT, ROBIN PREMA

CALIFORNIA LAND TITLE COMPANY OF MARIN is the Defendant and is represented by:

REGISTER OF ACTIONS:

| 4/11/2008 | CASE OPEN / ACTIVE STATUS HON. LYNN DURYEE |
| 4/11/2008 | PAUPERIS FILING GRANTED PLTF. PATRICIA BARBERA |
| 4/11/2008 | COMPLAINT/FIRST PAPER QUIET TITLE, BREACH OF CONTRACT, FRAUD |
| 4/11/2008 | SUMMONS ISSUED AND FILED |
| 4/11/2008 | HEARING CONFIRMED FOR: 08/29/2008 AT: 09:00 AM FOR APPEARANCE TYPE: CMGT IN DEPARTMENT: 07 |
| 4/11/2008 | HEARING CONFIRMED FOR: 06/20/2008 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 07 |
| 4/11/2008 | HEARING CONFIRMED FOR: 07/22/2008 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 07 |
| 4/11/2008 | FULL NAME OF DEFENDANT: CALIFORNIA LAND TITLE COMPANY OF MARIN, A CALIFORNIA BUSINESS ENTITY |
| 4/15/2008 | 170.6 FILED AGAINST JUDGE DURYEE BY PLAINTIFF PATRICIA BARBERA. APPROVED AS TIMELY BY CLERK-RECEIVED WITHIN TEN DAYS OF FILING OF CASE. |
| 4/15/2008 | JUDGE DISQUALIFIED BY PEREMPTORY CHALLENGE (170.6) JUDGE LYNN DURYEE BY PLAINTIFF PATRICIA BARBERA. |
| 4/17/2008 | CASE REASSIGNED TO JUDGE HON. TERRENCE R. BOREN FOR ALL PURPOSES |
| 4/17/2008 | APPEARANCE MOVED TO: 06/20/2008 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 02 MOVE REASON: JUDICIAL REASSIGNMENT FROM DATE: 06/20/2008 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: OSCH FROM DEPARTMENT: 07 |
| 4/17/2008 | APPEARANCE MOVED TO: 07/22/2008 AT: 09:00 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: 02 MOVE REASON: JUDICIAL REASSIGNMENT FROM DATE: 07/22/2008 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: OSCH FROM DEPARTMENT: 07 |
| 4/17/2008 | APPEARANCE MOVED TO: 08/29/2008 AT: 09:00 AM FOR APPEARANCE TYPE: CMGT IN DEPARTMENT: 02 MOVE REASON: JUDICIAL REASSIGNMENT FROM DATE: 08/29/2008 FROM TIME: 09:00 AM FROM APPEARANCE TYPE: CMGT FROM DEPARTMENT: 07 |
| 4/17/2008 | NOTICE OF CASE REASSIGNMENT AND NOTICE OF HEARING MAILED TO THE PARTIES |
| 5/9/2008 | MINUTE ORDER POSTED |
| | JUDGE/PROTEM/REFEREE TAYLOR FOR BOREN , REPORTER SUSAN KLOTZ , DEP CLK LOUISE MORRIS |
| | PLAINTIFF/PETITIONER PATRICIA BARBERA IS PRESENT IN PRO PER |
| | NO APPEARANCE BY OR FOR THE OTHER PARTY |

# EXHIBIT 3

## Kathy Shakibi

**From:**   Kathy Shakibi

**Sent:**   Wednesday, June 04, 2008 10:18 AM

**To:**   'wobirds@comcast.net'

**Subject:** Barbera v. Select Portfolio Servicing, et al

Dear Ms. Barbera,

Yesterday afternoon I faxed to you the signed Notice and Acknowledgment Form, and a letter confirming that you granted us a two-week extension.

Our response date in the federal court is June 18.
Please confirm that you received the Notice and Acknowledgment form and my letter.
And please contact me if you have any questions.

Thank you.


Kathy Shakibi, Esq.

 **WRIGHTFINLAY&ZAK** LLP
ATTORNEYS AT LAW

Wright, Finlay & Zak, LLP
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
(949) 477-5050 Main
(949) 477-9200 Fax

Confidentiality Note: The information contained in this email is privileged and confidential and is intended only for the use of the individual or entity named If the reader of this email is not the intended recipient, you are hereby notified that any distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify the sender by telephone immediately at (949) 477-5050 and arrangements will be made for the return of this material. Thank You.

**EXHIBIT 4**

## Kathy Shakibi

**From:**   wobirds@comcast.net

**Sent:**   Thursday, June 05, 2008 8:26 AM

**To:**   Kathy Shakibi

**Subject:** Re: Barbera v. Select Portfolio Servicing, et al

Dear Ms.Shakibi,

I'm recinding that grant. Since it is moot due to your client's default by failing to answer the summons in the state case.

Feel free to contact me if you have any questions.

Sincerely,

PATRICIA BARBERA

From: "Kathy Shakibi" <kshakibi@wrightlegal.net>

Dear Ms. Barbera,

Yesterday afternoon I faxed to you the signed Notice and Acknowledgment Form, and a letter confirming that you granted us a two-week extension.

