1  **DANIEL A. GAMER, ESQ. (CA SBN 42818)**
   **LAW OFFICES OF DANIEL A. GAMER**
2  **55 Professional Center Parkway, Ste H**
   **San Rafael, CA 94903**
3  **Telephone: (415) 472-6655**
   **Facsimile: (415) 472-3940**
4
5  **Attorney for Defendant**
   **CALIFORNIA LAND TITLE OF MARIN**
6
                    **UNITED STATES DISTRICT COURT**
7
                  **NORTHERN DISTRICT OF CALIFORNIA**
8
                           **OAKLAND DIVISION**
9

10

11  **PATRICIA C. BARBERA,**              ) **Case No.: Case No. 4:08-cv-02677-SBA**
                                          ) **(prior related case number**
                                          )  **3:08-cv-2677-PJH)**
12           **Plaintiff,**                )
                                          )
13       **vs.**                           ) **MOTION TO DISMISS PLAINTIFF**
                                          ) **PATRICIA C. BARBERA'S**
14  **WMC MORTGAGE CORPORATION, a**       ) **COMPLAINT AND MEMORANDUM**
    **California corporation, et al., aka**  ) **OF POINTS AND AUTHORITIES BY**
                                          ) **DEFENDANT CALIFORNIA LAND**
15  **WMCDirect; a California Business Entity;** ) **TITLE OF MARIN**
    **GE Consumer Finance, a unit of General** )
16  **Electric Company; Select Portfolio**  ) **[REQUEST FOR JUDICIAL NOTICE**
    **Servicing Corp, a Utah Corporation;** ) **FILED CONCURRENTLY HEREWITH]**
17  **Fairbanks Holding Corporation, a**   )
    **Delaware Corporation; And Land Title** )
18  **Company of Marin, a California Business** ) **Date: July 29, 2008**
    **Entity; Does 1 thru 100, inclusive,** ) **Time: 1:00 p.m.**
19                                         ) **Court: Hon. Saundra B. Armstrong**
             **Defendants.**               )
20                                         )
                                          )
21                                         )
                                          )
22                                         )
                                          )
23                                         )
                                          )
24                                         )
                                          )
25                                         )
                                          )

Page 1 of 11
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint and Memorandum of
Points and Authorities by Defendant California Land Title of Marin
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 29, 2008 at 1:00 p.m. or as soon thereafter as counsel may be heard by the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, Defendant CALIFORNIA LAND TITLE OF MARIN ("CAL LAND") sued herein as CALIFORNIA LAND TITLE COMPANY OF MARIN, will move and does hereby move the Court for an order granting CAL LAND'S motion to dismiss PATRICIA C. BARBERA'S complaint for failure to state a claim upon which relief can be granted.  This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and papers on file herein, and on such other matters as may be presented to the Court at the time of hearing.

## POINTS AND AUTHORITIES

Defendant CALIFORNIA LAND TITLE OF MARIN ("CAL LAND"), sued herein as CALIFORNIA LAND TITLE COMPANY OF MARIN, seeks dismissal of all the claims of PATRICIA C. BARBERA ("BARBERA") for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) and on the doctrines of *res judicata* and/or collateral estoppel.  This case is nothing more than a re-filing of case number C 04-3728 SBA wherein this Court found that no viable claim was stated against CAL LAND.

A.      STATEMENT OF ISSUES

       1.      Are the facts alleged by BARBERA in the Complaint herein sufficient to state a claim against CAL LAND upon which relief can be granted?

Page 2 of 11
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint and Memorandum of
Points and Authorities by Defendant California Land Title of Marin
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

2. Are BARBERA'S claims barred by the statute of limitations?

3. Is the Complaint barred under the doctrines of *res judicata* and/or collateral estoppel?

**B.    STATEMENT OF FACTS, PROCEDURAL HISTORY, AND ARGUMENT**

On July 23, 2004, BARBERA filed a complaint in the Superior Court of California, County of San Francisco, in which CAL LAND was one of the defendants. (See Exhibit "A" to Request for Judicial Notice). On September 3, 2004, the case was removed to this Court, given case number C-04-3728 and assigned to the Honorable Saundra B. Armstrong. (See Exhibit "B" to Request for Judicial Notice). On March 15, 2005, BARBERA filed a first amended complaint in this Court. (See Exhibit "C" to Request for Judicial Notice).

Thereafter, on April 26, 2005, in response to BARBERA'S motion to file a second amended complaint, CAL LAND filed an opposition to that motion. (See Exhibit "D" to Request for Judicial Notice).

On May 26, 2005, this Court made an order regarding the motion to file a second amended complaint and struck those portions of the first amended complaint that added allegations against CAL LAND and ordered BARBARA to file a second amended complaint removing the allegations as to CAL LAND. (See Exhibit "E" to Request for Judicial Notice).

In the May 26, 2005 Order, on page 5, lines 12 through 16, the Court stated as follows:

The FAC adds Cal Land as a named defendant to the Third Cause of Action for violation of the Truth in Lending Act ("TILA"), Home Ownership and Equity Protection Act ("HOEPA"), and Regulation Z, and adds two additional causes of action against Cal Land for breach of fiduciary duty and negligence. In each of the three causes of action, plaintiff asserts that Cal Land failed to provide to her a mandated written

Page 3 of 11
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint and Memorandum of
Points and Authorities by Defendant California Land Title of Marin
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

three-day right to cancel notice and failed to provide "accurate disclosures."

Then after reciting an analysis that no viable claim could be asserted against CAL LAND, the Court determined on page 7 line 15 through page 8 line 22 of Exhibit "E" that the claims against CAL LAND were time barred. The Court then concluded on page 9 "[F]or the foregoing reasons, the Court strikes those portions of the FAC that add allegations against…Cal Land, and denies Plaintiff's Motion for Leave to Amend the FAC."

