1  Scott H. Jacobs (SBN 81980)
2  Christopher O. Rivas (SBN 238765)
   REED SMITH LLP
3  355 S. Grand Avenue, Suite 2900
   Los Angeles, CA 90071
4  Telephone:    213.457.8000
   Facsimile:    213.457.8080
5
6  Attorneys for Defendants
   WMC Mortgage, LLC and
7  GE Consumer Finance, Inc.

8
                UNITED STATES DISTRICT COURT
9
              NORTHERN DISTRICT OF CALIFORNIA
10
                      OAKLAND DIVISION
11

12  PATRICIA C. BARBERA,                    Case No.: 4:08-cv-02677-SBA

13          Plaintiff                       Earlier Related Case: 4:04-cv-03738-SBA

14      vs.                                 **DEFENDANTS WMC MORTGAGE, LLC
                                            AND GE CONSUMER FINANCE, INC.'S**
15  WMC MORTGAGE CORPORATION, a             **NOTICE OF MOTION AND MOTION TO**
    California corporation; aka WMC Direct, a **DISMISS COMPLAINT; MEMORANDUM**
16  California Business Entity; GE Consumer  **OF POINTS AND AUTHORITIES IN**
    Finance, a unit of General Electric Company; **SUPPORT THEREOF**
17  Select Portfolio Servicing Corp, a Utah
    Corporation; Fairbanks Holding Corporation, a [Request For Judicial Notice and Declaration of
18  Delaware Corporation; and Land Title Company Christopher O. Rivas Filed Concurrently
    of Marin, a California Business Entity;   Herewith; [Proposed] Order Lodged Herewith]
19  Does 1 thru 100, inclusive.
                                            Date:        July 29, 2008
20                                          Time:        1:00 p.m.
            Defendants.                     Courtroom:   3, Third Floor
21

22
                                            Honorable Saundra Brown Armstrong
23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

    **PLEASE TAKE NOTICE** that on July 29, 2008, at 1:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 3, Third Floor, of the above entitled Court, located at 1301 Clay Street, Oakland, CA 94612-5212, defendants WMC Mortgage, LLC ("WMC Mortgage") (successor in interest to "WMC Mortgage Corporation"), GE Consumer Finance ("GECF", and collectively with WMC Mortgage Corporation, "Defendants"), will and hereby do move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing plaintiff Patricia C. Barbera's ("Plaintiff") Complaint on the basis that Plaintiff fails to state a claim upon which relief can be granted.

    This Motion to Dismiss is made on the grounds that each of Plaintiff's fifteen (15) causes of action fails to state a claim upon which relief can be granted because Plaintiff's claim is barred by *res judicata*, including the doctrines of claim preclusion and issue preclusion, on the basis that the claims and/or issues were litigated and dismissed with prejudice in Plaintiff's previous lawsuit against Defendants. This Motion to Dismiss is also made on the grounds that each of Plaintiff's fifteen (15) causes of action is barred by their respective statutes of limitations. This Motion to Dismiss is also made on the grounds that Plaintiff's claims alleging violations of the Fair Debt Collection Practices Act, Consumer Legal Remedies Act, usurious interest rates, breach of fiduciary duty each fail to state a claim upon which relief can be granted.

    This Motion is and will be based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the Declaration of Christopher O. Rivas, the court records and files, and upon such other evidence and argument that may be offered at the hearing on the Motion.

///

///

///

///

///

///

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 2 –

This Motion is made following conferences of Defendants' counsel and *pro per* Plaintiff, which took place on or around May 30, 2008 and June 17, 2008, pursuant to the Honorable Saundra Brown Armstrong's Standing Order.  [*See* Declaration of Christopher O. Rivas, ¶¶ 4-6.]

DATED:  June 19, 2008                    REED SMITH LLP


By  /s/ Christopher O. Rivas
      Scott H. Jacobs
      Christopher O. Rivas
      Attorneys for Defendants
      WMC Mortgage, LLC and
      GE Consumer Finance, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WMC Mortgage and GECF's Notice of Motion and Motion to Dismiss; Memo of P's and A's

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2   Defendants WMC Mortgage, LLC ("WMC Mortgage") (successor in interest to

3   "WMC Mortgage Corporation"), GE Consumer Finance ("GECF", and collectively with

4   WMC Mortgage Corporation, "Defendants") respectfully submit their memorandum of

5   points and authorities in Support of Motion to Dismiss as follows:

6   **I.     INTRODUCTION**

7   This lawsuit is yet another attempt by plaintiff Patricia C. Barbera ("Plaintiff") to pursue

8   Defendants based upon claims and issues that were already dismissed with prejudice by this Court

9   (and this Judge) and by the state court (after remand on the state law claims). Just as there was no

10  basis for any of the claims brought by Plaintiff in her prior two lawsuits, there is no basis in this

11  lawsuit. Moreover, Plaintiff's attempts to litigate and relitigate the same claims and issues are

12  barred by the doctrine of *res judicata*.

13  As in Plaintiff's previous actions, this entire action arises out of a mortgage loan obtained by

14  Plaintiff from WMC Mortgage, a mortgage corporation that was formerly wholly owned by GECF

15  (although GECF no longer maintains any ownership interest). In the prior action, the Honorable

16  Judge Armstrong dismissed each and all of Plaintiff's federal claims with prejudice. [Request for

17  Judicial Notice ("RJN"), Ex. E.] Specifically: (a) Plaintiff's federal Truth in Lending Act and

18  federal Home Ownership and Equity Protection Act claims were found to be barred by their

19  respective one-year statutes of limitations; (b) Plaintiff's federal Real Estate Settlement Procedures

20  Act claim was held to be barred by its three-year statute of limitations; and (c) Plaintiff's federal Fair

21  Debt Collection Practices Act was held to be inapplicable to WMC Mortgage (which is not a "debt

22  collector" under the statute) and barred by the one-year statute of limitation. [RJN, Ex. E.]

23  Plaintiff's remaining state law claims were remanded to the state court, where they were each

24  and all dismissed with prejudice. Specifically: (1) Plaintiff's California Business & Professions

25  Code § 17200, et seq., claim was held to be barred by its four-year statue of limitations; (2)

26  Plaintiff's Consumer Legal Remedies Act claim was held as inapplicable to WMC Mortgage since it

27  does not apply to "extensions of credit" and also barred by its three-year statute of limitations; (3)

28  Plaintiff's fraud or "wrongful concealment" claimed as lacking sufficient particularity and barred by

WMC Mortgage and GECF's Notice of Motion and Motion to Dismiss; Memo of P's and A's

the three-year statute of limitations; (4) Plaintiff's breach of contract claim as barred by the four-year statute of limitations; (5) Plaintiff's usury claim as inapplicable as to WMC Mortgage, which is exempt from California's usury provisions, and as barred by the four-year statute of limitations; and (6) Plaintiff's "rescission" and "accounting" claims were held to be remedies and not independent causes of action. [RJN, Ex. F.]

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.    A Final Judgment on the Merits was Entered in Favor of Defendants in Plaintiff's 2004 Action

On or about July 23, 2004, Plaintiff commenced an action in the San Francisco Superior Court against WMC Mortgage, GECF, and others (the "2004 Action"), the primary subject of which was a mortgage Plaintiff allegedly obtained from WMC Mortgage in June 1997 (the "Mortgage").[1] [Request for Judicial Notice ("RJN"), Ex. A at ¶ 13.] GECF was named in the suit solely on the basis that it had allegedly purchased WMC Mortgage in 2004. [RJN, Ex. A at ¶ 4.] The First Action was based on allegations that WMC Mortgage, *inter alia*, failed to provide statutorily required disclosures, accounted for sums owed on the Mortgage incorrectly, improperly foreclosed on the Mortgage, and made various misrepresentations to Plaintiff regarding the Mortgage.[2]

On that basis, Plaintiff brought actions for (1) Predatory Lending under Bus. & Prof. Code § 17200; (2) violation of the Consumer Legal Remedies Act ("CLRA"), codified at Civ. Code § 1750, et seq.; (3) violation of the Truth in Lending Act ("TILA"), Regulation Z, and the federal Home Ownership and Equity Protection Act ("HOEPA"), codified respectively at 15 U.S.C. § 1601, et seq., 12 C.F.R. 226, et seq., and 15 U.S.C. § 1639, et seq., (4) violation of the federal Real Estate Settlement Procedures Act ("RESPA"), codified at 12 U.S.C. § 2601, et seq., (5) violation of the federal Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692, et seq.; (6)

---

[1]    Plaintiff's 2004 action against WMC Mortgage was not her first. Rather, it followed a 2001 Action filed in San Francisco County Superior Court, at Case No. CGC-01-32206, which was voluntarily dismissed by plaintiff without Prejudice.

