1  Scott H. Jacobs (SBN 81980)
2  Christopher O. Rivas (SBN 238765)
   REED SMITH LLP
3  355 S. Grand Avenue, Suite 2900
   Los Angeles, CA 90071
4  Telephone:    213.457.8000
   Facsimile:    213.457.8080
5
6  Attorneys for Defendants
   WMC Mortgage, LLC and
7  GE Consumer Finance, Inc.

8
                UNITED STATES DISTRICT COURT
9
              NORTHERN DISTRICT OF CALIFORNIA
10
                     OAKLAND DIVISION
11

| | |
|---|---|
| PATRICIA C. BARBERA, | Case No.: 4:08-cv-02677-SBA |
| Plaintiff | Earlier Related Case: 4:04-cv-03738-SBA |
| vs. | **DECLARATION OF CHRISTOPHER O. RIVAS IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |
| WMC MORTGAGE CORPORATION, a California corporation; aka WMC Direct, a California Business Entity; GE Consumer Finance, a unit of General Electric Company; Select Portfolio Servicing Corp, a Utah Corporation; Fairbanks Holding Corporation, a Delaware Corporation; and Land Title Company of Marin, a California Business Entity; Does 1 thru 100, inclusive. | Date:          July 29, 2008<br>Time:          1:00 p.m.<br>Courtroom:     3, Third Floor<br><br>Honorable Saundra Brown Armstrong |
| Defendants. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15644614.1

## DECLARATION OF CHRISTOPHER O. RIVAS

I, CHRISTOPHER O. RIVAS, declare as follows:

1.     I am an attorney dully licensed by the State of California to practice before all the courts of the State. I am over the age of eighteen years and have personal knowledge of the facts set forth herein and, if called upon as a witness, I could and would competently testify on personal knowledge, and on information and belief where indicated, as to all of the matters stated herein.

2.     I am an associate with the law firm of Reed Smith LLP, which represents defendants WMC Mortgage, LLC ("WMC Mortgage") (successor in interest to "WMC Mortgage Corporation"), GE Consumer Finance ("GECF", and collectively with WMC Mortgage Corporation, "Defendants")

3.     Pursuant to the Honorable Judge Armstrong's standing orders and the Local Rules of this Court, I make this declaration in support of Defendant's Motion to Dismiss Complaint ("Motion"), filed concurrently herewith.

4.     I met and conferred with Plaintiff twice before filing this Motion. First, on May 30, 2008, I called Plaintiff shortly after receiving a faxed letter from her regarding her concerns about the removal of this action to federal court. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's May 30, 2008 letter. During that telephone conference, I reminded Plaintiff that her prior action with Defendants was already litigated and dismissed. Plaintiff argued that her action against Defendants was dismissed without prejudice. I gave Plaintiff the dates of the federal and state orders dismissing her prior action with prejudice, and instructed her how to retrieve those orders from Pacer and from the San Francisco Superior Court's online docketing system. During that call, I asked Plaintiff to dismiss her complaint, and Plaintiff told me that she would look at the federal and state orders dismissing her prior action.

5.     Second, on June 17, 2008, I sent Plaintiff a letter via e-mail and overnight mail (UPS) once again asking her to dismiss this action. In that letter, I enclosed the federal and state court orders dismissing Plaintiff's prior action with prejudice. I told Plaintiff that I intended to file a motion to dismiss her complaint on behalf Defendants, and once again asked her to dismiss her

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  action against Defendants.  Attached hereto as **Exhibit B** is a true and correct copy of my June 17,

2  2008 letter.

3      6.    At the time of filing this declaration, I have not heard back from Plaintiff in response

4  to my June 17, 2008 letter, although Plaintiff faxed me a letter on June 19, 2008, that was unclear,

5  but appeared to be about Plaintiff's recently filed motion to remand.  Attached hereto as **Exhibit C** is

6  a true and correct copy of Plaintiff's June 19, 2008 letter.

9  DATED:  June 19, 2008                REED SMITH LLP

11                                      By   /s/ Christopher O. Rivas
12                                          Scott H. Jacobs
                                            Christopher O. Rivas
13                                          Attorneys for Defendants
                                            WMC Mortgage, LLC and
14                                          GE Consumer Finance, Inc.

16  DOCSLA-15644614.1

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

— 3 —

DOCSLA-15644614.1

# EXHIBIT A

Patricia C. Barbera
24 Caribe Isle
Novato, Ca 94949
Phone: (415) 382-9617
Fax(415) 382-0756
E-mail: wobirds@comcast.net

May 30, 2008

Christopher O. Rivas
ReedSmith
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1611
Phone: (213) 457-8019
Fax: (213) 457-8080

RE: BARBERA vs. WMC MORTGAGE CORP. CV 081763.

Dear Mr. Rivas:

First allow me to commend WMC for their choice of representation.

Next, How do you figure that the response date is June 4, 2008. WMC was served on April 28, 2008. Exhibit included. It is untimely.

Your efforts to remove the case to the federal court is flawed as :
1.) The Quiet Title is an Absolute Jurisdiction case and cannot be removed.
2.) A corporation is a "citizen" both of the state in which it was incorporated and of the state where it has its principle place of business. 28 U.S.C. § 1332(C)(1). Therefore, actions brought in the courts of either state cannot be removed to a federal court.

Kindly advise.
Please feel free to call me at :(415) 382-9617.

Sincerely,

*Patricia Barbera*

Patricia C. Barbera

**Exhibit A**
**Page 1 of 2**

May 30 08 03:08p                                                      p.2

Home | Help | Sign In

**UNITED STATES POSTAL SERVICE®**

Track & Confirm                    FAQs

## Track & Confirm

### Search Results

Label/Receipt Number: EH23 5581 978U S
Status: Delivered

Your item was delivered at 2:39 PM on April 28, 2008 in BURBANK, CA
91504 to WMC MORTGAGE . The item was signed for by C TORRES.

| Additional Details > | Return to USPS.com Home > |

**Track & Confirm**

Enter Label/Receipt Number.

Go >

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.    Go >

**Proof of Delivery**

Verify who signed for your item by email, fax, or mail.    Go >

---

**EXPRESS MAIL**    Customer Copy
Label 11-B, March 2004

EH 235581978 US

**UNITED STATES POSTAL SERVICE®**    Post Office To Addressee

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code: 94947

Date Accepted: Mo. 4 Day 25 Year 08

Time Accepted: 1605 PM

Flat Rate or Weight: lbs. 10 ozs.

Day of Delivery: Postage $ 162

Scheduled Date of Delivery: Month 4 Day

Scheduled Time of Delivery: Noon 3 PM

Military

Int'l Alpha Country Code

Return Receipt Fee $

COD Fee $    Insurance Fee $

Total Postage & Fees $ 162

Acceptance Emp. Initials

**DELIVERY (POSTAL USE ONLY)**

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

NO DELIVERY

FROM: (PLEASE PRINT)    PHONE (   )

TO: (PLEASE PRINT)    PHONE (   )

WMC MORTGAGE
3100 Thornton Ave
BURBANK CA 91504

FOR PICKUP OR TRACKING
Visit **www.usps.com**
Call 1-800-222-1811

5/6/2008

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do

**Exhibit A**
**Page 2 of 2**

# EXHIBIT B

# ReedSmith

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
+1 213 457 8000
Fax +1 213 457 8080
reedsmith.com

Christopher O. Rivas
Direct Phone: 213.457.8019
Email: crivas@reedsmith.com

June 17, 2008

*Via UPS and E-Mail*
Patricia C. Barbera
24 Caribe Isle
Novato, CA 94949

Re:  **Patricia Barbera v. WMC Mortgage Corporation, et al.;**
**United States District Court, Northern District of California; Case No. 4:08-cv-2677**

Dear Ms. Barbera:

Reed Smith represents WMC Mortgage, LLC ("WMC Mortgage") (successor in interest to "WMC Mortgage Corporation") and GE Consumer Finance, Inc. ("GECF") in the above-referenced matter.

