UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PATRICIA C. BARBERA,<br><br>  Plaintiff<br><br>vs.<br><br>WMC MORTGAGE CORPORATION, a California corporation; aka WMC Direct, a California Business Entity; GE Consumer Finance, a unit of General Electric Company; Select Portfolio Servicing Corp, a Utah Corporation; Fairbanks Holding Corporation, a Delaware Corporation; and Land Title Company of Marin, a California Business Entity; Does 1 thru 100, inclusive.<br><br>  Defendants. | Case No.: 4:08-cv-02677-SBA<br><br>Earlier Related Case: 4:04-cv-03738-SBA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS WMC MORTGAGE, LLC AND GE CONSUMER FINANCE, INC.'S MOTION TO DISMISS COMPLAINT**<br><br>Date:         July 29, 2008<br>Time:        1:00 p.m.<br>Courtroom:   3, Third Floor<br><br>Honorable Saundra Brown Armstrong |

This matter is before the Court on defendants' WMC Mortgage, LLC ("WMC Mortgage") (successor in interest to "WMC Mortgage Corporation"), GE Consumer Finance ("GECF", and collectively with WMC Mortgage Corporation, "Defendants") motion to dismiss plaintiff Patricia C. Barbera's ("Plaintiff") complaint (the "Complaint") for failure to state a claim upon which relief can be granted and barred under the doctrine of *res judicata*. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Defendants' motion to dismiss, and thus, Plaintiff's entire Complaint as to Defendants is DISMISSED WITH PREJUDICE.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about July 23, 2004, Plaintiff commenced an action in the San Francisco Superior Court against WMC Mortgage, GECF, and others (the "2004 Action"), the primary subject of which was a mortgage Plaintiff allegedly obtained from WMC Mortgage in June 1997 (the "Mortgage").[1] [Request for Judicial Notice ("RJN"), Ex. A at ¶ 13.][2] GECF was named in the suit solely on the basis that it had allegedly purchased WMC Mortgage in 2004. [RJN, Ex. A at ¶ 4.] The First Action was based on allegations that WMC Mortgage, *inter alia*, failed to provide statutorily required disclosures, accounted for sums owed on the Mortgage incorrectly, improperly foreclosed on the Mortgage, and made various misrepresentations to Plaintiff regarding the Mortgage.

On that basis, Plaintiff brought actions for (1) Predatory Lending under Bus. & Prof. Code § 17200; (2) violation of the Consumer Legal Remedies Act ("CLRA"), codified at Civ. Code § 1750, et seq.; (3) violation of the Truth in Lending Act ("TILA"), Regulation Z, and the federal Home Ownership and Equity Protection Act ("HOEPA"), codified respectively at 15 U.S.C. § 1601, et seq., 12 C.F.R. 226, et seq., and 15 U.S.C. § 1639, et seq., (4) violation of the federal Real Estate Settlement Procedures Act ("RESPA"), codified at 12 U.S.C. § 2601, et seq., (5) violation of the federal Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692, et seq.; (6) Lending Fraud; (7) Breach of Contract; (8) Elder Abuse, based on alleged violation of the Welfare & Institutions Code § 15600, et seq.; (9) Usury; and (10) Rescission.

On September 3, 2004, Defendants removed the action to the Northern District of California, San Francisco Division (Case No. 4:04-cv-03738-SBA). [RJN, Ex. B.] On December 13, 2004, Plaintiff voluntarily dismissed GECF, without prejudice. [RJN, Ex. C.]

On August 10, 2005, after various Motions for Summary Judgment and Motions to Dismiss filed by various defendants in the 2004 Action, Plaintiff filed a Second Amended Complaint ("2005 SAC") that was substantially similar to her initial 2004 complaint. [RJN, Ex. D.] In the 2005 SAC,

---

[1]  Plaintiff's 2004 action against WMC Mortgage was not her first. Rather, it followed a 2001 Action filed in San Francisco County Superior Court, at Case No. CGC-01-32206, which was voluntarily dismissed by plaintiff without Prejudice.

[2]  Defendants' Request For Judicial Notice was filed concurrently with Defendants' motion to dismiss complaint.

