1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11

12  | PATRICIA C. BARBERA,                | ) Case No.: 4:08-CV-02677-SBA |

13  |             Plaintiff,              | ) Earlier Related Case: 4:04-cv-03738- |
                                           ) SBA
14

15                                       ) *[Assigned to Hon. Saundra Brown*

16  | WMC MORTGAGE CORPORATION a | ) *Armstrong]* |
    | California Corporation; aka WMC |
17  | DIRECT, a California Business Entity, | ) ***[PROPOSED]* ORDER GRANTING** |
    | GE CONSUMER FINANCE, a unit of | ) **SELECT PORTFOLIO**
18  | General Electric Company; SELECT | ) **SERVICING, INC.'S FORMERLY**
19  | PORTFOLIO SERVICING CORP., a | ) **KNOWN AS FAIRBANKS**
20  | Utah Corporation, FAIRBANKS | ) **CAPITAL CORP. *ERRONEOUSLY***
    | HOLDING CORPORATION,  Delaware | ) ***SUED HEREIN AS* SELECT**
21  | Corporation; and LAND TITLE | ) **PORTFOLIO SERVICING CORP.**
22  | COMPANY OF MARIN, a California | ) **and  FAIRBANKS HOLDING**
    | Business Entity; and DOES 1 through | ) **CORP.'S MOTION TO DISMISS**
23  | 100, inclusive. | ) **COMPLAINT**
24

25  |             Defendants.             | ) Date:  July 22, 2008 |
26                                        ) Time: 1:00 p.m.
                                           ) Dept.: 3, Third Floor
27

28

1        This matter is before the Court on defendant Select Portfolio Servicing, Inc.

2 ("SPS") fka Fairbanks Capital Corporation, *erroneously sued herein as two*

3 *separate entities* Select Portfolio Servicing Corp., and Fairbanks Holding Corp.,

4 motion to dismiss plaintiff Patricia C. Barbera's ("Plaintiff") complaint

5 ("Complaint") for failure to state a claim upon which relief can be granted, and

6 barred under the doctrine of res judicata.

7        Having read and considered the arguments presented by the parties in the

8 papers submitted to the Court, the Court finds this matter appropriate for resolution

9 without a hearing. The Court hereby GRANTS SPS's motion to dismiss, and thus,

10 Plaintiff's entire Complaint as to SPS is DISMISSED WITH PREJUDICE.

11 **I.    PROCEDURAL HISTORY OF THE REMOVAL**

12        Co-defendant WMC MORTGAGE CORP. removed this action from the

13 state court on May 28, 2008. On the same date, Select Portfolio Servicing, Inc.,

14 ("SPS") filed a demurrer in the state court.[1] After the removal, on June 2, 2008,

15 Barbera served counsel for SPS with a Notice and Acknowledgment of Receipt

16 ("NAR").[2]

17        Per F.R.C.P. Rule 81 (c )(2), defendants who have already filed an answer or

18 other defenses and objections in the state court need not file another answer after

19 removal, unless the federal court so orders. In this case, SPS has filed a demurrer

20 in the state court on May 28, 2008. For the purpose of obtaining a hearing date in

21 the federal Court, SPS hereby files this Motion to Dismiss.

22        For a defendant who has not responded to the complaint at the time of

23 removal, a response is due 20 days after service of the complaint, or 5 days after

24 the removal is filed, whichever is later. (F.R.C.P. Rule 81 (c) (2)) In this case, the

25 date of service on SPS is not clear, although the NAR was served on June 2, 2008.

26

27

28

---

[1] See Declaration of Kathy Shakibi, filed concurrently herewith, ¶ 5.
[2] See Declaration of Kathy Shakibi, filed concurrently herewith, ¶ 9, exhibit 2 attached thereto.

[PROPOSED] ORDER

1  In addition, Barbera granted SPS a two-week extension to respond, which she later
2  rescinded.

3      At the time of filing this Motion, Barbera has not defaulted SPS, and
4  remains unable to do so because SPS has responded to the Complaint in the state
5  court. Although some courts have held that a Rule 12 (b) motion must be filed and
6  served within 20-days after service of summons and complaint,[3] in the Ninth
7  Circuit, Rule 12(b) motions are timely if filed any time before the answer or other
8  responsive pleading is filed.[4]  Therefore, this Motion is timely before the Court.

