Scott H. Jacobs (SBN 81980)
Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone:   213.457.8000
Facsimile:   213.457.8080

Attorneys for Defendants
WMC MORTGAGE, LLC AND
GE CONSUMER FINANCE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| PATRICIA C. BARBERA,<br><br>    Plaintiff<br><br>vs.<br><br>WMC MORTGAGE CORPORATION, a California corporation; aka WMC Direct, a California Business Entity; GE Consumer Finance, a unit of General Electric Company; Select Portfolio Servicing Corp, a Utah Corporation; Fairbanks Holding Corporation, a Delaware Corporation; and Land Title Company of Marin, a California Business Entity; Does 1 thru 100, inclusive.<br><br>    Defendants. | Case No.: 4:08-cv-02677-SBA<br><br>Earlier Related Case: 4:04-cv-03738-SBA<br><br>**DEFENDANTS WMC MORTGAGE, LLC AND GE CONSUMER FINANCE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>[Filed Concurrently with Declaration of Christopher O. Rivas]<br><br>Date:         July 29, 2008<br>Time:         1:00 p.m.<br>Courtroom:    3, Third Floor<br><br>Honorable Saundra Brown Armstrong |

I.  **INTRODUCTION**

Defendants WMC Mortgage, LLC ("WMC Mortgage") (successor in interest to "WMC Mortgage Corporation"), GE Consumer Finance ("GECF," and collectively with WMC Mortgage Corporation, "Defendants") hereby respectfully submit their opposition to Plaintiff's "Notice of a Wrongful Removal and Motion for Remand and Vacate" (the "Motion"). Plaintiff Patricia C. Barbera's ("Plaintiff") Motion, although lacking clarity, appears to be based on four grounds: (1) that the action lacks complete diversity under 15 U.S.C. § 1441; (2) defendant Select Portfolio Servicing Inc. ("Select Portfolio") "denied to join" in the removal; (3) that Defendants could not remove the case because they had been defaulted in the state court; and (4) that Plaintiff's quiet title action is an "absolute jurisdiction case and cannot be removed".

Plaintiff is wrong on all four grounds. First, this action was removed on the basis of federal question jurisdiction, not diversity, and thus the citizenship of the parties is irrelevant. Second, Select Portfolio **did** join the removal by filing a joinder of removal with this Court on June 9, 2008. Third, no entry of default or default judgment was entered in the state court against Defendants, and the action was timely removed in any case. Fourth, as with Plaintiff's other state law claims, this Court has supplemental jurisdiction over Plaintiff's quiet title claim.

II.  **STATEMENT OF MATERIAL FACTS**

On April 11, 2008, Plaintiff filed this action in the Superior Court of the State of California for the County of Marin, entitled *Patricia C. Barbera v. WMC Mortgage Corporation, et al.*, as Case Number CV 081763. On or about April 29, 2008, WMC Mortgage received -- but was not personally served with -- a copy of the Complaint and a Summons. Less than thirty days later, on May 28, 2008, Defendants filed a notice of removal, (the "Notice of Removal") thereby removing this case to this Court. At the time Defendants filed the Notice of Removal, they were not aware of any co-defendants having been served with Plaintiff's Complaint and did not know which attorneys represented the co-defendants in the action. [Declaration of Christopher O. Rivas ("Rivas Decl.") at ¶ 2.] On June 9, 2008, co-defendant Select Portfolio filed a joinder of removal. [*See* Docket No. 12.]

On Friday, May 30, 2008, Christopher Rivas, counsel for Defendants, had a telephone conversation with Plaintiff to seek her stipulation granting Defendants additional time to respond to Plaintiff's complaint. At that time, Plaintiff agreed to sign such a stipulation. However, the following Monday, June 2, 2008, Plaintiff and Mr. Rivas engaged in a lengthy telephone conference wherein Plaintiff demanded that WMC Mortgage sign a Notice of Acknowledgment of Receipt ("Acknowledgement") for Plaintiff's filing in the state action. Mr. Rivas informed Plaintiff that the state action was stayed because of Defendants' removal of the case to the Federal Court and that WMC Mortgage would not sign the Acknowledgment and Plaintiff need not file the same. Plaintiff insisted that WMC Mortgage sign the Acknowledgement, argued that she felt she was still in the State Court, and threatened to revoke her earlier agreement to sign the parties' stipulation to extend time to respond in the Federal Court. [Rivas Decl. at ¶ 3.]

