Scott H. Jacobs (SBN 81980)
Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone:   213.457.8000
Facsimile:   213.457.8080

Attorneys for Defendants
WMC MORTGAGE, LLC AND
GE CONSUMER FINANCE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PATRICIA C. BARBERA, | Case No.: 4:08-cv-02677-SBA |
| Plaintiff | Earlier Related Case: 4:04-cv-03738-SBA |
| vs. | DECLARATION OF CHRISTOPHER O. RIVAS IN SUPPORT OF DEFENDANTS WMC MORTGAGE, LLC AND GE CONSUMER FINANCE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND |
| WMC MORTGAGE CORPORATION, a California corporation; aka WMC Direct, a California Business Entity; GE Consumer Finance, a unit of General Electric Company; Select Portfolio Servicing Corp, a Utah Corporation; Fairbanks Holding Corporation, a Delaware Corporation; and Land Title Company of Marin, a California Business Entity; Does 1 thru 100, inclusive. | Date:         July 29, 2008<br>Time:         1:00 p.m.<br>Courtroom:   3, Third Floor<br><br>Honorable Saundra Brown Armstrong |
| Defendants. | |

## DECLARATION OF CHRISTOPHER O. RIVAS

I, Christopher O. Rivas, declare as follows:

1. I am an associate at Reed Smith LLP, counsel of record for defendants WMC Mortgage, LLC ("WMC Mortgage") (successor in interest to "WMC Mortgage Corporation") and GE Consumer Finance ("GECF") (collectively referred to as "Defendants") in this matter. I submit this declaration in support of Defendants' Opposition To Plaintiff's Motion To Remand. I have personal knowledge of the facts declared below and could testify truthfully thereto if so required.

2. I am informed and believe that on April 11, 2008, Plaintiff filed this action in the Superior Court of the State of California for the County of Marin, entitled *Patricia C. Barbera v. WMC Mortgage Corporation, et al.*, as Case Number CV 081763. I am informed and believe that on or about April 29, 2008, WMC Mortgage received -- but was not personally served with -- a copy of the Complaint and a Summons. Less than thirty days later, on May 28, 2008, I caused to be filed a Notice of Removal, thereby removing this case to this Court. At the time I caused to be filed the Notice of Removal, I was not aware of any co-defendants having been served with Plaintiff's Complaint and did not know which attorneys represented the co-defendants in the action.

3. On Friday, May 30, 2008, I had a telephone conversation with Plaintiff to seek her stipulation granting Defendants additional time to respond to Plaintiff's complaint. At that time, Plaintiff agreed to sign such a stipulation. However, the following Monday, June 2, 2008, Plaintiff and I engaged in a lengthy telephone conference wherein Plaintiff demanded that WMC Mortgage sign a Notice of Acknowledgment of Receipt ("Acknowledgement") for Plaintiff's filing in the state action. I informed Plaintiff that the state action was stayed because of Defendants' removal of the case to the Federal Court and that WMC Mortgage would not sign the Acknowledgment and Plaintiff need not file the same. Plaintiff insisted that WMC Mortgage sign the Acknowledgement, argued that she felt she was still in the State Court, and threatened to revoke her earlier agreement to sign the parties' stipulation to extend time to respond in the Federal Court.

4. During that call, I repeatedly implored Plaintiff to call the State Court clerk's office to confirm that the state action was stayed and that the filing of the Acknowledgement would be

- 1 -
Declaration of Christopher O. Rivas

unnecessary. Plaintiff steadfastly refused to make the call, and instead, continued to insist that WMC Mortgage was wrongfully refusing to sign the Acknowledgement.

5. Based on Plaintiff's threats, and to avoid incurring costs and attorneys' fees in bringing an administrative motion for extension in the Federal Court, I agreed to sign the Acknowledgement on behalf of WMC Mortgage. Plaintiff agreed once again to sign the stipulation to extend time to respond and I e-mailed Plaintiff with a stipulation for her signature. However, the following day, on June 3, 2008, Plaintiff informed me via email and telephone, that she would not sign the stipulation, and instead vaguely threatened me and accuse me of acting fraudulently in removing the case to federal court.

6. I have never been served with a notice of entry of default or a default judgment. On June 3, 2008, after Plaintiff represented to me that Defendants had defaulted in the state action, I called the Marin County Superior Court clerk's office, which confirmed that no default had been entered against Defendants.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct.

Executed this 15th day of July, 2008 at Los Angeles, California.

/s/ Christopher O. Rivas
Christopher O. Rivas

DOCSLA-15647950.1

- 2 -
Declaration of Christopher O. Rivas

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Daniel A. Gamer<br>Law Office of Daniel A. Gamer<br>55 Professional Center Parkway #H<br>San Rafael, CA 94903-2729<br>Telephone:   415.472.6655<br>Facsimile:   415.472.3940<br>Email: dan@gamerlaw.com | Robin Prema Wright<br>Katayoun Shakibi<br>Wright Finlay & Zak, LLP<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660<br>Telephone:   949-477-5050<br>Facsimile:   949-477-9200<br>Email: rwright@wrightlegal.net<br>Email: kshakibi@wrightlegal.net |

and I hereby certify that I have mailed *via* express mail (UPS) the document (*Defendants WMC Mortgage, LLC and GE Consumer Finance, Inc.'s Opposition to Plaintiff's Motion to Remand*) to the following non-CM/ECF participant:

Patricia C. Barbera
24 Caribe Isle
Novato, CA 94949
Telephone:  (415) 382-9617
Facsimile:   (415) 382-0756
In Pro Per


/s/ Arthur Escalante
Arthur Escalante
aescalante@reedsmith.com

DOCSLA-15644749.1

– 1 –
CERTIFICATE OF SERVICE