UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PATRICIA C. BARBERA,<br><br>  Plaintiff<br><br>vs.<br><br>WMC MORTGAGE CORPORATION, a California corporation; aka WMC Direct, a California Business Entity; GE Consumer Finance, a unit of General Electric Company; Select Portfolio Servicing Corp, a Utah Corporation; Fairbanks Holding Corporation, a Delaware Corporation; and Land Title Company of Marin, a California Business Entity;<br>Does 1 thru 100, inclusive.<br><br>  Defendants. | Case No.: 4:08-cv-02677-SBA<br><br>Earlier Related Case: 4:04-cv-03738-SBA<br><br>[PROPOSED] ORDER DENYING PLAINTIFF PATRICIA C. BARBERA'S MOTION TO REMAND<br><br>Date:        July 29, 2008<br>Time:       1:00 p.m.<br>Courtroom: 3, Third Floor<br><br>Honorable Saundra Brown Armstrong |

This matter is before the Court on Plaintiff Patricia C. Barbera's "Notice of a Wrongful Removal and Motion for Remand and Vacate" (the "Motion"). The Motion was opposed by defendants' WMC Mortgage, LLC ("WMC Mortgage") (successor in interest to "WMC Mortgage Corporation"), GE Consumer Finance ("GECF", and collectively with WMC Mortgage Corporation, "Defendants"), which opposition was joined be defendant California Land Title of Marin. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby DENIES Plaintiff's Motion in its entirety.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 11, 2008, Plaintiff filed this action in the Superior Court of the State of California for the County of Marin, entitled *Patricia C. Barbera v. WMC Mortgage Corporation, et al.*, as Case Number CV 081763. On or about April 29, 2008, WMC Mortgage received -- but was not personally served with -- a copy of the Complaint and a Summons. Less than thirty days later, on May 28, 2008, Defendants filed a notice of removal, (the "Notice of Removal") thereby removing this case to this Court. At the time Defendants filed the Notice of Removal, they were not aware of any co-defendants having been served with Plaintiff's Complaint and did not know which attorneys represented the co-defendants in the action. [Declaration of Christopher O. Rivas ("Rivas Decl.") at ¶ 2.] On June 9, 2008, co-defendant Select Portfolio filed a joinder of removal. [*See* Docket No. 12.] On July 15, 2008, co-defendant California Land Title of Marin also filed a joinder of removal. [See Docket No. 36.]

Despite representations from Plaintiff that certain defendants were in default in the state action, counsel for the Defendants has never been served with a notice of entry of default or a default judgment. [Rivas Decl. at ¶ 6.] On June 3, 2008, after Plaintiff represented that Defendants had defaulted in the state action, counsel for Defendants called the Marin County Superior Court clerk's office, which confirmed that no default had been entered against Defendants. [Rivas Decl. at ¶ 6.]

## II. LEGAL STANDARD

A Motion for Remand should only be granted either for lack of subject matter jurisdiction or for any defect in removal procedure. 28 U.S.C. § 1447(c). If jurisdiction exists and is properly invoked, the court has no discretion to remand. *See Grote v. Trans World Airlines, Inc.*, 905 F.2d 1307, 1310 (9th Cir. 1990). While the burden of establishing *jurisdiction* remains with the removing party, this Court's local rules require that any "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record." *See* Local Civ. Rule 7-5(a). In other words, factual statements in a motion must be supported by evidence.

Here, Plaintiff alleges, among other things, that Defendants were in "default," yet fails to submit any state court pleadings or other admissible evidence to this Court to prove this or any other

allegations made in support of the motion. Thus, even if Defendants offered no opposition to the motion, the motion would have to be denied because Plaintiff has failed to provide this Court with any factual basis to remand the action to the State Court. In any case, as explained below, Plaintiff's factual representations are inaccurate (and mostly irrelevant to the issue of Defendants' removal), and this Court clearly has federal question jurisdiction based on the Plaintiff's allegations and within the four corners of the Complaint.

### III. ANALYSIS

#### A. This Court Has Subject Matter Jurisdiction Over This Case, Irrespective Of The Parties' Diversity Of Citizenship

Plaintiff insinuates in her Motion that the parties in this case are not completely diverse from one another, stating "[a] corporation is a citizen both of the state in which it was incorporated and the state where it has its principal place of business. . . [and] actions brought in the courts of either state cannot be removed to a federal court." (Motion at p. 3 ln. 28 - p. 4 ln. 3.) Plaintiff fails to allege the states of citizenship for any of the Defendants or precisely how such Defendants are not diverse from one another.

Regardless, Plaintiff misses the point -- Defendants removed this action on the basis of federal question jurisdiction, not diversity. While complete diversity of citizenship is required for cases removed solely on the basis of diversity, the citizen of the parties is **irrelevant** for purposes of determining federal question jurisdiction. *See* 15 U.S.C. § 1441(b) ("[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties") (emphasis added). This Court clearly has federal question jurisdiction over Plaintiff's action based on her claims under federal law, including the Truth in Lending Act, codified at 15 U.S.C. § 1601 et seq., the Home Ownership and Equity Protection Act, codified at 15 U.S.C. § 1639, and the Real Estate Settlement Procedures Act, codified at 12 U.S.C. § 2605.

