Patricia C. Barbera
24 Caribe Isle,
Novato, Ca. 94949
Tele: (415) 382-9617
Fax: (415) 382-0756

In Pro Per

FILED

JUN 2 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| PATRICIA C. BARBERA,<br><br>Plaintiff,<br>v<br><br>WMC MORTGAGE CORPORATION<br><br>Defendant,<br><br>CAL LAND TITLE COMPANY OF MARIN,<br><br>Defendant,<br><br>SELECT PORTFOLIO SERVICING, INC<br><br>Defendant. | CASE NO. CV 08-2677 SBA<br>[Vacate and Remand to Superior Court of California, County of Marin, Case No. CV 081763]<br><br>ADMINISTRATIVE MOTION OF PLAINTIFF PATRICIA C. BARBERA TO SHORTEN THE TIME OF THE HEARING TO DETER FRAUDULENT ACTIONS.<br><br>**BY FAX** |

Administrative Motion to Shorten the Time of the Hearing to Deter Fraudulent Actions.    1

Pursuant to Civil Local Rule 6-3, Plaintiff Patricia C. Barbera submits this Administrative Motion to Shorten the Time of the Hearing to Avert Any More Fraudulent Actions.

This Administrative Motion is submitted on the grounds that good cause exists for this Court to shorten the time to avert any more fraudulent actions.

Accordingly, Plaintiff respectfully requests that this Court grant the instant Administrative Motion. This Motion is based on the following Memorandum of Points and Authorities, the Declaration of Patricia C. Barbera, and the Proposed Order filed and lodged concurrently herewith.

## INTRODUCTORY STATEMENT

On 5/28/08 REEDSMITH filed a Notice of Removal from the Superior Court of Marin County. On that date they knew that their client, WMC MORTGAGE *had not answered their summons, and were in default.* They also knew that they had *waived their right to litigate in this case*. Nevertheless, they issued voluminous documents, pleadings and filings which were replete with *Contempt of Court, Perjury, and Conspiracy* violations.

They obtained the approval of Select Portfolio Servicing (represented by WRIGHT, FINLAY & ZAK) and CAL LAND TITLE COMPANY OF MARIN (represented by THE LAW OFFICES OF DANIEL A. GAMER) into joining and issuing tort documents.

In the second page of their Notice of Removal of Action, Christopher Rivas and Scott Jacobs assure and lull this Court that the removal is proper:

"1.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT JURISDICTION PURSUANT TO 28 U.S.C. § 1331 AND § 1441"

## MEMORANDUM OF POINTS AND AUTHORITIES

A.   Procedural and Factual Backround.

As described more fully in Plaintiffs Notice of Wrongful Removal and Motion for Remand and Vacate, filed in this Court on June 13, 2008, Defendants have, and continue to commit multiple criminal acts against this Court and the Plaintiff.

Administrative Motion to Shorten the Time of the Hearing to Deter Fraudulent Actions.   2

1   Plaintiff contacted Christopher Rivas by fax and Glenn Kabanuck by phone and
2   received negative responses from both.
3       As a result, Plaintiff has no choice but to file this Administrative Motion to Shorten the
4   Time of the Hearing to Deter Any More Fraudulent Actions.

**B.   LEGAL ANALYSIS**

CivilLocal Rule 6-3 authorizes this Court to enlarge or shorten time upon the noticed motion of any of the parties, so long as the Motion:

"(1) Sets forth with particularity, the reasons for the requested enlargement or shortening of time;

(2) Describes the efforts the party has made to obtain a stipulation to the time change;

(3) Identifies the substantial harm or prejudice that would occur if the Court did not change the time; and

\*   \*   \*

(5) Discloses all previous time modifications in the case, whether by stipulation or Court order;

(6) Describes the effect the requested time modification would have on the schedule for the case."

*See* Civ. L.R. 6-3

Pursuant to the above-referenced requirements in the Civil Local Rule 6-3, Plaintiff states that: (1) That She requires a shorter time for the hearing to deter any fraudulent actions; (2) Plaintiff contacted Christopher Rivas by fax and Glenn Kabanuck by phone and received negative responses from both; (3) without such shortening, Plaintiff will suffer substantial harm and prejudice, on the basis that decisions and orders will occur by an unknowing Court. Plaintiff also notes that the shortening will give the Court a view of the case at the earliest time, and benefit the Public at large.

Administrative Motion to Shorten the Time of the Hearing to Deter Fraudulent Actions.    3

Further, under Civil Local Rule 6-3, Plaintiff states that: (5) Defendants obtained a Court Order for an extension of time on 06/11/08; (6) the requested shortening will not affect any scheduled hearings, motions or deadlines in this case.

## C. CONCLUSION

For the reasons stated above, Plaintiff respectfully request that the Court grant Plaintiff the instant Administrative motion.

DATED JUNE 23, 2008

*Patricia C. Barbera*

PATRICIA C. BARBERA

Administrative Motion to Shorten the Time of the Hearing to Deter Fraudulent Actions.   4