**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PATRICIA C. BARBERA, | No. C 08-02677 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 38, 41, 43] |
| WMC MORTGAGE CORP., a California corp., aka WMC DIRECT, a California business entity, *et al.*, | |
| Defendants. | |

Before the Court are plaintiff's (1) Administrative Motion of Plaintiff Patricia C. Barbera to Shorten Time of the Hearing to Deter Fraudulent Actions [Docket No. 38]; (2) Administrative Motion of Plaintiff Barbera's to Shorten the Time of the Hearing to Strike Fraudulent Documents [Docket No. 41]; and (3) Request for Continuance of Hearings [Docket No. 43]. For the reasons discussed below, the Court DENIES without prejudice these motions as moot. Nonetheless, it ORDERS the parties to brief it on the defendants' "default" status and their compliance with any superior court orders for injunctive relief.

This matter involves a dispute between plaintiff, in propria persona, WMC Mortgage Corporation ("WMC"), formerly owned by defendant GE Consumer Finance ("GEFC"), and defendants Select Portfolio Servicing Corp., Fairbanks Holding Corporation, and Land Title Company of Marin. The dispute concerns a mortgage loan obtained from defendant WMC. Plaintiff sued defendants in April 2008, in Marin County Superior Court, but only served WMC and GEFC. In May 2008, WMC and GEFC removed this matter to the Northern District of California. In June 2008, plaintiff filed a motion to remand [Docket No. 14], while all five defendants filed motions to dismiss [Docket Nos. 15-17]. Defendants allege (1) plaintiff has litigated her claims in this Court in 2004, and is thus barred by res judicata, (2) she filed after her limitations period has run, and/or (3) has failed to state any claims for relief. The motions were set for hearing on July 29, 2008, but the Court vacated it, as it considered the matters submitted on the pleadings.

1    Prior to the July 29, 2008 hearing date, plaintiff filed the three administrative motions before
2 the Court.  In her first motion, filed July 21, 2008, plaintiff requests the Court advance the July 29,
3 2008 hearing, to deter unspecified fraudulent conduct, and because defendants were "in default" in
4 superior court.  *See* Docket No. 38. at 2-3.  The Court DENIES this motion without prejudice as
5 moot, as it cannot provide the requested relief.
6    In her second motion, filed July 23, 2008, plaintiff again requests the Court advance the
7 July 29, 2008 hearing, to deter unspecified fraudulent conduct, Docket No. 41 at 2:3-4, and because
8 defendants were "in default" because they failed to file timely answers in superior court, *id.* at 2-4,
9 and because the superior court issued her a temporary restraining order and a preliminary injunction
10 against defendants, Docket No. 41 at 2:17-19 & Exhs.  A review of the exhibits to this motion
11 shows, what appears to be, an injunction dated May 23, 2008, mandating WMC to take certain
12 actions, and setting an Order to Show Cause hearing for June 11, 2008.  *Id.*  The Court notes,
13 however, the exhibits are incomplete.  *See id.*  Regardless, the Court DENIES this motion without
14 prejudice as moot, as it cannot provide the requested relief.
15   In her third motion, filed July 24, 2008, plaintiff requests the Court continue the July 29,
16 2008 hearing for six weeks, so she may retain counsel.  Docket No. 43.  The Court DENIES this
17 motion without prejudice as moot, as the hearing was vacated, and as plaintiff no longer requires the
18 requested relief, as it has been six weeks since she filed for it.
19   Despite the Court denying plaintiff's three administrative motions, she has brought two
20 serious issues before the Court which it must address before it may proceed to consider defendants'
21 motions to dismiss.  Under 28 U.S.C. § 1450, "Whenever any action is removed from a State court
22 to a district court of the United States [¶] . . . [¶] [a]ll injunctions, orders, and other proceedings had
23 in such action prior to its removal shall remain in full force and effect until dissolved or modified by
24 the district court."  *Jenkins v. Commw. Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996).  This
25 includes the entry of default or default judgements.  *Murray v. Ford Motor Co.*, 770 F.2d 461, 463
26 (5th Cir. 1985).  Here, plaintiff has alleged defendants were subject to an entry of default or were
27 subject to a default judgment, prior to removal.  Further, she has alleged WMC was subject to an
28 injunction requiring affirmative actions, prior to removal.  Before the Court may consider any

1  pleadings filed by defendants, the Court must clarify their status, whether they are properly before
2  this Court, and whether they have complied with superior court orders, especially those which may
3  have disposed of this matter.
4        Accordingly, the Court ORDERS that the parties have ten days from the date of the entry of
5  this Order to file briefs of five pages or less, not including exhibits, explaining:  (1) whether plaintiff
6  had default entered against one or more defendants in superior court; (2) whether she obtained a
7  default judgment against one or more defendants in superior court; or (3) whether any temporary
8  restraining orders or injunctions were issued by the superior court, and if so, whether the defendants
9  to which they applied complied with them or not, and if not, why not.

11    IT IS SO ORDERED.

13    September 5, 2008               _____
                                       Saundra Brown Armstrong
14                                     United States District Judge

1 UNITED STATES DISTRICT COURT
2 FOR THE
3 NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBERA et al, | Case Number: CV08-02677 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| WMC MORTGAGE CORPORATION et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Patricia C. Barbera
24 Caribe Isle
Novato, CA 94949

Dated: September 8, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk