UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PATRICIA C. BARBERA,<br><br>       Plaintiff,<br><br>  vs.<br><br>WMC MORTGAGE CORP., a California corp., aka WMC DIRECT, a California business entity, et al.,<br><br>       Defendants. | Case No: C 08-02677 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND DENYING DEFENDANTS' MOTIONS TO DISMISS**<br><br>[Docket 14, 15, 16, 17] |

      The parties now are before the Court on plaintiff's motion to remand (Docket No. 14) and defendants' respective motions to dismiss (Docket 15, 16, 17). Having received, read and considered the papers filed in connection with these motions, and having reviewed the file in this action, the Court grants plaintiff's motion to remand and denies defendants' motions to dismiss as moot.

**I.    BACKGROUND**

      On April 11, 2008, plaintiff Patricia Barbera filed a pro se civil complaint in Marin County Superior Court against defendants WMC Mortgage, LLC, and GE Consumer Finance (collectively "WMC"), California Land Title Company of Marin ("California Land Title") and Select Portfolio Servicing Inc. ("Select Portfolio"). On May 28, 2008, defendant WMC removed the action to this Court on the ground that certain of plaintiff's claims arise under federal law. 28 U.S.C. § 1331. On the same date, Select Portfolio filed a demurrer in the Superior Court. (Docket 15-5, Shakibi Decl. ¶ 5.) Neither Select Portfolio nor California Land Title joined in the removal. However, Select Portfolio and California Land Title subsequently filed joinders on June 9, 2008 and July 15, 2008, respectively. (Docket 12, 36.)

On June 13, 2008, plaintiff filed a "Notice of Wrongful Removal and Motion for Remand and Vacate Pursuant to 28 U.S.C. § 1332(c)(1) and 1447(c) and Fed.R.Civ.P 55," in which she seeks to remand the action on various grounds, including WMC's failure to join all parties in the removal. (Docket 14.) Subsequently, all defendants filed their own motions to dismiss under Rule 12(b).

## II.     DISCUSSION

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006). A defendant seeking to remove an action must do within 30 days of having received the complaint. 28 U.S.C. § 1446(b). Where there are multiple defendants, the rule of "unanimity" requires that all defendants must join in the removal. See United Computer Sys., Inc. v. AT & T Corp., 298 F.3d 756, 762 (9th Cir. 2002); Hewitt v. City of Stanton, 798 F.2d 1230, 1232-33 (9th Cir. 1986); Schwarzer, Tashima, Wagstaffe, Federal Civil Procedure Before Trial, § 2.611 at 2D1.2 (TRG 2008) (citing cases).

A motion to remand is the proper procedure for challenging removal. Remand may be ordered for either lack of subject matter jurisdiction or any defect in the removal procedure. See 28 U.S .C. § 1447(c). "Removal statutes are strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.1979). "[D]oubts about removal must be resolved in favor of remand." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004); Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1998). The failure to timely join all defendants is grounds for remand. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999) (belated attempt by defendant to join in removal after 30-day removal period had lapsed was insufficient to prevent remand), overruled on other grounds by Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 681 (9th Cir. 2006).

Here, plaintiff argues that remand is appropriate on the ground WMC failed to join all defendants in the removal. The Court agrees. WMC acknowledges its failure to join the other defendants, but argues that it was unaware that any of the other defendants had been served. (Docket 34, WMC's Opp. at 1.) However, the obligation to join all defendants is based on whether

the defendant actually has been served, not on the subjective knowledge of the removing party.[1] See Beltran v. Monterey County, 2009 WL 585880 at *2 (N.D. Cal. 2009) ("'[a] removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with the court is insufficient.'") (citation omitted). Moreover, Select Portfolio indeed had already had received the complaint, as evidenced the fact that it filed a demurrer in state court on the same date that WMC filed its notice of removal. (Shakibi Decl. ¶ 5.)

Even if the court were to consider Select Portfolio's post-removal joinder filed on June 9, 2008 (Docket 12), remand nonetheless is proper because California Land Title failed to timely join in the removal. WMC filed its notice of removal on May 28, 2008. However, California Land Title did not file its joinder until July 15, 2008, well after the statutory 30-day removal period had run. (Docket No. 36.) Though it is not clear precisely when California Land Title was served, the record confirms that it was in receipt of the complaint at the very latest on June 3, 2008, when it sought leave of Court for additional time to respond to the Complaint. (Docket 8.) As such, California Land Title's joinder filed on July 15, 2008 is well outside the 30-day window to seek removal. E.g., Prize Frize, 167 F.3d at 1266.

## IV.   CONCLUSION

The Court concludes that the removal was defective on the ground that all defendants failed to timely join in the removal. Accordingly,

IT IS HEREBY ORDERED THAT plaintiff's motion to remand (Docket 14) is GRANTED and this action is REMANDED to the Marin County Superior Court. The Court does not reach the merits of defendants' motions to dismiss (Docket 15, 16, 17) which are DENIED as moot.

Dated: March 18, 2009

*[signature]*
Hon. Saundra Brown Armstrong
United States District Judge

---

[1] WMC's citation to Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984) is inapposite. Salveson holds that an unserved party need not be joined in a notice of removal. In this case, however, Select Portfolio had, in fact, been served at the time of removal.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BARBERA et al,

      Plaintiff,

 v.

WMC MORTGAGE CORPORATION et al,

      Defendant.
_____/

Case Number: CV08-02677 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 18, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Patricia C. Barbera
24 Caribe Isle
Novato, CA 94949

Dated: March 18, 2009
                                    Richard W. Wieking, Clerk
                                            By: LISA R CLARK, Deputy Clerk