Our response date in the federal court is June 18.
Please confirm that you received the Notice and Acknowledgment form and my letter. And please contact me if you have any questions.

Thank you.


Kathy Shakibi, Esq.

 WRIGHTFINLAY&ZAK™
ATTORNEYS AT LAW

Wright, Finlay & Zak, LLP
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
(949) 477-5050 Main
(949) 477-9200 Fax

Confidentiality Note: The information contained in this email is privileged and confidential and is intended only for the use of the individual or entity named If the reader of this email is not the intended recipient, you are hereby notified that any distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify the sender by telephone immediately at (949) 477-5050 and arrangements will be made for the return of this material. Thank You.

6/16/2008

1  WRIGHT, FINLAY & ZAK, LLP
   Robin Prema Wright, Esq., SBN 150984
2  Kathy Shakibi, Esq., SBN 237182
3  4665 MacArthur Court, Suite 280
   Newport Beach, CA 92660 *(Barbera/Pleading/COS)*
4  Tel: (949) 477-5050; Fax: (949) 477-9200
5  rwright@wrightlegal.net, kshakibi@wrightlegal.net

6  Attorneys for Defendants
7  SELECT PORTFOLIO SERVICING, INC., fka
8  FAIRBANKS CAPITAL CORPORATION, erroneously sued herein as
   SELECT PORTFOLIO SERVICING CORP., and FAIRBANKS HOLDING
9  CORP.

10

11                     UNITED STATES DISTRICT COURT
12
13      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

14  PATRICIA C. BARBERA,                    ) Case No.: 4:08-CV-02677-SBA
15                                          )
16                       Plaintiff,         ) *[Assigned to Hon. Saundra Brown*
                                            ) *Armstrong]*
17        v.                                )
18                                          ) **CERTIFICATE OF SERVICE**
    WMC MORTGAGE CORPORATION a )
19  California Corporation; aka WMC         )
20  DIRECT, a California Business Entity,   )
    GE CONSUMER FINANCE, a unit of         )
21  General Electric Company; SELECT       )
22  PORTFOLIO SERVICING CORP., a           )
23  Utah Corporation, FAIRBANKS            )
    HOLDING CORPORATION, Delaware )
24  Corporation; and LAND TITLE            )
25  COMPANY OF MARIN, a California         )
    Business Entity; and DOES 1 through    )
26  100, inclusive.                        )
27                                          )
28                       Defendants.        )
                                            )

                                  1
                        CERTIFICATE OF SERVICE

```
                                    )
                                    )
 _____)
```

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On June 17, 2008, I served the within **(1) DEFENDANT SELECT PORTFOLIO SERVICING, INC. fka FAIRBANKS CAPITAL CORP.'S ERRONEOUSLY SUED HEREIN AS SELECT PORTFOLIO SERVICING CORP AND FAIRBANKS HOLDING COPR.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM [F.R.C.P. RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES; (2) DECLARATION OF KATHY SHAKIBI IN SUPPORT OF SELECT PORTFOLIO SERVICING, INC. FKA FAIRBANKS CAPITAL CORP. ERRONEOUSLY SUED HEREIN AS SELECT PORTFOLIO SERVICING CORP. AND FAIRBANKS HOLDING CORP.'S MOTION TO DISMISS THE COMPLAINT  AND (3) REQUEST OR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT on** all interested parties in this action as follows:

[X]    by placing true copies thereof enclosed in sealed envelopes addressed as follows:

See attached service list

[X ]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices via U.S. Mail.

[  ]    (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.

[  ]    (BY PERSONAL SERVICE) I have caused our Service of Process, First Legal to serve such envelope on all interested parties in this action.

1  [ ]   (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and
2        correct copies of thereof enclosed in a package designated by Federal
       Express with the delivery fees provided for.

3  [X]   (State) I declare under penalty of perjury under the laws of the State of
4        California that the foregoing is true and correct.

5        Executed on June 17, 2008, at Newport Beach, California.

6

7        /Gretchen Grant/
         Gretchen Grant

8

9  SERVICE LIST:

10 Patricia C. Barbera
11 24 Caribe Isle
   Novato, CA 94949
12 415-382-9617; fax: 415-382-0756
13 **Plaintiff In Pro Per**

14
   Scott Jacobs, Esq,
15 Christopher Rivas, Esq.
16 Reed Smith LLP
   355 South Grand Avenue, Suite 2900
17 Los Angeles, CA 90071
18 (213) 457 8000; Fax: (213) 457 8080
19 **Attorney for WMC MORTGAGE, LLC, and**
   **GE Consumer Finance, Inc.**
20

21 Glenn D. Kabanuck, Esq.
   Daniel A. Gamer, Attorney at Law
22 55 Professional Center Parkway, Ste. H
23 San Rafael, CA 94903-2739
   415-472-6655; Fax: 415-472-3940
24 **Attorneys for California Land Title of Marin**
25

26

27

28

3
CERTIFICATE OF SERVICE