In a later order filed January 19, 2006 on a motion to dismiss filed by defendants WMC Mortgage Corp., WMC Finance Co., and WMCDirect, the Court confirmed on page 5, lines 13 through 16, that the portions of the first amended complaint that added allegations against Cal Land were stricken. (See Exhibit "F" to Request for Judicial Notice.)

Despite this Court's prior Orders, on April 11, 2008, BARBERA filed a new action in the Superior Court of California, County of Marin, containing virtually the same claims against CAL LAND as in the prior action. The Marin County action was removed to this Court on May 28, 2008. On June 11, 2008, prior to filing this motion, counsel for CAL LAND sent a meet and confer letter to BARBERA by both email and regular mail requesting that BARBERA voluntarily stipulate dismissing the case. No response was received.

The new Complaint names CAL LAND in the First Cause of Action (specific performance), Fourth Cause of Action (failure to provide mandatory three-day notice of rescission and understated disclosures), and Thirteenth Cause of Action (breach of fiduciary duty). The Second Cause of Action (quiet title), Seventh Cause of Action (misrepresentation and inducement), Fourteenth Cause of Action (negligence-emotion distress), and Fifteenth Cause of Action (unclean hands) are not labeled as to who they are against. The Fourteenth

Page 4 of 11
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint and Memorandum of
Points and Authorities by Defendant California Land Title of Marin
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

Cause of Action does contain allegations against CAL LAND in the body of the cause of action.   Neither the Second nor the Fifteenth Causes of Action contain any charging allegations.  But even if these causes of action as well as the Seventh Cause of Action that do not specifically name CAL LAND are meant to include it, they are barred.

As in the prior complaint, the First, Fourth, Thirteenth, and Fourteenth Causes of Action claim damages resulting from alleged violation of the TILA, Regulation Z, and HOEPA.  The Thirteenth Cause of Action also claims damages for an alleged breach of fiduciary duty and the Fourteenth Cause of Action for alleged escrow negligence.   The Fourth, Thirteenth, and Fourteenth Causes of Action allege that the wrongful conduct by CAL LAND consisted of concealing and failing to provide or disclose to BARBERA a three-day right to cancel notice and to provide accurate disclosures as mandated by TILA, Regulation Z, and HOEPA, allegations virtually identical to those in the prior complaint.

Although this Court has previously ruled that no viable cause of action can be stated against CAL LAND and that any potential claim is time barred, CAL LAND resubmits the following authority and adds the doctrines of *res judicata* and collateral estoppel.

1.     **BARBERA Fails to State Facts Sufficient to Constitute a Claim Against CAL LAND**

a.     **The Duty of an Escrow Agent**

Admittedly, an escrow holder is an agent and fiduciary of the parties to the escrow. But, the agency created by the escrow is limited to the obligation of the escrow holder to carry out the instructions of each of the parties to the escrow.  *Vournas v. Fidelity Nat. Tit. Ins. Co.,* 73 Cal. App. 4th 668, 674 (1999).  In defining the scope of the escrow's fiduciary duties, the general principle is that the escrow holder must comply strictly with the instructions of the parties.  *Amen v. Merced County Title Co.,* 58 Cal. 2d 528, 534 (1962).

Page 5 of 11
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint and Memorandum of
Points and Authorities by Defendant California Land Title of Marin
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

1    Beyond the faithful compliance by the escrow with its principals' instructions, the

2  escrow holder has no general duty to police the affairs of its principals. *Claussen v. First*

3  *American Title Guaranty Co.,* 186 Cal. App. 3d 429, 435-436 (1986). Stated another way,

4  absent clear evidence of fraud, an escrow's obligations are limited to compliance with the

5  parties' instructions. *Lee v. Title Ins. & Trust Co.,* 264 Cal. App. 2d 160, 162 (1968).

6    The escrow owes no general duty of disclosure to its principal(s). *Cunningham v.*

7  *Security Title Ins. Co.,* 241 Cal.App.2d 626, 630-631 (1966). The escrow has no obligation to

8  provide advice regarding the business propriety of the transaction. *Axley v. Transamerica*

9  *Title Ins. Co.,* 88 Cal.App.3d 1, 9-10 (1978). The provisions of the TILA, Regulation Z or

10  HOEPA do not enlarge or modify the basic duties of the escrow holder.

11 **b. BARBERA Fails to Allege Facts to Establish Any Legal Duty of CAL**

12 **LAND Pursuant to TILA, Regulation Z and HOEPA**

13    In the current Complaint, in paragraph 18, BARBERA alleges that escrow closed on

14  June 11, 1997. She makes no allegations of wrongful or participatory conduct by CAL

15  LAND from and after this date. She makes no allegations that CAL LAND violated oral or

16  written instructions provided by BARBERA during the course of the escrow. She makes no

17  allegations that CAL LAND violated any law or regulation that imposes specific duties upon

18  an escrow holder. She makes no specific factual allegations of concerted activity with the

19  other Defendants. A general allegation of concerted action has no pleading value or legal

20  consequence. If a plaintiff elects to sue on the theory of conspiracy, the complaint should

21  allege (a) the formation and operation of the conspiracy, (b) the wrongful act(s) of any of the

22  conspirators pursuant to the conspiracy and (c) the resulting damage. *Orloff v. Metropolitan*

23  *Trust Co.,* 17 Cal.2d 484, 488 (1941); *Sales Corp. v. Olsen,* 80 Cal.App.3d 645, 649 (1978).