[2]    For purposes of this Motion, Defendants presume Plaintiff's allegations to be true, but generally deny each and every one of them.

WMC Mortgage and GECF's Notice of Motion and Motion to Dismiss; Memo of P's and A's

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Lending Fraud; (7) Breach of Contract; (8) Elder Abuse, based on alleged violation of the Welfare &

Institutions Code § 15600, et seq.; (9) Usury; and (10) Rescission.

On September 3, 2004, Defendants removed the action to the Northern District of California,

San Francisco Division (Case No. 4:04-cv-03738-SBA). [RJN, Ex. B.] On December 13, 2004,

Plaintiff voluntarily dismissed GECF, without prejudice. [RJN, Ex. C.]

On August 10, 2005, after various Motions for Summary Judgment and Motions to Dismiss

filed by various defendants in the 2004 Action, Plaintiff filed a Second Amended Complaint ("2005

SAC") that was substantially similar to her initial 2004 complaint. [RJN, Ex. D.] In the 2005 SAC,

Plaintiff abandoned her cause of action for "Elder Abuse" and changed the title of her "fraud" claim

to "wrongful concealment." *Id.* In addition, Plaintiff added three "new" causes of action based on

the same underlying facts as the 2004 Complaint for Accounting, Breach of Fiduciary Duty (against

co-defendant California Land Title Company only), and Negligence. *Id.*

On January 19, 2006, after considering the arguments in WMC Mortgage's Motion to

Dismiss and the arguments of counsel, the Honorable Judge Armstrong dismissed, *with prejudice*, all

of Plaintiff's federal causes of action against WMC Mortgage and remanded Plaintiff's state law

claims to the Superior Court of California for the County of San Francisco. [RJN, Ex. E.] The San

Francisco Superior Court, based on the demurrer of WMC Mortgage, entered a judgment against

Plaintiff on April 3, 2006, dismissing *with prejudice* all of Plaintiff's remaining state law claims

against WMC Mortgage. [RJN, Ex. F.]

**B.**    **Plaintiff's Complaint Alleges the Same Claims and Issues as Already**
        **Adjudicated**

Now, Plaintiff seeks to re-litigate before this Court the same claims and issues that have

already been ruled on by the Honorable Judge Armstrong and the Honorable Judge Peter J. Busch

(who ruled on the state law claims). [3] Here again, plaintiff's Complaint (the "2008 Complaint"),

---

[3]    On May 22, 2008, before removal of this action to this court, Plaintiff appears to have attempted to file an amended complaint, but the form amended complaint is indecipherable and appears to have been filed without many of the cited attachments or the fifteen causes of action in Plaintiff's initial Complaint. [*See* RJN, Ex. H.] It is not clear whether this was intended to be an operative complaint, and this "amended complaint" was not served on Defendants. As such, Defendants do not address this filing in this motion to dismiss, but reserve their right to do so at a later time.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  like her previous complaints against Defendants, alleges that WMC Mortgage, *inter alia*, failed to

2  provide statutorily required disclosures, accounted for sums owed on the Mortgage incorrectly,

3  improperly foreclosed on the Mortgage, and made various misrepresentations to Plaintiff regarding

4  the Mortgage.  Plaintiff once again brings claims against GECF, although Plaintiff herself recognizes

5  that GECF no longer has any ownership interest in WMC Mortgage, and is thus improperly named

6  in this action.  [2008 Complaint at ¶ 3.]  Plaintiff's claims are all based on alleged conduct that

7  happened between the years 1997 and 2001, and were already at issue before this Court in the First

8  Action (which was initiated in 2004).  [2008 Complaint at ¶¶ 21-34, 43-46.]4

9       The 2008 Complaint shuffles and renames Plaintiff's claims from the First Action

10  (haphazardly citing federal and state statutes throughout her various causes of action), but these

11  claims are fundamentally the same.  Plaintiff once again sues under the same federal theories for the

12  TILA, Regulation Z, the federal FDCPA, the federal HOEPA, and the federal RESPA. [*See* 2008

13  Complaint, Causes of Actions Nos. 1, 4, 5, 8, 9, and 12.]  Plaintiff has failed to even nominally add a

14  new federal law claim against Defendants.  Likewise, Plaintiff reiterates her state law claims for

15  violation of the CLRA, violation of the Business & Professions Code section 17200, Breach of

16  Contract, Fraud, Usury, Rescission, Accounting, Breach of Fiduciary Duty, and Negligence. [*See*

17  2008 Complaint, Causes of Actions Nos. 1, 6, 7, 10, 11, 13, and 14.]

18       Plaintiff now "adds" state law claims for Quiet Title under California Civil Procedure Code

19  section 760 (Cause of Action No. 2), Slander of Title (Cause of Action No. 3), C.C.P. 527 (Cause of

20  Action No. 8), and Unclean Hands (Cause of Action No. 15), as well as naming WMC Mortgage for

21  the first time in her Breach of Fiduciary Duty claim (Cause of Action No. 13), which was also

22  dismissed in the First Action.  [*See* 2008 Complaint.]  However, even a cursory examination reveals

23  that each of these claims reveals -- besides being substantively deficient -- are also based entirely on

24  the same facts at issue in the First Action.

25

26  4       While Plaintiff mentions a 2007 statement from WMC Mortgage, she fails to explain how this statement gives
    rise to any of her claims or relates to the Complaint in any meaningful way.  In any case, it appears that Plaintiff's
27  complaints against WMC Mortgage are a mere reiteration of those complaints raised in the First Action, and are thus
    subject to dismissal under the doctrine of *res judicata*, as explained in this Motion.

28

WMC Mortgage and GECF's Notice of Motion and Motion to Dismiss; Memo of P's and A's

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  **III.   LEGAL ARGUMENT**

2      **A.    Dismissal Under Rule 12(b)(6) is Proper When a Complaint is Barred by _Res_**

3         **_Judicata_**

4        A party may move to dismiss under Rule 12(b)(6) where the plaintiff has failed to state a

5  claim upon which relief can be granted. Fed. R. Civ. Proc. Rule 12(b)(6). As the United States

6  Supreme Court has recently emphasized, in order to survive a motion to dismiss a plaintiff must

7  allege sufficient facts to establish a plausible rather than merely conceivable basis for the relief

8  sought. _See Bell Atl. Corp. v. Twombley_, 127 S. Ct. 1955, 1964-65 (2007). While the complaint

9  "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

10  'entitle[ment]' to relief' requires more than labels and conclusions . . ." _Id._ (internal quotation marks

11  omitted). "_Res judicata_, which 'precludes the parties from relitigating issues that were or could have

12  been raised in [a prior] action,'… can serve as the basis for the grant of a motion to dismiss."

13  _Davidson v. Culver City_, 159 Fed. Appx. 756, 757-758 (9th Cir. 2005) (citing _Stewart v. U.S._

14  _Bancorp_, 297 F.3d 953, 956 (9th Cir. 2002)) (internal citations omitted).