This letter follows my May 30, 2008 telephone conversation with you, during which I informed you that your lawsuit against my clients is frivolous because it was already litigated and your claims were dismissed with prejudice by both the state and federal courts. In that conversation, I also pointed you to the specific orders dismissing your prior action. (*See* January 19, 2006 federal court order and April 3, 2006 state court order, enclosed herewith). It is inappropriate for you to bring the same action against my clients after the Court has already ruled against you -- your complaint is barred under the doctrine of *res judicata*.

Your complaint suffers from additional substantive defects and many of your causes of action have already been determined to be barred by various statutes of limitation. These deficiencies will be the subject of our motion to dismiss, which we intend to file this Thursday, June 19, 2008 unless you agree to dismiss this action in its entirety.

I also encourage you to read Federal Rule of Civil Procedure 11 ("Rule 11"), which provides that the Court may impose monetary sanctions against an unrepresented party for filing a frivolous lawsuit. A complaint must allege "claims, defenses, and other legal contentions [that] are warranted by existing law . . ." Your complaint does not measure up to the standards require by Rule 11, and your continued prosecution of this action in the face of prior court orders against you may subject you to sanctions under that rule.

We request that you notify us by Wednesday, June 18, 2008 if you agree to dismiss your action.

Very truly yours,

Christopher O. Rivas

DOCSLA-15644361.1-CORIVAS

**Exhibit B**
**Page 1 of 26**

1  MICHAEL J. AGOGLIA (BAR NO. 154810)
   HEATHER A. MOSER (BAR NO. 212686)
2  SETA ARABIAN (BAR NO. 223178)
   MORRISON & FOERSTER LLP
3  425 Market Street
   San Francisco, California 94105-2482
4  Telephone: (415) 268-7000
   Facsimile: (415) 268-7522
5  sarabian@mofo.com

6  Attorneys for Defendants
   WMC MORTGAGE CORP., WMC FINANCE CO., and
7  WMCDIRECT

**F I L E D**
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

APR 3 - 2006

GORDON PARK-LI, Clerk
BY: _Glen Rodriguela_
        Deputy Clerk

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SAN FRANCISCO

10                  UNLIMITED CIVIL JURISDICTION

11

12  Patricia C. Barbera,                    | Case No.    CGC-04-433269

13              Plaintiff,                   | CLASS ACTION

14       v.                                 | [PROPOSED] JUDGMENT IN
                                            | FAVOR OF DEFENDANTS WMC
15  WMC Mortgage Corp., a California Corporation; | MORTGAGE CORP., WMC
    WMC Finance Co.; Apollo Management L.P.;      | FINANCE CO., AND
16  WMCDirect; GE Consumer Finance, a unit of     | WMCDIRECT
    General Electric Company; Fairbanks Capital   |
17  Corp., a Utah Corporation; Fairbanks Capital  | Judge:      The Honorable Peter J.
    Holding Corp., a Delaware Corporation;        |             Busch
18  California Land Title Company of Marin, a      | Dept.:      2 Annex
    California business entity; Does 1 through 100,| Action Filed: July 23, 2004
19  inclusive,                                     | Trial Date:  None Set

20              Defendants.

21

22

23

24

25

26

27

28

[PROPOSED] JUDGMENT IN FAVOR OF WMC

sf-2092749

**Exhibit B**
**Page 2 of 26**

1    This matter having come on for hearing before the Court, the Honorable Peter J. Busch

2  presiding, on March 8, 2006, on defendants WMC Mortgage Corp., WMC Finance Co., and

3  WMCDirect's motion for judgment on the pleading as to plaintiff's Second Amended Complaint;

4  in light of the Honorable Saundra B. Armstrong's January 19, 2006 Order dismissing plaintiff's

5  federal causes of action with prejudice and this Court's March 8, 2006 Order dismissing

6  plaintiff's remanded state-law causes of action with prejudice (a true and correct copy of which is

7  attached hereto as Exhibit 1); and for good cause shown;

8    IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

9    That Judgment be entered in favor of defendants WMC Mortgage Corp., WMC Finance

10  Co., and WMCDirect and against plaintiff Patricia Barbera for defendants' costs and

11  disbursements incurred in this action amounting to the sum of $_____, pursuant to the Order

12  granting defendants' motion for judgment on the pleadings without leave to amend.

13

14

15  Dated:  4/3/06 _____          _____
                                            The Honorable Peter J. Busch

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    1
                        [PROPOSED] JUDGMENT IN FAVOR OF WMC

sf-2092749

# EXHIBIT 1

**Exhibit B**
**Page 4 of 26**

COPY

ENDORSED
FILED
San Francisco County Superior Court

MAR   8 2006

GORDON PARK-LI, Clerk
BY: _____MARIA SANCHEZ_____
Deputy Clerk

1   MICHAEL J. AGOGLIA (BAR NO. 154810)
    HEATHER A. MOSER (BAR NO. 212686)
2   SETA ARABIAN (BAR NO. 223178)
    MORRISON & FOERSTER LLP
3   425 Market Street
    San Francisco, California  94105-2482
4   Telephone: (415) 268-7000
    Facsimile: (415) 268-7522
5   sarabian@mofo.com

6   Attorneys for Defendants
    WMC MORTGAGE CORP., WMC FINANCE CO., and
7   WMCDIRECT

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10                    UNLIMITED CIVIL JURISDICTION

11

12  Patricia C. Barbera,                    Case No.    CGC-04-433269

13              Plaintiff,                   CLASS ACTION

14       v.                                  NOTICE OF ENTRY OF ORDER

15  WMC Mortgage Corp., a California Corporation;   Judge:      The Honorable Peter J.
    WMC Finance Co.; Apollo Management L.P.;                    Busch
16  WMCDirect; GE Consumer Finance, a unit of       Dept.:      2 Annex
    General Electric Company; Fairbanks Capital     Action Filed: July 23, 2004
17  Corp., a Utah Corporation; Fairbanks Capital    Trial Date:  None Set
    Holding Corp., a Delaware Corporation;
18  California Land Title Company of Marin, a
    California business entity; Does 1 through 100,
19  inclusive,

20              Defendants.

21

22

23                              CALENDARED
24                              MORRISON & FOERSTER

25                              MAR 0 6 2006
26                              BY:
27                              _____Onym_____

28

                    NOTICE OF ENTRY OF ORDER

sf-2092727

                         Exhibit B
                       Page 5 of 26

1    PLEASE TAKE NOTICE that on March 8, 2006, the Court entered an Order granting

2  without leave to amend the motion for judgment on the pleadings of defendants WMC Mortgage

3  Corp., WMC Finance Co., and WMCDirect.  A true and correct copy of the Order is attached

4  hereto as Exhibit A.

5

6  Dated: March 8, 2006                    MICHAEL J. AGOGLIA
                                           HEATHER A. MOSER
7                                          SETA ARABIAN
                                           MORRISON & FOERSTER LLP
8

9                                          By: _____
                                                   Seta Arabian
10

11                                         Attorneys for Defendants
                                           WMC MORTGAGE CORP., WMC
                                           FINANCE CO., and WMCDIRECT
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    1
                         NOTICE OF ENTRY OF ORDER

sf-2092727

**Exhibit B**
**Page 6 of 26**

## PROOF OF SERVICE BY MAIL

### (CCP 1013a, 2015.5)

I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California, 94105; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

**NOTICE OF ENTRY OF ORDER**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California, 94105, in accordance with Morrison & Foerster's ordinary business practices:

Maximilian J.B. Hopkins
7665 Redwood Blvd., Suite 200
Novato, CA  94945

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at San Francisco, California, this 8th day of March, 2006.