Plaintiff abandoned her cause of action for "Elder Abuse" and changed the title of her "fraud" claim to "wrongful concealment." *Id.* In addition, Plaintiff added three "new" causes of action based on the same underlying facts as the 2004 Complaint for Accounting, Breach of Fiduciary Duty (against co-defendant California Land Title Company only), and Negligence. *Id.*

On January 19, 2006, after considering the arguments in WMC Mortgage's Motion to Dismiss and the arguments of counsel, the Honorable Judge Armstrong dismissed, *with prejudice*, all of Plaintiff's federal causes of action against WMC Mortgage and remanded Plaintiff's state law claims to the Superior Court of California for the County of San Francisco. [RJN, Ex. E.] The San Francisco Superior Court, based on the demurrer of WMC Mortgage, entered a judgment against Plaintiff on April 3, 2006, dismissing *with prejudice* all of Plaintiff's remaining state law claims against WMC Mortgage. [RJN, Ex. F.]

On or about April 11, 2008, Plaintiff filed the instant complaint (the "2008 Complaint") against WMC Mortgage, GECF, and others. The action was removed by Defendants to the United States District Court, Northern District of California on May 28, 2008. On June 3, 2008, Defendants moved to relate the instant case to the 2004 Action, Case No. 4:04-cv-03738-SBA. On June 6, 2008, the Court granted Defendants' motion and related the instance case to the 2004 Action. On June 19, 2008, Defendants filed the instant motion to dismiss.

## II. <u>LEGAL STANDARD</u>

### A. <u>Rule 12(B)(6) Standard</u>

A party may move to dismiss under Rule 12(b)(6) where the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. Proc. Rule 12(b)(6). As the United States Supreme Court has recently emphasized, in order to survive a motion to dismiss a plaintiff must allege sufficient facts to establish a plausible rather than merely conceivable basis for the relief sought. *See Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 1964-65 (2007). While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . ." *Id.* (internal quotation marks omitted). "*Res judicata*, which 'precludes the parties from relitigating issues that were or could have been raised in [a prior] action,' . . . can serve as the basis for the grant of a motion to dismiss."

1  *Davidson v. Culver City*, 159 Fed. Appx. 756, 757-758 (9th Cir. 2005) (citing *Stewart v. U.S.
2  Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)) (internal citations omitted).

3      In ruling on a Rule 12(b)(6) motion, the Court may consider documents attached to or
4  incorporated in the complaint, as well as ones that are "integral" to the complaint, even if not
5  integrated therein. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n. 4 (9th Cir. 1998) (superseded on other
6  ground by 28 U.S.C. § 1453(b)); *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002). The Court
7  may also take judicial notice of appropriate matters for purposes of a Rule 12(b)(6) ruling. *United
8  States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003).

9  **III.  ANALYSIS**

10     **A.  Plaintiff's Instant Complaint is Barred by the Doctrine of *Res Judicata***

11         **1.  *Res Judicata* Standard**

12     The preclusive effect of a prior federal court judgment is determined under federal law.
13 *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508, 149 L. Ed. 2d 32, 43, 121 S. Ct.
14 1021, 1028 (2001); *see also Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988); *Costantini
15 v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). Under federal law, *res judicata*
16 consists of two preclusion concepts -- claim preclusion and issue preclusion. *Miagra v. Warren City
17 School Dist. Board of Ed.*, 465 U.S. 75, 77 n.1 (1984).

18     "*Res judicata*, or claim preclusion, prevents the relitigation of a claim previously tried and
19 decided." *Clark v. Bear Sterns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992). It operates to bar a
20 lawsuit when an earlier suit (1) involved the same claim or cause of action, (2) reached a final
21 judgment on the merits and (3) involved the same parties or their privities. *Mypoyo v. Litton
22 Electro-Optical Sys.*, 430 F.3d 985 (9th Cir. 2005); *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir.
23 2002). Claim Preclusion bars all grounds for recovery, whether or not they were actually asserted in
24 the previous lawsuit. *Clark v. Bear Sterns & Co., Inc., supra*, 966 F.2d at 1320; *In re Int'l.
25 Nutronics, Inc. v. Robertson*, 28 F.3d 965, 969 (9th Cir. 1994).[3]

---

[3]    California state law is similar on issues of *res judicata*. *See, e.g., Carroll v. Puritan Leasing Co.*, 77 Cal. App. 3d 481, 487 (1978) ("If the second action is based on the same right or obligation, the cause of action is the same even though different or additional relief is sought.").

"Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in a previous litigation between the same parties." *Clark v. Bear Sterns & Co., Inc., supra*, 966 F.2d at 1320; *see also Robi v. Five Platters, Inc., supra*, 838 F.2d at 322. Issue preclusion prevents the relitigation of an issue (1) identical to the one alleged in the prior litigation; (2) actually litigated in the prior litigation; and (3) actually determined as a critical and necessary part of the judgment in the earlier action." *Clark v. Bear Sterns & Co., Inc., supra*, 966 F.2d at 1322. Either doctrine operates as a complete bar to a plaintiff's new suit, and, in this instance, both doctrines bar Plaintiff's claims.