9  **II.    PROCEDURAL HISTORY OF PREVIOUS LITIGATIONS**

10     In 2004, Barbera and SPS (fka Fairbanks Capital Corp., "Fairbanks") were
11  before this Court on almost identical claims arising from the same 1997 mortgage
12  loan transaction ("2004 Action"). The Court ruled favorably on SPS's Motion for
13  Summary Judgment, ("MSJ") and dismissed SPS from the action. The reasoning
14  for the dismissal is fully explained in the Order on the MSJ, and summarized as
15  follows.

16     In the 2004 Action, this Court determined that Barbera was a member of a
17  class action suit filed against SPS in 2003, known as the "Curry Class Action," and
18  more fully explained below. As such, Barbera's claims against SPS for events
19  occurring *prior* to the Curry Class Action were barred by Res Judicata. The events
20  alleged in the current Complaint occurred from 1997 through 2001. Therefore, the
21  Complaint is also barred by Res Judicata.

22     Additionally, all of Barbera's claims are time-barred, and fail to state a claim
23  as fully explained below.

24

25

26

27

28
---
[3] *Farmers Elevator Mut. Ins. Co. v. Carl J. Austad & Sons, Inc.* (8th Cir. 1965) 343 F2d 7, 12.
[4] *Aetna Life Ins. Co. v. Alla Medical Services, Inc.* (9th Cir. 1988) 855 F2d 1470, 1474.

[PROPOSED] ORDER

1  **III.   LEGAL STANDARD**

2      Federal Rules of Civil Procedure, Rule 12 (b)(6) authorizes this Court to

3  dismiss a pleading for failure to state a claim upon which relief can be granted.

4  Hence, the Court has authority to grant the Motion to Dismiss.

5  **IV.   ANALYSIS**

6  **A.    Barbera's Complaint is Barred by Res Judicata.**

7      On July 23, 2004, Barbera filed a complaint against Fairbanks, among other

8  parties, in the Superior Court of California, County of San Francisco with case

9  number 04433269 ("2004 Action").[5]  On September 3, 2004, the 2004 Action was

10  removed to this Court with case number C 04-3738 SBA.[6]  On March 7, 2005, this

11  Court granted Fairbanks/SPS's MSJ against Barbera, thereby dismissing

12  Fairbanks/SPS from the 2004 Action.[7]

13      The reasons for granting Fairbanks/SPS's MSJ are fully explained in the

14  Court's 13-page order, a true and correct copy of which is attached as Exhibit "B"

15  to the RJN filed concurrently herewith.  In short, this Court determined that

16  Barbera was a class member, and is bound by the nationwide class action

17  settlement and release in *Curry v. Fairbanks*.  On December 1, 2003, Alanna L.

18  Curry, filed suit against Fairbanks (presently known as SPS) on behalf of herself

19  and others similarly situated, in the United States District Court for the District of

20  Massachusetts with case no. 03-10895-DPW ("Curry Class Action").[8]  In the 2004

21  Action, Barbera did not dispute that she was a member of the Curry Class Action,

22  but she claimed hat she was not bound by the prior judgment or release because

23  she did not receive actual notice of the settlement.  This Court however determined

24  that Barbera had notice of the Curry settlement and release.[9]

25

26  _____

[5] A true and correct copy of the Complaint is attached as Exhibit "A" to the RJN, filed concurrently herewith.

27  [6] A true and correct copy of the Court docket is attached s Exhibit "F" to the RJN filed concurrently herewith.
[7] See Exhibits B and C attached to the RJN filed concurrently herewith.

28  [8] See Exhibit B to the RJN, page 2 for a discussion of the Curry Class Action.
[9] See RJN, Exhibit B - March 1, 2005 Order Granting MSJ and the discussion regarding Barbera being part of the class on pages 8 – 10.