Throughout the May 30 telephone call, Mr. Rivas repeatedly implored Plaintiff to call the State Court clerk's office to confirm that the state action was stayed and that the filing of the Acknowledgement would be unnecessary. Plaintiff steadfastly refused to make the call, and instead, continued to insist that WMC Mortgage was wrongfully refusing to sign the Acknowledgement. [Rivas Decl. at ¶ 4.]

Based on Plaintiff's threats, and to avoid incurring costs and attorneys' fees in bringing an administrative motion for extension in the Federal Court, Mr. Rivas agreed to sign the Acknowledgement on behalf of WMC Mortgage. Plaintiff agreed once again to sign the stipulation to extend time to respond and Mr. Rivas e-mailed Plaintiff with a stipulation for her signature. However, the following day, on June 3, 2008, Plaintiff informed Mr. Rivas via email and telephone, that she would not sign the stipulation, and instead vaguely threatened counsel for the Defendants and accused counsel of acting fraudulently in removing the case to federal court.[1] [Rivas Decl. at ¶ 5.]

---

[1] These events were covered in greater detail with supporting documentation in Mr. Rivas' declaration in support of Defendants' Administrative Motion for Extension of Time to File Answer, filed in this action on June 3, 2008.

Plaintiff apparently believes that the removal was fraudulent because Defendants were allegedly in default in the state action at the time of removal. However, counsel for the Defendants has never been served with a notice of entry of default or a default judgment. Moreover, on June 3, 2008, after Plaintiff represented that Defendants had defaulted in the state action, Mr. Rivas called the Marin County Superior Court clerk's office, which confirmed that no default had been entered against Defendants. [Rivas Decl. at ¶ 6.]

III. **LEGAL ARGUMENT**

   A. **Plaintiff Has Offered No Admissible Evidence To Support Her Factual Allegations**

A Motion for Remand should only be granted either for lack of subject matter jurisdiction or for any defect in removal procedure. 28 U.S.C. § 1447(c). If jurisdiction exists and is properly invoked, the court has no discretion to remand. *See Grote v. Trans World Airlines, Inc.*, 905 F.2d 1307, 1310 (9th Cir. 1990). While the burden of establishing *jurisdiction* remains with the removing party, this Court's local rules require that any "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record." *See* Local Civ. Rule 7-5(a). In other words, factual statements in a motion must be supported by evidence.

Here, Plaintiff alleges, among other things, that Defendants were in "default," yet fails to submit any state court pleadings or other admissible evidence to this Court to prove this or any other allegations made in support of the motion. Thus, even if Defendants offered no opposition to the motion, the motion would have to be denied because Plaintiff has failed to provide this Court with any factual basis to remand the action to the State Court. In any case, as explained below, Plaintiff's factual representations are inaccurate (and mostly irrelevant to the issue of Defendants' removal), and this Court clearly has federal question jurisdiction based on the Plaintiff's allegations and within the four corners of the Complaint.

B. **This Court Has Subject Matter Jurisdiction Over This Case, Irrespective Of The Parties' Diversity Of Citizenship**

Plaintiff insinuates in her Motion that the parties in this case are not completely diverse from one another, stating "[a] corporation is a citizen both of the state in which it was incorporated and the state where it has its principal place of business. . . [and] actions brought in the courts of either state cannot be removed to a federal court." (Motion at p. 3 ln. 28 - p. 4 ln. 3.) Plaintiff fails to allege the states of citizenship for any of the Defendants or precisely how such Defendants are not diverse from one another.

Regardless, Plaintiff misses the point -- Defendants removed this action on the basis of federal question jurisdiction, not diversity. While complete diversity of citizenship is required for cases removed solely on the basis of diversity, the citizen of the parties is **irrelevant** for purposes of determining federal question jurisdiction. *See* 15 U.S.C. § 1441(b) ("[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties") (emphasis added). This Court clearly has federal question jurisdiction over Plaintiff's action based on her claims under federal law, including the Truth in Lending Act, codified at 15 U.S.C. § 1601 et seq., the Home Ownership and Equity Protection Act, codified at 15 U.S.C. § 1639, and the Real Estate Settlement Procedures Act, codified at 12 U.S.C. § 2605.

C. **Select Portfolio Joined The Removal, Although Such Joinder Was Not Required**

Plaintiff's argues that the removal was deficient under 15 U.S.C. section 1447 because Select Portfolio "denied to join" the removal. (Motion at p. 4 ln. 5.) First, Plaintiff misstates the facts -- Select Portfolio did file a Joinder of Removal with this Court on June 9, 2008 -- four days before Plaintiff filed the Motion alleging otherwise.