#### B. Select Portfolio Joined The Removal, Although Such Joinder Was Not Required

Plaintiff's argues that the removal was deficient under 15 U.S.C. section 1447 because Select Portfolio "denied to join" the removal. (Motion at p. 4 ln. 5.) First, Plaintiff misstates the facts --

Select Portfolio did file a Joinder of Removal with this Court on June 9, 2008 -- four days before Plaintiff filed the Motion alleging otherwise.

Second, irrespective of Select Portfolio's subsequent joinder, Defendants were not obligated to obtain the joinder of any of its co-defendants, since according to the state court's docket at the time of removal no defendant had yet been served with a summons and complaint. (*See* Notice of Removal at ¶ 6.) *See Salveson v. Western States Bankcard Assn.*, 731 F.2d 1423, 1429 (9th Cir. 1984) (superseded on other grounds by statute).

### C. Defendants Removal Was Timely And No Default Was Entered Against Defendants In The State Action

Even if defaults had been entered against Defendants prior to the removal (which they were not), neither entry of default nor default judgments can prevent the timely removal of a case to Federal Court. *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. Cal. 1963) (holding that default judgment in state court, although not automatically set aside, "cannot prevent removal or defeat its effects"). A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ." 28 U.S.C. § 1446(b). Here, WMC Mortgage received (but was not personally served with) a copy of the Complaint and a Summons on April 29, 2008. Less than thirty days later, on May 28, 2008, Defendants timely filed the Notice of Removal, thus removing Plaintiff's action to this Court.

Additionally, Plaintiff misstates the facts when she alleges in her Motion that Defendants had "defaulted" in the state action. No request for entry of default has been entered against Defendants in the state action, nor has any such default been entered. [Rivas Decl., ¶ 6.] In fact, Plaintiff never personally served Defendants with the Complaint and Summons. [Rivas Decl., ¶ 2.] Because Defendants timely removed this case federal Court, Plaintiff's arguments regarding Defendants default, in addition to being untrue, are simply irrelevant.

### D. This Court May Retains Supplemental Jurisdiction Over Plaintiff's Quiet Title Claim

Finally, Plaintiff argues that this Court has no jurisdiction to hear Plaintiff's quiet title action, because the state court retains what Plaintiff calls "absolute jurisdiction" over such claims. Plaintiff

is mistaken. After removal, Federal courts may take supplemental jurisdiction over any state law claims that arise out of the same nucleus of operative facts as federal law claims. *See* 28 U.S.C. § 1367(a); *see also, e.g., Sorosky v. Burroughs Corp.*, 826 F.2d 794, 800 (9th Cir. 1987) (district court has "pendent jurisdiction over state law claims arising from a nucleus of operative fact common to both the state law claims and the [federal] claim").

As courts in this circuit and others have decided, supplemental jurisdiction extends to quiet title actions. *See, e.g., Martin v. Rubel Enters.*, 1994 U.S. App. LEXIS 5462, 9-10 (9th Cir. Case No. 92-56074, January 6, 1994) (holding that the District Court was not "required to remand the action to state court after it granted summary judgment" on federal claims, and that the District Court was "permitted, though not required, to reach the merits of [Plaintiff's] quiet title claim . . ."); *MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 899 (N.D. Ill. 2000) (holding that the Court has "jurisdiction to hear the quiet title action pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367, because the quiet title action is so related to the foreclosure action [and cross-claimant's RESPA claim] that it forms part of the same case or controversy").

## IV. ORDER

For the foregoing reasons,

**IT IS HEREBY ORDERED THAT** Defendants' motion to remand is **DENIED** in its entirety.

**SO ORDERED.**

DATED: _____, 2008    _____
SAUNDRA BROWN ARMSTRONG
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Daniel A. Gamer
Law Office of Daniel A. Gamer
55 Professional Center Parkway #H
San Rafael, CA 94903-2729
Telephone:   415.472.6655
Facsimile:    415.472.3940
Email: dan@gamerlaw.com

Robin Prema Wright
Katayoun Shakibi
Wright Finlay & Zak, LLP
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Telephone:   949-477-5050
Facsimile:    949-477-9200
Email: rwright@wrightlegal.net
Email: kshakibi@wrightlegal.net

and I hereby certify that I have mailed *via* express mail (**UPS**) the document (*[Proposed] Order Denying Plaintiff Patricia C. Barbera's Motion to Remand*) to the following non-CM/ECF participant:

Patricia C. Barbera
24 Caribe Isle
Novato, CA 94949
Telephone:  (415) 382-9617
Facsimile:   (415) 382-0756
In Pro Per


/s/ Arthur Escalante
Arthur Escalante
aescalante@reedsmith.com

DOCSLA-15644749.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –
CERTIFICATE OF SERVICE