24

25

Page 6 of 11
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint and Memorandum of
Points and Authorities by Defendant California Land Title of Marin
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

1    The Complaint also fails to allege facts to establish any legal duty of an escrow pursuant to

2    TILA, Regulation Z or HOEPA, assuming such a legal duty might exist.

3        Plaintiff's pleadings falsely imply that the TILA, Regulation Z and HOEPA are

4    independent of each other.  In fact, Regulation Z and HOEPA are integrated with the TILA,

5    which provides the enforcement standard and penalty parameters for violation.  CAL LAND

6    cannot be legally liable under the TILA, Regulation Z or HOEPA since CAL LAND is not a

7    "creditor" under the TILA or HOEPA [see 15 U.S.C. §1602(f)] or a "business which offers or

8    extends credit" under Regulation Z [see 12 CFR §226.1(c)].  Stated another way, the TILA

9    and HOEPA impose legal liability **_only_** upon "creditors" or "lessors" as defined therein, and

10   Regulation Z only applies to individuals or businesses that offer or extend credit under the

11   four conditions described in 12 CFR §226.1(c).  BARBERA has failed to state facts sufficient

12   to constitute a claim against CAL LAND under the TILA, Regulation Z or HOEPA.  Because

13   these allegations have no merit, the complaint should be ordered dismissed.

14

15        **c.  The Statute of Limitations Bars BARBERA'S Claims Against CAL
             LAND.**

16        Under California law, the statute of limitations for escrow liability may range from

17   two to four years, depending upon the theory of recovery.  For an action based upon an

18   alleged breach of oral instructions, the statute of limitations is two years pursuant to

19   California Code of Civil Procedure section 339.  The statute of limitations for breach of

20   fiduciary duty is either three or four years as the result of conflicting case law.  See California

21   Code of Civil Procedure § 338(b) (utilizing three years); *Kruse v. Miller*, 143 Cal. App. 2d

22   656, 660 (1956) (utilizing three years); *Hecht v. Harris, Upham & Co.*, 430 F.2d 1202, 1210

23   (9th Cir. 1970) (utilizing three years); *Stallberg v. Western Title Ins. Co.,* 230 Cal. App. 3d

24   1223, 1230 (1991) (utilizing four years and applying California Code of Civil Procedure §

25

Page 7 of 11
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint and Memorandum of
Points and Authorities by Defendant California Land Title of Marin
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

343).  For breach of a written escrow instruction, the statute of limitations is four years.  *Amen v. Merced Co. Title Co.*, 58 Cal. 2d 528, 534 (1962).

BARBERA'S claims  against  CAL LAND are based on incidents that took place on June 12, 1997—over seven years before she filed the original Complaint on July 23, 2004 and almost eleven years after she filed the new Complaint on April 11, 2008—and such claims are barred by the statute of limitations, absent a detailed factual pleading of facts that would invoke the delayed discovery rule.  *Prudential Home Mortgage Co. v. Superior Court*, 66 Cal.App. 4th 1236, 1246-1247; *McKelvey v. Boeing North American, Inc.*, 74 Cal.App. 4th 151, 160-161.  The complaint lacks the required specificity and essential substance and fails to allege facts to support delayed discovery in the prior Complaint and has not and cannot do so in the new Complaint.

In fact, on page 2 of the new Complaint, line 21, BARBERA states "[S]he has endured the hardship for seven years, as a result of this flagrant conduct."  This statement does not support delayed discovery but rather is an admission that what she complains of has been going on for a substantial period of time and she knew it.  In addition, the new Complaint alleges conduct occurring not only in 1997 when escrow closed, but also during the time period 1998 through 2000 as alleged in paragraphs 24-34.  There is thus no effort to allege facts to invoke the delayed discovery rule for the simple reason that none can be alleged.  If such facts could not be alleged in 2004, they certainly cannot be alleged in 2008.  BARBERA'S claims against CAL LAND are thus also barred by the statute of limitations.

### 2.    This Court's Prior Order Bars BARBERA'S Claims Under the Doctrines of *Res Judicata* and/or Collateral Estoppel.

The preclusive effect of a prior federal court judgment is determined under federal law.  *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508, 149 L. Ed. 2d 32, 43, 121 S. Ct. 1021, 1028 (2001); *see also Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir.

Page 8 of 11
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint and Memorandum of
Points and Authorities by Defendant California Land Title of Marin
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

1988); *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). Under federal law, *res judicata* consists of two preclusion concepts -- claim preclusion and issue preclusion. *Miagra v. Warren City School Dist. Board of Ed.*, 465 U.S. 75, 77 n.1, 104 S. Ct. 892, 894 n. 1, 79 L. Ed 2d 56, 59 n.1 (1984).

"*Res judicata*, or claim preclusion, prevents the relitigation of a claim previously tried and decided." *Clark v. Bear Sterns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992). It operates to bar a lawsuit when an earlier suit (1) involved the same claim or cause of action, (2) reached a final judgment on the merits and (3) involved the same parties or their privities. *Mypoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985 (9th Cir. 2005); *Sidhu v. Flecto Co*., 279 F.3d 896, 900 (9th Cir. 2002). Claim Preclusion bars all grounds for recovery, whether or not they were actually asserted in the previous lawsuit. *Clark v. Bear Sterns & Co., Inc.*, *supra*, 966 F.2d at 1320; *In re Int'l. Nutronics, Inc. v. Robertson*, 28 F.3d 965, 969 (9th Cir. 1994).

"Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in a previous litigation between the same parties." *Clark v. Bear Sterns & Co., Inc.*, *supra*, 966 F.2d at 1320; see also *Robi v. Five Platters, Inc.*, *supra*, 838 F.2d at 322 (9th Cir. 1988). Issue preclusion prevents the re-litigation of an issue (1) identical to the one alleged in the prior litigation; (2) actually litigated in the prior litigation; and (3) actually determined as a critical and necessary part of the judgment in the earlier action." *Clark v. Bear Sterns & Co., Inc.*, *supra*, 966 F.2d at 1322.