15        In ruling on a Rule 12(b)(6) motion, the Court may consider documents attached to or

16  incorporated in the complaint, as well as ones that are "integral" to the complaint, even if not

17  integrated therein. _Parrino v. FHP, Inc._, 146 F.3d 699, 706 n. 4 (9th Cir. 1998) (superseded on other

18  ground by 28 U.S.C. § 1453(b)); _Van Buskirk v. CNN_, 284 F.3d 977, 980 (9th Cir. 2002). The Court

19  may also take judicial notice of appropriate matters for purposes of a Rule 12(b)(6) ruling. _United_

20  _States v. Ritchie,_ 342 F.3d 903, 907-908 (9th Cir. 2003).

21      **B.    The Court in Its Discretion May Retain Jurisdiction of the State Law Claims**

22         **and Dismiss Them**

23        This Court has discretion to retain jurisdiction and dismiss Plaintiff's state law claims. As

24  stated in Professor Moore's treatise on federal practice, "[r]etention of supplemental jurisdiction

25  over a supplemental state claim is appropriate, even after dismissal of the jurisdiction-conferring

26  claim, if it is absolutely clear how the supplemental claim should be decided." 16 Moore's Federal

27  Practice (Third Ed.) at §106.66[3][b], pg. 106-93; _see also Brazinski v. Amoco Petroleum Additives_

28  _Co._, 6 F.3d 1176, 1182 (7th Cir. 1993) (if correct disposition of pendent claim is so clear as matter of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  state law that it can be determined without further trial proceedings and without entanglement with

2  any difficult issues of state law, considerations of judicial economy warrant retention and decision

3  rather than relinquishment of case to state court).

4      Here, Plaintiff's state law claims are barred by the doctrines of *res judicata* for the same

5  reasons as her federal claims.  Moreover, this Court has before it the state court's judgment in the

6  First Action, which provides the legal basis for dismissing each of Plaintiff's state claims.  [RJN, Ex.

7  F.]  Because the disposition of Plaintiff's state law claims are clear, it would be a waste of judicial

8  resources to remand such claims just to have the parties relitigate these issues on a state court

9  demurrer.  Judicial economy warrants this Court's retention of Plaintiff's state claims for the purpose

10  of dismissing them, with prejudice.

11      **C.**    **Plaintiffs Federal and State Claims Are Barred By Claim and Issue Preclusion**

12      **1.**    ***Res Judicata* Standard**

13      The preclusive effect of a prior federal court judgment is determined under federal law.

14  *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508, 149 L. Ed. 2d 32, 43, 121 S. Ct.

15  1021, 1028 (2001); *see also Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988); *Costantini*

16  *v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982).  Under federal law, *res judicata*

17  consists of two preclusion concepts -- claim preclusion and issue preclusion.  *Miagra v. Warren City*

18  *School Dist. Board of Ed.*, 465 U.S. 75, 77 n.1 (1984).

19      "*Res judicata*, or claim preclusion, prevents the relitigation of a claim previously tried and

20  decided." *Clark v. Bear Sterns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992).  It operates to bar a

21  lawsuit when an earlier suit (1) involved the same claim or cause of action, (2) reached a final

22  judgment on the merits and (3) involved the same parties or their privities.  *Mypoyo v. Litton*

23  *Electro-Optical Sys.*, 430 F.3d 985 (9th Cir. 2005); *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir.

24  2002).  Claim Preclusion bars all grounds for recovery, whether or not they were actually asserted in

25  the previous lawsuit.  *Clark v. Bear Sterns & Co., Inc., supra*, 966 F.2d at 1320; *In re Int'l.*

26  *Nutronics, Inc. v. Robertson*, 28 F.3d 965, 969 (9th Cir. 1994).[5]

27

28  ---

[5]    California state law is similar on issues of *res judicata*. *See, e.g., Carroll v. Puritan Leasing Co.*, 77 Cal. App. 3d 481, 487 (1978) ("If the second action is based on the same right or obligation, the cause of action is the same even

WMC Mortgage and GECF's Notice of Motion and Motion to Dismiss; Memo of P's and A's

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1       "Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in

2   a previous litigation between the same parties." *Clark v. Bear Sterns & Co., Inc.*, *supra*, 966 F.2d at

3   1320; *see also Robi v. Five Platters, Inc.*, *supra*, 838 F.2d at 322. Issue preclusion prevents the re-

4   litigation of an issue (1) identical to the one alleged in the prior litigation; (2) actually litigated in the

5   prior litigation; and (3) actually determined as a critical and necessary part of the judgment in the

6   earlier action." *Clark v. Bear Sterns & Co., Inc.*, *supra*, 966 F.2d at 1322. Either doctrine operates

7   as a complete bar to a plaintiff's new suit, and, in this instance, both doctrines bar Plaintiff's claims.

8            **2.**     **Plaintiff's Complaint Alleges The Same Claims and Issues as in the First**

9                 **Action**

10       The criteria to be considered in determining whether a second lawsuit alleges the same claim

11   or cause of action as a prior lawsuit include:

12       (1) whether the two suits arise out of the same transactional nucleus of facts; (2)
       whether rights or interests established by the prior judgment would be destroyed

13       or impaired by prosecution of the second action; (3) whether the two suits involve
       infringement of the same right; and (4) whether substantially the same evidence

14       is presented in the two actions.

15   *Mpoyo v. Litton Electro-Optical Systems*, *supra*, 430 F.3d at 986; *see also Clark v. Bear Sterns &*

16   *Co., Inc.*, *supra*, 966 F.2d at 1320; *Adams v. Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir.

17   2007); *Chao v. A-One Med. Services, Inc.*, 346 F.3d 908, 921 (9th Cir. 2003). There is no

18   requirement that any one factor be met; rather, the "same claim" analysis is determined based on the

19   weighing of all factors. *In re Int'l. Nutronics, Inc. v. Robertson*, *supra*, 28 F.3d at 969 n.4 (9th Cir.

20   1994). The Ninth Circuit uses a transaction test to determine whether the suits share a common

21   nucleus of operative facts. *Int'l Union v. Karr*, 944 F.2d 1426, 1429-30 (9th Cir. 1993). Suits share

22   a common nucleus of operative facts when they "relate[] to the same set of facts and [if] they could

23   conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)

24   ("*Ulloa*").

25       Here, both complaints filed by Plaintiff relate to her Mortgage with WMC Mortgage and its

26   alleged improper actions regarding its accounting and foreclosure on the Mortgage. This Court's

27    ———————————————
     though different or additional relief is sought.").

28

WMC Mortgage and GECF's Notice of Motion and Motion to Dismiss; Memo of P's and A's

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Order in the First Action held that Plaintiff could not plead any federal claims against WMC

2    Mortgage (and, effectively and by proxy, could also not plead any federal claims against its former

3    owner GECF, which had been dismissed by that point). [RJN, Ex. E.]  Likewise, the state Court's

4    Judgment and Order in the First Action held that Plaintiff could not plead any state law claims.  In

5    filing this action, Plaintiff utterly disregards these rulings.

6         Even a cursory comparison of the various iterations of complaints filed in the state action

7    against the 2008 Complaint reveals that both suits involve the same issues against the same

8    defendants.  For example, in both suits, she alleges that her claims arise from the Mortgage, which

9    she executed in 1997.  [RJN, Ex. D at ¶ 14; 2008 Complaint at ¶ 21.]  Plaintiff's claims (although

10   completely lacking in clarity) appear to be based on allegations of problems regarding the

11   administration of her Mortgage, for example, in allegedly failing to provide certain disclosures,

12   failing to recognize her insurance policy, in foreclosing on the Mortgage and transmitting a notice of

13   Trustee's Sale, and in connection with non-specific allegations of misstatements and

14   misrepresentations regarding the amounts owed by Plaintiff on the Mortgage.  [RJN, Ex. D at ¶ 15-

15   26; 2008 Complaint at ¶ 24-33.]  Both this action and the First Action rest on whether there is any

16   evidence to suggest Defendants acted inappropriately with respect to these issues.  Both Judges

17   Armstrong and Busch held in their reasoned decisions, which are summarized in the Introduction to

18   this Motion, that Plaintiff failed to and would be unable to provide any evidence to support any of

19   her claims.  [*See* RJN, Exh. E & F.]  Nothing has changed since that point, except that Plaintiff has

20   decided to re-file her First Action and recast it as a new one.