Regina C. Archuleta-Rodriguez                              (signature)
(typed)

PROOF OF SERVICE

sf-2083844

**Exhibit B**
**Page 7 of 26**

# EXHIBIT A

**Exhibit B**
**Page 8 of 26**

<table>
<tr><td>1</td><td>MICHAEL J. AGOGLIA (BAR NO. 154810)<br>HEATHER A. MOSER (BAR NO. 212686)</td><td>ENDORSED FILED<br>SUPERIOR COURT</td></tr>
</table>

1   MICHAEL J. AGOGLIA (BAR NO. 154810)
    HEATHER A. MOSER (BAR NO. 212686)
2   SETA ARABIAN (BAR NO. 223178)
    MORRISON & FOERSTER LLP
3   425 Market Street
    San Francisco, California 94105-2482
4   Telephone: (415) 268-7000
    Facsimile: (415) 268-7522
5   sarabian@mofo.com

6   Attorneys for Defendants
    WMC MORTGAGE CORP., WMC FINANCE CO., and
7   WMCDIRECT

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

MAR 8 - 2006

GORDON PARK-LI, Clerk
BY:      ANNA REDIGONDA
            Deputy Clerk

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN FRANCISCO

10                  UNLIMITED CIVIL JURISDICTION

11

12  Patricia C. Barbera,                          Case No.    CGC-04-433269

13              Plaintiff,                         CLASS ACTION

14       v.                                        [PROPOSED] ORDER
                                                   GRANTING DEFENDANTS WMC
15  WMC Mortgage Corp., a California Corporation;  MORTGAGE CORP., WMC
    WMC Finance Co.; Apollo Management L.P.;       FINANCE CO., AND
16  WMCDirect; GE Consumer Finance, a unit of      WMCDIRECT'S MOTION FOR
    General Electric Company; Fairbanks Capital    JUDGMENT ON THE
17  Corp., a Utah Corporation; Fairbanks Capital   PLEADINGS
    Holding Corp., a Delaware Corporation;
18  California Land Title Company of Marin, a       Date:        March 8, 2006
    California business entity; Does 1 through 100, Time:        8:30 a.m.
19  inclusive,                                     Judge:       The Honorable Peter J.
                                                                Busch
20              Defendants.                        Dept.:       2 Annex
                                                   Action Filed: July 23, 2004
21                                                 Trial Date:  None Set

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
sf-2078169

**Exhibit B**
**Page 9 of 26**

1.    Defendants WMC Mortgage Corp., WMC Finance Co., and WMCDirect's (collectively,

2    "WMC") Motion for Judgment on the Pleadings as plaintiff Patricia Barbera's Second Amended

3    Complaint came on for hearing before this Court. After careful consideration of the briefs and

4    arguments of counsel, and all other matters presented to the Court, WMC's Motion for Judgment

5    on the Pleadings is hereby GRANTED without leave to amend, and all claims in the Second

6    Amended Complaint are dismissed with prejudice, on the following grounds.

7        1.    Plaintiff's claim under California Business & Professions Code section 17200

8    ("UCL") fails under the four-year statute of limitations set forth at California Business &

9    Professions Code section 17208. Plaintiff does not allege any conduct within four years before

10   the filing of her action. Moreover, plaintiff could not allege any facts that WMC engaged in

11   "predatory lending practices" at any time after July 2000, when Fairbanks took over servicing of

12   plaintiff's loan.

13       2.    Plaintiff's claim under the Consumer Legal Remedies Act ("CLRA") is barred by

14   the three-year statute of limitations set forth at California Civil Code section 1783. The latest

15   conduct plaintiff refers to in her CLRA claim are incidents that took place in April 2000, over

16   three years before plaintiff filed her complaint. Plaintiff's conclusory assertion that the CLRA

17   "violations began when the loan was placed in June 1997 [sic] and they continue through the

18   present time" does not save her claim from being time-barred. Plaintiff's CLRA claim also fails

19   because the conduct alleged to violate the CLRA does not fall within the CLRA's scope. The

20   Legislature chose to delete "credit" from the purview of the CLRA. *See* Assembly Bill No. 292

21   (1970 Reg. Sess. (Jan. 21, 1970)), Assembly Bill No. 292 (1970 Reg. Sess. (Jan. 21, 1970) (as

22   amended Aug. 7, 1970)); *see also* William L. Stern, *Bus. & Prof. C. § 17200 Practice* § 10:23

23   (The Rutter Guide 2004) (noting legislative history of CLRA supports argument that "extensions

24   of credit" not covered by the CLRA). Accordingly, the CLRA is inapplicable here because

25   WMC's residential mortgage loan at issue was admittedly an extension of credit.

26       3.    Plaintiff's wrongful concealment claim is subject to a three-year statute of

27   limitations under California Civil Procedure Code section 338(d). This claim is time-barred

28   because it is based on an alleged misrepresentation at the time the loan was made in June 1997,

1   more than seven years before plaintiff filed her complaint. Her allegation that the doctrine of

2   delayed discovery applies to her wrongful concealment claim fails because she does not plead any

3   supporting facts and because her conclusory allegation is inconsistent with the allegations on

4   which her wrongful concealment claim is based. Plaintiff's wrongful concealment claim also

5   fails because it does not meet the particularity pleading requirements for fraud. *Lazar v. Super.*

6   *Ct.*, 12 Cal. 4th 631, 645 (1996); *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73 (1990). Plaintiff

7   fails to identify the content of the alleged "implied" misrepresentations, who made them, where

8   or when they were made, or facts indicating why they were false when made.

9       4.    Plaintiff's breach of contract claim is barred by the four-year statute of limitations

10  period set forth at California Code of Civil Procedure section 337. The alleged conduct relating

11  to her breach of contract claim occurred on or before April 11, 2000, more than four years before

12  she filed her complaint. Her conclusory allegation that WMC breached the home loan agreement

13  "[w]ithin four years of the filing of this complaint" does not save her claim from dismissal under

14  the statute of limitations.

15      5.    Plaintiff's usury claim is barred by the four-year statute of limitations found in the

16  catch-all provision in California Code of Civil Procedure section 343. Because plaintiff's usury

17  claim is based on the interest rate on the WMC loan she obtained in June 1997 — a rate

18  undoubtedly known to her over seven years before she filed the complaint on July 23, 2004 — the

19  four-year statute of limitations expired at the time the loan was made. Plaintiff's usury claim also

20  fails because WMC is exempt from California usury provisions. The California Constitution

21  permits an exemption from usury restrictions for "any loans made or arranged by any person

22  licensed as a real estate broker by the State of California and secured in whole or in part by liens

23  on real property." Cal. Const. art. XV, § 1. The exemption applies to WMC because at the time

24  of plaintiff's loan, WMC was licensed as a real estate broker by the State of California and the

25  loan was secured by a lien on plaintiff's home.

26      6.    Plaintiff's claim for rescission fails because plaintiff has not stated a valid cause of

27  action underlying the remedy. Rescission is a remedy, not an independent cause of action.

28  *People ex rel. Kennedy v. Beaumont Inv., Ltd.*, 111 Cal. App. 4th 102, 133 (2003).

1       7.    Plaintiff's claim for accounting fails because plaintiff has not stated a valid cause

2   of action underlying the remedy. *Duggal v. G.E. Capital Commc'ns Servs., Inc.*, 81 Cal. App. 4th

3   81, 95 (2000) ("right to an accounting is derivative and depends on the validity of a plaintiff's

4   underlying claims").

5

6   Dated:    MAR 8  2006 2006

7                                        PETER J. BUSCH

8                                        The Honorable Peter J. Busch
                                         Judge of the Superior Court

9

10

11

12

**Exhibit B**
**Page 11 of 26**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BARBERA, | No. C 04-3738 SBA |
| Plaintiff, | |
| v. | **ORDER** |
| | [Docket No. 111] |
| WMC MORTGAGE CORP., et al., | |
| Defendants. | |

This matter is before the Court on Defendants' WMC Mortgage Corp., WMC Finance Co., and WMCDirect (collectively "Defendants") motion to dismiss Plaintiff Patricia Barbera's ("Plaintiff") Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Defendants' motion to dismiss. Plaintiff's third, fourth and fifth claims are DISMISSED WITH PREJUDICE. The case is REMANDED to the Superior Court of the State of California in and for the County of San Francisco.