### 2. The Court in Its Discretion May Retain Jurisdiction of the State Claims and Dismiss Them

This Court has discretion to retain jurisdiction and dismiss Plaintiff's state claims. As stated in Professor Moore's treatise on federal practice, "[r]etention of supplemental jurisdiction over a supplemental state claim is appropriate, even after dismissal of the jurisdiction-conferring claim, if it is absolutely clear how the supplemental claim should be decided." 16 Moore's Federal Practice (Third Ed.) at §106.66[3][b], pg. 106-93; *see also Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993) (if correct disposition of pendent claim is so clear as matter of state law that it can be determined without further trial proceedings and without entanglement with any difficult issues of state law, considerations of judicial economy warrant retention and decision rather than relinquishment of case to state court).

Plaintiff's state claims are barred by the doctrines of *res judicata* for the same reasons as her federal claims. Moreover, this Court has before it the state court's judgment in the First Action, which provides the legal basis for dismissing each of Plaintiff's state claims. Because the disposition of Plaintiff's state claims are clear, it would be a waste of judicial resources to remand Plaintiff's state claims just to have the parties relitigate these issues on a state court demurrer. Judicial economy warrants this Court's retention of Plaintiff's state claims for the purpose of dismissing them, with prejudice.

### 3. Plaintiff's Complaint Alleges The Same Claims and Issues as in the First Action

The criteria to be considered in determining whether a second lawsuit alleges the same claim or cause of action as a prior lawsuit include:

> (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established by the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*Mpoyo v. Litton Electro-Optical Systems*, supra, 430 F.3d at 986; *see also Clark v. Bear Sterns & Co., Inc.*, supra, 966 F.2d at 1320; *Adams v. Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007); *Chao v. A-One Med. Services, Inc.*, 346 F.3d 908, 921 (9th Cir. 2003). There is no requirement that any one factor be met; rather, the "same claim" analysis is determined based on the weighing of all factors. *In re Int'l. Nutronics, Inc. v. Robertson*, supra, 28 F.3d at 969 n.4 (9th Cir. 1994). The Ninth Circuit uses a transaction test to determine whether the suits share a common nucleus of operative facts. *Int'l Union v. Karr*, 944 F.2d 1426, 1429-30 (9th Cir. 1993). Suits share a common nucleus of operative facts when they "relate[] to the same set of facts and [if] they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) ("*Ulloa*").

Here, both complaints filed by Plaintiff relate to her Mortgage with WMC Mortgage and its alleged improper actions regarding its accounting and foreclosure on the Mortgage. This Court's Order in the First Action held that Plaintiff could not plead any federal claims against WMC Mortgage (and, effectively and by proxy, could also not plead any federal claims against its former owner GECF, which had been dismissed by that point). Likewise, the state Court's Judgment and Order in the First Action held that Plaintiff could not plead any state law claims. In filing this action, Plaintiff utterly disregards these rulings.

In both suits, Plaintiff alleges that her claims arise from the Mortgage, which she executed in 1997. Plaintiff's claims (although lacking in clarity) appear to be based on problems regarding the administration of her Mortgage, for example, in allegedly failing to provide certain disclosures, failing to recognize her insurance policy, in foreclosing on the Mortgage and transmitting a notice of

Trustee's Sale, and in connection with non-specific allegations of misstatements and misrepresentations regarding the amounts owed by Plaintiff on the Mortgage. [RJN, Ex. D at ¶ 15-26; 2008 Complaint at ¶ 24-33.] Both this action and the First Action rest on whether there is any evidence to suggest Defendants acted inappropriately with respect to these issues. Both Judges Armstrong and Busch held in their prior rulings, that Plaintiff failed to and would be unable to provide any evidence to support any of her claims. [*See* RJN, Exh. E & F.] Nothing has changed since that point, except that Plaintiff has decided to re-file her First Action and recast it as a new action.

### 4. **Plaintiff Has Not Alleged Any Facts to Avoid The Preclusive Effect of The First Lawsuit**

Plaintiff has alleged no new facts sufficient to support any of the causes of actions she alleged. A plaintiff "cannot avoid the bar of *res judicata* merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory." *McCain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986) "*Res judicata* sweeps more broadly than merely issues or claims that were actually litigated in a prior proceeding. The prior judgment is conclusive 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" *Ulloa, supra*, 958 F.2d at 871 (affirming injunction preventing subsequent suit barred by *res judicata*).