4

1       After this Court's order of March 2005 on SPS's MSJ, Barbera tried to file a
2 first, and then a second, amended complaint, along with a motion for leave to
3 amend, both containing more allegations against Fairbanks - such as the Consumer
4 Legal Remedies Act, RESPA and Debt Collection Practices Act - which claims are
5 also in the current complaint before this Court. On May 26, 2005, this Court ruled
6 that because the MSJ had already been granted, and because Barbera failed to
7 show any facts to prove the wrongdoing occurred after the December 10, 2003
8 *Curry* cutoff date, that leave to amend was futile. [10] Thus, this Court confirmed its
9 ruling on the MSJ and dismissed all additional allegations made against Fairbanks
10 (presently known as SPS).[11]

11       Barbera once more brings a complaint in the instant action, alleging almost
12 identical claims arising from the same 1997 Loan transaction, and failing to bring
13 to the Court's attention the Curry Class Action and the 2004 Action. The dates
14 listed in the Complaint range from 1997 through 2001, which are covered by the
15 Curry Settlement.[12] Therefore, Barbera's current Complaint is barred by the
16 doctrines of Res Judicata and Release based on both the *Curry* Class Action and
17 the Final Order in the 2004 Action.

18 **B.    Barbera's TILA, HOEPA and RESPA Claims are Time-Barred.**

19       Throughout her Complaint, Barbera repeatedly alleges violations of TILA,
20 HOEPA and RESPA. These claims however are time-barred on the face of the
21 Complaint as follows, and must be dismissed.

22      1.    Barbera's TILA claims are Time-Barred.

23

24

25

26 [10] For specific references to "Fairbanks" in the May 26, 2005 Final Order, see pages 4 and 8, and Footnote 9, which
27 indicate that Plaintiff's subsequent Complaints asserted that her harm merely continued after the December 10, 2003
cutoff date instead of alleging that wrongdoing actually occurred after December 10, 2003. Thus, her harm claims
28 were also barred by the doctrine of release and allowing her to amend the Complaint was pointless.
[11] See Final Order attached to RJN as Exhibit C.
[12] See Complaint, Paragraphs 25-35, 43-48.

1    TILA has two statues of limitations (1) a three-year statute of repose for

2  claims of rescission, and (2) a one-year statute of limitations for money damages,

3  set forth in the following code sections:

4

5    *15 U.S.C. §1635(f)* "**An obligor's right of rescission shall expire three

6    years after the date of consummation of the transaction** or upon the sale

      of the property, whichever occurs first..." (emphasis added)

7

8    *15 U.S.C. §1640 (e)* "Any action under this section may be brought in any

      United States district court, or in any other court of competent jurisdiction,

9    within one year from the date of the occurrence of the violation..."

10    If a lender fails to make the required "material" disclosures, TILA gives an

11  obligor the right to rescind any credit transaction in which a security interest is

12  created in the obligor's home. *15 U.S.C. §1635.* TILA's three-year statute of

13  limitation is a <u>statute of repose</u> which cannot be extended for any reason. A statute

14  of repose is a subspecies of statutes of limitations which creates <u>an absolute bar</u> to

15  a cause of action after a stated period.[13]   A statute of repose is jurisdictional and

16  not subject to equitable tolling by the court.[14]  The three-year statute of limitations

17  for a claim of rescission under TILA is "absolute" and begins at the consummation

18  of the transaction or upon the sale of the property, whichever occurs first.[15]

19    The one-year statute of limitations for monetary damages under TILA also

20  begins at the consummation of the transaction. The one-year statute of limitations

21  for recovering civil penalties based on defendant's alleged violations of Truth-in-

22  Lending Act begins to run on date of loan closing, which is date of occurrence of

23  violation.[16]

24    Here, Barbera borrowed $322,500.00 from WMC Mortgage Corp. in June

25  1997. (Complaint ¶ 21) Barbera entered into this loan transaction more than ten

26

27  _____

[13] *Webb v. United States,* (4th Cir. 1995) 66 F.3d 691, 699-700.

28  [14] *Caviness v. Derand Resource Corp.,* (4th Cir. 1993) 983 F.2d 1295, 1300 n. 7.
[15] *King v. State of California* (1986) 784 F.2d 910, 913.
[16] *Morris v. Lomas and Nettleton Co.,* D.Kan. (1989) 708 F.Supp. 1198.

[PROPOSED] ORDER

1  years before filing the instant Complaint. Therefore, Barber's TILA claims are
2  time-barred on the face of the Complaint, and must be dismissed.

3         2.    Barbera's HOEPA Claims are Time-Barred.

4  Likewise, HOEPA is a subset of TILA because it is also within Title 15,
5  chapter 41, subchapter 1, and subject to the same statute of limitations. For that
6  reason, Barber's claims of HOEPA violation are also time-barred on the face of the
7  Complaint, and must be dismissed.