Second, irrespective of Select Portfolio's subsequent joinder, Defendants were not obligated to obtain the joinder of any of its co-defendants, since according to the state court's docket at the time of removal no defendant had yet been served with a summons and complaint. (*See* Notice of Removal at ¶ 6.) *See Salveson v. Western States Bankcard Assn.*, 731 F.2d 1423, 1429 (9th Cir. 1984) (superseded on other grounds by statute).

- 4 -
WMC Mortgage and GECF's Opposition to Motion to Remand

D.  **<u>Defendants Removal Was Timely And No Default Was Entered Against Defendants In The State Action</u>**

Even if defaults had been entered against Defendants prior to the removal (which they were not), neither entry of default nor default judgments can prevent the timely removal of a case to Federal Court. *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. Cal. 1963) (holding that default judgment in state court, although not automatically set aside, "cannot prevent removal or defeat its effects"). A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ." 28 U.S.C. § 1446(b). Here, WMC Mortgage received (but was not personally served with) a copy of the Complaint and a Summons on April 29, 2008. Less than thirty days later, on May 28, 2008, Defendants timely filed the Notice of Removal, thus removing Plaintiff's action to this Court.

Additionally, Plaintiff misstates the facts when she alleges in her Motion that Defendants had "defaulted" in the state action. No request for entry of default has been entered against Defendants in the state action, nor has any such default been entered. [Rivas Decl., ¶ 6.] In fact, Plaintiff never personally served Defendants with the Complaint and Summons. [Rivas Decl., ¶ 2.] Because Defendants timely removed this case federal Court, Plaintiff's arguments regarding Defendants default, in addition to being untrue, are simply irrelevant.

E.  **<u>This Court May Retains Supplemental Jurisdiction Over Plaintiff's Quiet Title Claim</u>**

Finally, Plaintiff argues that this Court has no jurisdiction to hear Plaintiff's quiet title action, because the state court retains what Plaintiff calls "absolute jurisdiction" over such claims. Plaintiff is mistaken. After removal, Federal courts may take supplemental jurisdiction over any state law claims that arise out of the same nucleus of operative facts as federal law claims. *See* 28 U.S.C. § 1367(a); *see also, e.g.*, *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 800 (9th Cir. 1987) (district court has "pendent jurisdiction over state law claims arising from a nucleus of operative fact common to both the state law claims and the [federal] claim").

As courts in this circuit and others have decided, supplemental jurisdiction extends to quiet title actions. *See, e.g.*, *Martin v. Rubel Enters.*, 1994 U.S. App. LEXIS 5462, 9-10 (9th Cir. Case

No. 92-56074, January 6, 1994) (holding that the District Court was not "required to remand the action to state court after it granted summary judgment" on federal claims, and that the District Court was "permitted, though not required, to reach the merits of [Plaintiff's] quiet title claim . . ."); *MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 899 (N.D. Ill. 2000) (holding that the Court has "jurisdiction to hear the quiet title action pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367, because the quiet title action is so related to the foreclosure action [and cross-claimant's RESPA claim] that it forms part of the same case or controversy").

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion to remand and retain jurisdiction over this case.

DATED: July 15, 2008                                REED SMITH LLP


By  /s/ Christopher O. Rivas
    Scott H. Jacobs
    Christopher O. Rivas
    Attorneys for Defendants
    WMC MORTGAGE, LLC AND
    GE CONSUMER FINANCE, INC.

DOCSLA-15646314.3

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Daniel A. Gamer
Law Office of Daniel A. Gamer
55 Professional Center Parkway #H
San Rafael, CA 94903-2729
Telephone:   415.472.6655
Facsimile:   415.472.3940
Email: dan@gamerlaw.com

Robin Prema Wright
Katayoun Shakibi
Wright Finlay & Zak, LLP
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Telephone:   949-477-5050
Facsimile:   949-477-9200
Email: rwright@wrightlegal.net
Email: kshakibi@wrightlegal.net

and I hereby certify that I have mailed *via* express mail (**UPS**) the document (*Declaration of Christopher O. Rivas in Support of Defendants WMC Mortgage, LLC and GE Consumer Finance, Inc.'s Opposition to Plaintiff's Motion to Remand*) to the following non-CM/ECF participant:

Patricia C. Barbera
24 Caribe Isle
Novato, CA 94949
Telephone:  (415) 382-9617
Facsimile:  (415) 382-0756
In Pro Per

/s/ Arthur Escalante
Arthur Escalante
aescalante@reedsmith.com

DOCSLA-15644749.1