Although there was no judgment in the prior action, this Court's prior Order expressly determined that no viable claim could be asserted against CAL LAND which in effect is the

Page 9 of 11
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint and Memorandum of
Points and Authorities by Defendant California Land Title of Marin
Case No. 4:08-cv-2677-SBA (prior related case number 3:08-cv-2677-PJH)

1    equivalent of a judgment.  Either doctrine thus operates as a complete bar to BARBERA'S

2    new suit, and, thus both doctrines bar BARBERA'S claims.

3

4                                    **CONCLUSION**

5         As to CAL LAND, the new Complaint is a sham as was the prior one.  Here, as in the

6    prior case, the only factual basis for the claimed liability is the alleged failure to provide a

7    three-day notice to cancel and violation of the TILA, Regulation Z and/or HOEPA.  As noted

8    above, and as previously found by this Court in the prior action, these statutes and regulations

9    impose no duties or liability upon CAL LAND in its capacity as an escrow service provider.

10   Also, no violation of an escrow instruction is alleged.  In addition to these fundamental flaws,

11   all alleged claims against CAL LAND were time-barred in 2004 and remain time-barred now.

12

13   The Court's prior Order also bars BARBERA'S claims based on the doctrines of *res judicata*

14   and/or collateral estoppel.  For the foregoing reasons, CAL LAND respectfully requests that

15   this motion be granted and the case ordered dismissed as a matter of fact and law.

16

17   Dated:  June 19, 2008

                                    /s/  Daniel A. Gamer
18                                   Daniel A. Gamer
                                    Attorney for Defendant
19                                   California Land Title of Marin

20

21

22        I, Daniel A. Gamer, am the ECF User whose ID and password are being used to file
     this Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint and Memorandum of Points
23   and Authorities by Defendant California Land Title of Marin.

24

                                     /s/ Daniel A. Gamer
25                                   Daniel A. Gamer

Page 10 of 11
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint and Memorandum of
Points and Authorities by Defendant California Land Title of Marin
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

1

**<u>PROOF OF SERVICE</u>**

2

3        I am employed in the County of Marin, State of California.  I am over the age of 18
and not a party to the within action.  My business address is 55 Professional Center Parkway,
4    San Rafael, California 94903.

5        On __June 19, 2008____, I served the foregoing documents described as

6

**Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint and Memorandum of**
7    **Points and Authorities by Defendant California Land Title Of Marin**

8    **Request For Judicial Notice by Defendant California Land Title of Marin in Support of**
**Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint**
9

10   **[Proposed] Order Granting Defendant California Land Title of Marin's Motion to**
**Dismiss Plaintiff Patricia C. Barbera's Complaint**

11
on the parties in this action by
12

13   (      )    By facsimile transmission.   The telephone number of the sending facsimile
machine was (415) 472-3940.  The telephone number of the receiving facsimile
14            machine(s) was as indicated below.  A transmission report was properly issued by
the sending facsimile machine, and the transmission was reported as complete and
15            without error.

16   (   X   )    By placing a true copy thereof enclosed in a sealed envelope with postage thereon
fully prepaid in the United States mail at San Rafael, California, addressed as
17            follows:

18
Patricia C. Barbera
19   24 Caribe Isle
Novato, CA 94949
20   Telephone: (415) 382-9617
Facsimile: (415) 382-0756
21   **In Pro Per**

22        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
23

24
        _/s/  Donna Meyers_____
25                Donna Meyers

Page 11 of 11
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint and Memorandum of
Points and Authorities by Defendant California Land Title of Marin
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

1  **DANIEL A. GAMER, ESQ. (CA SBN 42818)**
   **LAW OFFICES OF DANIEL A. GAMER**
2  **55 Professional Center Parkway, Ste H**
   **San Rafael, CA 94903**
3  **Telephone: (415) 472-6655**
   **Facsimile:  (415) 472-3940**
4
   **Attorney for Defendant**
5  **CALIFORNIA LAND TITLE OF MARIN**

6
                    **UNITED STATES DISTRICT COURT**
7
                   **NORTHERN DISTRICT OF CALIFORNIA**
8
                          **OAKLAND DIVISION**
9

10
11 **PATRICIA C. BARBERA,**                  ) **Case No.: Case No. 4:08-cv-02677-SBA**
                                             ) **(prior related case number**
12              **Plaintiff,**               )  **3:08-cv-2677-PJH)**
                                             )
13         **vs.**                           ) **REQUEST FOR JUDICIAL  NOTICE BY**
                                             ) **DEFENDANT CALIFORNIA LAND**
14 **WMC MORTGAGE CORPORATION, a**           ) **TITLE OF MARIN IN SUPPORT OF**
   **California corporation, et al., aka**   ) **MOTION TO DISMISS PLAINTIFF**
15 **WMCDirect; a California Business Entity;** ) **PATRICIAL C. BARBERA'S**
   **GE Consumer Finance, a unit of General** ) **COMPLAINT**
16 **Electric Company; Select Portfolio**    )
   **Servicing Corp, a Utah Corporation;**   ) **[MOTION TO DISMISS AND**
17 **Fairbanks Holding Corporation, a**      ) **MEMORANDUM OF POINTS AND**
   **Delaware Corporation; And Land Title**  ) **AUTHORITIES FILED**
18 **Company of Marin, a California Business** ) **CONCURRENTLY HEREWITH]**
   **Entity; Does 1 thru 100, inclusive,**   )
19                                           )
                **Defendants.**              ) **Date:  July 29, 2008**
20                                           ) **Time:  1:00 p.m.**
                                             ) **Court: Hon. Saundra B. Armstrong**
21                                           )
                                             )
22                                           )
                                             )
23                                           )
                                             )
24                                           )
                                             )
25                                           )
                                             )

Page 1 of 3
Request for Judicial Notice by Defendant California Land Title of Marin in Support of
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