21        **3.    Plaintiff Has Not Alleged Any Facts to Avoid The Preclusive Effect of The**

22              **First Lawsuit**

23        Plaintiff alleges no new facts sufficient to support any of her causes of actions.  A plaintiff

24   "cannot avoid the bar of *res judicata* merely by alleging conduct by the defendant not alleged in his

25   prior action or by pleading a new legal theory."  *McCain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir.

26   1986)  "*Res judicata* sweeps more broadly than merely issues or claims that were actually litigated in

27   a prior proceeding.  The prior judgment is conclusive 'not only as to every matter which was offered

28   and received to sustain or defeat the claim or demand, but as to any other admissible matter which

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   might have been offered for that purpose.'" *Ulloa, supra*, 958 F.2d at 871 (affirming injunction

2   preventing subsequent suit barred by *res judicata*).

3       In *Ulloa*, the court held that plaintiffs' allegations they should have been offered a right of

4   first refusal to purchase *some* stock shares were barred by previous litigation determining their rights

5   as to *all* stock shares. *Id.* at 871. The court noted the claim was "part of the same recovery" sought

6   in the earlier litigation and, "[d]ifferent theories supporting the same claim for relief must be brought

7   in the initial action." *Id.* Similarly, in *Costantini v. Trans World Airlines*, 681 F.2d 1199 (9th Cir.

8   1982), plaintiff tried to avoid *res judicata* by alleging the defendant misrepresented facts in the first

9   lawsuit. In affirming the district court's dismissal, the court of appeals noted:

10       [Plaintiff] does not avoid the bar of *res judicata* merely because he now alleges
11       conduct by [defendant] not alleged in his prior suit, nor because he has pleaded a
         new legal theory. Rather, the crucial question is whether appellant has stated in
12       the instant suit a cause of action different from those raised in his first suit.

13   *Costantini v. Trans World Airlines, supra*, 681 F.2d at 1201.

14       Applying the same reasoning here, the 2008 Complaint adds "new" state law claims in an

15   attempt to evade dismissal, but these claims are based on the same conduct alleged in Plaintiff's

16   other claims, which were already dismissed by this Court and by the state court. These claims

17   cannot support new claims of relief since the conduct upon which they were based were already

18   litigated in the First Action. Like the plaintiff in *Costantini*, Plaintiff's "new" claims -- based on

19   allegations that Defendants acted inappropriately with respect to her Mortgage -- mirror those

20   brought in the First Action. As such, this Complaint involves the same claims and issues already

21   litigated and are barred by the doctrines of claim and issue preclusion.

22       **4.**    **The First Action Involved the Same Parties or their Privities**

23       This lawsuit is brought by Patricia C. Barbera, the same Plaintiff who brought the First

24   Action. Defendants were both named in the First Action. Although GECF was voluntarily

25   dismissed before final orders and judgments were entered dismissing Plaintiff's claims with

26   prejudice, such dismissal bars Plaintiff's renewed action as against both WMC Mortgage and GECF.

27   For purposes of *res judicata*, a subsidiary stands in privity to its parent. *See, e.g., Lake at Las Vegas*

28   *Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728 (9th Cir. 1991), *cert. denied*,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  503 U.S. 920 (1992) (holding that "wholly-owned subsidiary and partnership in which that

2  subsidiary is the general partner may invoke the two dismissals of the subsidiary's parent and claim

3  Rule 41(a)(1) *res judicata*"); *In re Gottheiner*, 703 F.2d. 1136, 1139-40 (defendant in prior suit was

4  wholly owned by defendant in subsequent suit, and collateral estoppel barred second suit); *Sparks*

5  *Nugget, Inc. v. CIR*, 458 F.2d 631, 639 (9th Cir. 1972) (privity exists between a sole or controlling

6  stockholder and its company), *cert. denied sub nom. Graves v. CIR*, 410 U.S. 928 (1973).

7       Plaintiff's claims against GECF are based on the same alleged relationship and duties as her

8  claims against WMC Mortgage.[6]  Plaintiff alleged nothing against GECF other than that it

9  purchased and sold WMC Mortgage. [2008 Complaint at ¶¶ 2, 3.]  While Plaintiff litigated her case

10  for a time against GECF in the First Action, the parent/subsidiary relationship (and now the lack

11  thereof) alone is sufficient to establish privity for *res judicata* purposes.  *See In re Imperial Corp. of*

12  *America*, 92 F.3d 1503 (9th Cir. 1508) (parent / subsidiary relationship dispositive to determine

13  privity for claim preclusion.).  Accordingly, Plaintiff's claims are barred against both WMC

14  Mortgage and GECF.

15       **5.**    **There Was a Final Judgment on the Merits in the First Action**

16       Finally, it cannot be disputed that there was a final judgment on the merits in the First

17  Action.  WMC Mortgage's motion to dismiss was granted as to all federal claims. [RJN, Ex. E.]

18  Likewise, WMC Mortgage's demurrer was subsequently granted as to all of Plaintiff's remaining

19  state law claims (and thus her entire Complaint), and a final judgment was entered thereon. [RJN,

20  Ex. F.]

21       **D.**    **Plaintiff Should Not Be Provided Leave To Amend**

22       *Res judicata* serves as a complete bar to Plaintiff's claims.  *See Dommisse v. Napolitano*, 474

23  F. Supp. 2d 1121, 1129 (D. Az. 2007) ("Because of *res judicata*, this is a case where no amendment

24  can cure the defects.  The Court shall, therefore, dismiss the Complaint without leave to amend.");

25  *see also Radfer Trust v. First Unum Life Ins. Co. of America*, No. C 04-2054, 2004 U.S. Dist. LEXIS

26

27    6     Even if *res judicata* did not operate to bar Plaintiff's claims against GECF, the fact that it no longer owns WMC

28  Mortgage is more than enough reason to dismiss GECF from this action.

– 13 –

1    21747 (N.D. Cal. October 25, 2004) (dismissal without leave to amend when claims barred by *res*

2    *judicata.*)

3         Here, as is made clear by Plaintiff's repeated attempts to sue Defendants for the same

4    conduct, Plaintiff is simply unable to muster any facts to establish a claim against Defendants.

5    Plaintiff has already had too many bites at the apple.  Defendants respectfully request that this Court

6    put an end, once and for all, to Plaintiff's filing and re-filing of the same claims.

7         **E.**    **Plaintiff's Claims Are Each and All Barred By Their Respective Statutes of**

8              **Limitation**

9         Even if *res judicata* did not operate to bar all of Plaintiff's claims (which it clearly does),

10    each and every one of Plaintiff's claims is barred by their respective statutes of limitation.[7]

11         **1.**    **Plaintiff's TILA and HOEPA Claims are Barred by the Statute of**

12              **Limitations**

13         Plaintiff's first, third, fourth, eighth, tenth, and fourteenth causes of action are based upon

14    Defendants' alleged violations of TILA and HOEPA.  (See 2008 Complaint, Causes of Actions Nos.

15    1, 3, 4, 8, 10, and 14.)   The statute of limitations governing TILA and HOEPA require that a

16    consumer file a claim for rescission within three years "after the date of consummation of the

17    transaction or upon the sale of the property," at the latest.  15 U.S.C. § 1635(f).  In addition, any

18    claim for civil penalties under TILA or HOEPA is subject to a one-year statute of limitations.  15

19    U.S.C. 1640(e).

20         Plaintiff executed the loan documents on June 11, 1997.  [2008 Complaint at ¶ 21.]

21    Consequently, Defendants' alleged failure to provide disclosures required by TILA and HOEPA,

22    such as notice of right to cancel, occurred on or around June 11, 1997.  Plaintiff filed her present

23    Complaint on April 8, 2008, more than ten years after Plaintiff executed the loan documents.

24    Accordingly, it is indisputable that Plaintiff's TILA and HOEPA claims are barred by their

25

26    7  Plaintiff's fifteenth cause of action, for unclean hands, fails to state a legal claim for relief since the unclean hands
      doctrine, as Plaintiff asserts, is an equitable defense that precludes relief for Plaintiffs who are guilty of misconduct. *See*
27    *e.g., Yu v. Signet Bank/Virginia*, 103 Cal. App. 4th 298, 322 (2002).  Accordingly, Defendants do not assert a statute of
      limitations argument with respect to Plaintiff's fifteenth cause of action.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 14 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    respective statutes of limitations. Therefore, Plaintiff's first, third, fourth, eighth, tenth, and

2    fourteenth causes of action are time-barred, and must be dismissed.