## **BACKGROUND**

A.    **Factual Background**[1]

1.    **The Parties**

Plaintiff is a 73-year old woman residing at all material times in the County of Marin, California.

---

[1] The following facts are taken from Plaintiff's SAC.

United States District Court
For the Northern District of California

1    Defendant WMC Mortgage Corp. ("WMC") is an entity formed in part by Defendant Apollo

2    Management L.P. WMC is in the business of making subprime loans on residential property and

3    also acts as the administrator for those loans. Defendant WMCDirect, owned and operated by

4    WMC, is an online nationwide business services website for mortgage brokers. SAC ¶ 3. On June

5    14, 2004, Defendant GE Consumer Finance Co., the consumer lending unit of the General Electric

6    Company, purchased Defendant WMC Finance Co., including Defendants WMC and WMCDirect,

7    from affiliates of Apollo Management L.P. SAC ¶ 4.

8    **2.    Allegations**

9    In June of 1997, Plaintiff was in a "desperate financial situation" and obtained a loan from

10    WMC for $322,500. SAC ¶ 13. On June 12, 1997, Plaintiff executed the loan documents, at which

11    time "defendants failed to provide to Plaintiff two written notices of Plaintiff's right to rescind within

12    three days of closing, and defendants failed to prepare and deliver accurate disclosures that were

13    mandated" under the Truth in Lending Act, 15 U.S.C. section 1601 *et seq.* SAC ¶ 14.

14    On May 19, 1998, WMC notified Plaintiff that it had not received proof of her renewal of the

15    hazard insurance policy on Plaintiff's home. SAC ¶ 15. Despite numerous telephone calls from

16    Plaintiff to WMC, and verification provided to WMC by Plaintiff's insurance company that a copy

17    of Plaintiff's insurance policy had been mailed to WMC, WMC "force-place[d] a substitute policy

18    from another hazard insurance company at Plaintiff's expense." *Id.* This new policy had a premium

19    of $2,242, nearly three times the annual premium of Plaintiff's policy. *Id.*

20    In January of 1999, Plaintiff received a letter from WMC stating that WMC had received

21    confirmation of Plaintiff's hazard insurance coverage and that WMC had cancelled both the force-

22    placed insurance and its charge to Plaintiff for that policy. *Id.* ¶ 16. However, WMC in fact did not

23    cancel the $2,242 charge to Plaintiff's account and continued to impose an annual charge on

24    Plaintiff's account for this hazard insurance. *Id.* ¶ 17.

25    On August 19, 1999, WMC served on Plaintiff a ten-day default notice, listing the amount

26    alleged due on Plaintiff's mortgage, but, according to Plaintiff, the listed amounts due were false. *Id.*

27    ¶ 18. On November 5, 1999, using these excessive amounts as a pretext, WMC and its foreclosure

28

*United States District Court*
*For the Northern District of California*

2

1    Defendant WMC Mortgage Corp. ("WMC") is an entity formed in part by Defendant Apollo

2  Management L.P.  WMC is in the business of making subprime loans on residential property and

3  also acts as the administrator for those loans.  Defendant WMCDirect, owned and operated by

4  WMC, is an online nationwide business services website for mortgage brokers.  SAC ¶ 3.  On June

5  14, 2004, Defendant GE Consumer Finance Co., the consumer lending unit of the General Electric

6  Company, purchased Defendant WMC Finance Co., including Defendants WMC and WMCDirect,

7  from affiliates of Apollo Management L.P.  SAC ¶ 4.

8      **2.    Allegations**

9    In June of 1997, Plaintiff was in a "desperate financial situation" and obtained a loan from

10  WMC for $322,500.  SAC ¶ 13.  On June 12, 1997, Plaintiff executed the loan documents, at which

11  time "defendants failed to provide to Plaintiff two written notices of Plaintiff's right to rescind within

12  three days of closing, and defendants failed to prepare and deliver accurate disclosures that were

13  mandated" under the Truth in Lending Act, 15 U.S.C. section 1601 *et seq.*  SAC ¶ 14.

14    On May 19, 1998, WMC notified Plaintiff that it had not received proof of her renewal of the

15  hazard insurance policy on Plaintiff's home.  SAC ¶ 15.  Despite numerous telephone calls from

16  Plaintiff to WMC, and verification provided to WMC by Plaintiff's insurance company that a copy

17  of Plaintiff's insurance policy had been mailed to WMC, WMC "force-place[d] a substitute policy

18  from another hazard insurance company at Plaintiff's expense."  *Id.*  This new policy had a premium

19  of $2,242, nearly three times the annual premium of Plaintiff's policy.  *Id.*

20    In January of 1999, Plaintiff received a letter from WMC stating that WMC had received

21  confirmation of Plaintiff's hazard insurance coverage and that WMC had cancelled both the force-

22  placed insurance and its charge to Plaintiff for that policy.  *Id.* ¶ 16.  However, WMC in fact did not

23  cancel the $2,242 charge to Plaintiff's account and continued to impose an annual charge on

24  Plaintiff's account for this hazard insurance.  *Id.* ¶ 17.

25    On August 19, 1999, WMC served on Plaintiff a ten-day default notice, listing the amount

26  alleged due on Plaintiff's mortgage, but, according to Plaintiff, the listed amounts due were false.  *Id.*

27  ¶ 18.  On November 5, 1999, using these excessive amounts as a pretext, WMC and its foreclosure

28

2

1  agent, Millennium Foreclosure Services, LLC ("Millennium")[2], served Plaintiff with a notice of

2  default in the amount of $42,114.79. *Id.* On December 4, 1999, Plaintiff sent a detailed letter to

3  WMC and Millennium, which constituted a "qualified written request" within the meaning of Real

4  Estate Settlement Procedures Act ("RESPA") 12 U.S.C. section 2605(e), whereby she denied owing

5  the amount shown in the default notice and renewed her previous oral requests to WMC for an

6  accurate accounting. *Id.* ¶ 19. Plaintiff alleges WMC violated RESPA beginning in June of 1999

7  through March 1, 2002 by failing to respond to Plaintiff's oral requests for an accounting, and failing

8  to acknowledge or to respond within the statutory time limits to Plaintiff's "qualified written

9  request."[3] *Id.* ¶ 21. Furthermore, WMC continued to bill Plaintiff for improper charges and began to

10  carry out a foreclosure sale of Plaintiff's home based upon these improper charges. *Id.*

11       On February 11, 2000, Plaintiff received from Millennium a Notice of Trustee's sale,

12  recorded on February 7, 2000 citing a sale date of March 2, 2000 in the amount of $372,316.39. *Id.*

13  ¶ 23.

14       On February 27, 2000, Plaintiff sent via facsimile to WMC a copy of a telegram informing

15  WMC that it had failed to respond to Plaintiff's previous letters, had failed to provide an accurate

16  accounting, and had violated various laws and regulations. *Id.* ¶ 24. On March 1, 2000, WMC

17  supplied Plaintiff with a statement of history of payments on the loan, but Plaintiff contends the

18  statement was incomprehensible. *Id.* ¶ 25.

19       On March 2, 2000, Plaintiff notified WMC that she had filed a Chapter 13 bankruptcy

20  petition and verified that the foreclosure had been cancelled. *Id.* ¶ 26. On April 11, 2000, Plaintiff

21  asserts that, in violation of the automatic bankruptcy stay, WMC filed a Notice of Trustee's Sale

22

23

24

25  _____

    [2] Millennium is not a party in this action.
26
    [3] 12 U.S.C. section 2605(e) of RESPA states a loan servicer shall provide a written response
27  acknowledging receipt of the "qualified written request" within 20 days, and shall respond to such a
    request within 60 days, excluding legal public holidays, Saturdays, and Sundays. *See* 12 U.S.C. §
28  2605(e); SAC ¶ 20.