In *Ulloa*, the court held that plaintiffs' allegations they should have been offered a right of first refusal to purchase *some* stock shares were barred by previous litigation determining their rights as to *all* stock shares. *Id.* at 871. The court noted the claim was "part of the same recovery" sought in the earlier litigation and, "[d]ifferent theories supporting the same claim for relief must be brought in the initial action." *Id.* Similarly, in *Costantini v. Trans World Airlines*, 681 F.2d 1199 (9th Cir. 1982), plaintiff tried to avoid *res judicata* by alleging the defendant misrepresented facts in the first lawsuit. In affirming the district court's dismissal, the court of appeals noted:

> [Plaintiff] does not avoid the bar of *res judicata* merely because he now alleges conduct by [defendant] not alleged in his prior suit, nor because he has pleaded a new legal theory. Rather, the crucial question is whether appellant has stated in the instant suit a cause of action different from those raised in his first suit.

*Costantini v. Trans World Airlines, supra,* 681 F.2d at 1201.

Here, the 2008 Complaint adds "new" state law claims in an attempt to evade dismissal, but these claims are based on the same conduct alleged in Plaintiff's other claims, which were already dismissed by this Court and by the state court. These claims cannot support new claims of relief since the conduct upon which they were based were already litigated in the First Action. Like the plaintiff in *Costantini*, Plaintiff's "new" claims -- based on allegations that Defendants acted inappropriately with respect to her Mortgage -- mirror those brought in the First Action. As such, this Complaint involves the same claims and issues already litigated and are barred by the doctrines of claim and issue preclusion.

### 5. The First Action Involved the Same Parties or their Privities

This lawsuit is brought by Patricia C. Barbera, the same Plaintiff who brought the First Action. Defendants were both named in the First Action. Although GECF was voluntarily dismissed before final orders and judgments were entered dismissing Plaintiff's claims with prejudice, such dismissal bars Plaintiff's renewed action as against both WMC Mortgage and GECF. For purposes of *res judicata*, a subsidiary stands in privity to its parent. *See, e.g., Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728 (9th Cir. 1991), *cert. denied*, 503 U.S. 920 (1992) (holding that "wholly-owned subsidiary and partnership in which that subsidiary is the general partner may invoke the two dismissals of the subsidiary's parent and claim Rule 41(a)(1) *res judicata*"); *In re Gottheiner,* 703 F.2d. 1136, 1139-40 (defendant in prior suit was wholly owned by defendant in subsequent suit, and collateral estoppel barred second suit); *Sparks Nugget, Inc. v. CIR*, 458 F.2d 631, 639 (9th Cir. 1972) (privity exists between a sole or controlling stockholder and its company), *cert. denied sub nom. Graves v. CIR*, 410 U.S. 928 (1973).

Plaintiff's claims against GECF are based on the same alleged relationship and duties as her claims against WMC Mortgage.[4] Plaintiff alleged nothing against GECF other than that it purchased and sold WMC Mortgage. [2008 Complaint at ¶¶ 2, 3.] While Plaintiff litigated her case

---

[4] Even if *res judicata* did not operate to bar Plaintiff's claims against GECF, the fact that it no longer owns WMC Mortgage is more than enough reason to dismiss GECF from this action.

for a time against GECF in the First Action, the parent/subsidiary relationship (and now the lack thereof) alone is sufficient to establish privity for *res judicata* purposes. *See In re Imperial Corp. of America*, 92 F.3d 1503 (9th Cir. 1508) (parent/ subsidiary relationship dispositive to determine privity for claim preclusion.). Accordingly, Plaintiff's claims are barred against both WMC Mortgage and GECF.

### 6. There Was a Final Judgment on the Merits in the First Action

Finally, there was a final judgment on the merits in the First Action. WMC Mortgage's motion to dismiss was granted as to all federal claims. [RJN, Ex. E.] Likewise, WMC Mortgage's demurrer was subsequently granted as to all of Plaintiff's remaining state law claims (and thus Plaintiff's entire Complaint), and a final judgment was entered thereon. [RJN, Ex. F.]

## B. Plaintiff's Claims Are Each and All Barred By Their Respective Statutes of Limitation

Even if *res judicata* did not operate to bar all of Plaintiff's claims, each and every one of Plaintiff's claims is barred by their respective statutes of limitation.