8         3.    Barbera's RESPA Claims are Time-Barred.

9  Similarly, RESPA has two statutes of limitations, a one-year statute of
10 limitations for violations of sections 2607 and 2608, and a three-year statute of
11 limitations for violations of sections 2605. *12 U.S.C. § 2614 Therefore*, Barbera's
12 RESPA claims are time-barred on the face of the Complaint, and must be
13 dismissed.

14 **C.    Barbera's First Cause of Action for Request for Specific Performance is**
15 **Time-Barred.**

16 The specific performance seeks "rescission" under TILA. (Complaint ¶ 14).
17 Barbera's TILA claims, as well as HOEPA claims are time-barred as fully
18 explained in section "B" above. This claim must be dismissed.

19 **D.    Barbera's Second Cause of Action for Quiet Title Fails to State a Claim.**
20 SPS is merely a loan servicer (Complaint ¶ 4) and as such, holds no title
21 claim to the Property. Therefore, this claim fails to state a cause of action against
22 SPS, and must be dismissed.

23 **E.    Barbera's Third Cause of Action for Slander of Title Fails to State a**
24 **Claim.**

25 Slander of Title is a false and unprivileged disparagement, oral or written, of
26 the title to real or personal property, resulting in actual pecuniary damage.[17] The
27 elements of Slander of Title are (1) publication; (2) falsity; (3) absence of

28

[17] *Gudger v. Manton* (1943) 21 C.2d 537, 541, 134 P.2d 217

1 | privilege; (4) and disparagement of another's land which is relied upon by a third
2 | party and which results in pecuniary loss.[18]  Slander of Title has a three-year
3 | statute of limitations.[19]

4 |     Barbera bases this claim on an alleged erroneous accounting. (Complaint p.
5 | 7, ll. 17-20) Barbera however, fails to allege a "publication" meaning a statement
6 | which was seen or heard by a third party (someone other than Barbera"), the
7 | "falsity" of such statement, the third party's reliance on such statement, and
8 | resultant pecuniary loss. Barbera fails to adequately plead a Slander of Title claim,
9 | therefore, this claim must be dismissed.

10 | ///

11 | **F.    Barbera's Fifth Cause of Action for Conspiracy Fails to State a Claim.**

12 |     A civil conspiracy claim is subject to the statute of limitations governing the
13 | action that is the object of the conspiracy.[20]  Conspiracy is not a cause of action,
14 | but a legal doctrine that imposes liability on persons who, although not actually
15 | committing a tort themselves, share with the immediate tortfeasors a common plan
16 | or design in its perpetration.[21]  The elements of a civil conspiracy are (1) the
17 | formation and operation of the conspiracy, (2) the wrongful acts done pursuant
18 | thereto, and (3) the damage resulting.[22]  Liability as a co-conspirator depends upon
19 | projected joint action. The mere knowledge, acquiescence, or approval of the act,
20 | without co-operation or agreement to cooperate is not enough.[23]

21 |     Barbera bases this claim on violations of RESPA which allegedly occurred
22 | in 1998, (Complaint ¶¶ 24, 25) 1999, (Complaint ¶¶ 26, 28, 29, 30) and 2000
23 | (Complaint ¶¶ 31, 32, 33, 34). Because RESPA has a one-year and a three-year

24 |
25 |
26 |

[18] *Summary of California Law*, (2005), B.E. Witkin, 10th Ed., § 642.
[19] *California Code of Civil Procedure* §338 (g)
[20] *Maheu v. CBS, Inc.* (1988) 201 CA3d 662, 673.
[21] *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 510-511.
[22] *Mosier v. Southern California Physicians Insurance Exchange* (1998) 63 Cal.App. 4th 1022, 1048.
[23] *Wetherton v. Growers Farm Labor Assn.* (1969) 275 Cal.App.2d 168, 176.

8

1  statute of limitations as fully explained in section "B" above, the RESPA claim, as
2  well as the conspiracy claim based thereon are time-barred.

3       In addition to being barred by the statute of limitations and Res Judicata,
4  Barbera fails to adequately plead this claim by failing to plead the formation of a
5  conspiracy between WMC and SPS, SPS's knowledge of the wrongful act, and
6  SPS's joint action and participation in the alleged wrongful act. Therefore, this
7  claim must be dismissed.