Pursuant to Federal Evidence Code Section 201, CALIFORNIA LAND TITLE OF MARIN ("CAL LAND") sued herein as CALIFORNIA LAND TITLE COMPANY OF MARIN, hereby requests that this Court take judicial notice of the following documents in support of its Motion to Dismiss, copies of which are attached hereto as exhibits:

| Exhibit | Description |
|---|---|
| A | On July 23, 2004, plaintiff filed a complaint in the Superior Court of California, County of San Francisco. One of the defendants was CAL LAND. A true and correct copy of the complaint is attached hereto as Exhibit "A." |
| B | On September 3, 2004, WMC Mortgage Corp., WMC Finance Co., Apollo Management L.P., WMCDirect, and GE Consumer Finance removed the San Francisco Superior Court action to the Northern District of California, San Francisco Division. A true and correct copy of the 2004 Notice of Removal is attached hereto as Exhibit "B." |
| C. | On March 15, 2005, plaintiff filed a First Amended Complaint. A true and correct copy of the First Amended Complaint is attached hereto as Exhibit "C." |
| D. | On April 26, 2005, California Land Title of Marin filed an Opposition to Plaintiff's Motion to File a Second Amended Complaint. A true and correct copy of the Opposition is attached hereto as Exhibit "D." |
| E. | On May 26, 2005, the Honorable Judge Saundra Brown Armstrong of the Northern District of California, San Francisco Division, made an order regarding the motion to file a second amended complaint and struck those portions of the first amended complaint that added allegations against California Land Title of Marin and ordered Plaintiff to file a second amended complaint that removed the stricken allegations. A true and correct copy of that Order is attached hereto as Exhibit "E." |
| F. | On January 19, 2006, the Honorable Judge Saundra Brown Armstrong of the Northern District of California, San Francisco Division, dismissed, with prejudice, all of Plaintiff's federal causes of action against WMC Mortgage. A true and correct copy of that Order is attached hereto as Exhibit "F." |

Page 2 of 3
Request for Judicial Notice by Defendant California Land Title of Marin in Support of
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

June 19, 2008.                    /s/  Daniel A. Gamer
                                  Daniel A. Gamer
                                  Attorney for Defendant
                                  California Land Title of Marin

        I, Daniel A. Gamer, am the ECF User whose ID and password are being used to file this Request for Judicial Notice in Support of Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint.

                                   /s/  Daniel A. Gamer
                                  Daniel A. Gamer

Page 3 of 3
Request for Judicial Notice by Defendant California Land Title of Marin in Support of
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint
Case No. 4:08-cv-2677-SBA (prior related case number 3:08-cv-2677-PJH)

1  **DANIEL A. GAMER, ESQ. (CA SBN 42818)**
   **LAW OFFICES OF DANIEL A. GAMER**
2  **55 Professional Center Parkway, Ste H**
   **San Rafael, CA 94903**
3  **Telephone: (415) 472-6655**
   **Facsimile: (415) 472-3940**
4
   **Attorney for Defendant**
5  **CALIFORNIA LAND TITLE OF MARIN**

6
                    **UNITED STATES DISTRICT COURT**
7
                  **NORTHERN DISTRICT OF CALIFORNIA**
8
                          **OAKLAND DIVISION**
9

10
11 **PATRICIA C. BARBERA,**                    )  **Case No.: Case No. 4:08-cv-02677-SBA**
                                               )  **(prior related case number**
12          **Plaintiff,**                     )  **3:08-cv-2677-PJH)**
                                               )
13     **vs.**                                 )
                                               )  **NOTICE REGARDING EXHIBIT**
14 **WMC MORTGAGE CORPORATION, a**             )  **ATTACHMENT TO REQUEST FOR**
   **California corporation, et al., aka**      )  **JUDICIAL NOTICE BY DEFENDANT**
15 **WMCDirect; a California Business Entity;** )  **CALIFORNIA LAND TITLE OF MARIN**
   **GE Consumer Finance, a unit of General**   )  **IN SUPPORT OF MOTION TO DISMISS**
16 **Electric Company; Select Portfolio**       )  **PLAINTIFF PATRICIA C. BARBERA'S**
   **Servicing Corp, a Utah Corporation;**      )  **COMPLAINT**
17 **Fairbanks Holding Corporation, a**         )
   **Delaware Corporation; And Land Title**     )
18 **Company of Marin, a California Business**   )  **Date:  July 29, 2008**
   **Entity; Does 1 thru 100, inclusive,**      )  **Time:  1:00 p.m.**
19                                              )  **Court: Hon. Saundra B. Armstrong**
            **Defendants.**                     )
20

21

22        The following Exhibits, which are attachments to the Request for Judicial Notice is in

23  paper form only and is being maintained in the case file in the Clerk's Office.

24        A          On July 23, 2004, plaintiff filed a complaint in the Superior Court of
                     California, County of San Francisco.  One of the defendants was CAL
25                   LAND.

Page 1 of 2
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint and Memorandum of
Points and Authorities by Defendant California Land Title of Marin
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

B          On September 3, 2004, WMC Mortgage Corp., WMC Finance Co., Apollo Management L.P., WMCDirect, and GE Consumer Finance removed the San Francisco Superior Court action to the Northern District of California, San Francisco Division.

C.          On March 15, 2005, plaintiff filed a First Amended Complaint.

D.          On April 26, 2005, California Land Title of Marin filed an Opposition to Plaintiff's Motion to File a Second Amended Complaint.

E.          On May 26, 2005, the Honorable Judge Saundra Brown Armstrong of the Northern District of California, San Francisco Division, made an order regarding the motion to file a second amended complaint and struck those portions of the first amended complaint that added allegations against California Land Title of Marin and ordered Plaintiff to file a second amended complaint that removed the stricken allegations.