3        **2.**  **Plaintiff's RESPA Claim is Barred by the Statute of Limitations**

4       Plaintiff's fifth, ninth, tenth, and twelfth causes of action are all based upon Defendants'

5    alleged violation of RESPA. (2008 Complaint, Causes of Action Nos. 5, 9, 10, and 12.) A claim

6    under RESPA alleging violations related to the "servicing of mortgage loans and administration of

7    escrow accounts" is subject to a three-year statute of limitations. 12 U.S.C. § 2614.

8       Plaintiff's causes of action claiming violations of RESPA, to the extent that they are

9    coherent, are based on Defendants' alleged failure to respond to Plaintiff's "qualified written

10   requests." Plaintiff allegedly sent a "qualified written request" to Defendants on December 4, 1999.

11   [2008 Complaint at ¶ 29.] Consequently, Defendants' violation of RESPA occurred on or about

12   February 2, 2000, at the latest. 12 U.S.C. § 2605(e) (providing that loan servicer must respond to

13   qualified written request within 60 days of receipt).[8] Plaintiff filed the present action on or about

14   April 8, 2008, more than eight years after Plaintiff's alleged violation of RESPA occurred.

15   Accordingly, it is indisputable that Plaintiff's RESPA claims are barred by RESPA's three-year

16   statute of limitations. Therefore, Plaintiff's fifth, ninth, tenth, and twelfth causes of action are time-

17   barred.

18       **3.**  **Plaintiff's FDCPA Claim is Barred by the Statute of Limitations**

19      Plaintiff's ninth cause of action, alleging that Defendants violated the federal FDCPA, is

20   governed by a one-year statute of limitations. 15 U.S.C. § 1692k(d) (providing that FDCPA claim

21   must be brought "within one year from the date on which the violation occurs."). Plaintiff's

22   complaint is completely devoid of facts to support an FDCPA claim. Without identifying specific

23   provisions of the FDCPA, Plaintiff generally and ambiguously alleges that Defendants' "acts and

24   conducts" violated the FDCPA, including "improper or inaccurate reports to credit borrowers."

25   [2008 Complaint at ¶ 50.] She fails to offer any evidence of the nature of Defendants' acts which

26   form the basis for the FDCPA violations, or when these alleged violations occurred. *Id.* Moreover,

27   ────────────────────

[8] Plaintiff alleges Defendant violated RESPA beginning June, 1999. [2008 Complaint at ¶ 30.]

28

1   Plaintiff's previously filed FDCPA cause of action, based on identical facts, was dismissed with

2   prejudice in 2006 on grounds that it violated the applicable one-year statute of limitations.   [RJN,

3   Ex. E, Federal Court Order, at 13:6-14.]   Accordingly, it is indisputable that Plaintiff's present

4   FDCPA is also time-barred.

5              **4.       Plaintiff's State Law Claims are All Barred by Their Respective Statutes**

6                         **of Limitations**

7              Plaintiff's second cause of action, a state law claim to quiet title, is subject to a four-year

8   statute of limitations.   Cal. Civ. Proc. Code § 337 (providing that statute of limitations for cause of

9   action based on writing is four years); *see, e.g. Crestmar Owners Assn. v. Stapakis*, 157 Cal. App.

10  4th 1223 , 1227 (2007) (applying Section 337's four-year statute of limitations in action to quiet title

11  and holding that statute of limitations for action to quiet title begins to run when claim adverse to

12  person holding property is asserted).   Plaintiff executed her loan application in June, 1997.   On

13  February 11, 2000, Plaintiff received notice of a trustee's sale, scheduled for March 2, 2000.   [2008

14  Complaint at ¶ 31.]   On April 11, 2000, Plaintiff received another notice of another trustee's sale

15  scheduled for May 10, 2000.   [2008 Complaint at ¶ 34.]   Accordingly, Plaintiff's statute of

16  limitations period expired on or about May 10, 2004, at the latest.   Plaintiff, however, filed the

17  present action on April 8, 2008.   Therefore, Plaintiff's action to quiet title is time-barred.

18             Plaintiff's sixth cause of action alleges that Defendants engaged in predatory lending

19  practices and thereby violated California's unfair competition law, California Business and

20  Professions Code Section 17200.   Plaintiff's unfair competition law claim is governed by a four-year

21  statute of limitations.   Cal. Bus. & Prof. Code § 17208.   Plaintiff fails to allege any facts that

22  Defendants engaged in "predatory lending practices" at any period within four years of filing the

23  present action.   Moreover, Plaintiff's previously filed unfair predatory lending cause of action, based

24  on identical facts, was dismissed with prejudice in 2006 on grounds that it violated the applicable

25  four-year statute of limitations.   [RJN, Ex. F, State Judgment, at ¶1.]   Accordingly, Plaintiff's claim

26  under California Business and Professions Code Section 17200 is time-barred.

27             Plaintiff's seventh cause of action, alleging that Defendants violated California Legal

28  Remedies Act ("CLRA"), is subject to a three-year statute of limitations.   Cal. Civ. Code § 1783.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 16 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Any and all alleged violations of the CLRA occurred when Plaintiff executed the loan agreement in

2    June, 1997. Plaintiff filed her present action in April, 2008. Moreover, Plaintiff's previously filed

3    CLRA cause of action, based on identical facts, was dismissed with prejudice in 2006 on grounds

4    that it violated the applicable three-year statute of limitations. [RJN, Ex. F, State Judgment, at ¶ 2]

5    Accordingly, Plaintiff's CLRA claim is time-barred.

6          Plaintiff's tenth cause of action for breach of contract, eleventh cause of action for usurious

7    interest rates, and thirteenth cause of action for breach of fiduciary duty, are all governed by a four-

8    year statute of limitations. Cal. Civ. Proc. Code § 337 (four-year statute of limitations applies to

9    breach of contract actions); Cal. Civ. Proc. Code § 343 (four-year statute of limitations applies to

10   usury claims and breach of fiduciary duty claims); *see, e.g., Stoll v. Superior Court*, 9 Cal. App. 4th

11   1362, 1369 (1992) ("[W]here a cause of action is based on a defendant's breach of its fiduciary

12   duties, the four-year catchall statute set forth in Code of Civil Procedure section 343 applies.");

13   *Hatch v. Collins*, 225 Cal. App. 3d 1104, 1111 (1990) (same). The facts underlying these claims are

14   based on Plaintiff's loan agreement that she executed in June, 1997. Thus, any and all incidents

15   related to a cause of action for breach of contract or usurious interest rates occurred in or around

16   June, 1997. Further, all of Plaintiff's claims, including breach of fiduciary duty, are based on

17   alleged conduct that occurred between the years 1997 and 2001. [2008 Complaint at ¶¶ 21-34, 43-

18   46.] Accordingly, Plaintiff's claims for breach of contract, usurious interest rates, and breach of

19   fiduciary duty are time-barred.

20        **F.     Plaintiff's Claims Fail as a Matter of Law**

21          Even if *res judicata* and the applicable statutes of limitations do not bar all of Plaintiff's

22   claims (which it clearly does), Plaintiff's claims alleging violations of the FDCPA, CLRA, usurious

23   interest rates, breach of fiduciary duty, unclean hands, and breach of contract all fail as a matter of

24   law.