3

United States District Court
For the Northern District of California

1    scheduled for May 10, 2000. *Id.*[4]

2    **B.    Procedural History**

3           Plaintiff filed the initial complaint in this case on July 23, 2004 in San Francisco Superior

4    Court against WMC, WMC Finance Co., Apollo Management L.P., WMCDirect, GE Consumer

5    Finance, Fairbanks Capital Corp., Fairbanks Capital Holding Corp., and California Land Title

6    Company of Marin ("Cal Land"). On September 3, 2004, the action was removed to this Court. On

7    January 7, 2005, after several stipulated extensions of time to respond to the complaint, Cal Land

8    filed an Answer to the Complaint.

9           On January 10, 2005, then defendants Fairbanks Capital Corporation and Fairbanks Capital

10   Holding Corporation (collectively "Fairbanks") filed a motion for summary judgment, in which they

11   claimed Plaintiff's suit was barred under the principles of res judicata and release because Plaintiff

12   was a member of a nationwide class action, which challenged the same conduct, and which was

13   subsequently settled. Because Plaintiff did not dispute that she was a member of the prior class

14

15           [4] Plaintiff alleges additional facts raised for the first time in her opposition to Defendants'
16   motion. Specifically, Plaintiff alleges: (1) Defendants "postdated receipt of payments, to make it appear
     that they were delinquent and late charges are applied in addition to other obtuse designations" (Pl. Opp.
16   filed Oct. 11, 2005, ¶ 5); (2) Defendants "misapplied the extra which I included with my payments" (*Id.*
17   ¶ 7); (3) Defendants "had [Plaintiff's] bankruptcy stay lifted by use of false figures" (*Id.* ¶ 8); (4) "on
     adjustable interest rate notices, [Defendants] failed to include: index used, index rate, interest rate,
18   (current and projected), and margin applied" (*Id.* ¶ 10); (5) Defendants harassed Plaintiff with automatic
     message telephone calls (*Id.* ¶ 11); (6) Defendants refused to provide Plaintiff with information
19   concerning the amount due under her loan (*Id.* ¶ 12); (7) on February 24, 2000, Plaintiff's attorney
     "faxed a factual protest and 'let's talk' letter" to Defendants regarding the February 11, 2000 Notice of
20   Trustee's Sale, to which there was no response (*Id.* ¶ 19); (8) on March 2, 2000 Plaintiff was informed
     by her attorney that her attorney had spoken with a representative of Defendants who stated "the total
21   arrears is $68,811.61, which includes an advance for homeowners insurance in the amount of $7,411.04
     and foreclosures fees of $3,403.29" (*Id.* ¶ 21); (9) in May 2000 WMC "reported to the Credit Bureaus
22   that [Plaintiff] was delinquent in the amount of $72,050" (*Id.* ¶ 26); (10) on December 15, 2000, Plaintiff
     sent WMC "a one line notice of rescission taken verbatim from the unexecuted form which [she] had
23   received, 'I wish to cancel'" (*Id.* ¶ 29); (11) On January 5, 2001, Plaintiff received a letter dated January
     2, 2001, from WMC Senior Vice President & General Counsel, Michael L. Mayer, which included an
24   executed Notice of Right to Cancel and informed Plaintiff that her cancellation notice was "invalid and
     of no legal effect." (*Id.* ¶ 30).
25           None of the above facts are alleged in Plaintiff's SAC but are raised for the first time in her
     opposition. "It is axiomatic that the complaint may not be amended by briefs in opposition to a motion
26   to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). That Plaintiff
     is proceeding *in pro per* does not render the rules of the Court inapplicable. *See King v. Atiyeh*, 814
27   F.2d 565, 567 (9th Cir. 1987) (Pro per litigants must follow the same procedural rules as represented
     parties.) Consequently, the Court shall limit its review to those facts properly alleged in the SAC, and
28   not those newly raised in Plaintiff's opposition.

4

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    action against Fairbanks, which involved identical claims and ended in a final judgment on the

2    merits, by Order dated March 7, 2005, the Court granted Fairbanks' motion for summary judgment,

3    finding that Plaintiff's claims against Fairbanks were barred by the doctrines of res judicata and

4    release [docket no. 71.]

5        On March 15, 2005, Plaintiff filed a First Amended Complaint ("FAC"). The FAC included

6    additional allegations against Defendant WMC, an additional cause of action for an accounting

7    against WMC and Fairbanks, named Cal Land in the third cause of action for violations of, *inter*

8    *alia*, the Truth in Lending Act, and added two additional causes of action against Cal Land for

9    breach of fiduciary duty and negligence. On March 21, 2005, Fairbanks filed a motion for entry of

10   final judgment pursuant to Federal Rule of Civil Procedure 54. On April 12, 2005, Plaintiff filed an

11   opposition to Fairbanks' motion, and also filed a motion for leave to amend the FAC. In her request

12   for leave to amend the FAC, Plaintiff sought to add new allegations against Fairbanks and the other

13   defendants. On May 26, 2005, the Court denied Plaintiff's Motion for Leave to Amend the FAC,

14   struck those portions of the FAC that added allegations against Fairbanks and Cal Land, and granted

15   Fairbanks' motion for entry of final judgment [docket no. 96.] Plaintiff was ordered to file a Second

16   Amended Complaint that removed the stricken allegations.

17       On June 1, 2005, Plaintiff substituted herself as counsel in place of her previously retained

18   counsel [docket no. 97.]

19       Plaintiff filed the SAC on August 10, 2005 [docket no. 108.] On August 25, 2005,

20   Defendants filed the instant motion to dismiss. Defendants also filed a Request for Judicial Notice.[5]

21

22       [5] In Defendants' Request for Judicial Notice, Defendants request that the Court take judicial notice of exhibits: (A) Plaintiff's complaint on file in state court, *Barbera v. WMC Mortgage. Corp.*,

23   San Francisco Superior Court Civil Action No. 322066, filed June 11, 2001; (B) this Court's Order dated March 1, 2005, Granting Fairbanks' Motion for Summary Judgment; (C) this Court's Order dated May

24   26, 2005, Granting Fairbanks' Motion for Entry of Final Judgment; (D-E) Copies of Assembly Bill No. 292 (1970 Reg. Sess. (Jan. 21, 1970)) and Assembly Bill No. 292 (1970)) (as amended Aug. 7, 1970);

25   (F) Notice of Entry of Order Granting Defendant WMC's Motions *In Limine* Nos. 1, 2 & 4, Denying WMC's Motion *In Limine* 3, and Denying Plaintiff's Motion for Leave to Amend, entered by Judge

26   Busch in Plaintiff's action in San Francisco Superior Court; (G) text of Proposition 2; and (H) California Department of Real Estate website printout.

27       Federal Rule of Evidence 201 authorizes the court to judicially notice only those "adjudicative facts" that are either "(1) generally known within the territorial jurisdiction of the trial court or (2)

28   capable of accurate and ready determination by sources whose accuracy cannot reasonably be

5

1    Plaintiff filed an opposition with this Court on October 11, 2005.[6]

2                                  **LEGAL STANDARD**

3    **A.    Rule 12(b)(6)**

4          Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss may be granted

5    if it appears beyond a doubt that the plaintiff "can prove no set of facts in support of his

6    claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For

7    _____

8    questioned." Fed. R. Evid. 201(b). "Adjudicative facts are usually those facts that are in issue in a
     particular case." *Korematsu v. United States*, 584 F. Supp. 1406, 1414 (N.D. Cal. 1984) (Patel, J.).

9          With regard to Exhibit A, Defendants do not make clear to this Court for what purpose they are
     requesting this Court take judicial notice of Plaintiff's state court complaint. Defendants simply state

10   Plaintiff has filed, with and without counsel, several civil actions against WMC and the parties have
     conducted considerable discovery since the first action was filed in June of 2001. Defs. Mot. 2:14-20.

11   The existence of Plaintiff's state court complaint does not concern any "facts in issue" in this case, nor
     is it relevant to the instant motion to dismiss. Consequently, the request is DENIED as to Exhibit A.