### 1. Plaintiff's TILA and HOEPA Claims are Barred by the Statute of Limitations

Plaintiff's first, third, fourth, eighth, tenth, and fourteenth causes of action are based upon Defendants' alleged violations of TILA and HOEPA. (*See* 2008 Complaint, Causes of Actions Nos. 1, 3, 4, 8, 10, and 14.) The statute of limitations governing TILA and HOEPA require that a consumer file a claim for rescission within three years "after the date of consummation of the transaction or upon the sale of the property," at the latest. 15 U.S.C. § 1635(f). In addition, any claim for civil penalties under TILA or HOEPA is subject to a one-year statute of limitations. 15 U.S.C. 1640(e).

Plaintiff executed the loan documents on June 11, 1997. [2008 Complaint at ¶ 21.] Consequently, Defendants' alleged failure to provide disclosures required by TILA and HOEPA, such as notice of right to cancel, occurred on or around June 11, 1997. Plaintiff filed her present Complaint on April 8, 2008, more than ten years after Plaintiff executed the loan documents. Accordingly, it is indisputable that Plaintiff's TILA and HOEPA claims are barred by their respective statutes of limitations. Therefore, Plaintiff's first, third, fourth, eighth, tenth, and fourteenth causes of action are time-barred

### 2. Plaintiff's RESPA Claim is Barred by the Statute of Limitations

Plaintiff's fifth, ninth, tenth, and twelfth causes of action are all based upon Defendants' alleged violation of RESPA. (2008 Complaint, Causes of Action Nos. 5, 9, 10, and 12.) A claim under RESPA alleging violations related to the "servicing of mortgage loans and administration of escrow accounts" is subject to a three-year statute of limitations. 12 U.S.C. § 2614.

Plaintiff's causes of action claiming violations of RESPA are based on Defendants' alleged failure to respond to Plaintiff's "qualified written requests." Plaintiff allegedly sent a "qualified written request" to Defendants on December 4, 1999. [2008 Complaint at ¶ 29.] Consequently, Defendants' violation of RESPA occurred on or about February 2, 2000, at the latest. 12 U.S.C. § 2605(e) (providing that loan servicer must respond to qualified written request within 60 days of receipt).[5] Plaintiff filed the present action on or about April 8, 2008, more than eight years after Plaintiff's alleged violation of RESPA occurred. Accordingly, Plaintiff's RESPA claims are barred by RESPA's three-year statute of limitations. Therefore, Plaintiff's fifth, ninth, tenth, and twelfth causes of action are time-barred.

### 3. Plaintiff's FDCPA Claim is Barred by the Statute of Limitations

Plaintiff's ninth cause of action, alleging that Defendants violated the federal FDCPA, is governed by a one-year statute of limitations. 15 U.S.C. § 1692k(d) (providing that FDCPA claim must be brought "within one year from the date on which the violation occurs."). Plaintiff fails to offer any evidence of the nature of Defendants' acts which form the basis for the FDCPA violations,

---

[5] Plaintiff alleges Defendant violated RESPA beginning June, 1999. [2008 Complaint at ¶ 30.]

or when these alleged violations occurred. Moreover, Plaintiff's previously filed FDCPA cause of action, based on identical facts, was dismissed with prejudice by this Court in 2006 on grounds that it violated the applicable one-year statute of limitations. Accordingly, Plaintiff's present FDCPA is also time-barred.

### 4. **Plaintiff's State Law Claims are All Barred by Their Respective Statutes of Limitations**

Plaintiff's second cause of action, a state law claim to quiet title, is subject to a four-year statute of limitations. Cal. Civ. Proc. Code § 337 (providing that statute of limitations for cause of action based on writing is four years); *see, e.g. Crestmar Owners Assn. v. Stapakis*, 157 Cal. App. 4th 1223, 1227 (2007) (applying Section 337's four-year statute of limitations in action to quiet title and holding that statute of limitations for action to quiet title begins to run when claim adverse to person holding property is asserted). Plaintiff executed her loan application in June, 1997. On February 11, 2000, Plaintiff received notice of a trustee's sale, scheduled for March 2, 2000. [2008 Complaint at ¶ 31.] On April 11, 2000, Plaintiff received another notice of another trustee's sale scheduled for May 10, 2000. [2008 Complaint at ¶ 34.] Accordingly, Plaintiff's statute of limitations period expired on or about May 10, 2004, at the latest. Plaintiff, however, filed the present action on April 8, 2008. Therefore, Plaintiff's action to quiet title is time-barred.