8  **G.    Barbera's Sixth Cause of Action for Predatory Lending Fails to State a**
9  **Claim.**

10      California State Predatory Lending statutes, commonly known as "Division
11  1.6," are set forth in *Financial Code* §§ 4970-4979.8. In order to maintain a viable
12  predatory lending claim, Barbera must allege some violation of the *Financial Code*
13  §§4970-4979.8, and further needs to allege that predatory lending laws are
14  applicable to a "loan servicer" such as SPS. Barbera fails to plead either
15  requirement.

16      Under the same cause of action, Barbera also briefly references violation of
17  Business and Professions code §17200. The California unfair competition statute
18  establishes three varieties of unfair competition, i.e., acts or practices which are
19  unlawful, or unfair, or fraudulent.[24] In order to plead this claim, Barbera must
20  allege some act that constitutes unlawful, unfair or fraudulent business practice.
21  Barbera fails to plead any wrongful, unfair or fraudulent act on behalf of SPS.
22  Hence, this claim must be dismissed.

23  **H.    Barbera's Seventh Cause of Action for Misrepresentation and**
24  **Inducement Based on Violation of CLRA is Time-Barred.**

25      Barbera bases this claim on the violation of Consumer Legal Remedies Act
26  ("CLRA"). This claim is entirely void of any factual allegations and any dates,

27

28  ---
[24] *Lippitt v. Raymond James Financial Services, Inc.,* C.A.9 (Cal.) 2003, 340 F.3d 1033, as amended, on remand 2003 WL 25292444.

1  however, similar to the rest of the Complaint, this claim appears to arise from
2  Barbera's mortgage Loan transaction, which was consummated in 1997. CLRA
3  has a three-year statute of limitation set forth in Civil Code §1783 as follows:
4  "Any action brought under the specific provisions of Section 1770 shall be
5  commenced not more than three years from the date of the commission of such
6  method, act, or practice." Barbera filed this action over ten years after obtaining
7  her mortgage Loan, thus, this claim is time-barred, and must be dismissed.

8  **I.    Barbera's Eight Cause of Action for Harassment and Malicious Abuse**
9  **of Judicial Process Fails to State a Claim.**

10  This claims is based on events that occurred in the years 2000, (Complaint
11  ¶¶ 43, 44, 45) and 2001 (Complaint ¶¶ 46, 48), therefore, these claims are barred
12  by Res Judicata as fully explained in Section "B" above. Additionally, Plaintiff
13  references violation of TILA in the heading for this claim. As fully explained in
14  Section "B" above, TILA claims are time-barred. This claim must be dismissed.

15  **J.    The Ninth Cause of Action for RESPA and Fair Debt Collection**
16  **Practices Act is time-barred.**

17  Barbera only references one date for this claim, which is June 1997
18  (Complaint ¶ 50). As fully explained in Section "B" above, RESPA has a three-
19  year statute of limitations for violation of §2605. Barbera's alleged violation dates
20  back to 1997, hence, her RESPA claim is time-barred. Likewise, claims for
21  violation of the Fair Debt Collection Practices Act ("FDCPA") must be brought
22  "within one year from the date on which the violation occurs." 15 U.S.C.
23  §1692k(d). Because the date given for this claim is 1997, Barbera's FDCPA claim
24  is also time-barred.

25  Moreover, this claim references Exhibit "7," when there is no exhibit "7"
26  attached to the Complaint. Only four pages are attached to the Complaint, none of
27  which is marked with a number. This claim must be dismissed.

28

1  **K.    The Eleventh Cause of Action for Usury and Unjust Enrichment Is**
2  **Time-Barred and Fails to State a Claim.**

3       Barbera bases this claim on the mortgage Loan that she obtained in 1997
4  (Complaint ¶ 59). A usury claim is subject to the catch-all four-year statute of
5  limitations listed in California Code of Civil Procedure § 343. Because Barbera
6  filed this action over 10 years after she obtained the subject Loan, this claim is
7  time-barred.

8       Additionally, in 1934, former Article XX of the California Constitution was
9  amended to add section 22, limiting the maximum rate to 10%, but exempting
10  nearly all institutions in the business of lending money, such as building and loan
11  associations, industrial loan companies, credit unions, and banks. [25] Barbera
12  alleges that the interest rate charged for the WMC loan is usurious, and that WMC
13  was not a commercial lender as that term is used in the California constitution.
14  (Complaint ¶ 59).