F.          On January 19, 2006, the Honorable Judge Saundra Brown Armstrong of the Northern District of California, San Francisco Division, dismissed, with prejudice, all of Plaintiff's federal causes of action against WMC Mortgage.

The reason for manual filing is the voluminous nature of the Exhibits and the Exhibits are available through PACER in Case No. C-04-3738 SBA.

Dated:  June 19, 2008

/s/  Daniel A. Gamer
Daniel A. Gamer
Attorney for Defendant
California Land Title of Marin

I, Daniel A. Gamer, am the ECF User whose ID and password are being used to file this Notice Regarding Exhibit Attachment by Defendant California Land Title of Marin.

/s/ Daniel A. Gamer
Daniel A. Game

Page 2 of 2
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint and Memorandum of
Points and Authorities by Defendant California Land Title of Marin
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

1   DANIEL A. GAMER, ESQ. (CA SBN 42818)
    LAW OFFICES OF DANIEL A. GAMER
2   55 Professional Center Parkway, Ste H
    San Rafael, CA 94903
3   Telephone: (415) 472-6655
    Facsimile:  (415) 472-3940
4
5   Attorney for Defendant
    CALIFORNIA LAND TITLE OF MARIN

6
                    UNITED STATES DISTRICT COURT
7
                  NORTHERN DISTRICT OF CALIFORNIA
8
                        OAKLAND DIVISION
9

10

11  PATRICIA C. BARBERA,                )  Case No.: Case No. 4:08-cv-02677-SBA
                                        )  (prior related case number
                                        )   3:08-cv-2677-PJH)
12              Plaintiff,              )
                                        )
13      vs.                             )  [PROPOSED] ORDER GRANTING
                                        )  DEFENDANT CALIFORNIA LAND
14  WMC MORTGAGE CORPORATION, a )         TITLE OF MARIN'S MOTION TO
    California corporation, et al., aka  )  DISMISS PLAINTIFF PATRICIAL C.
15  WMCDirect; a California Business Entity; )  BARBERA'S COMPLAINT
    GE Consumer Finance, a unit of General )
16  Electric Company; Select Portfolio  )
    Servicing Corp, a Utah Corporation; )
17  Fairbanks Holding Corporation, a    )
    Delaware Corporation; And Land Title )  Date:  July 29, 2008
18  Company of Marin, a California Business )  Time:  1:00 p.m.
    Entity; Does 1 thru 100, inclusive, )  Court: Hon. Saundra B. Armstrong
19                                       )
                                         )
20              Defendants.             )
                                         )
21                                       )
                                         )
22                                       )
                                         )
23                                       )
                                         )
24                                       )
                                         )
25                                       )
                                         )

Page 1 of 9
[Proposed] Order Granting Defendant California Land Title of Marin's
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

Defendant CALIFORNIA LAND TITLE OF MARIN'S Motion to Dismiss Plaintiff PATRICIA C. BARBERA'S Complaint came on for hearing before this Court.  Having carefully considered the briefs and arguments of counsel, and all other matters presented to the Court, the Court HEREBY GRANTS CALIFORNIA LAND TITLE OF MARIN'S Motion to Dismiss with prejudice.

## BACKGROUND

On May 28, 2008, this action was removed from Marin County Superior Court. Plaintiff filed the instant lawsuit alleging improper conduct by CALIFORNIA LAND TITLE OF MARIN ("CAL LAND") in the handling of an escrow  that closed in June, 1997. BARBERA was a party to the escrow.

In 2004, Plaintiff BARBERA filed an action in the San Francisco Superior Court which was removed from that court on September 3, 2004 and given case number C 04-3738. The Court has been requested to and takes judicial notice of that action.  The first amended complaint later filed in that action alleged improper conduct by CAL LAND in handling the same escrow as in the current case.  The allegations in both the prior action and this action allege violation of the Truth in Lending Act ("TILA"), Home Ownership and Equity Protection Act ("HOEPA"), and Regulation Z, as well as claimed breach of fiduciary duty and negligence for the alleged failure of CAL LAND to provide or disclose to BARBERA a three-day right to cancel notice.

On May 26, 2005, this Court made an order in the prior action regarding BARBERA'S motion to file a second amended complaint and struck those portions of the first amended complaint that added allegations against CAL LAND.  The Court has also been requested to and takes judicial notice of the first amended complaint in the prior action and the Court's May 26, 2005 order.  In its motion to dismiss, CAL LAND asserts that the facts alleged by BARBERA in the new action are insufficient to state a claim against CAL LAND

Page 2 of 9
[Proposed] Order Granting Defendant California Land Title of Marin's
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

upon which relief can be granted and no claim can be stated since no violation of an escrow instruction occurred and that any claims against CAL LAND are barred by the statute of limitations.  CAL LAND also asserts that the complaint is barred under the doctrines of *res judicata* and/or collateral estoppel based on this Court's order in the prior action.

### I.     Motion to Dismiss

#### A.     Legal Standard

A motion to dismiss is authorized under Federal Rules of Civil Procedure 12(b).  A rule 12(b) motion under subsection 6 is based upon the failure to state a claim upon which relief may be granted.

#### B.  Analysis

##### 1.  The Complaint

The Complaint names CAL LAND in the First Cause of Action (specific performance), Fourth Cause of Action (failure to provide mandatory three-day notice of rescission and understated disclosures), and Thirteenth Cause of Action (breach of fiduciary duty).  The Second Cause of Action (quiet title), Seventh Cause of Action (misrepresentation and inducement), Fourteenth Cause of Action (negligence-emotional distress), and Fifteenth Cause of Action (unclean hands) are not labeled as to who they are against although the Fourteenth Cause of Action does contain allegations against CAL LAND in the body of the cause of action.  Neither the Second nor the Fifteenth Causes of Action contain any charging allegations.  But even if these causes of action as well as the Seventh Cause of Action that do not specifically name CAL LAND are meant to include it, they are still subject to CAL LAND'S Motion to Dismiss.