25        **1.     Plaintiff's FDCPA Claims Fails as a Matter of Law**

26          Plaintiff's FDCPA claim fails as a matter of law because neither WMC Mortgage nor GEFC

27   are "debt collectors" under the statute. The FDCPA regulates the conduct of "debt collectors," not

28   "creditors." 15 U.S.C. § 1692. "Debt collector" means "any person who . . . regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another . . . ." 15 U.S.C. § 1692(a)(6). "Creditor" means "any persons who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692(a)(4). Further, the FDCPA explicitly excludes from its purview an entity seeking to collect its own debt. 15 U.S.C. 1692(a)(6)(A) ("[Debt collector] does not include - any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."); *see, e.g., Ballard v. Equifax Check Services*, 27 F. Supp. 2d 1201, 1205 (E.D. Cal. 1998) (holding that the FDCPA imposes liability on third parties "collecting a debt originally owed to another"); *Chiang v. MBNA*, 2007 WL 2399185, at *1 (D. Mass. 2007) ("the statutory language, legislative history, and court interpretation all consistently illustrate that [the FDCPA] does not apply to creditors collecting their own debts.").

Plaintiff alleges that Defendants are business entities that issue loans. [2008 Complaint at ¶¶ 1-2.] Plaintiff further alleges that Defendants attempted to collect payments that Plaintiff owed to them under the loan agreement executed by Plaintiff. [2008 Complaint at ¶ 28.] Accordingly, Defendants are "creditors," not "debt collectors," as defined by the FDCPA and Plaintiff's FDCPA claim fails as a matter of law.

### 2.    Plaintiff's CLRA Claim Fails as a Matter of Law

Plaintiff's CLRA claim fails as a matter of law because the issuance of credit does not constitute either a "good" or "service" under the CLRA, and as such, can not furnish the basis for a CLRA cause of action. *Berry v. Am. Express Pub'g, Inc.*, 147 Cal. App. 4th 224, 229 (2007). Section 1770 of the CLRA proscribes specified acts or conduct "in a transaction intended to result or which results in the sale or lease of goods or services to any consumer . . . ." Cal. Civ. Code § 1770. The extension of credit, such as a mortgage loan, is not a "transaction intended to result or which results in the sale or lease of goods or services," and therefore, does not fall within the CLRA's scope. *Id.* at 233 (stating that its holding "is consistent with a number of other courts in state with consumer protections statutes very similar to CLRA, which have denied coverage to credit transactions which occur separately from any specific purchase of goods or services.") (citing *Deerman v. Federal Home Loan Mortg. Corp.*, 955 F. Supp. 1393, 1399 (N.D. Ala. 1997) ("mortgage loan not a 'good' or 'service' under Alabama Deceptive Trade Practices Act"); *Riverside*

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    *Nat. Bank v. Lewis*, 603 S.W.2d 169, 174 (Tex. 1980) ("loan unconnected with any specific good or

2    service not covered under the Texas Deceptive Trade Practices Act"); *Haeger v. Johnson*, 25 Or.

3    App. 131, 135 (1976) ("loan not a sale of goods or services under Oregon's Unlawful Trade

4    Practices Act.")); *see also* Assembly Bill No. 292 (1970 Reg. Sess. (Jan. 21, 1970)(as amended Aug.

5    7, 1970)) (legislatures chose to remove "credit" from purview of CLRA) [RJN, Ex. F at ¶ 2.].

6          In her seventh cause of action, Plaintiff alleges that Defendants violated the CLRA by

7    engaging in "deceptive practices" in its mortgage loan transactions.  [2008 Complaint at ¶ 39-41.]

8    Because extensions of credit, such as mortgage loans, are not within the CLRA's scope, Plaintiff's

9    CLRA claim fails as a matter of law.

10          **3.      Plaintiff's Claim that Defendants Charged Usurious Interest Rates Fails**

11          **as a Matter of Law**

12    Plaintiff's claim that Defendants charged usurious interest rates fails as a matter of law.

13    Plaintiff alleges that the "interest rate charged by defendants for the WMC loan which is the subject

14    of this complaint was usurious as that term is defined and applied by the California Constitution."

15    [2008 Complaint at ¶ 59.]  The California Constitution provides the usury limits for various types of

16    loans and also provides exemptions from its restrictions.  Cal. Const. art. XV, § 1.  Specifically, the

17    California Constitution exempts "any loans, made or arranged by any person licensed as a real estate

18    broker by the State of California and secured in whole or in part by liens on real property."  Id.

19          Further, the Constitution's express exemption insulates Defendants not only from a statutory

20    usury claim, but also from common law usury claims to recover claimed usurious interest.  W. Pico

21    Furniture Co. v. Pac. Fin. Loans, 2 Cal. 3d 594, 615 (1970) ("It must necessarily follow that the

22    exemption of the enumerated classes from the restrictions of the Usury Law has at the same time

23    made them immune to actions grounded upon common law remedies existing prior to Usury Law.").

24          In June 1997, at the time Plaintiff and WMC Mortgage executed the loan agreement, WMC

25    Mortgage was a real estate broker licensed by the State of California.  [RJN, Ex. G.]  Plaintiff's loan

26    was secured by a lien on her home.  [2008 Complaint at ¶ 9.]  Accordingly, Plaintiff's claims

27    alleging that Defendants charged usurious interest rates fails as a matter of law.  Further, any

28    common law usury claims alleged by Plaintiff also fail as a matter of law.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

#### 4.    Plaintiff's Claim for Breach of Fiduciary Duty Fails as a Matter of Law

Plaintiff's breach of fiduciary duty claim fails as a matter of law because WMC Mortgage, as a lender, does not, and did not, owe a fiduciary duty to Plaintiff.  It is well established law in California that a bank or lender has no fiduciary duty to plaintiffs in their relationship as creditor and borrower.  *See, e.g., Niederreuther v. Schifter*, 1998 U.S. Dist. LEXIS 11079, at *3 (N.D. Cal. 1998) ("It is well established that a bank or lender has no fiduciary duty when a borrower obtains a loan through the course of an ordinary lender-borrower relationship."); *Kim v. Sumitomo Bank of Cal.*, 17 Cal. App. 4th 974, 979-981 (1993); *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1092 n.1 (1991) ("The relationship between a lending institution and a borrower-client is not fiduciary in nature.").  "A fiduciary relationship only arises if the bank or lender takes on a 'special relationship' with the borrower."  *See, e.g., Kim*, 17 Cal. App. 4th at 979-81.  A special relationship arises, for example, where the bank offers a provision of trust or provides a fiduciary service. *Niederreuthe*, 1998 U.S. Dist. LEXIS 11079, at *4 (*citing Peterson Developmt. Corp. v. Torrey Pines Bank*, 233 Cal. App. 3d 103, 119 (1989)).

Here, Defendants do not, and did not, owe a fiduciary duty to Plaintiff.  As a result of the loan agreement executed by Plaintiff and Defendants in June, 1997, Defendants were lenders and Plaintiff was a borrower.  [2008 Complaint at ¶ 21.]  Defendants did not have a "special relationship" with Plaintiff.  Accordingly, Defendants owed no fiduciary duty to Plaintiff, and therefore, Plaintiff's claim for breach of fiduciary duty fails as a matter of law.

#### 5.    Plaintiff's Claim Under the "Unclean Hands Doctrine" Fails as a Matter of Law

Plaintiff's fifteenth cause of action, for unclean hands, fails to state a legal claim for relief since the unclean hands doctrine, as Plaintiff asserts, is an equitable defense, and not an affirmative cause of action, that precludes relief for Plaintiffs who are guilty of misconduct.  *See e.g., Yu v. Signet Bank/Virginia*, 103 Cal. App. 4th 298, 322 (2002); *Kendall-Jackson Winery v. Superior Court*, 76 Cal. App. 4th 970, 978 (1999).

1        6.     **Plaintiff's Breach of Contract Claim Fails as a Matter of Law**

2        Plaintiff's breach of contract claim fails as a matter of law because she fails to properly

3    allege all of the requisite elements for a breach of contract cause of action.  To state a claim for

4    breach of contract, a plaintiff must plead the following four elements:  "(1) the contract, (2)

5    plaintiff's performance or excuse for performance, (3) defendant's breach, and (4) the resulting

6    damages to plaintiff."  *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388

7    (1990).  "A court will dismiss any claim that, even when construed in the light most favorable to

8    plaintiff, fails to plead sufficiently all required elements of a cause of action."  *Sallie Mae v. Hanes*,

9    181 F.R.D. 629, 634 (S.D. Cal. 1998); *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 U.S. Dist.