12         As the March 1, 2005 and May 26, 2005 Orders are part of the Court's own docket in this matter,
     a formal request for judicial notice is unnecessary.

13         Defendants cite to Exhibits D, E and F in support of their argument that Plaintiff's Consumer
     Legal Remedies Act ("CLRA") claim must fail because credit transactions do not fall within CLRA's

14   purview. Defs. Mot 13:5-24. The CLRA is a California statute which was irrelevant to the Court's
     analysis and disposition of Plaintiff's federal claims. Therefore, the request for judicial notice is

15   DENIED as to Exhibits D, E & F.

16         Finally, Defendant cites to Exhibits G &H in support of their argument that Plaintiff's claim of
     usury must fail as California has exempted from the usury laws licensed real estate brokers by the State

17   of California, and, Defendants argue, WMC was a licensed real estate broker at the time the loan was
     made. The usury cause of action is based on state law. Again, given the Court's focus upon Plaintiff's

18   federal claims, these exhibits are irrelevant. For these reasons, the request for judicial notice is DENIED
     as to Exhibits G & H.

19         [6] Defendants contend Plaintiff served upon them a different version of her opposition brief than
     the one she filed with this Court. Defendants attached the version of the opposition they received as

20   Exhibit A to the Declaration of Seta Arabian in Support of Defendants' Reply ("Arabian Decl.") In the
     version filed with the Court on October 11, 2005, in the "Foreclosure-bankruptcy issues" section,

21   Plaintiff includes two new paragraphs that are not present in the copy faxed to the Defendants and
     attached to the Arabian Decl. These new sections concern Plaintiff's research into WMC's past and

22   current litigation, and what Plaintiff believes to be the relevant California laws that have been violated
     by the conduct of Defendants alleged in the SAC. Additionally, in the opposition filed with the Court

23   but not in the version faxed to Defendants, Plaintiff attached copies of: 1) an article entitled "Loans Cost
     Minorities More" by David Olinger and Jeffrey A. Roberts, Denver Post Staff Writers, Feb. 27, 2001;

24   2) a transcript of the testimony of Professor Cathy Lesser Mansfield before the Committee on Banking
     and Financial Services, United States House of Representatives, May 24, 2000, at the Rayburn House

25   Office Building; and 3) copies of statements received by Plaintiff from WMC and Select Portfolio
     Servicing, Inc.

26         These additional paragraphs and material were the only differences between the briefs received
     by Defendants and filed with the Court and were not germane to the Court's analysis of Defendants'

27   motion to dismiss as they did not address the substantive issues raised by Defendants' in their motion.
     Consequently, for purposes of deciding this motion, the Court restricted its review to the opposition

28   served upon Defendants.

                                          6

*United States District Court*
For the Northern District of California

1  purposes of such a motion, the complaint is construed in a light most favorable to the

2  plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v.*

3  *McKeithen*, 395 U.S. 411, 421 (1969); *Everest and Jennings, Inc. v. American Motorists Ins.*

4  *Co.*, 23 F.3d 226, 228 (9th Cir. 1994).  All reasonable inferences are to be drawn in favor of

5  the plaintiff. *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

6  .        When a complaint is dismissed for failure to state a claim, "leave to amend should be

7  granted unless the court determines that the allegation of other facts consistent with the

8  challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v.*

9  *Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  The court should consider

10  factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated

11  failure to cure deficiencies by previous amendments, undue prejudice to the opposing party

12  and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d

13  531, 538 (9th Cir. 1989).  Of these factors, prejudice to the opposing party is the most

14  important. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing

15  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)).  Leave to

16  amend is properly denied "where the amendment would be futile." *DeSoto Yellow Freight*

17  *Sys.*, 957 F.2d 655, 658 (9th Cir. 1992).

18                                    **ANALYSIS**

19        The SAC asserts the following federal claims against WMC: (1) violation of the

20  Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*,; (2) violation of the Real Estate

21  Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.*; and (3) violation of the Fair Debt

22  Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCA").

23  A.    **Plaintiff's First Federal Claim - Violation of the Truth In Lending Act**

24          1.    The Statutes

25        In her third cause of action Plaintiff alleges violation of the Truth in Lending Act

26

27

28

United States District Court<br>For the Northern District of California

1  ("TILA"), HOEPA, and Regulation Z.[7] SAC, ¶¶ 41-43. 15 U.S.C. § 1635(a), the provision

2  of TILA upon which Plaintiff relies, states in full:

3      Disclosure of obligor's right to rescind. Except as otherwise provided in this
   section, in the case of any consumer credit transaction (including opening or
4  increasing the credit limit for an open end credit plan) in which a security
   interest, including any such interest arising by operation of law, is or will be
5  retained or acquired in any property which is used as the principal dwelling
   of the person to whom credit is extended, *the obligor shall have the right to*
6  *rescind the transaction until midnight of the third business day following*
   *the consummation of the transaction or the delivery of the information and*
7  *rescission forms required under this section together with a statement*
   *containing the material disclosures required under this subchapter*, [15
8  U.S.C. §§ 1601 et seq.] whichever is later, by notifying the creditor, in
   accordance with regulations of the Board, of his intention to do so. The
9  creditor shall clearly and conspicuously disclose, in accordance with
   regulations of the Board, to any obligor in a transaction subject to this section
10 the rights of the obligor under this section. The creditor shall also provide, in
   accordance with regulations of the Board, appropriate forms for the obligor
11 to exercise his right to rescind any transaction subject to this section.

12 15 U.S.C. § 1635(a) (emphasis added). 15 U.S.C. § 1639(a)(1), the provision of HOEPA

13 upon which Plaintiff relies, states in relevant part:

14     Specific disclosures. In addition to other disclosures required under this
15 subchapter [15 U.S.C. §§ 1601 et seq.], for each mortgage referred to in
   section 1602(aa) of this title, the creditor shall provide . . . disclosures in
16 conspicuous type size . . .

17 15 U.S.C. § 1639(a)(1). Finally, Regulation Z requires a "business which offers or extends

18 credit" to make certain disclosures:

19     Purpose. The purpose of this regulation is to promote the informed use of
   consumer credit by requiring disclosures about its terms and cost. The
20 regulation also gives consumers the right to cancel certain credit transactions
   that involve a lien on a consumer's principal dwelling, regulates certain credit
21 card practices, and provides a means for fair and timely resolution of credit
   billing disputes.
22
23 12 C.F.R. § 226.1(b) & (c).

24     2.   <u>Analysis</u>

25     Plaintiff seeks both rescission of her loan and damages. 15 U.S.C. § 1640(e).

26     [7] The acronym "HOEPA" stands for "Home Ownership and Equity Protection Act" of 1994.
   HOEPA, which took effect on October 1, 1995, provides special protections for consumers who obtain
27 high-rate or high-fee loans secured by their principal dwellings by requiring creditors to provide certain
   material information at least three days before the loan is consummated, prohibiting the use of certain
28 loan terms, and barring specified practices.

8

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   Plaintiff's right of rescission is governed by 15 U.S.C. § 1635(f). This section provides, in

2   relevant part:

3       An obligor's right of rescission shall expire three years after the date
    of consummation of the transaction or upon the sale of the property,

4       whichever occurs first, notwithstanding the fact that the information
    and forms required under this section or any other disclosures

5       required under this part have not been delivered to the obligor.

6   15 U.S.C. § 1635(f). Civil penalties under TILA and HOEPA are subject to a one-year

7   statute of limitations. Plaintiff's loan closed in June of 1997. Plaintiff filed suit in state

8   court on July 23, 2004, which was removed to this Court in September of 2004, over seven

9   years later. Consequently, both Plaintiff's claim for damages, as well as her right to rescind,

10  are time-barred by these sections.