Plaintiff's sixth cause of action alleges that Defendants engaged in predatory lending practices and thereby violated California's unfair competition law, California Business and Professions Code Section 17200. Plaintiff's unfair competition law claim is governed by a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. Plaintiff fails to allege any facts that Defendants engaged in "predatory lending practices" at any period within four years of filing the present action. Moreover, Plaintiff's previously filed unfair predatory lending cause of action, based on identical facts, was dismissed with prejudice in 2006 on grounds that it violated the applicable four-year statute of limitations. [RJN, Ex. F, State Judgment, at ¶1.] Accordingly, Plaintiff's claim under California Business and Professions Code Section 17200 is time-barred.

Plaintiff's seventh cause of action, alleging that Defendants violated California Legal Remedies Act ("CLRA"), is subject to a three-year statute of limitations. Cal. Civ. Code § 1783.

Any and all alleged violations of the CLRA occurred when Plaintiff executed the loan agreement in June, 1997. Plaintiff filed her present action in April, 2008. Moreover, Plaintiff's previously filed CLRA cause of action, based on identical facts, was dismissed with prejudice in 2006 on grounds that it violated the applicable three-year statute of limitations. [RJN, Ex. F, State Judgment, at ¶ 2] Accordingly, Plaintiff's CLRA claim is time-barred.

Plaintiff's tenth cause of action for breach of contract, eleventh cause of action for usurious interest rates, and thirteenth cause of action for breach of fiduciary duty, are all governed by a four-year statute of limitations. Cal. Civ. Proc. Code § 337 (four-year statute of limitations applies to breach of contract actions); Cal. Civ. Proc. Code § 343 (four-year statute of limitations applies to usury claims and breach of fiduciary duty claims); *see, e.g., Stoll v. Superior Court*, 9 Cal. App. 4th 1362, 1369 (1992) ("[W]here a cause of action is based on a defendant's breach of its fiduciary duties, the four-year catchall statute set forth in Code of Civil Procedure section 343 applies."); *Hatch v. Collins*, 225 Cal. App. 3d 1104, 1111 (1990) (same). The facts underlying these claims are based on Plaintiff's loan agreement that she executed in June, 1997. Thus, any and all incidents related to a cause of action for breach of contract or usurious interest rates occurred in or around June, 1997. Further, all of Plaintiff's claims, including breach of fiduciary duty, are based on alleged conduct that occurred between the years 1997 and 2001. [2008 Complaint at ¶¶ 21-34, 43-46.] Accordingly, Plaintiff's claims for breach of contract, usurious interest rates, and breach of fiduciary duty are time-barred.

### C. Plaintiff's Claims Fail as a Matter of Law

Even if *res judicata* and the applicable statutes of limitations do not bar all of Plaintiff's claims, Plaintiff's claims alleging violations of the FDCPA, CLRA, and usurious interest rates fail as a matter of law.

#### 1. Plaintiff's FDCPA Claims Fails as a Matter of Law

Plaintiff's FDCPA claim fails as a matter of law because neither WMC Mortgage nor GEFC are "debt collectors." The FDCPA regulates the conduct of "debt collectors," not "creditors." 15 U.S.C. § 1692. "Debt collector" means "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another . . . ." 15 U.S.C. §

1692(a)(6). "Creditor" means "any persons who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692(a)(4). Further, the FDCPA explicitly excludes from its purview an entity seeking to collect its own debt. 15 U.S.C. 1692(a)(6)(A) ("[Debt collector] does not include - any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."); *see, e.g., Ballard v. Equifax Check Services*, 27 F. Supp. 2d 1201, 1205 (E.D. Cal. 1998) (holding that the FDCPA imposes liability on third parties "collecting a debt originally owed to another"); *Chiang v. MBNA*, 2007 WL 2399185, at *1 (D. Mass. 2007) ("the statutory language, legislative history, and court interpretation all consistently illustrate that [the FDCPA] does not apply to creditors collecting their own debts.").

Plaintiff alleges that Defendants are business entities that issue loans. [2008 Complaint at ¶¶ 1-2.] Plaintiff further alleges that Defendants attempted to collect payments that Plaintiff owed to them under the loan agreement executed by Plaintiff. [2008 Complaint at ¶ 28.] Accordingly, Defendants are "creditors," not "debt collectors," as defined by the FDCPA. Thus, Plaintiff's FDCPA claim fails as a matter of law.