15       Even assuming for the sake of a Motion to Dismiss that WMC is not
16  exempted from the Constitutional provision, Barbera fails to state a claim with
17  respect to SPS. SPS is not a lender, but is a loan servicer (Complaint ¶ 4). As
18  such, SPS has not issued a loan to Barbera, therefore, this claim is improperly
19  pleaded. And, although Barbera references Unjust Enrichment in the heading of
20  this cause of action, she fails to allege any Unjust Enrichment whatsoever. This
21  claim must be dismissed.

22  **L.    The Twelfth Cause of Action for Fraudulent Accounting Fails to State a**
23  **Claim.**

24       Barbera bases this claim on a violation of RESPA, without stating any date
25  whatsoever for this claim. Because Barbera's other claims arise form the 1997
26  Loan transaction, it appears that this claim also arises from the subject Loan

27

28

---

[25] Summary of California Law, Witkin (10th Ed. 2005) Volume I, Contracts, § 456, p. 499.

11

1  transaction, and therefore is time-barred by RESPA's statute of limitations, as fully
2  explained in section "C" above.

3      Additionally, this cause of action fails to state a claim. An accounting cause
4  of action is equitable in nature and may be brought (1) where a fiduciary
5  relationship exists between the parties, or (2) where, though no fiduciary
6  relationship exists, the accounts are so complicated that an ordinary legal action
7  demanding a fixed sum is impracticable.[26] Here, there is no fiduciary relationship
8  between the loan servicer, SPS and Plaintiff, and none has been alleged. Barbera
9  does not allege her thirteenth cause of action for "Breach of Fiduciary Duty"
10 against SPS. And, Barbera fails to allege that the accounts are so complicated that
11 an ordinary legal action demanding a fixed sum is impracticable.

12     Regarding the accounting being "fraudulent," any fraud claim must be
13 pleaded in accordance with F.R.C.P. Rule 9(b), which requires that in all
14 averments of fraud, the circumstances constituting fraud shall be stated with
15 particularity. The Ninth Circuit has interpreted this standard to mean that fraud
16 must be pled "with a high degree of meticulousness."[27] Per F.R.C.P. Rule 9 (b),
17 Barbera must allege the "who, what, when, where, and how" of the misconduct
18 charged.[28] Barbera must "detail with particularity the time, place, and manner of
19 each act of fraud, plus the role of each defendant in the scheme."[29]

20     Here, Barbera's allegations for this claim consist of three paragraphs,
21 (Complaint ¶¶ 62, 63, 64) where Barbera only passingly references "payment
22 history, corporate advance activity, escrow advance activity, unapplied funds,
23 broker price opinion, mis-application reversal and a payoff notice." To make
24 matters worse, Barbers refers to Exhibit "8," when only four pages are attached to
25 the Complaint, none of which is numbered. Barbera is required to "set forth, as

26

27 [26] See Witkin, *California Procedure*, 4th Ed. Pleading, §§ 775,776, p 233 (1997) citing from *Civic Western Corp. v. Zila Industries* (1977) 66 C.A.3d 1, 14, 135 C.R. 915.
28 [27] *Desaigoudar v. Meyercord* (9th Cir. 2000) 223 F.3d 1020, 1022.
[28] *Vess v. Ciba-Ciegy Corp.*, 317 F.3d at 1106 (citation omitted).
[29] *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, (9th Cir. 1991) 940 F.2d 397, 405.

[PROPOSED] ORDER

1  part of the circumstance constituting fraud, an explanation as to why the disputed
2  statement was untrue or misleading when made."[30]  Nowhere does Barbera allege
3  the specific content of each of the various alleged misrepresentations, who made it,
4  when, where or how it was made.[31]  For these reasons, this claim must be
5  dismissed.