Page 3 of 9
[Proposed] Order Granting Defendant California Land Title of Marin's
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

As in the prior complaint, the First, Fourth, Thirteenth, and Fourteenth Causes of Action claim damages resulting from alleged violation of the Truth in Lending Act (TILA), Regulation Z, and the Home Ownership and Equity Protection Act (HOEPA). The Thirteenth Cause of Action also claims damages for an alleged breach of fiduciary duty and the Fourteenth Cause of Action alleges escrow negligence. The Fourth, Thirteenth, and Fourteenth Causes of Action allege that the wrongful conduct by CAL LAND consisted of concealing and failing to provide or disclose to BARBERA a three-day right to cancel notice and to provide accurate disclosures as mandated by TILA, Regulation Z, and HOEPA, allegations virtually identical to those in the prior complaint.

### 2. BARBERA Fails to State Facts Sufficient to Constitute a Claim Against CAL LAND

CAL LAND asserts that the complaint is improper since an escrow holder cannot be liable for violation of the provisions of the TILA, HOEPA, and Regulation Z that Plaintiff relies upon. CAL LAND also asserts that although it owes a fiduciary duty to the parties involved in an escrow, such duties are limited.

> An escrow holder, as a dual agent of the parties to the escrow, owes duties to the parties to the escrow. However, those duties are limited. [] The primary duty owed by an escrow holder is to strictly and faithfully perform the instructions given to it by the parties to the escrow.

*Vournas v. Fidelity Nat. Tit. Ins*. Co., 73 Cal. App. 4th 668, 674 (1999). " An escrow holder has no general duty to police the affairs of its depositors, however. [] An escrow holder's agency is limited to faithful compliance with instructions." *Claussen v. First American Title Guaranty Co.,* 186 Cal. App. 3d 429, 435-436 (1986).

In her complaint in the First Fourth, Thirteenth, and Fourteenth causes of action, Plaintiff alleges violations of TILA, HOEPA, and Regulation Z by CAL L AND. First,

Page 4 of 9
[Proposed] Order Granting Defendant California Land Title of Marin's
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

these provisions apply to creditors or those who "offer and extend credit," not to escrow

holders.   15 U.S.C. §1635(a), the provision of TILA that Plaintiff relies upon, states

that:

> Disclosure of obligor's right to rescind.  Except as otherwise provided in
> this section, in the case of any consumer credit transaction (including
> opening or increasing the credit limit for a open end credit plan) in which
> a security interest, including any such interest arising by operation of law,
> is or will be retained or acquired in any property which is used as the
> principal dwelling of the person to whom credit is extended, the obligor
> shall have the right to rescind the transaction until midnight of the third
> business day following the consummation of the transaction or the
> delivery of the information and rescission forms required under this
> section together with a statement containing the material disclosures
> required under this title [15 USCS §§ 1601 et seq.], whichever is later, by
> notifying the creditor, in accordance with regulations of the Board, of his
> intention to do so. ***The creditor shall clearly and conspicuously disclose,***
> in accordance with regulations of the Board, to any obligor in a
> transaction subject to this section the rights of the obligor under this
> section. ***The creditor shall also provide, in accordance with regulations
> of the Board, appropriate forms for the obligor to exercise his right to
> rescind any transaction subject to this section.***

15 U.S.C. § 1635(a) (emphasis added).  15 U.S.C. § 1639, the provision of HOEPA that

Plaintiff relies upon, states:

> Specific disclosures. In addition to other disclosures required under this
> title [15 USCS §§ 1601 et seq.], for each mortgage referred to in section
> 103(aa) [15 USCS § 1602(aa)], ***the creditor shall provide the following
> disclosures*** in conspicuous type size…

15 U.S.C. § 1639(a)(1) (emphasis added.)   Finally, Regulation Z requires a "business

which offers or extends credit" to make certain disclosures:

> Purpose. The purpose of this regulation is to promote the informed use of
> consumer credit by requiring disclosures about its terms and cost.  The
> regulation also gives consumers the right to cancel certain credit
> transactions that involve a lien on a consumer's principal dwelling,
> regulates certain credit card practices, and provides a means for fair and
> timely resolution of credit billing disputes. The regulation does not
> govern charges for consumer credit  The regulation requires a maximum

Page 5 of 9
[Proposed] Order Granting Defendant California Land Title of Marin's
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

interest rate to be stated in variable-rate contracts secured by the consumer's dwelling. It also imposes limitations on home equity plans that are subject to the requirements of § 226.5b and mortgages that are subject to the requirements of § 226.32. The regulation prohibits certain acts or practices in connection with credit secured by a consumer's principal dwelling.

(c) Coverage. (1) In general, ***this regulation applies to each individual or business that offers or extends credit*** when four conditions are met: (1) The credit is offered or extended to consumers; (ii) the offering or extension of credit is done regularly; n1 (iii) the credit is subject to a finance charge or is payable by a written agreement in more than 4 installments; and (iv) the credit is primarily for personal, family, or household purposes.

12 C.F.R. § 226.1(b)&(c) (emphasis added). CAL LAND specifically identifies these provisions and their inapplicability to CAL LAND, Plaintiff makes no attempt in Reply to respond to CAL LAND'S argument that these provisions do not apply to an escrow holder. Instead, she states that CAL LAND was acting as a fiduciary of WMC and therefore that it should have delivered certain documents to Plaintiff. However, the Complaint fails to allege that CAL LAND breached any fiduciary duty it owed to Plaintiff. It does not allege that WMC provided these documents to CAL LAND and instructed CAL LAND to deliver the documents, or any other "disclosures," to Plaintiff. Thus, Plaintiff's complaint against CAL LAND must fail because: (1) TILA, HOEPA, and Regulation Z do not apply to an escrow holder; and (2) the duties of the escrow are limited to faithfully carrying out the instructions of the principals and there are no allegations that CAL LAND was instructed by WMC to provide any documents or to make any disclosures to Plaintiff or that any escrow instruction was violated. The Second, Seventh, and Fifteenth Causes of Action contain no charging allegations against CAL LAND.