10   LEXIS 26092, at *8-9 (N.D. Cal. 2003) (granting defendant's motion to dismiss because plaintiff

11   failed to plead an element of its claim).

12       In her complaint, Plaintiff does not allege that she performed under the contract, or that she

13   was excused from performance.  Accordingly, Plaintiff's breach of contract claim fails as a matter of

14   law.

15   **IV.   CONCLUSION**

16       For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's

17   entire complaint, including federal and state causes of action, with prejudice.

18

19   DATED:  June 19, 2008                    REED SMITH LLP

20

21                                           By   /s/ Christopher O. Rivas

22                                              Scott H. Jacobs
                                                Christopher O. Rivas
23                                              Attorneys for Defendants
                                                WMC Mortgage, LLC and
24                                              GE Consumer Finance, Inc.

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

WMC Mortgage and GECF's Notice of Motion and Motion to Dismiss; Memo of P's and A's

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ..................................................................................4

II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY .........................8

      A.    A Final Judgment on the Merits was Entered in Favor of Defendants in
            Plaintiff's 2004 Action.........................................................................5

      B.    Plaintiff's Complaint Alleges the Same Claims and Issues as Already
            Adjudicated .......................................................................................8

III.  LEGAL ARGUMENT .............................................................................9

      A.    Dismissal Under Rule 12(b)(6) is Proper When a Complaint is Barred by
            Res Judicata .......................................................................................8

      B.    The Court in Its Discretion May Retain Jurisdiction of the State Law
            Claims and Dismiss Them .....................................................................8

      C.    Plaintiffs Federal and State Claims Are Barred By Claim and Issue
            Preclusion...........................................................................................9

            1.    Res Judicata Standard ................................................................9

            2.    Plaintiff's Complaint Alleges The Same Claims and Issues as in
                  the First Action .......................................................................10

            3.    Plaintiff Has Not Alleged Any Facts to Avoid The Preclusive
                  Effect of The First Lawsuit.......................................................11

            4.    The First Action Involved the Same Parties or their Privities .........12

            5.    There Was a Final Judgment on the Merits in the First Action .........13

      D.    Plaintiff Should Not Be Provided Leave To Amend ..................................13

      E.    Plaintiff's Claims Are Each and All Barred By Their Respective Statutes
            of Limitation ......................................................................................14

            1.    Plaintiff's TILA and HOEPA Claims are Barred by the Statute of
                  Limitations .............................................................................14

            2.    Plaintiff's RESPA Claim is Barred by the Statute of Limitations...............15

            3.    Plaintiff's FDCPA Claim is Barred by the Statute of Limitations...................15

            4.    Plaintiff's State Law Claims are All Barred by Their Respective
                  Statutes of Limitations ..............................................................16

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

WMC Mortgage and GECF's Notice of Motion and Motion to Dismiss; Memo of P's and A's

**TABLE OF CONTENTS**
**(Continued)**

Page

F.   Plaintiff's Claims Fail as a Matter of Law ........................................................ 17

1.   Plaintiff's FDCPA Claims Fails as a Matter of Law ........................................ 17

2.   Plaintiff's CLRA Claim Fails as a Matter of Law ............................................ 18

3.   Plaintiff's Claim that Defendants Charged Usurious Interest Rates
     Fails as a Matter of Law .................................................................................... 19

4.   Plaintiff's Claim for Breach of Fiduciary Duty Fails as a Matter of
     Law ..................................................................................................................... 20

5.   Plaintiff's Claim Under the "Unclean Hands Doctrine" Fails as a
     Matter of Law ..................................................................................................... 20

6.   Plaintiff's Breach of Contract Claim Fails as a Matter of Law ....................... 21

IV.  CONCLUSION ........................................................................................................ 21

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

WMC Mortgage and GECF's Notice of Motion and Motion to Dismiss; Memo of P's and A's

# TABLE OF AUTHORITIES

## CASES

Page

*Adams v. Dept. of Health Services,*
487 F.3d 684 (9th Cir. 2007) ...................................................................................10

*Ballard v. Equifax Check Services,*
27 F. Supp. 2d 1201 (E.D. Cal. 1998) .....................................................................18

*Bell Atl. Corp. v. Twombley,*
127 S. Ct. 1955 (2007)...............................................................................................8

*Berry v. Am. Express Pub'g, Inc.,*
147 Cal. App. 4th 224 (2007) ..................................................................................18

*Brazinski v. Amoco Petroleum Additives Co.,*
6 F.3d 1176 (7th Cir. 1993) .......................................................................................8

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,*
222 Cal. App. 3d 1371 (1990) .................................................................................21

*Carroll v. Puritan Leasing Co.,*
77 Cal. App. 3d 481 (1978) .......................................................................................9

*Chao v. A-One Med. Services, Inc.,*
346 F.3d 908 (9th Cir. 2003) ...................................................................................10

*Chiang v. MBNA,*
2007 WL. 2399185 (D. Mass. 2007) .......................................................................18

*Clark v. Bear Sterns & Co., Inc.,*
966 F.2d 1318 (9th Cir. 1992) .............................................................................9, 10

*Costantini v. Trans World Airlines,*
681 F.2d 1199 (9th Cir. 1982) .............................................................................9, 12

*Crestmar Owners Assn. v. Stapakis,*
157 Cal. App. 4th 1223 (2007) ................................................................................16

*Davidson v. Culver City,*
159 Fed. Appx. 756, 757-758 (9th Cir. 2005) ...........................................................8

*Deerman v. Federal Home Loan Mortg. Corp.,*
955 F. Supp. 1393 (N.D. Ala. 1997).......................................................................18

*Dommisse v. Napolitano,*
474 F. Supp. 2d 1121 (D. Az. 2007).......................................................................13

*Graves v. CIR,*
410 U.S. 928 (1973)..................................................................................................13

*Haeger v. Johnson,*
25 Or. App. 131 (1976).............................................................................................18

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– iii –

*Hatch v. Collins,*
    225 Cal. App. 3d 1104 (1990) ...................................................................................17

*Hewlett-Packard Co. v. Intergraph Corp.,*
    2003 U.S. Dist. LEXIS 26092 (N.D. Cal. 2003) ....................................................21

*In re Gottheiner,*
    703 F.2d 1136 ..........................................................................................................13

*In re Imperial Corp. of America,*
    92 F.3d 1503 (9th Cir. 1508) ...................................................................................13

*In re Int'l. Nutronics, Inc. v. Robertson,*
    28 F.3d 965 (9th Cir. 1994) ...............................................................................9, 10

*Int'l Union v. Karr,*
    944 F.2d 1426 (9th Cir. 1993) .................................................................................10

*Kendall-Jackson Winery v. Superior Court,*
    76 Cal. App. 4th 970 (1999) ....................................................................................20

*Kim v. Sumitomo Bank of Cal.,*
    17 Cal. App. 4th 974 (1993) ....................................................................................20

*Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.,*
    933 F.2d 724 (9th Cir. 1991) ...................................................................................12

*McCain v. Apodaca,*
    793 F.2d 1031 (9th Cir. 1986) .................................................................................11

*Miagra v. Warren City School Dist. Board of Ed.,*
    465 U.S. 75 (1984)......................................................................................................9

*Mypoyo v. Litton Electro-Optical Sys.,*
    430 F.3d 985 (9th Cir. 2005) ..............................................................................9, 10

*Niederreuther v. Schifter,*
    1998 U.S. Dist. LEXIS 11079 (N.D. Cal. 1998) .....................................................20

*Nymark v. Heart Fed. Sav. & Loan Ass'n,*
    231 Cal. App. 3d 1089 (1991) .................................................................................20