11      Plaintiff's SAC conclusorily asserts "[a]ny statute of limitations applicable to these

12  violations has been tolled under the doctrine of what is called equitable tolling." SAC ¶ 42.[8]

13  Plaintiff's defense to the statute of limitations is unpersuasive. "The equitable tolling

14  doctrine has been applied by the Supreme Court in certain circumstances, [ ] but it has been

15  applied sparingly." *Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir.1992) (citing *Irwin v.*

16  *Veterans Admin.*, 498 U.S. 89, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435 (1990)). "Courts

17  have been generally unforgiving, however, when a late filing is due to claimant's failure 'to

18  exercise due diligence in preserving his legal rights.' " *Id.* (citing *Irwin*, 111 S.Ct. at 458).

19  "Equitable tolling focuses primarily on the plaintiff's excusable ignorance of the limitations

20  period." *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998).

21

22

23  [8] In her opposition she states 11 U.S.C. § 108 extends the statute of limitations for commencing
or continuing an action by the debtor. However, as Plaintiff concedes, that statute is available for
trustees suing to protect a bankruptcy estate. Plaintiff does not assert she is a trustee.

24      Additionally, Plaintiff argues that the force-placed insurance charge "could constitute a new
transaction which would require new disclosures and a new consummation date." Pl. Opp. Sec. IV ¶

25  6. Plaintiff does not indicate when that consummation date would have occurred, either the date of the
charge or the date Plaintiff discovered the charge on her account. Construing the facts in the most

26  favorable light to Plaintiff, the latest date for which she could allege the force-placed insurance charge
constituted a new transaction would be the date she learned of it, March 2, 2000. That was over four

27  years prior to the filing of the instant complaint in state court. Therefore, even if Plaintiff were able to
argue that imposition of the force-placed insurance charge constitutes a new transaction requiring new

28  disclosures and a new consummation date, she is nevertheless barred by the statute of limitations.

9

**United States District Court**
For the Northern District of California

1    Here, Plaintiff's SAC fails to plead such facts. As a preliminary matter, the factual

2    predicate for her claim that WMC failed to provide her with certain documents should have

3    been known to her in 1997, well before July 2004. In her opposition, Plaintiff states that she

4    signed the "Notice of Right to Cancel" on June 12, 1997 and acknowledged, by her

5    signature, receipt of two copies of the this notice. Pl. Opp. ¶ 1. This acknowledgment is

6    evidence that Plaintiff received two copies of this notice, or, at a minimum, was aware that

7    she was entitled to two copies of this notice at the time of the loan closing. Plaintiff alleges

8    that she was not given any documents on June 12, 1997, contrary to her signed

9    acknowledgment, but concedes that when she did receive her copy of her loan documents on

10    June 19, 1997, she "put it away without inspecting it," and years passed before she inspected

11    what those documents contained. *Id.* Plaintiff's failure to inspect the documents, especially

12    in light of her signed acknowledgment, does not constitute "excusable ignorance of the

13    limitations period" justifying imposition of equitable tolling. Thus, this claim is barred by

14    the statute of limitations and is DISMISSED with prejudice.

15    **B.    Plaintiff's Second Federal Claim - Violation of the Real Estate Settlement
       Procedures Act**

16

17    In her fourth cause of action, Plaintiff alleges the following acts by WMC violated

18    the Real Estate Settlement Procedures Act ("RESPA"): "kickbacks, referral fees,

       unnecessary escrow accounts for taxes and hazard insurance, improper or inaccurate
19
       reporting to credit bureaus, failure to disclose the transfer of the servicing of Plaintiff's loan
20
       account, failure to respond to acknowledge 'payments from a borrower' and to acknowledge
21
       'making the payments of principal and interest as may be required pursuant to the terms of
22
       the loan,' and other home mortgage lending practices that tend to cause excessive borrowing
23
       costs for home loan borrowers." SAC ¶ 47. Plaintiff additionally alleges that WMC
24
       violated RESPA "[b]eginning June 1999, through March 1, 2002" by failing to respond to
25
       Plaintiff's oral requests and failing to acknowledge or respond to Plaintiff's qualified written
26
       requests." SAC ¶ 21. Defendants respond that this claim is time barred.
27
28    The applicable statutes of limitations for claims brought pursuant to RESPA are

10

1    found in 12 U.S.C. section 2614.  "Any action pursuant to the provisions of section 2605,

2    2607, or 2608 of this title may be brought in the United States district court within 3 years

3    in the case of a violation of section 2605 of this title and 1 year in the case of a violation of

4    section 2607 or 2608 of this title from the date of the occurrence of the violation."  *See* 12

5    U.S.C. §2614.

6    .    .   1.    Section 2607    .    .   .  .   .

7         Plaintiff's allegations of kickbacks and referral fees are covered under section

8    2607(a).[9]  By its terms, section 2607(a) prohibits the giving or receipt of fees or kickbacks

9    "incident to or part of a real estate settlement service involving a federally related mortgage

10   loan."  *See* 12 U.S.C. § 2607(a).  "Settlement services" is defined as any "service provided

11   in connection with a real estate settlement."  *See* 12 U.S.C. § 2602(3).  No where in

12   Plaintiff's SAC does she allege where, when, how or from whom WMC received kickbacks

13   or referral fees.  Rather it is a bald assertion unsupported by facts.  The facts alleged by

14   Plaintiff fail to demonstrate the inapplicability of the statute of limitations.  Plaintiff

15   received her mortgage loan in June of 1997.  Section 2614 required her to bring her claim

16   alleging kickbacks or referral fees within one year, by June of 1998.  This claim is time

17   barred and is therefore DISMISSED with prejudice.

18        2.    Section 2605

19        The remaining RESPA allegations are subject to the 3-year statute of limitations as

20   the conduct she alleges by WMC concerns "servicing of mortgage loans and administration

21   of escrow accounts."  *See* 12 U.S.C. § 2605.[10]

22

23        [9] This provision states: "No person shall give and no person shall accept any fee, kickback, or
     thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to
24   or a part of a real estate settlement service involving a federally related mortgage loan shall be referred
     to any person." 12 U.S.C. § 2607(a).
25

26        [10] The other statute referenced in section 2614, section 2608, is inapplicable to this case. Section
     2608 states: "No seller of property that will be purchased with the assistance of a federally related
27   mortgage loan shall require directly or indirectly, as a condition to selling the property, that title
     insurance covering the property be purchased by the buyer from any particular title company."
28   Plaintiff's complaint does not involve the sale of her home or allegations that she was required to

11

1    · Plaintiff's allegations are inconsistent and insufficient to overcome the time bar for

2    several reasons. First, the latest date for which Plaintiff alleges violative conduct on the part

3    of WMC is April 11, 2000, over four years prior to the filing the instant complaint. Thus,

4    her claims are time-barred. Second, Plaintiff's loan was transferred to another entity for

5    servicing in July of 2000; Plaintiff does not explain, in her SAC or opposition, how WMC

6    violated RESPA through March 1, 2002, *after* the loan had been transferred. Third, RESPA

7    imposes obligations upon a party upon written requests, not oral. *See* 12 U.S.C. §

8    2605(e)(1)(B). The only qualified written request[11] Plaintiff asserts in her SAC occurred on

9    December 4, 1999, more than three years prior to the filing of the instant complaint. Fourth,

10   even assuming Plaintiff's delayed discovery of the transfer of her loan in September, 2003

11   was reasonable such that the doctrine of equitable tolling applied, Plaintiff learned of the

12   transfer ten months prior to the filing of this suit. *See Santa Maria v. Pac. Bell*, 202 F.3d

13   1170, 1178 (9th Cir. 2000) ("[E]quitable tolling will serve to extend the statute of limitations

14   for filing suit until the plaintiff can gather what information he needs.") Plaintiff does not

15   provide any justification for the delay between her discovery of the transfer, and the filing

16   of the instant complaint. Therefore, she has not proven she is entitled to invoke the doctrine

17   of equitable tolling.

18        For all these reasons, this claim is DISMISSED with prejudice.

19   C.   **Plaintiff's Third Federal Claim - Violation of the Fair Debt Collection Practices**
          **Act**

20

21        In her fifth cause of action, Plaintiff alleges WMC's acts and conduct violated the

     Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* SAC ¶ 51.

22
     Plaintiff generally alleges all of the acts and conduct by WMC violate the FDCPA,
23

24   purchase title insurance from a particular company.

25        [11] 12 U.S.C. 2605(e)(1)(B) states in relevant part: "For purposes of this subsection, a qualified
     written request shall be a written correspondence, other than notice on a payment coupon or other
26   payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify,
     the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the
27   borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer
     regarding other information sought by the borrower."

28

                                        12

United States District Court
For the Northern District of California

1  including "the improper or inaccurate reports to credit borrowers" by WMC.[12]  *Id.*  Here,

2  again, WMC responds that Plaintiff's claim is time-barred.  Additionally, even if the claim

3  were not time-barred, WMC argues it is misplaced since the FDCPA only prohibits certain

4  activities of debt collectors, not creditors such as WMC.

5      1.    Statute of Limitations

6      "An action to enforce any liability created by this subchapter may be brought in an;

7  appropriate United States district court without regard to the amount in controversy, or in

8  any other court of competent jurisdiction, within one year from the date on which the

9  violation occurs."  15 U.S.C. § 1692k(d).  As with her other allegations, Plaintiff merely

10  asserts that the violations giving rise to the claim "continue through the present time."  SAC

11  ¶ 51.  She does not offer any evidence of the nature of the acts of WMC which form the

12  basis of the assertion, nor when they occurred.  Moreover, given WMC's transfer of the

13  servicing of Plaintiff's loan to another party in 2000, the Court is unaware of any facts

14  Plaintiff could allege that would fall within the year prior to her filing the instant complaint.

15      2.    FDCPA Applies Only to "Debt *Collectors*"

16      Alternatively, WMC argues that even were this cause of action not time barred by

17  the statute of limitations, Plaintiff's claim still fails as the FDCPA is inapplicable to parties

18  collecting their own debt.

19      The FDCPA regulates debt collectors rather than creditors.  *Thomas v. Law Firm of*

20  *Simpson & Cyback*, 392 F.3d 914, 916-17 (7th Cir. 2004).  The term "debt collector" means

21  any person who "regularly collects or attempts to collect, directly or indirectly, debts owed

22  or due or asserted to be owed or due to *another*."  15 U.S.C. § 1692a(6) (emphasis added).

23  The term "creditor" means "any person who offers or extends credit creating a debt or to

24  whom a debt is owed . . . ."  15 U.S.C. 1692a(4).  Furthermore, the FDCPA exempts from its

25  ───────────────

26  [12]  Plaintiff references 12 U.S.C. § 2605(3)(d) with respect to her allegation of "improper or inaccurate reports to credit borrowers." SAC ¶ 51. There is no 12 U.S.C. § 2605(3)(d). In this same

27  paragraph of the SAC, Plaintiff asserts a "loan servicer may not provide information regarding any overdue payment to any consumer reporting agency." *Id.* The SAC does not allege when, to whom, nor

28  what information WMC provided to any consumer reporting agency regarding any overdue payments. Thus the SAC is completely devoid of facts to support these allegations.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   definition of debt collectors, "any officer or employee of a creditor while, *in the name of the*

2   *creditor*, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A) (emphasis added).

3   Because Plaintiff alleges activities by WMC regarding collection of payments owed to it

4   under the loan, i.e., it was WMC's debt it sought to recover from Plaintiff, WMC was not a

5   "debt collector" for purposes of the FDCPA. Thus, Plaintiff has no cognizable claim against

6   WMC on this ground. ...

7       For these reasons, this claim is DISMISSED with prejudice.

8   **D.**    **Supplemental State Causes of Action**

9       When a case is properly removed on the basis of federal question jurisdiction, but

10   the federal claims are subsequently eliminated from the case, the district court retains the

11   discretion to remand the action to state court. *See Carnegie-Mellon Univ. v. Cahill*, 484

12   U.S. 343, 348 (9th Cir. 1991). In each case, and at every stage of the litigation, the federal

13   court must consider and weigh the values of judicial economy, convenience, fairness, and

14   comity in order to decide whether to exercise jurisdiction over a case involving pendent

15   state-law claims. *Id.* at 349. When the balance of the relevant factors indicates that a case

16   properly belongs in state court, such as when the federal claims have been resolved in the

17   early stages of the litigation, the district court may decline the exercise of jurisdiction and

18   remand the action to state court. *Id.* As the United States Supreme Court recognized in

19   *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), the district court's jurisdiction

20   over state law claims "need not be exercised in every case in which it is found to exist . . . .

21   Needless decisions of state law should be avoided as a matter of comity[.]" *Id.*

22       Plaintiff's third, fourth and fifth claims are the only claims alleged over which the

23   Court has original jurisdiction. Those claims have been dismissed with prejudice.

24   Moreover, since this litigation is in its initial stage, the concerns of "economy, convenience,

25   fairness and comity" weigh in favor of declining to retain jurisdiction. *See Imagineering,*

26   *Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1309 (9th Cir. 1992), *cert. denied*, 507 U.S. 1004

27   (1993). Therefore, the Court exercises its discretion and declines to assert supplemental

28   jurisdiction over the remaining state law claims.

14

**CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' motion to dismiss is GRANTED. Plaintiff's third, fourth and fifth claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED THAT the case is REMANDED to the Superior Court of the State of California in and for the County of San Francisco. The clerk is directed to terminate any pending matters and to close the file.

IT IS SO ORDERED

IT IS SO ORDERED.

Dated: 1/19/06

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge

15

**Exhibit B**
**Page 26 of 26**

# EXHIBIT C

Patricia C. Barbera
24 Caribe Isle
Novato, Ca 94949
Phone: (415) 382-9617
Fax(415) 382-0756
E-mail: wobirds@comcast.net

June 18, 2008

Christopher O. Rivas
ReedSmith
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1611
Phone: (213) 457-8019
Fax: (213) 457-8080

Dear Mr. Rivas,

I'm filing a motion titled: Administrative Motion To Shorten the Time of the Hearing to Deter
Any More Fraudulent Actions.

I'm complying with the rule that I have to request a stipulation to shorten the time. However, I
will understand if you refuse.

Kindly reply ASAP.

Sincerely,

Patricia Barbera

**Exhibit C**
**Page 1 of 1**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## CERTIFICATE OF SERVICE

1

2        I hereby certify that on June 19, 2008 I electronically filed the foregoing with the Clerk of the

3   Court using the CM/ECF system which sent notification of such filing to the following:

4

5        **Daniel A. Gamer**                    **Robin Prema Wright**
         **Law Office of Daniel A. Gamer**      **Katayoun Shakibi**
6        **55 Professional Center Parkway #H**   **Wright Finlay & Zak, LLP**
         **San Rafael, CA 94903-2729**          **4665 MacArthur Court, Suite 280**
7        **Telephone:    415.472.6655**         **Newport Beach, CA 92660**
         **Facsimile:    415.472.3940**         **Telephone:    949-477-5050**
8        **Email: dan@gamerlaw.com**            **Facsimile:    949-477-9200**
                                                **Email: rwright@wrightlegal.net**
9                                               **Email: kshakibi@wrightlegal.net**

10

11       and I hereby certify that I have mailed *via* express mail (**UPS**) the document to the following

12   non-CM/ECF participants:

13                           **Patricia C. Barbera**
                             **24 Caribe Isle**
14                           **Novato, CA 94949**
                             **Telephone:  (415) 382-9617**
15                           **Facsimile:   (415) 382-0756**
                             **In Pro Per**

16

17

18                           /s/ Christopher O. Rivas
                             Christopher O. Rivas
19                           crivas@reedsmith.com

20

21       DOCSLA-15644749.1

22

23

24

25

26

27

28
                                    – 1 –
                            CERTIFICATE OF SERVICE