### 2. Plaintiff's CLRA Claim Fails as a Matter of Law

Plaintiff's CLRA claim fails as a matter of law because the issuance of credit does not constitute either a "good" or "service" under the CLRA, and as such, can not furnish the basis for a CLRA cause of action. *Berry v. Am. Express Pub'g, Inc.*, 147 Cal. App. 4th 224, 229 (2007). Section 1770 of the CLRA proscribes specified acts or conduct "in a transaction intended to result or which results in the sale or lease of goods or services to any consumer . . . ." Cal. Civ. Code § 1770. The extension of credit, such as a mortgage loan, is not a "transaction intended to result or which results in the sale or lease of goods or services," and therefore, does not fall within the CLRA's scope. *Id.* at 233 (stating that its holding "is consistent with a number of other courts in state with consumer protections statutes very similar to CLRA, which have denied coverage to credit transactions which occur separately from any specific purchase of goods or services.") (citing *Deerman v. Federal Home Loan Mortg. Corp.*, 955 F. Supp. 1393, 1399 (N.D. Ala. 1997) ("mortgage loan not a 'good' or 'service' under Alabama Deceptive Trade Practices Act"); *Riverside Nat. Bank v. Lewis*, 603 S.W.2d 169, 174 (Tex. 1980) ("loan unconnected with any specific good or

service not covered under the Texas Deceptive Trade Practices Act"); *Haeger v. Johnson*, 25 Or. App. 131, 135 (1976) ("loan not a sale of goods or services under Oregon's Unlawful Trade Practices Act.")); *see also* Assembly Bill No. 292 (1970 Reg. Sess. (Jan. 21, 1970)(as amended Aug. 7, 1970)) (legislatures chose to remove "credit" from purview of CLRA) [RJN, Ex. F at ¶ 2.].

In her seventh cause of action, Plaintiff alleges that Defendants violated the CLRA by engaging in "deceptive practices" in its mortgage loan transactions. [2008 Complaint at ¶ 39-41.] Because extensions of credit, such as mortgage loans, are not within the CLRA's scope, Plaintiff's CLRA claim fails as a matter of law.

### 3. Plaintiff's Claim that Defendants Charged Usurious Interest Rates Fails as a Matter of Law

Plaintiff's claim that Defendants charged usurious interest rates fails as a matter of law. Plaintiff alleges that the "interest rate charged by defendants for the WMC loan which is the subject of this complaint was usurious as that term is defined and applied by the California Constitution." [2008 Complaint at ¶ 59.] The California Constitution provides the usury limits for various types of loans and also provides exemptions from its restrictions. Cal. Const. art. XV, § 1. Specifically, the California Constitution exempts "any loans, made or arranged by any person licensed as a real estate broker by the State of California and secured in whole or in part by liens on real property."

Further, the Constitution's express exemption insulates Defendants not only from a statutory usury claim, but also from common law usury claims to recover claimed usurious interest. *W. Pico Furniture Co. v. Pac. Fin. Loans*, 2 Cal. 3d 594, 615 (1970) ("It must necessarily follow that the exemption of the enumerated classes from the restrictions of the Usury Law has at the same time made them immune to actions grounded upon common law remedies existing prior to Usury Law.").

In June 1997, at the time Plaintiff and WMC Mortgage executed the loan agreement, WMC Mortgage was a real estate broker licensed by the State of California. [RJN, Ex. G.] Plaintiff's loan was secured by a lien on her home. [2008 Complaint at ¶ 9.] Accordingly, Plaintiff's claims alleging that Defendants charged usurious interest rates fails as a matter of law. Further, any common law usury claims alleged by Plaintiff also fail as a matter of law.

### 4. Plaintiff's Claim for Breach of Fiduciary Duty Fails as a Matter of Law

Plaintiff's breach of fiduciary duty claim fails as a matter of law because WMC Mortgage, as a lender, does not, and did not, owe a fiduciary duty to Plaintiff. It is well established law in California that a bank or lender has no fiduciary duty to plaintiffs in their relationship as creditor and borrower. *See, e.g., Niederreuther v. Schifter*, 1998 U.S. Dist. LEXIS 11079, at *3 (N.D. Cal. 1998) ("It is well established that a bank or lender has no fiduciary duty when a borrower obtains a loan through the course of an ordinary lender-borrower relationship."); *Kim v. Sumitomo Bank of Cal.*, 17 Cal. App. 4th 974, 979-981 (1993); *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1092 n.1 (1991) ("The relationship between a lending institution and a borrower-client is not fiduciary in nature."). "A fiduciary relationship only arises if the bank or lender takes on a 'special relationship' with the borrower." *See, e.g., Kim*, 17 Cal. App. 4th at 979-81. A special relationship arises, for example, where the bank offers a provision of trust or provides a fiduciary service. *Niederreuthe*, 1998 U.S. Dist. LEXIS 11079, at *4 (citing *Peterson Developmt. Corp. v. Torrey Pines Bank*, 233 Cal. App. 3d 103, 119 (1989)).

Here, Defendants do not, and did not, owe a fiduciary duty to Plaintiff. As a result of the loan agreement executed by Plaintiff and Defendants in June, 1997, Defendants were lenders and Plaintiff was a borrower. [2008 Complaint at ¶ 21.] Defendants did not have a "special relationship" with Plaintiff. Accordingly, Defendants owed no fiduciary duty to Plaintiff, and therefore, Plaintiff's claim for breach of fiduciary duty fails as a matter of law.

### 5. Plaintiff's Claim Under the "Unclean Hands Doctrine" Fails as a Matter of Law

Plaintiff's fifteenth cause of action, for unclean hands, fails to state a legal claim for relief since the unclean hands doctrine, as Plaintiff asserts, is an equitable defense, and not an affirmative cause of action, that precludes relief for Plaintiffs who are guilty of misconduct. *See e.g., Yu v. Signet Bank/Virginia*, 103 Cal. App. 4th 298, 322 (2002); *Kendall-Jackson Winery v. Superior Court*, 76 Cal. App. 4th 970, 978 (1999).

### 6. Plaintiff's Breach of Contract Claim Fails as a Matter of Law

Plaintiff's breach of contract claim fails as a matter of law because she fails to properly allege all of the requisite elements for a breach of contract cause of action. To state a claim for breach of contract, a plaintiff must plead the following four elements: "(1) the contract, (2) plaintiff's performance or excuse for performance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990). "A court will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Sallie Mae v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998); *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 U.S. Dist. LEXIS 26092, at *8-9 (N.D. Cal. 2003) (granting defendant's motion to dismiss because plaintiff failed to plead an element of its claim).

In her complaint, Plaintiff does not allege that she performed under the contract, or that she was excused from performance. Accordingly, Plaintiff's breach of contract claim fails as a matter of law.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED THAT** Defendants' motion to dismiss is **GRANTED** in its entirety, **WITH PREJUDICE**.

**SO ORDERED.**

DATED: _____, 2008    _____
                                   SAUNDRA BROWN ARMSTRONG
                                   United States District Judge

DOCSLA-15644616.2-CORIVAS

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Daniel A. Gamer
Law Office of Daniel A. Gamer
55 Professional Center Parkway #H
San Rafael, CA 94903-2729
Telephone:   415.472.6655
Facsimile:    415.472.3940
Email: dan@gamerlaw.com

Robin Prema Wright
Katayoun Shakibi
Wright Finlay & Zak, LLP
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Telephone:   949-477-5050
Facsimile:    949-477-9200
Email: rwright@wrightlegal.net
Email: kshakibi@wrightlegal.net

and I hereby certify that I have mailed *via* express mail (**UPS**) the document to the following non-CM/ECF participants:

Patricia C. Barbera
24 Caribe Isle
Novato, CA 94949
Telephone:  (415) 382-9617
Facsimile:   (415) 382-0756
**In Pro Per**

/s/ Christopher O. Rivas
Christopher O. Rivas
crivas@reedsmith.com

– 1 –
CERTIFICATE OF SERVICE

# CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Daniel A. Gamer<br>Law Office of Daniel A. Gamer<br>55 Professional Center Parkway #H<br>San Rafael, CA 94903-2729<br>Telephone:   415.472.6655<br>Facsimile:    415.472.3940<br>Email: dan@gamerlaw.com | Robin Prema Wright<br>Katayoun Shakibi<br>Wright Finlay & Zak, LLP<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660<br>Telephone:   949-477-5050<br>Facsimile:    949-477-9200<br>Email: rwright@wrightlegal.net<br>Email: kshakibi@wrightlegal.net |

and I hereby certify that I have mailed *via* express mail (**UPS**) the document to the following non-CM/ECF participants:

Patricia C. Barbera<br>
24 Caribe Isle<br>
Novato, CA 94949<br>
Telephone:  (415) 382-9617<br>
Facsimile:   (415) 382-0756<br>
In Pro Per

/s/ Christopher O. Rivas
Christopher O. Rivas
crivas@reedsmith.com

DOCSLA-15644749.1