6  **M.    The Fourteenth Cause of Action for Negligent Emotional Distress Fails**
7  **to State a Claim.**

8      The California Supreme Court has allowed plaintiffs to bring negligent
9  infliction of emotional distress actions as direct victims in only three types of
10 situations: (1) the negligent mishandling of corpses,[32] (2) the negligent
11 misdiagnosis of a disease that could potentially harm another,[33] and (3) the
12 negligent breach of a duty arising out of a preexisting relationship.[34]

13     Negligent infliction of emotional distress is not an independent tort but the
14 tort of negligence, and the elements of duty, breach, causation and damages
15 apply.[35]  To plead this claim against SPS, Barbera must allege (a) that SPS was
16 negligent, (b) that Barbera suffered serious emotional distress, and (c) that SPS's
17 negligence was a substantial factor in causing Barbera's emotional distress.[36]

18     Here, Barbera fails to allege that she is a direct victim of one of the three
19 types of situations where this claim applies, and further fails to allege the required
20 elements of this claim.  This claim must be dismissed.

21 **N.    The Fifteenth Cause of Action for Unclean Hands Doctrine Fails to**
22 **State a Claim.**

23
24
25

26  [30] *In re GlenFed, Inc.* Sec. Litig., (9th Cir. 1994) 42 F.3d 1541, 1548-49.
    [31] *Arroyo v. Wheat* (D. Nev. 1984) 591 F.Supp. 136, 139.
27  [32] *Christensen v. Superior Court* (1991) 54 Cal.3d 868, 879.
    [33] *Molein v. Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 923.
28  [34] *Burgess v. Superior Court* (1992) 2 Cal.4th 1064, 1076.
    [35] *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.* (1989) 48 Cal.3d 583, 588.
    [36] Judicial Council of California, Civil Jury Instructions, (West 2008) CACI § 1620.

1    Unclean hands is not a cause of action, but it is an affirmative defense.[37]
2  Accordingly, this cause of action fails to state a claim, and must be dismissed.
3    **For the foregoing reasons,**
4    **IT IS HEREBY ORDERED THAT** defendant Select Portfolio Servicing,
5  Inc. ("SPS") fka Fairbanks Capital Corporation, *erroneously sued herein as two*
6  *separate entities* Select Portfolio Servicing Corp., and Fairbanks Holding Corp.,
7  motion to dismiss is **GRANTED** in its entirety, **WITH PREJUDICE.**
8    **SO ORDERED.**
9
10  DATED: _____, 2008          _____
11                                    SAUNDRA BROWN ARMSTRONG
12                                    United States District Judge
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
_____
28  [37] *Crosstalk Productions, Inc. v. Jacobson* (1998) 65 CA4th 631, 635.

[PROPOSED] ORDER

PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On June 30, 2008, I served the within **PROPOSED ORDER GRANTING SELECT PORTFOLIO SERVICING, INC.'S fka FAIRBANKS CAPITAL CORP.'S MOTION TO DISMISS COMPLAINT on** all interested parties in this action as follows:

[X]    by placing true copies thereof enclosed in sealed envelopes addressed as follows:

See attached service list

[X ]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices via U.S. Mail.

[  ]    (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.

[  ]    (BY PERSONAL SERVICE) I have caused our Service of Process, First Legal to serve such envelope on all interested parties in this action.

[]    (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X]    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 30, 2008, at Newport Beach, California.


*/Gretchen Grant/*

SERVICE LIST:

PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On June 30, 2008, I served the within **PROPOSED ORDER GRANTING SELECT PORTFOLIO SERVICING, INC.'S fka FAIRBANKS CAPITAL CORP.'S MOTION TO DISMISS COMPLAINT on** all interested parties in this action as follows:

[X]   by placing true copies thereof enclosed in sealed envelopes addressed as follows:

See attached service list

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices via U.S. Mail.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.

[ ]   (BY PERSONAL SERVICE) I have caused our Service of Process, First Legal to serve such envelope on all interested parties in this action.

[ ]   (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X]   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 30, 2008, at Newport Beach, California.

*/Gretchen Grant/*

SERVICE LIST:

Patricia C. Barbera
24 Caribe Isle
Novato, CA 94949
415-382-9617; fax: 415-382-0756
**Plaintiff In Pro Per**

Scott Jacobs, Esq,
Christopher Rivas, Esq.
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
(213) 457 8000; Fax: (213) 457 8080
**Attorney for WMC MORTGAGE, LLC, and
GE Consumer Finance, Inc.**

Glenn D. Kabanuck, Esq.
Daniel A. Gamer, Attorney at Law
55 Professional Center Parkway, Ste. H
San Rafael, CA 94903-2739
415-472-6655; Fax: 415-472-3940
**Attorneys for California Land Title of Marin**