Page 6 of 9
[Proposed] Order Granting Defendant California Land Title of Marin's
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

### 3.    Statute of Limitations

CAL LAND also asserts that all of Plaintiff's claims are barred by the statute of limitations.  Under California law, the statute of limitations for escrow liability ranges from two to four years, depending on the theory of recovery.  For an action based on a breach of oral instructions, the statute of limitations is two years.  Cal. Code Civ. Proc. § 339.    For breach of a written escrow instruction, the statute of limitations is four years.  *Amen v. Merced Title County Title Co.*, 58 Cal.2d 528, 534 (1962).  "The statute of limitations for breach of fiduciary duty is four years."  Stallberg v. Western Title Ins. Co., 230 Cal.App.3d 1223, 1230 (1991) (citing California Civil Code § 343).

Here, the alleged conduct by CAL LAND occurred in June 1997.  Plaintiff's Complaint was filed on April 11, 2008, nearly eleven years after the relevant conduct occurred.  The prior complaint was filed on March 15, 2005, nearly eight years after the relevant conduct occurred. This Court ordered all allegations against CAL LAND to be stricken.  Plaintiff's claims of late discovery ere rejected in the prior action are again rejected.

"[T]he doctrine of delayed discovery requires a plaintiff to plead facts showing an excuse for late discovery of the facts underlying his cause of action.  He must show that [he] was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry."  *Prudential Home Mortgage Co. v. Superior Court*, 66 Cal.App.4th 1236, 1247 (1998) (internal quotation omitted).  Here, Plaintiff fails to plead such facts.  As a preliminary matter, the factual predicate for CAL LAND'S failure to provide her with certain documents should have been known to her in 1997 without the need for discovery – she should have known what she did or did not receive in June 1997 well before filing the prior complaint.  Moreover, Plaintiff fails to make clear what facts were discovered by her

Page 7 of 9
[Proposed] Order Granting Defendant California Land Title of Marin's
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

that made her aware of her claims against CAL LAND.  Also, as discussed, *supra*, there are no factual allegations suggesting that CAL LAND breached any duty to provide Plaintiff with the right to rescind notice.  Accordingly, any claims against CAL LAND are time barred.

### 4.    *Res Judicata* and/or Collateral Estoppel.

In addition to the failure to state a claim against CAL LAND upon which relief can be granted and the bar of the statute of limitations in the current complaint, this Court has already ruled that Plaintiff BARBERA has no viable claims against CAL LAND.

The preclusive effect of a prior federal court judgment is determined under federal law.  *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508, 149 L. Ed. 2d 32, 43, 121 S. Ct. 1021, 1028 (2001); see also *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988); *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982).  Under federal law, *res judicata* consists of two preclusion concepts -- claim preclusion and issue preclusion.  *Miagra v. Warren City School Dist. Board of Ed.*, 465 U.S. 75, 77 n.1, 104 S. Ct. 892, 894 n. 1, 79 L. Ed 2d 56, 59 n.1 (1984).

"*Res judicata*, or claim preclusion, prevents the relitigation of a claim previously tried and decided."  *Clark v. Bear Sterns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992).  It operates to bar a lawsuit when an earlier suit (1) involved the same claim or cause of action, (2) reached a final judgment on the merits and (3) involved the same parties or their privities.  *Mypoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985 (9th Cir. 2005); *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002).  Claim Preclusion bars all grounds for recovery, whether or not they were actually asserted in the previous lawsuit.  *Clark v. Bear Sterns & Co., Inc.*, *supra*, 966 F.2d at 1320; *In re Int'l. Nutronics, Inc. v. Robertson*, 28 F.3d 965, 969 (9th Cir. 1994).

Page 8 of 9
[Proposed] Order Granting Defendant California Land Title of Marin's
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)

"Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in a previous litigation between the same parties." *Clark v. Bear Sterns & Co., Inc.*, *supra*, 966 F.2d at 1320; see also *Robi v. Five Platters, Inc., supra*, 838 F.2d at 322 (9th Cir. 1988). Issue preclusion prevents the re-litigation of an issue (1) identical to the one alleged in the prior litigation; (2) actually litigated in the prior litigation; and (3) actually determined as a critical and necessary part of the judgment in the earlier action." *Clark v. Bear Sterns & Co., Inc.*, *supra*, 966 F.2d at 1322.

Although there was no judgment in the prior action, this Court's prior Order expressly determined that no viable claim could be asserted against CAL LAND which in effect is the equivalent of a judgment. Either doctrine thus operates as a complete bar to BARBERA'S new suit, and, thus both doctrines bar BARBERA'S claims.

## CONCLUSION

For the foregoing reasons, the Court GRANTS CALIFORNIA LAND TITLE OF MARIN'S Motion to Dismiss Plaintiff PATRICIA C. BARBERA'S Complaint.

Dated: _____, 2008

_____
The Honorable Saundra B. Armstrong
United States District Court Judge

I, Daniel A. Gamer, am the ECF User whose ID and password are being used to file this [Proposed] Order.

/s/ Daniel A. Gamer
_____
Daniel A. Gamer

Page 9 of 9
[Proposed] Order Granting Defendant California Land Title of Marin's
Motion to Dismiss Plaintiff Patricia C. Barbera's Complaint
Case No. 4:08-cv-02677-SBA (prior related case number 3:08-cv-2677-PJH)