*Parrino v. FHP, Inc.,*
    146 F.3d 699 (9th Cir. 1998) .....................................................................................8

*Peterson Developmt. Corp. v. Torrey Pines Bank,*
    233 Cal. App. 3d 103, 119 (1989) ...........................................................................20

*Radfer Trust v. First Unum Life Ins. Co. of America, No. C 04-2054,*
    2004 U.S. Dist. LEXIS 21747 (N.D. Cal. October 25, 2004) ..................................13

*Riverside Nat. Bank v. Lewis,*
    603 S.W.2d 169 (Tex. 1980) ...................................................................................18

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

WMC Mortgage and GECF's Notice of Motion and Motion to Dismiss; Memo of P's and A's

*Hatch v. Collins,*
    225 Cal. App. 3d 1104 (1990) ....................................................................................17

*Hewlett-Packard Co. v. Intergraph Corp.,*
    2003 U.S. Dist. LEXIS 26092 (N.D. Cal. 2003) ....................................................21

*In re Gottheiner,*
    703 F.2d 1136 ............................................................................................................13

*In re Imperial Corp. of America,*
    92 F.3d 1503 (9th Cir. 1508) ....................................................................................13

*In re Int'l. Nutronics, Inc. v. Robertson,*
    28 F.3d 965 (9th Cir. 1994) ..................................................................................9, 10

*Int'l Union v. Karr,*
    944 F.2d 1426 (9th Cir. 1993) ..................................................................................10

*Kendall-Jackson Winery v. Superior Court,*
    76 Cal. App. 4th 970 (1999) ......................................................................................20

*Kim v. Sumitomo Bank of Cal.,*
    17 Cal. App. 4th 974 (1993) ......................................................................................20

*Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.,*
    933 F.2d 724 (9th Cir. 1991) ....................................................................................12

*McCain v. Apodaca,*
    793 F.2d 1031 (9th Cir. 1986) ..................................................................................11

*Miagra v. Warren City School Dist. Board of Ed.,*
    465 U.S. 75 (1984) ......................................................................................................9

*Mypoyo v. Litton Electro-Optical Sys.,*
    430 F.3d 985 (9th Cir. 2005) ................................................................................9, 10

*Niederreuther v. Schifter,*
    1998 U.S. Dist. LEXIS 11079 (N.D. Cal. 1998) ....................................................20

*Nymark v. Heart Fed. Sav. & Loan Ass'n,*
    231 Cal. App. 3d 1089 (1991) ..................................................................................20

*Parrino v. FHP, Inc.,*
    146 F.3d 699 (9th Cir. 1998) ......................................................................................8

*Peterson Developmt. Corp. v. Torrey Pines Bank,*
    233 Cal. App. 3d 103, 119 (1989) ............................................................................20

*Radfer Trust v. First Unum Life Ins. Co. of America, No. C 04-2054,*
    2004 U.S. Dist. LEXIS 21747 (N.D. Cal. October 25, 2004) ................................13

*Riverside Nat. Bank v. Lewis,*
    603 S.W.2d 169 (Tex. 1980) ....................................................................................18

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– iv –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Robi v. Five Platters, Inc.,*
   838 F.2d 318 (9th Cir. 1988) ...................................................................................9, 10

*Sallie Mae v. Hanes,*
   181 F.R.D. 629 (S.D. Cal. 1998) ...................................................................................21

*Semtek Int'l Inc. v. Lockheed Martin Corp.,*
   531 U.S. 497 (2001)........................................................................................................9

*Sidhu v. Flecto Co.,*
   279 F.3d 896 (9th Cir. 2002) ..........................................................................................9

*Sparks Nugget, Inc. v. CIR,*
   458 F.2d 631 (9th Cir. 1972) ........................................................................................13

*Stewart v. U.S. Bancorp,*
   297 F.3d 953 (9th Cir. 2002))........................................................................................8

*Stoll v. Superior Court,*
   9 Cal. App. 4th 1362 (1992) .........................................................................................17

*United States v. Ritchie,*
   342 F.3d 903 (9th Cir. 2003) ..........................................................................................8

*Van Buskirk v. CNN,*
   284 F.3d 977 (9th Cir. 2002) ..........................................................................................8

*W. Pico Furniture Co. v. Pac. Fin. Loans,*
   2 Cal. 3d 594 (1970) ....................................................................................................19

*Western Sys., Inc. v. Ulloa,*
   958 F.2d 864 (9th Cir. 1992) ............................................................................10, 11, 12

*Yu v. Signet Bank/Virginia,*
   103 Cal. App. 4th 298 (2002) .................................................................................14, 20

## STATUTES

12 U.S.C. § 2601 ................................................................................................................5

12 U.S.C. § 2605(e) .........................................................................................................15

12 U.S.C. § 2614 .............................................................................................................15

15 U.S.C. § 1601 ...............................................................................................................5

15 U.S.C. § 1635(f)..........................................................................................................14

15 U.S.C. § 1639 ...............................................................................................................5

15 U.S.C. 1640(e) ............................................................................................................14

15 U.S.C. § 1692........................................................................................................5, 15, 17, 18

WMC Mortgage and GECF's Notice of Motion and Motion to Dismiss; Memo of P's and A's

28 U.S.C. § 1453(b) ...............................................................................................................8

Cal. Bus. & Prof. Code § 17200 ...........................................................................4, 5, 7, 16

Cal. Bus. & Prof. Code § 17208 .........................................................................................16

Cal. Civ. Code § 1750 ...........................................................................................................5

Cal. Civ. Code § 1770 .........................................................................................................18

Cal. Civ. Code § 1783 .........................................................................................................16

Cal. Civ. Proc. Code § 337 ............................................................................................16, 17

Cal. Civ. Proc. Code § 343 ..................................................................................................17

Cal. Civ. Proc. Code § 527 ...................................................................................................7

Cal. Civ. Proc. Code § 760 ...................................................................................................7

Welfare & Institutions Code § 15600 ...................................................................................5

## REGULATIONS

12 C.F.R. 226 .......................................................................................................................5

## RULES

Fed. R. Civ. Proc. Rule 12(b)(6) ..........................................................................................8

## OTHER AUTHORITIES

16 Moore's Federal Practice (Third Ed.) at §106.66[3][b], pg. 106-93...............................8

Assembly Bill No. 292 (1970 Reg. Sess. (Jan. 21, 1970)(as amended Aug. 7, 1970) ..................19

Cal. Const. art. XV, § 1.......................................................................................................19

DOCSLA-15643824.7

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

WMC Mortgage and GECF's Notice of Motion and Motion to Dismiss; Memo of P's and A's

**CERTIFICATE OF SERVICE**

1

2        I hereby certify that on June 19, 2008 I electronically filed the foregoing with the Clerk of the

3

Court using the CM/ECF system which sent notification of such filing to the following:

4

5   **Daniel A. Gamer**                    **Robin Prema Wright**
    **Law Office of Daniel A. Gamer**       **Katayoun Shakibi**
6   **55 Professional Center Parkway #H**   **Wright Finlay & Zak, LLP**
    **San Rafael, CA 94903-2729**           **4665 MacArthur Court, Suite 280**
7   **Telephone:    415.472.6655**          **Newport Beach, CA 92660**
    **Facsimile:    415.472.3940**          **Telephone:    949-477-5050**
8   **Email: dan@gamerlaw.com**             **Facsimile:    949-477-9200**
                                            **Email: rwright@wrightlegal.net**
9                                           **Email: kshakibi@wrightlegal.net**

10

11       and I hereby certify that I have mailed *via* express mail (**UPS**) the document to the following

12   non-CM/ECF participants:

13                         **Patricia C. Barbera**
                           **24 Caribe Isle**
14                         **Novato, CA 94949**
                  **Telephone:  (415) 382-9617**
15                **Facsimile:   (415) 382-0756**
                           **In Pro Per**

16

17

18                         /s/ Christopher O. Rivas
                           Christopher O. Rivas
19                         crivas@reedsmith.com

20

21   DOCSLA-15644749.1

22

23

24

25

26

27

28

– 1 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware